(

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILMER GARCIA-RAMIREZ, *et al.*,

    Plaintiffs,

    v.

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT, *et al.*,

    Defendants.

)
)
)
)
)   Civil Action No. 1:18-CV-00508-RC
)
)
)
)
)
)
)
)

## [PROPOSED] PROTECTIVE ORDER

1. **Scope.** The following terms, conditions, procedures, and restrictions govern the

discovery produced by Defendant U.S. Immigration and Customs Enforcement ("ICE") in this

litigation. The protections conferred by this Order cover Protected Material (as defined below), and:

(1) any information copied or extracted from Protected Material; (2) all copies, excerpts,

summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

presentations by parties or their counsel that reveal Protected Material.

2. **Protected Material.** Protected Material means any documents, revealing:

    a. Information exempted from disclosure under the Privacy Act,

        5 U.S.C. § 552a, *et seq.*, or covered by Federal Rule of Civil Procedure

        5.2;

    b. Any individual's birth date, social security number, tax identification

        number, alien registration number ("A number"), passport numbers,

        driver's license numbers, and any similar numbers assigned to an

        individual by a federal, state, or local government of the United States or

government entity of another country if not subject to privilege or other

restrictions prohibiting disclosure;

*As amended*

c. The names, telephone numbers, and electronic mail addresses of federal *by contemporaneous minute order.*

government employees;

*RC*

*Subject to amendment by subsequent order. RC*

d. Information that is law enforcement sensitive, including information that *RC*

may be protected from public disclosure under the Freedom of

Information Act, 5 U.S.C. § 552, *et seq.*, and is not subject to law

enforcement privilege or other restrictions on disclosure; or

e. Inter-agency or intra-agency memoranda or letters that would not be

available by law other than in litigation with Defendants.

**3.     Designations.** Defendants may designate Protected Material by labeling it

"PROTECTED MATERIAL." The duty of the Plaintiffs and of all other persons bound by this

Protective Order to maintain the confidentiality of Protected Material so designated shall commence

when the Protected Material is received by Plaintiffs.

**4.     Access to Protected Material.** Beyond authorized federal agency employees,

including Defendants' Counsel, only the following persons shall have access to Protected Material:

a. This Court, this Court's official personnel, and any reviewing appellate court and

its personnel;

b. Plaintiffs' Counsel, including any attorneys, paralegals, office clerks, secretaries,

and other support staff to whom such disclosure Plaintiffs' Counsel deems

reasonably necessary. The persons covered by this Section 4(b) shall use the

Protected Material only for purposes of this litigation and/or related litigation[1];

---

[1] Related litigation referenced in this Protective Order refers to any litigation that has been related to
the instant litigation under Rule 40.5 of the Local Rules of the U.S. District Court for the District of
Columbia.

      c.  Legal or subject matter experts and consultants (and the experts' or consultants'

staff whose duties and responsibilities require access to such Protected Material)

engaged or consulted by Plaintiffs' Counsel to assist in this litigation and/or

related litigation. These experts, consultants, and their associated staff shall use

the Protected Material only for purposes of this litigation or related litigation and

shall execute an acknowledgment in the form of Exhibit A prior to receiving any

Protected Material. All acknowledgment forms shall be forwarded to Counsel for

Defendants upon execution; and

      d.  Court reporters and interpreters.

**5.**    **Use of Protected Material before a Court.** Nothing contained in this Protective

Order shall be construed to limit use of Protected Material before this Court for the purposes of this

litigation or in related litigation. When filing Protected Material with this Court, a party shall

request that the Protected Material be filed under seal and shall provide the opposing party and the

Court with an unredacted (revealing the Protected Material) version of the filing at the time of

filing.

**6.**    **Challenge to Designations.** If Plaintiffs' Counsel seek to challenge any Protected

Material designation or redaction or seek to disclose Protected Material to persons not covered by

Paragraph 4, the following procedure shall be used:

      a.  Plaintiffs' Counsel shall give Defendants' counsel notice by email specifying the

redaction or Protected Material for which such removal is sought and the reasons

for the request. Defendants shall, within five (5) business days of such notice,

either remove the designation or send an objection to Plaintiffs' Counsel by

email.

3

b. If the Parties cannot reach agreement concerning the designation, Plaintiffs' Counsel may file a motion with the Court seeking relief. The designated material shall continue to be redacted or treated as Protected Material until the issue is resolved by Order of this Court.

c. Upon request by Plaintiffs' Counsel, Defendants shall specify the basis for the designation of "Protected Material" for any particular designation.

7.   **Disclosure to Unauthorized Persons.** If Protected Material is disclosed by Plaintiffs' Counsel to any unauthorized person through inadvertence, mistake, or otherwise without authorization by the Defendants, Plaintiffs' Counsel shall: (a) use their best efforts to retrieve the disclosed information and all copies thereof; (b) advise the recipient of the improperly disclosed information, in writing, of the terms of this Protective Order; and (c) take all reasonable steps to prevent further disclosure by or to the unauthorized person who received the Protected Material.

8.   **Inadvertent Disclosure of Protected Material.** The failure by Defendants to designate specific documents or materials as Protected Material shall not, by itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon written notice to the Plaintiffs of such failure to designate, or of incorrect designation, Plaintiffs shall cooperate to retrieve disseminated copies, and restore the confidentiality of the inadvertently disclosed information beyond those persons authorized to review such information pursuant to Paragraph 4, and shall thereafter take reasonable steps to ensure that the Protected Material is treated in accordance with the designation. No person or Party shall incur any liability under this Protective Order with respect to disclosure that occurred prior to the receipt of written notice of the mistaken designation.

9.   **Good Faith Designations.** Plaintiffs and Defendants represent that Defendants' designation of Protected Material, the parties' requests to permit further disclosure of Protected

4

Material, and the responses thereto shall be made in good faith and not to impose burden or delay, or for tactical or other advantage in litigation.

**10.** **Reservation of rights.** Nothing in this Order compels the production or disclosure of privileged material, prevents the the producing party from making any objection or claim of privilege, or constitutes an admission or waiver of any claim, privilege, or defense by the producing party. Nothing in this Order waives the parties' rights to challenge any claim, privilege or defense made by the producing party.

**11.** **Redactions of Privileged Information.** Information contained in any document produced in this litigation and is subject to any legal privilege, including but not limited to attorney-client, deliberative process, and law enforcement privileges, will remain redacted after the entry of this Protective Order.

**12.** **Survival and Final Disposition of Designated Material.** Final termination of this litigation, including exhaustion of appellate remedies, shall not terminate the limitations imposed by this Protective Order.

SO ORDERED

Dated: October ⅃⅃ , 2018

Rudolph Contreras
United States District Judge

## STIPULATION EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT CONCERNING PROTECTED MATERIAL

My name is _____ (first, middle initial, last).

I live at _____ (street address), _____

(city), _____ (state) _____ (zip code).

I am employed as a/an _____ by _____ (company),

which is located at _____ (street address),

_____ (city), _____ (state) _____ (zip code). Its

telephone number is _____.

I have read the attached Protective Order entered in the action of *Garcia-Ramirez, et al., v. Immigration and Customs Enforcement, et al.*, pending in the District Court for the District of Columbia and bearing Case No. 1:18-cv-00508-RC and a copy of the Protective Order has been given to me.

I agree to be bound by the terms of the Protective Order.

I agree that I will not disclose or discuss Protected Material with anyone other than the persons described in Paragraph 4 of the Protective Order.

I understand that any disclosure or use of Protected Material in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of the Court's Order.

I agree to be subject *in personam* to the jurisdiction of the United States District Court for the District of Columbia in connection with any proceeding concerning an alleged unauthorized (under the Protective Order) disclosure of Protected Material that involves me.

_____          _____
Date                                              Signature