# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILMER GARCIA-RAMIREZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, <br><br> Defendants. | Civil Action No. 1:18-CV-00508-RC |

## JOINT STATUS REPORT REGARDING ALIEN FILES ("A-FILES")

On October 3, 2018, this Court issued a minute order that states, in part, "On or before October 17, 2018 the parties shall file a joint status report containing proposals for how the parties will address production of the 'A files' going forward." The Parties met and conferred on October 15 and October 17, 2018 and submit the following proposals.

Plaintiff's proposal:

Our review of the ten A-files produced last Friday confirms that, as Plaitniffs have contended from the outset, they *do*, in fact, contain relevant information. Accordingly, Plaintiffs believe the files should be produced promptly and in their entirety, with the exception of good-faith claims of privilege.

Based on the ten files we reviewed, we are concerned that ICE is excluding from its production of those files a large number of documents that are potentially relevant and responsive to Plaintiffs' request. This includes, for example, any documents reflecting or relating to requests for asylum or other relief. Such documents are important because they often contain information that is extremely relevant to whether the age-out is a flight risk or a risk to themselves or others.

Accordingly, Plaintiffs believe that the A-files should be produced in their entirety, with the exception of good-faith claims that material is privileged. This would limit ICE's delay in producing the files, as its review (and redactions) could be limited to a privilege review and not a review for responsiveness. It would also limit the problems we observed in the first ten A-files where significant portions of the files were withheld, including documents that appear to contain relevant information.

As to ICE's claim that it needs to redact portions of the files due to confidentiality or other non-privilege concerns, Plaintiffs believe that is unnecessary and will only lead to a delay in production and waste of government resources. Plaintiffs will agree that all materials in the A-files are covered by the protective order in this matter. Indeed, each page of all ten A-files has been marked as "protected material."

ICE's claim that its review for responsiveness will actually save time because it will reduce the number of documents it has to review and redact for privilege defies common sense. Privilege reviews can be conducted more quickly than reviews for responsiveness. Among other things, whether a document is privileged is typically apparent from either the face of the document (a document subject to the law enforcement privilege), or the two and from lines (an attorney-client privileged document), or the title of the document (an attorney work product document). This is particularly true here, where there should be few if any documents that are attorney-client privileged or constitute attorney work product, and the principal privilege that is likely to apply is the law enforcement privilege, and even that privilege is likely to apply infrequently.

Plaintiffs also object to ICE's proposal to limit its production to ten A-files per week and to extend its production over the next 4-5 weeks. This time period is excessive even for a review for responsiveness as well as privilege. For example, two of Plaintiffs' attorneys were able to conduct a detailed, substantive review, of the ten A-files produced by ICE in less than four hours. A review

for responsiveness should take less time than that, and a review for privilege alone, as we propose above, should take even less time.

Finally, Plaintiffs understand the Court to have ruled that, at least at this point, production of A-files will be limited to the 53 individuals that ICE identified as class members as of the date of the Court's class certification order. However, Plaintiffs reserve their right to seek production of additional A-files, including those for all former unaccompanied alien children who have aged out of ORR custody since July 1, 2018, and future class members.

Defendants proposal:

Defendants determined that there may be responsive documents to Plaintiffs' request for the production of documents are contained in some of the 10 A-files produced to Plaintiffs on October 12, 2018 and have learned that there are likely responsive documents in A-files, including "post 18 plans" that help demonstrate that ICE complies with 8 U.S.C. § 1232(c)(2)(B).

For the remaining 43 A-files, defendants have been working on locating and collecting those files. They are physically in disparate locations across the country. Some are at a USCIS office, some are "in transit"[1] and some are at ICE field offices. To date, ICE has located all 43 remaining A-files and collected 19 of the 43 A-files. In order to collect the located A-files for production, each A file must be scanned by an employee in a field office (one of the 10 already produced contained approximately 1250 pages) and submitted to ICE headquarters in Washington DC. In order to produce an A-file to Plaintiffs, it must be loaded into ICE's e-discovery platform, reviewed for privileged material and redacted, and ICE must discuss other agency documents contained in the A-files with the Agency that owns them. (This includes HHS and ORR documents.). Once review

---

[1] "In transit" means that the barcodeon the A-file has been scanned upon departure from one location but the barcode has not been "scanned in" at the destination location.

and redaction is completed, the files must be produced out of the e-discovery platform, which includes Bates-stamping, before the documents are ready for production.  This process takes time to do properly, and, when Defendants rush either data collection or redaction, or both, errors are made. For example, DOJ has determined that at least 3 of the first 10 produced on October 12, 2018 are not *Garcia-Ramirez* class members. Additionally, DOJ is aware certain of the 10 A-Files were overredacted.

Accordingly, Defendants propose that ICE will review the remaining 43 A-files for responsive documents, and then produce only the responsive documents, rather than producing the entire A-file.  This process will be faster, because ICE will not have to spend attorney time redacting non-responsive documents in each A-file for privilege.  ICE has already requested that these A-files be sent to ICE.  ICE is unable to commit to a certain number of documents per week, because ICE cannot control or predict how long it will take for A-files to arrive.  ICE proposes that it begin producing responsive documents from the A-files that it currently has in its possession  on a rolling basis.  ICE will produce documents from 10 A-files on Friday October 26, 2018, 10 A-files on Friday November 2, 2018 and a production each Friday thereafter.  Sizes of subsequent productions may vary depending upon how many A-files ICE has received. In conversations with Defendants Counsel, Plaintiffs' Counsel has contended that production of the entire A-file for all 43 remaining potential class members is necessary.  The reality is that extracting responsive documents from A-files and only redacting those will be far faster, and can be accomplished at the rate of approximately10 per week.

Further, Defendants' understanding is that the Court has limited, at least for now, the scope of A-file production for potential class members to the 53 A-files identified on September 5, 2018 as potential class members as of that date.  Defendants object, at least at this juncture in the litigation, to locating or collecting or producing any *additional* A-files (beyond the 53) or

6

documents contained therein, for other potential class members.  Nonetheless Plaintiffs have requested a broader production of responsive documents within A-files of *all* "age outs" since July 1, 2018 (presumably on an ongoing basis going forward) regardless of whether the person is a class member, and including "without limitation" the previously identified 53 A-files.  Under the federal rules of civil procedure Defendants response to this request for production (No. 13), is due Monday October 22.  Defendants will respond to request for production No. 13 with an objection that to expend the taxpayer resources to collect and scan, review, redact, and produce documents from additional A-files on an ongoing and nationwide basis is unduly burdensome and not proportional to the needs of the case.  The task would be nearly impossible to do on a constant basis, especially as the production of the documents contained in the remaining files 43 of the previously identified potential class members has not been completed.

DATE:  October 17, 2018

Respectfully submitted,

/s/
Devin A. DeBacker (D.C. Bar No. 1010934)
KIRKLAND &ELLIS LLP
655 Fifteenth St., NW
Washington, DC 20005
Tel.: (202) 879-5000
devin.debacker@kirkland.com

Stephen R. Patton
Amanda A. Jacobowski
Jamie R. Netznik
KIRKLAND &ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel.: (312) 862-2000
stephen.patton@kirkland.com
amanda.jacobowski@kirkland.com
jamie.netznik@kirkland.com

Katherine Melloy Goettel
NATIONAL IMMIGRANT JUSTICE CENTER
208 South LaSalle Street, Suite 1300

Chicago, Illinois 60604
Tel: (312) 660-1335
kgoettel@heartlandalliance.org

*Counsel for Plaintiffs*

/s/
Colin A. Kisor
Deputy Director
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
Tel:  (202) 532-4331

*Counsel for Defendants*