**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILMER GARCIA RAMIREZ, )<br>SULMA HERNANDEZ ALFARO, )<br>ANA P., on behalf of themselves )<br>and others similarly situated, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>U.S. IMMIGRATION AND CUSTOMS )<br>ENFORCEMENT (ICE); )<br>THOMAS HOMAN, Acting Director of ICE; )<br>DEPARTMENT OF HOMELAND )<br>SECURITY; KIRSTEN NIELSEN, )<br>Secretary of Homeland Security, )<br>)<br>*Defendants*. ) | Case No. 1:18-cv-00508-RC<br><br>Class Action |

**PLAINTIFFS' RESPONSE CONCERNING**
**DELIBERATIVE PROCESS PRIVILEGE AND**
**STATUTORY CONFIDENTIALITY PROVISIONS**

Both of the excuses the government cited during the October 26, 2018 telephonic discovery conference for withholding responsive A file and other documents—the deliberative process privilege and statutory and regulatory confidentiality provisions relating to age out claims for asylum, "T" and "U" visas, Violence Against Women Act ("VAWA") visas, and other affirmative relief—are refuted by settled authority. Both excuses should be rejected, both as to the specific documents discussed at the conference, and, more generally, as to other A files and other responsive documents.

**I.    Under Settled Law, The Deliberative Process Privilege Does Not Apply.**

The law in this circuit is well settled that where, as here, the government's decision-making or intent is in dispute, the deliberative process privilege does not apply. As the D.C. Circuit held

in *In re Subpoena Duces Tecum Served on Office of the Comptroller of Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998), "[i]f the plaintiff's cause of action is directed at the government's intent . . . it makes no sense to permit the government to use the privilege as a shield." Thus, where "a statute"—here, Section 1232(c)(2)(B)—"makes the nature of governmental officials' deliberations *the* issue, the privilege is a nonsequitur" and "the privilege's raison d'etre evaporates." *Id.* (emphasis in original); *see also*, *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 135 (D.D.C. 2005) (noting that "the privilege does not apply at all" where government decision-making is in dispute).

Indeed, even one of the cases the government relies on, *D.A. v. Nielsen*, No. 18-CV-09214, 2018 WL 3158819 (D.N.J. June 28, 2018), specifically *rejected* ICE's claims that such Worksheets are protected by the deliberative process privilege. *Id.* at 5. It did so on two grounds: first, completing such Worksheets fell "on the unprivileged side of the distinction between policymaking deliberations and formulaic decision making based on existing guidelines"; and, second, even if that was not the case, Plaintiffs' need for the information would trump ICE's generalized concerns about chilling frank discussions under the traditional balancing test for determining when privilege is overcome by a showing of need. *Id.* at *5, *6. And, this was in a circuit that, unlike the D.C. Circuit, did not have a per se rule that the privilege "does not apply at all" where, as here, the government's decision-making and deliberations are at issue.

This settled law is controlling here and requires production of the "Parole Determination Worksheet" ("Worksheet") in dispute, for all the reasons the Court mentioned during last Friday's telephonic hearing. This is confirmed by the government's Submission, which concedes that the Worksheet was completed in response to a request by the age out's counsel for "release to a family friend," and specifically addressed the age out's "risk of flight" and "danger to community" —two

of the three factors specifically referenced in, and directly bearing on the analysis required by, Section 1232(c)(2)(B). Defs.' Submission, at 2 (ECF No. 67).

More generally, this example demonstrates why, under settled law, the deliberative process privilege "makes no sense" and is a "non sequitur" that "does not apply at all" to *any* documents that reflect or refer to the government's decision-making with respect to Section 1232(c)(2)(B) or any of the three factors (*i.e.*, danger to self, danger to the community, and risk of flight) that Section 1232(c)(2)(B) specifically references. Accordingly, Plaintiffs respectfully request that the Court issue a decision and order so finding, to avoid the government's withholding of such directly relevant and non-privileged documents going forward.

Equally misguided is the government's assertion that it will not "submit a blank worksheet form here, because the form is law-enforcement privileged." Defs.' Submission, at 3, n.3. Even the case the government cites as support for this refusal, *D.A.*, 2018 WL 3158819, at *7, undermines its position. There, the court found that the law enforcement privilege was "inapposite" and did not apply, and ordered the worksheet produced, subject to an "attorney's eyes only" protective order. *Id.* at *7. Plaintiffs have proposed that the parties amend the existing protective order here to likewise provide for "attorney's eyes only" confidentiality in appropriate cases.

**II.    Production Of Documents Concerning Age Outs' Applications For Asylum And Other Relief Is *Not* Barred By The Statutory And Regulatory Confidentiality Provisions Defendants Cite.**

The government's argument that it can "withhold information pertaining to applications for asylum," "'T' and 'U' visas for human trafficking and crime victims," and other affirmative relief, is likewise refuted by directly-on-point law that the government fails to cite. Defs.' Submission, at 5. In *Rodriguez v. Robbins*, CV-07-3239 TJH (RNBx), 2012 WL 12953870 (C.D. Cal. May 3, 2012), the court rejected this exact same argument, holding that "[t]he asylum and

3

VAWA, T & U confidentiality provisions do not foreclose court ordered discovery." *Id.* at *2. There, the plaintiff class challenged ICE's detention of immigrants for more than six months without a bond hearing, and sought information from class members' A files in support of their claims. ICE objected to producing any documents relating to applications for asylum, T and U visas, or other affirmative relief, on the ground such discovery was barred by the confidentiality provisions of 8 U.S.C. §1367 and 8 C.F.R. §208.6—the same provisions Defendants rely on here. The court rejected this argument and ordered the documents produced. It found that courts have a "duty to avoid a construction that would suppress otherwise competent evidence unless the statute, strictly construed, requires such a result." *Rodriguez v. Robbins*, 2012 WL 12953870, at *2 (quoting *St. Regis Paper Co. v. United States*, 368 U.S. 208, 218 (1961)). "Thus, statutory provisions, generally forbidding disclosure of information, do not bar judicial discovery absent an explicit prohibition against such disclosure." *Id.* (citing *St. Regis Paper Co.*, 368 U.S. at 218). "The asylum and VAWA, T & U provisions"—8 U.S.C. § 1367 and 8 C.F.R. § 208.6—"do not contain such an express limitation" and, therefore, do not foreclose discovery. *Id.* (citing relevant statutory provisions).

The court further found that disclosure of such documents to class counsel "facilitated, rather than frustrated, the statutory purpose" of these provisions, which was to "protect the interest of immigrants applying for legalization." *Id.* (citing *Zambrano v. I.N.S.*, 972 F.2d 1112, 1125-26 (9th Cir. 1992), *overruled on other grounds in I.N.S. v. Zambrano*, 509 U.S. 918 (1993)). In particular, disclosure of such information "to class counsel . . . protects and benefits the same group of people Congress intended to protect and benefit"—the immigrant class members who alleged they were being illegally detained. *Id.* Thus, "Congress intended the confidentiality provision[s] to prevent disclosure of an applicant's information to the persons who victimized the

applicant"; "[n]either provision was intended to shield the government from inquiry into its mistreatment of applicant-immigrants." *Id.* (citing *Hawke v. United States Dep't of Homeland Sec.*, No. C-07-03456 (RMW), 2008 WL 4460241, at *7 (N.D. Cal. Sept. 29, 2008) (citation omitted); *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008)).

*Rodriguez* is directly on point here. The government's "statutory and regulatory confidentiality" objections to production of documents relating to age outs' requests for asylum, T and U visas, and other affirmative relief, based on the exact same "confidentiality provisions," should be rejected. Defendants concede, as they must, that such information "may be relevant to a determination of flight risk," Defs.' Submission, at 6, which is one of the three factors specifically referenced in Section 1232(c)(2)(B) and the reason ICE frequently cites in placing age outs in adult detention. In fact, immigration courts routinely consider such requests for affirmative relief in determining whether an age out is a flight risk, because someone who is pursuing such relief, which will result in permanent legal status if granted, has a powerful incentive *not* to flee. *See*, *e.g.*, Ex. A (10/23/18 L. Knox Dep. Tr. at 25-26); *see Matter of Siniauskas*, 27 I&N Dec. 2017 (BIA 2018).

Finally, any concerns with respect to confidentiality vis-à-vis those who are *not* parties to the litigation, can be addressed by designating such documents as confidential pursuant to the protective order entered in this matter. *See*, *e.g.*, *LVM v. Lloyd*, No. 18-cv-1453 (PAC) (S.D.N.Y. Apr. 5, 2018) [Docket No. 29] (information relating to applications for asylum and other affirmative relief treated as "protected material" under protective order). *Abdi v. Duke*, No. 17-cv-721 (EAW) (W.D.N.Y. Feb. 8, 2018) [Docket No. 82] (same); *Gomez v. Sessions*, No. 3:17-cv-03615-VC (N.D. Cal. Sept. 18, 2017) [Docket No. 57] (same).

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court enter a decision finding that neither the deliberative process privilege nor 8 U.S.C. § 1367, 8 C.F.R. § 208.6, and

the other confidentiality provisions the government cites excuse Defendants' production of responsive documents here, and ordering that Defendants promptly produce all responsive documents previously withheld on those grounds.

November 1, 2018

Respectfully Submitted,

/s/ Stephen R. Patton
Stephen R. Patton
Amanda A. Jacobowski
Jamie R. Netznik
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel.: (312) 862-2000
Fax: (312) 862-2200
stephen.patton@kirkland.com
amanda.jacobowski@kirkland.com
jamie.netznik@kirkland.com

Devin A. DeBacker (D.C. Bar No. 1010934)
Tia Trout-Perez (D.C. Bar No. 990447)
Rebecca W. Forrestal (D.C. Bar No. 241077)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
Tel.: (202) 879-5000
Fax: (202) 879-5200
devin.debacker@kirkland.com
ttrout-perez@kirkland.com
rebecca.forrestal@kirkland.com

Katherine Melloy Goettel
NATIONAL IMMIGRANT JUSTICE CENTER
208 South LaSalle Street, Suite 1300
Chicago, IL 60604
Tel: (312) 660-1335
Fax: (312) 660-1505
kgoettel@heartlandalliance.org

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 1st day of November, 2018, a true and correct copy of the foregoing was served via ECF upon counsel of record.

*/s/ Stephen R. Patton*
Stephen R. Patton
