UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| WILMER GARCIA RAMIREZ, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 18-508 (RC) |
| | : | | |
| v. | : | | |
| | : | | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**ORDER**

At an October 26, 2018 telephone hearing, the Court ordered the parties to file submissions addressing (1) the applicability of the deliberative process privilege to documents produced in this case and (2) the relevance of 8 U.S.C. § 1367 and 8 C.F.R. § 208.6, confidentiality provisions pertaining to the government's disclosure of documents relating to immigrants seeking asylum, visas as human trafficking or crime victims, or visas under the Violence Against Women Act.  Upon consideration of the parties' submissions (ECF Nos. 67 and 68), the Court concludes that neither the deliberative process privilege nor the confidentiality provisions generally apply here.  The Court therefore now orders that, subject to the Protective Order already in effect (ECF No. 63), Defendants produce all responsive documents they have previously withheld on these grounds.

As Plaintiffs note correctly, the deliberative process privilege does not apply when the "the plaintiff's cause of action is directed at the government's intent," for in those instances, "it makes no sense to permit the government to use the privilege as a shield." *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998).  This principle governs here because "governmental officials' deliberations" are "*the*

issue." *Id.* Defendants of course remain free to assert the privilege to decision-making processes that are "collateral" to plaintiffs' cause of action, *see Convertino v. U.S. Dep't of Justice*, 674 F. Supp. 2d 97, 102–03 (D.D.C. 2009), but deliberations regarding any of the 8 U.S.C. § 1232(c)(2)(B) factors—"danger to self, danger to the community, and risk of flight"—are not fairly characterized as "collateral," regardless of the timing or the precise purpose of the deliberations.[1] Thus, it is immaterial that the Parole Determination Worksheet in the A File reviewed *in camera* involved deliberations that took place after the class member aged out and was taken into ICE custody. Because the decision at issue implicated, by the government's own admission, "flight risk and danger to the community," Defs.' Submission at 3, ECF No. 67, the deliberative process privilege is inapplicable.[2]

As for 8 U.S.C. § 1367 and 8 C.F.R. § 208.6, the Court agrees with Plaintiffs that they do not foreclose court-ordered discovery. With respect to § 1367, it contains an express exception that allows disclosure "in connection with judicial review of a determination in a manner that protects the confidentiality" of the information. 8 U.S.C. § 1367(b)(3). Although this exception may primarily contemplate judicial review of admissibility and removability determinations, it is phrased broadly enough to cover Plaintiffs' claims here, and the Court must, if possible, "avoid a construction that would suppress otherwise competent evidence." *In re England*, 375 F.3d 1169,

---

[1] The "non-ICE" document that Defendant discusses in Footnote 1 of its submission, however, does reflect a deliberation fairly characterized as collateral. The Court has reviewed that document (marked ICE – 0001635) and concluded that the decision-making process at issue does not involve the § 1232(c)(2)(B) factors. Defendants may therefore properly assert deliberative process privilege over the document.

[2] In addition to deliberative process, Defendants also contend that the Parole Determination Worksheet is covered by the law enforcement privilege, *see* Defs.' Submission at 3 n.3, but any prejudice to law enforcement processes can be prevented through use of "attorney's eyes only" designations. The Court will thus permit Defendants to use such designations on documents over which they assert claims of law enforcement sensitivity.

1177 (D.C. Cir. 2004) (quoting *St. Regis Paper Co. v. United States*, 368 U.S. 208, 218 (1961)). Section 208.6 likewise includes an exception applicable to this case. That provision states that its confidentiality mandate "shall not apply to any disclosure to . . . [a]ny Federal, State, or local court in the United States considering *any legal action* . . . [a]rising from the proceedings of which the asylum application, credible fear determination, or reasonable fear determination is a part." 8 C.F.R. § 208.6(c)(2)(ii) (emphasis added). This exception too is drafted broadly enough to apply to this case, as the the documents covered by § 208.6 are at a minimum relevant to ICE's determination of flight risk. *Cf. Rodriguez v. Robbins*, No. CV 07-3239, 2012 WL 12953870, at *3 (C.D. Cal. May 3, 2012) ("*The merits* of an asylum claim . . . weigh on the question of whether the government should release the applicant from detention while awaiting their determination from removal." (emphasis added)).

Furthermore, even if these exceptions did not apply here, the Court would still order production of the documents at issue. The case law in this Circuit distinguishes between statutes and regulations that bar production or create privileges and those that merely designate certain information as confidential. *See, e.g.*, *Diamond Ventures, LLC v. Barreto*, 452 F.3d 892, 897 n.7 (D.C. Cir. 2006); *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. 2004). The statutory and regulatory provisions raised here fall into the latter category. Thus, the Court can, and will, order production given (1) the centrality of the information to the matters at issue in the case, (2) the availability of the Protective Order already in place to reasonably maintain the confidentiality of the information, and (3) the lack of harm identified if the information is produced under such conditions.

Accordingly, it is hereby:

**ORDERED** that the deliberative process privilege does not apply to any of Defendants' decision-making processes that implicate the 8 U.S.C. § 1232(c)(2)(B) factors in any context; it is

**FURTHER ORDERED** that 8 U.S.C. § 1367 and 8 C.F.R. § 208.6 are not valid bases for withholding documents in this action; and it is

**FURTHER ORDERED** that Defendants shall promptly produce all responsive documents previously withheld on any of the above grounds, and that Defendants shall produce responsive documents in the future pursuant to the terms of this Order. Such productions are subject to the Protective Order (ECF No. 63) already in effect, as amended to permit "attorney's eyes only" designations on documents over which Defendants assert claims of law enforcement sensitivity.

**SO ORDERED**.

Dated: November 5, 2018                              RUDOLPH CONTRERAS
                                                     United States District Judge