UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| WILMER GARCIA RAMIREZ, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:18-CV-00508-RC |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | ) |
| Defendants. | ) |

**JOINT STATUS REPORT: April 26, 2019**

In its Order of March 25, 2019, the Court issued the following Minute Order:

It is hereby ORDERED that, beginning on March 29, 2019, and continuing thereafter during the course of discovery, the parties' shall file a joint status report by the close of business on every Friday, in which (1) Defendants will explain their compliance with each aspect of the applicable discovery requirements for that week (this filing will supersede Defendants' requirement to file their own status report outlining their discovery compliance), and (2) the parties together will identify and briefly describe any unresolved discovery disputes that require the scheduling of a telephone hearing for the following week. Before identifying any such dispute, however, the parties must meet and confer in good faith in an attempt to resolve the dispute informally. If a joint status report identifies no outstanding disputes, the Court will not schedule a hearing for the following week. Thus, absent such notification by the parties, the Friday afternoon status hearings will no longer routinely take place.

*Part (1): Defendants compliance with each aspect of the applicable discovery requirements for that week:*

    **Electronically stored information production** – During the weeks of April 7 and 14, 2019, Defendants produced approximately 10,027 documents. On April 12, due to a computer problem Defendants produced only 1,813 documents, which was less than the 5,000 the Court required each week. Defendants subsequently caught up, however. On April 16, Defendants produced approximately 3,597 documents and, on April 19, produced approximately 4,617 documents, thereby totaling approximately 8,214 for the week. Defendants anticipate producing 5,159

documents on April 26, 2019. Defendants anticipate that production of ESI from the final 16 custodians will likely conclude next week, on May 3, 2019. (ECF No 113, ¶ 5.)

**Excluded Documents –** Defendants have reviewed the vast majority of the 71,000 files which were excluded from Active Learning and anticipate producing the responsive, non privileged documents today, April 26, 2019.  There are approximately 68 responsive-non privileged documents identified. (ECF No 113, ¶6)

U.S. Immigration and Customs Enforcement ("ICE") informs the U.S. Department of Justice ("DOJ") that the overwhelming majority of the 71,000 excluded docs turned out to be non-responsive.  Many of the 71,000 excluded files were members of families containing documents that ICE's execution of Active Learning deemed responsive and, therefore, already have been produced to Plaintiffs.  Of the excluded files that were not members of families of documents Defendants have already produced, ICE informs DOJ that approximately 68 were responsive.  Defendants produced those documents, which consist of 1,841 pages, to Plaintiffs today.

Further, ICE informed DOJ, on the evening of April 25, that, when finalizing the excluded document production, ICE realized that approximately 5,000 could not be imaged due to a technical problem. ICE informs DOJ that it expects to correct that next week.  If there are any responsive docs in those remaining files they will be produced next Friday.

**SharePoint site documents** –On April 26, Defendants produced approximately 158 Age-Out Review Worksheets and supporting documents for February and March, 2019.  Defendants previously produced to Plaintiffs 96 Age-Out Review Worksheets that Field Office Juvenile Coordinators prepared in February and March.  In sum, there were approximately 254 worksheets and supporting documentation February 2019 and March 2019. (ECF No. 113 ¶ 3,4)

*(2) Schedule for expert discovery.*

On April 22, this Court ordered that the parties shall include a proposal (or proposals) for completing expert discovery in the joint status report to be filed today.

<u>Plaintiffs proposal</u>:

    Plaintiffs propose the following schedule for the completion of expert discovery:

        Disclosure of experts and expert reports:  May 31, 2019

        Disclosure of rebuttal experts and their reports:  July 12, 2019

        Expert Discovery Cutoff:  August 2, 2019

This proposed schedule provides Defendants six weeks to prepare and serve any rebuttal expert reports.  It provides an additional three weeks thereafter to complete expert depositions.  And it would also allow for a two-week trial in September, at the Court's convenience.

    Defendants have have not agreed to this proposed schedule advised Plaintiffs that they will need at least 120 days (four months) to respond to Plaintiffs' experts "because of the nature of government contracting, summer schedules, and because we do not have visibility into what your experts are working on."  Defendants' position is excessive and unreasonable and is refuted by (among oher things) their own counsel's assertion, repeated on several occasions, that Defendants would require 60 days to retain rebuttal experts and respond to Plaintiffs' expert reports.

    Plaintiffs respectfully submit that even the 60 days Defendants previously sought is unnecessary and unreasonable under the circumstances here.  Any further delay in trial (and entry of judgment) means that, each month, scores of young people who have just turned 18 will be unlawfully detained and deprived of their freedom, in many cases for months.  Moreover, Defendants suggestion that they do not have sufficient information at this point to propose or agree to an expert schedule is baseless.  To start, they have known the identities of three of Plaintiffs' four potential expert witnesses for at least a month, and in most cases longer, through the signed certifications they were required to sign under the protective order in this matter.  One is the former acting head of ICE, who is well known to Defendants.  One is a former immigration judge, who, as

3

the Court will recall, was the subject of discussion and briefing in early March, and whose judicial record and experience are either well known or readily accessible to Defendants. The third is a consulting firm that will provide statistical and other analysis of various data produced by ICE. Once again, extensive information concerning both the firm and the individuals who may provide expert testimony is publicly available. The only exception is a pediatrician who has worked extensively with immigrant youth and who will testify as to the effect of detention on the physical and mental health of such individuals. Plaintiffs disclosed her to Defendants during a meet and confer earlier this week. In addition, during that same meet and confer Plaintiffs' counsel provided a description of the subject matter of each of these expert's potential testimony. Plaintiffs respectfully submit that this is far more information than is typically available to parties when schedules for expert discovery are set, and Plaintiffs' proposal will *still* give Defendants six full weeks to respond to Plaintiffs' expert reports.

Defendants Position on Plaintiffs' proposal:

Defendants disagree with: (1) Plaintiffs' proposal; (2) Plaintiffs' characterizations of what they have revealed to Defendants and the coversations that have taken place; and (3) Plaintiffs' estimation of how long the federal government needs to identify rebuttal experts, complete the government contracting process, and employ experts after Defendants receive Plaintiffs' experts' reports. Defendants have very little visibility into the nature of Plaintiffs' experts and are unwilling to accept Plaintiff's counsel's oblique and general proffers of what Plaintiffs' experts will testify about. Defendants are unwilling to accept Plaintiffs' assurances that Defendants will not need much time at all to rebut the eventual expert reports. Defendants only know for sure the names of the 11 people on the protective order forms "A" (ECF No. 63-1) that Plaintiffs have, to date, given to Defendants.

Regardless, Defendants cannot know how long it will take to identify, contract for, and employ rebuttal experts until Defendants read Plaintiffs' four experts' reports.  Plaintiffs correctly state that Defendants anticipate needing at least 120 days because of the nature of government contracting, and because Defendants' process essentially cannot begin until Plaintiffs disclose the substance of what their experts will testify about – which they have not done.

*(3): Brief description of any unresolved discovery disputes that require the scheduling of a telephone hearing for the following week.*

Defendants have no issues to raise with the Court this week.

Plaintiffs' issues:  A trial date.  Plaintiffs believe that it would be appropriate to set a trial date and believe that one could be set for September, at the Court's convenience.

Defendants responses to Plaintiffs' issues:

Defendants believe that there will be extensive motion practice prior to trial.  Defendants anticipate the trial will take 2-3 weeks.  Defendants submit that the Court should not set a trial date until after the parties litigate and the Court resolves dispositive motions.

DATE:  April 26, 2019                             Respectfully submitted,

COLIN A. KISOR
Deputy Director

YAMILETH G. DAVILA
Assistant Director

CARA E. ALSTERBERG
KEVIN HIRST
Trial Attorneys

By: /s/ *Colin A. Kisor*
COLIN A. KISOR
Deputy Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation –
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: 202-532-4331

EVAN P. SCHULTZ
BENAJMIN ZEITLIN
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation – Appellate
P.O. Box 878, Washington, DC 20044

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**
Civil Action No. 1:18-00508-RC

      I HEREBY CERTIFY that on April 26, 2019, a true copy of this Joint Status Report was filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing via e-mail to the following counsel:

Tia T. Trout Perez
KIRKLAND & ELLIS LLP
655 15th Street, NW
Suite 1200
Washington, DC 20005
(202) 879-5000
Fax: (202) 879-5200
ttrout-perez@kirkland.com

Paul F. Brinkman
KIRKLAND & ELLIS LLP
655 15th Street, NW
12th Floor
Washington, DC 20005
(202) 879-5033
Fax: (202) 879-5200
paul.brinkman@kirkland.com

Stephen R. Patton
KIRLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
Fax: (312) 862-2200
stephen.patton@kirkland.com

Amanda Jacobowski
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
Fax: (312) 862-2200
amanda.jacobowski@kirkland.com

Gianna Borroto
NATIONAL IMMIGRANT JUSTICE CENTER
208 LaSalle St.
Ben Franklin Station
St. 1300
Chicago, IL 60604
(312) 660-1615
Fax: (312) 660-1505
gborroto@heartlandalliance.org

Katherine E.M. Goettel
NATIONAL IMMIGRANT JUSTICE CENTER
208 LaSalle St.
Ben Franklin Station
St. 1300
Chicago, IL 60604
(312) 660-1335

Ruben Loyo
NATIONAL IMMIGRANT JUSTICE CENTER
208 LaSalle St.
Ben Franklin Station
St. 1300
Chicago, IL 60604
(312) 660-1312
Fax: (312) 660-1505
rloyo@heartlandalliance.org

      /s/ Colin Kisor
      COLIN A. KISOR