**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| WILMER GARCIA RAMIREZ, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES IMMIGRATION AND<br>CUSTOMS ENFORCEMENT, *et al.*,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 1:18-CV-00508-RC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT: June 7, 2019**

　　　In its Order of March 25, 2019, the Court issued the following Minute Order:

It is hereby ORDERED that, beginning on March 29, 2019, and continuing thereafter during the course of discovery, the parties' shall file a joint status report by the close of business on every Friday, in which (1) Defendants will explain their compliance with each aspect of the applicable discovery requirements for that week (this filing will supersede Defendants' requirement to file their own status report outlining their discovery compliance), and (2) the parties together will identify and briefly describe any unresolved discovery disputes that require the scheduling of a telephone hearing for the following week. Before identifying any such dispute, however, the parties must meet and confer in good faith in an attempt to resolve the dispute informally. If a joint status report identifies no outstanding disputes, the Court will not schedule a hearing for the following week. Thus, absent such notification by the parties, the Friday afternoon status hearings will no longer routinely take place.

*Part (1): Defendants compliance with each aspect of the applicable discovery requirements for that week:*

　　　**Electronically stored information production** –Except for the 66 documents that are protected with unknown passwords, *see* Joint Status Report (May 10, 2019), ECF No. 171 at 2, Defendants' excluded-document ESI production is complete. Defendants are not having success determining the passwords to the password protected documents, and cannot open them.

　　　Defendants will begin supplementation under Rule 26 on a rolling basis, and anticipate producing 4198 documents by June 14, 2019.

*Part (2): Discovery Disputes ripe this week*

The Parties have one dispute regarding the discovery cut off date, and the mechanism by which Defendants gather supplementatary documents, and the number of custodians that supplemental ESI must be gathered from. *See* Minute Order (May 31, 2019) (ordering the parties to submit their proposal(s) by June 7, 2019). The parties met and conferred on June 5, 2019 and were unable to reach agreement. The parties' respective positions are set forth below.

**Plaintiffs' Position**:

Plaintiffs agree that any agreement should set forth a single date that would constitute the cut-off for both (1) Defendants' ongoing obligation under Rule 26 to supplement their prior productions, and (2) Defendants' ability to produce and/or rely upon at trial new or subsequent evidence, including Age-Out Review Worksheets and associated SharePoint materials.

There also appears to be no dispute as to that agreed date. Defendants proposed May 24, 2019, the cut-off date for fact discovery, which is acceptable to Plaintiffs.

The dispute concerns ICE's obligation under Rule 26 to supplement its prior production of ESI, including for the 34 custodians previously ordered by the Court. ICE initially took the position that it would not conduct any additional search for ESI for any additional custodian and would only ask the custodians to search for and produce responsive documents from their email accounts using Outlook. Because past experience has demonstrated that such searches are incomplete, and vary widely by custodian, Plaintiffs rejected Defendants' proposal. Moreover, Defendants' purported justification for this refusal – that an updated search for ESI will require them to begin from scratch and repeat the machine learning process all over again – is refuted by their own prior filing. *See* Defendants' ESI Protocol, ECF 82, at 2, 22-23 (the machine learning process is "repeatedly

augmented by additional documents"; what the system has already learned via prior documents and coding will be applied to the new documents).[1]

Defendants then proposed that they would conduct an updated search for responsive ESI, but only as to 8 custodians—four from headquarters and four from the field offices. Because such a limitation would not even allow supplementation from many of the ICE field offices with the largest numbers of age-outs, Plaintiffs also rejected that proposal. Plaintiffs did, however, agree that they would reduce the number of ESI custodians for which supplementation would be required, from the current 34 to 25 custodians.

In sum, the parties have not been able to reach an agreement. Accordingly, as the Court made clear at the last discovery conference on May 2, Defendants' obligation to supplement their prior productions is not limited either as to time period or custodian and, instead, is governed by Rule 26. Notwithstanding that obligation, Plaintiffs will limit the ESI custodians for which supplementation is required, from the 34 custodians previously ordered by the Court to 25 custodians, provided Defendants will produce those documents with the highest responsiveness rating first and in descending order of responsiveness. To avoid any dispute as to the rate such supplementation will occur, Plaintiffs respectfully request that the Court order that Defendants produce no fewer than 5,000 documents per week starting next Friday, June 14, 2019, until this initial supplementation is completed. (The parties should attempt to agree upon similar schedules for supplementation for subsequent periods, which are not at issue at this time.) Given the absence of an agreement among the parties, and Defendants' clear obligation to supplement under Rule 26, Plaintiffs respectfully suggest that this is the only relief or order that is appropriate at this time, and

---

[1] *See also* Relativity, *Assisted Review Active Learning Guide* (June 5, 2019), https://help.relativity.com/PDFDownloads/9.6_PDF/Relativity%20-%20Assisted%20Review%20Active%20Learning%20Guide%20-%209.6.pdf ("The model gets better at serving relevant documents to reviewers. This whole process is continuous.").

that the Court's resolution of this limited issue (assuming there is a dispute as to the 5,000-documents-per-week requirement, which there should not be) does not warrant a telephonic hearing.

Finally, Plaintiffs note that the universe of potentially responsive documents, and the time period for completing this initial supplemental production, should be greatly reduced for three reasons. First, the time period covered by this supplemental production is only one-quarter of the time period covered by Defendants' original production (8 months vs. 32 months). *See* Defts' ESI Protocol, ECF No. 86, at 25-26. Second, as discussed above, the Active Learning process has already been "trained" and that initial coding and training will not need to be repeated. Third, to the extent that certain documents may have already been produced, ICE can – and according to its own ESI protocol, will – de-duplicate those documents. *Id.* ("ICE will deduplicate the ESI collection across custodians (Global Deduplication) before beginning the Active Learning process.").

\*   \*   \*

Defendants' assertion that they have been "providing supplemental discovery on a rolling basis" is inaccurate. The only "supplementation" Defendants have provided is to produce subsequent documents that they apparently intend to rely upon at trial, *vis.*, subsequent age-out review worksheets and SharePoint materials. Defendants have not produced any ESI for the 34 custodians since October 28, 2018.

**Defendants Proposal**:

The Court should enter an order holding discovery in abeyance until the Court resolves Defendants Motion to Decertify the Class (ECF. No. 140) so that ICE may use its finite resources and personnel to accomplish discovery obligations in other nationwide class action cases.

Defendants have been providing supplemental discovery on a rolling basis and continue to do so. Rule 26(e) requires a party who has made a disclosure under Rule 26(a) or who has responded to, among other things, a request for production to supplement its disclosure or response

4

'in a timely manner' if the party learns that the disclosure or response is materially incomplete or incorrect. *See Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo A.A De C.V.*, No. 11-1623, 2015 WL 13680825, * 3 (D.D.C. June 12, 2015) (citing Fed. R. Civ. P. 26(e)(1)); *Coles v. Perry,* 217 F.R.D. 1, *5 (D.D.C. 2003) ("Fed. R. Civ. P. 26(e) requires a party who had made an initial disclosure or responded to a request for discovery to supplement its disclosure or response if that party learns that in some material respect the information previously disclosed is incomplete.") Accordingly, no further order to mandate the method of e-discovery collection is warranted.

A. <u>Supplemental Discovery from Field Offices</u>

On October 17, 2018, ICE ERO Headquarters issued updated guidance to its officers in the field to improve documentation and tracking of custody determinations for age-outs. (ECF No. 140 at 8). Part of this guidance required Field Office Juvenile Coordinators (FOJCs) to upload to a SharePoint site the following documents for each age-out who was detained:

1. ERO Age-Out Review Worksheet
2. Print-outs of the EARM Case Comments
3. Electronic/scanned copy of documents in the A-file related to the custody determination, to include a Post-18 Plan if submitted by ORR
4. Any document (not in the A-File) and any email traffic related to that particular age out case.

Defendants have produced to Plaintiffs all the documents uploaded to the SharePoint site for individuals aging out of ORR custody since the policy took effect on October 17, 2018, through April 30, 2019. In addition, by June 14, 2019, Defendants plan to produce supporting documents from cases recorded in the SharePoint site through May 31, 2019.

These productions more than satisfy Defendants' duty to supplement discovery from field offices because they are a targeted collection of relevant documents that reflect ICE's decisionmaking for every detained age-out since October 17, 2018. The only issue in this case is whether ICE complied with 8 U.S.C. § 1232(c)(2)(B) for class members, i.e., detained age-outs, and

these productions provide precisely the documents that ICE relied upon to make its decisions. Discovery into collateral matters is not warranted. Moreover, these productions are arguably *broader* than the supplemental e-discovery requested by Plaintiffs, because they provide documents for all detained age-outs, not just the documents in the email accounts of selected custodians.

In addition, this Court has made clear that Plaintiffs "have no legally protected interest in any particular placement" (ECF 50 at n.8) and therefore cannot reasonably demand information regarding any individual placement decisions. The discovery produced by Defendants from the field offices provides ample documentation to demonstrate how ICE makes age-out placement decisions.

*To the extent the Court believes additional discovery is required from the field offices, such discovery should be limited to the four Supervisory Detention and Deportation Officers on the Plaintiffs' list of custodians.* These individuals are the supervisory authorities for the custody determinations at issue in this case, and their email accounts would likely encompass the bulk of the information from FOJCs in their respective field offices. However, even this additional e-discovery would be time-consuming, and the burden of producing it is not proportional to any benefit, given the overlap with the SharePoint documents.

B. <u>Supplemental Discovery from ICE Headquarters</u>

To satisfy its duty to supplement discovery for headquarters personnel, ICE asked those custodians who are still in positions[2] related to this litigation to search and collect their own emails and documents related to age-outs using the following search terms: age out, age-out, 1232, VAWA, "least restrictive setting," post 18 and post-18. Custodians are unable to perform complex searches with the software tools available to them. The headquarters custodians were asked to

---

[2] There is no duty to supplement for Steve Antkowiak, Juanita Hester, Roberto Salazar, Christine Dablewski, and Amy Kraus because they had already left their positions related to this litigation when OCIO collected their documents. As such, discovery for these custodians is complete.

6

collect emails and documents from the day after the Office of the Chief Information Officer (OCIO) collection ended through May 2019. These custodians are: Tae Johnson, Mellissa Harper, Eric Ravenell, Dawn Helland, Ana Sanchez, and Matt Albence. So far, Defendants have collected documents from all custodians except Matt Albence. Defendants anticipate producing the relevant documents (4,198 documents,) from this collection by Friday June 14. (Some of these collections were completed in mid-May, prior to the May 24, 2019, discovery cut-off, and may need to be further supplemented, which Defendants will do.)

Next week's production of the approximately 4,198 documents more than satisfies Defendants' duty to supplement its prior productions from custodians at ICE headquarters because it is a targeted, supplemental collection that is proportional to the needs of this case. Rather than repeat the burdensome initial ESI collection and review procedure—a process that lasted over 8 months--Defendants used straight-forward ESI collection techniques designed to quickly and efficiently identify the relevant documents. The previous ESI effort for 34 custodians produced approximately 80,000 documents and encompassed a far longer time frame. A supplemental production of over 4,000 documents from five custodians from a shorter time period appears more than reasonable and will provide ample insight into headquarters decisionmaking concerning age-outs.

Defendants are willing to produce these 4198 already-collected documents even if this Court holds further discovery supplementation in abeyance pending its resolution of Defendants' class decertification motion. (ECF. No. 140).

DATE:  June 7, 2019                         Respectfully submitted,


                                            */s/ Colin A. Kisor*
                                            COLIN A. KISOR
                                            Deputy Director
                                            U.S. Department of Justice, Civil Division
                                            Office of Immigration Litigation –
                                            District Court Section
                                            P.O. Box 868, Washington, DC 20044
                                            202-514-3097
                                            christina.parascandola@usdoj.gov

                                            EVAN P. SCHULTZ
                                            BENAJMIN ZEITLIN
                                            Trial Attorneys
                                            U.S. Department of Justice, Civil Division
                                            Office of Immigration Litigation – Appellate
                                            P.O. Box 878, Washington, DC 20044

                                            ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE
Civil Action No. 1:18-00508-RC

      I HEREBY CERTIFY that on June 7, 2019, a true copy of this Joint Status Report was filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing via e-mail to the following counsel:

Tia T. Trout Perez
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 389-5000
ttrout-perez@kirkland.com

Amanda Jacobowski
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
amanda.jacobowski@kirkland.com

Katherine E.M. Goettel
NATIONAL IMMIGRANT JUSTICE CENTER
208 LaSalle St.
Ben Franklin Station, St. 1300
Chicago, IL 60604
(312) 660-1335
kgoettel@heartlandalliance.org

Stephen R. Patton
KIRLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
stephen.patton@kirkland.com

Gianna Borroto
NATIONAL IMMIGRANT JUSTICE CENTER
208 LaSalle St.
Ben Franklin Station, St. 1300
Chicago, IL 60604
(312) 660-1615
gborroto@heartlandalliance.org

Ruben Loyo
NATIONAL IMMIGRANT JUSTICE CENTER
208 LaSalle St.
Ben Franklin Station, St. 1300
Chicago, IL 60604
(312) 660-1312
rloyo@heartlandalliance.org

Jonathan G.C. Fombonne
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
(713) 836-3336
jonathan.fombonne@kirkland.com

Michael B. Slade
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-3348
mslade@kirkland.com

Erin Reynolds
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2618
erin.reynolds@kirkland.com

Patrick Haney
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 389-5124
patrick.haney@kirkland.com

2

Orla O'Callaghan
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
(713) 836-3588
orla.ocallaghan@kirkland.com

Rebecca Forrestal
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 389-5276
rebecca.forrestal@kirkland.com

Paul Quincy
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 389-5000
paul.quincy@kirkland.com

/s/ *Colin A. Kisor*
COLIN A. KISOR