UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILMER GARCIA RAMIREZ, )<br>SULMA HERNANDEZ ALFARO, on behalf )<br>of themselves and others similarly situated, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>U.S. IMMIGRATION AND CUSTOMS )<br>ENFORCEMENT ("ICE"); )<br>MATTHEW T. ALBENCE, Acting Director, )<br>ICE; DEPARTMENT OF HOMELAND )<br>SECURITY; CHAD F. WOLF, Acting )<br>Secretary of Homeland Security,[1] )<br>)<br>*Defendants*. )<br>)<br>)<br>)<br>) | Case No. 1:18-cv-00508-RC<br><br>Class action |

**DEFENDANTS' SUPPLEMENTAL PRETRIAL STATEMENT**

In accordance with the Court's Pretrial Order (Oct. 17, 2019), ECF No. 230, Defendants hereby submit four demonstrative exhibits, object to a portion of Plaintiffs' Exhibit 333, and designate the entire transcript of the deposition of Defendants' expert witness in applied statistics, Professor Joseph L. Gastwirth, who will not be available to testify at trial.

**I.    Submission of four demonstrative exhibits**

Defendants submit four demonstrative exhibits, listed below, that they intend to use at trial.  They are:

(1) U.S. Department of Justice Executive Office for Immigration Review Statistics

---

[1]    On November 13, 2019, the President designated Chad F. Wolf Acting Secretary of Homeland Security, automatically substituting for Kevin K. McAleenan, the previous Acting Secretary.  *See* Fed. R. Civ. P. 25(d).

Yearbook Fiscal Year 2018 at 33.

(2) ICE Form 70-070 Age-Out Review Worksheet ("AORW") and Sharepoint documents for C.A.P.-C., Alien Number XXX XXX 905.

(3) AORW and Sharepoint documents for A.O.F.-B., Alien Number XXX XXX 549.

(4) AORW and Sharepoint documents for O.J.O.-C., Alien Number XXX XXX 436.

Defendants have redacted Protected Material from the second, third, and fourth demonstrative exhibits. In a separate filing, Defendants will move for leave to submit unredacted versions of these exhibits under seal.

**II.     Objection to a portion of Plaintiffs' Exhibit 333**

Defendants object to a portion of Plaintiffs' Exhibit 333 on the basis that it is argumentative. Exhibit 333 is an Excel file that contains two worksheets, "Boxes 15 & 16 Complete" and "Detained Age-Outs." The Detained Age-Outs worksheet contains nine columns ("A" through "I") and 371 rows of data. It appears that each row corresponds to information that a FOJC provided on an AORW. In Columns A, B, C, D, E, and G of Plaintiffs' Detained Age-Outs worksheet, it appears that Plaintiffs imported or entered some of the information that the FOJCs provided.[2] Plaintiffs do not provide all of the information that the FOJC provided on the AORW. Rather, Plaintiffs selected certain information. Defendants do not object to the information that Plaintiffs input into Columns A, B, C, D, E, and G of their Detained Age-Outs worksheet.

Column F is another matter. That column, entitled "Box 08: Remarks," appears to

---

[2]     The information in Column A corresponds to the Bates numbers from Defendants' production of the AORW. Column B corresponds to the Alien Number on the AORW. The information in Columns C, D, E, and G appears to correspond to the FOJCs' responses to Questions 15, 16, 8, and 14, respectively, on the AORW.

consist of Plaintiffs' counsel's argumentative commentary on the information that FOJCs provided in the narrative section in response to Question 8 on the 371 AORWs. Plaintiffs do not provide the actual responses from the FOJCs in Column F. For 328 of the 371 entries, or approximately eighty-eight percent of the entries in Column F, Plaintiffs describe the information that the FOJC provided as "Conclusory." Other terms and phrases that Plaintiffs input into Column F include "No Viable Sponsor" (84 entries), "Unrelated Information" (67 entries), "Insufficient Time" (53 entries), and "Blank or N/A" (42 entries). (Some rows in Column F contain more than one commentary.)

      Plaintiffs offer Exhibit 333 under Federal Rule of Evidence 1006. That rule "creates an exception to Rule 1002, which requires that originals be used to prove the contents of writings, recordings and photographs." *United States v. Milkiewicz,* 470 F.3d 390, 396 (1st Cir. 2006). Rule 1006 summaries "are explicitly intended to reflect the contents of the documents they summarize." *Id*. at 398. An accurate summary "fairly represent[s] the underlying documents" and is "nonprejudicial." *Id*. (quoting *United States v. Bray*, 139 F.3d 1104, 1111 (6th Cir. 1998))). It must "summarize[ ] the information contained in the underlying documents accurately, correctly, and in a nonmisleading manner" with nothing "lost in the translation." *Bray*, 139 F.3d at 1110. Summaries admitted "in lieu of the underlying documents" must not be "embellished by or annotated with the conclusions of or inferences drawn by the proponent, whether in the form of labels, captions, highlighting techniques, or otherwise." *Id*. The goal is to prevent "a summary containing elements of argumentation" from functioning as "a mini-summation by the chart's proponent every time the jurors look at it during their deliberations." *Id*. Respectfully, Plaintiffs' counsels' editorializations in Column F of their Detained Age-Outs

worksheets in PX 333 are argumentative and misrepresentative of the information that FOJCs provide on AORWs. They are hardly accurate or correct representations of information in AORWs. They go beyond impermissible embellishment or annotation. They appear to be the conclusions and inferences of Plaintiffs' counsel rather than a summary of the information that Defendants produced in the AORWs.

Defendants concede that a purpose of limiting argumentative material in Rule 1006 summaries is to avoid misleading a jury. *See, e.g., Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1159–60 (11th Cir. 2004) ("And because summaries are elevated under Rule 1006 to the position of evidence, care must be taken to omit argumentative matter in their preparation lest the jury believe that such matter is itself evidence of the assertion it makes."). Although the factfinder here is the Court, Plaintiffs' gratuitous editorializations of portions they selected from records created by FOJCs cross the line into argument. At the very least, the Court should disregard them.

### III. Designation of the entire transcript of the deposition of Professor Joseph L. Gastwirth

On November 15, 2019, Plaintiffs provided Defendants the designations of the portions of the transcript of Defendants' expert in applied statistics, Professors Joseph L. Gastwirth, taken on August 30, 2019. Professor Gastwirth will not be available to testify at trial. Defendants hereby designate the entire transcript and will deliver it at the pretrial conference.

DATED: November 20, 2019					Respectfully submitted,

WILLIAM C. PEACHEY
Director

COLIN A. KISOR
Deputy Director

/s/ Christina Parascandola
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
Civil Division, U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 514-3097
(202) 305-7000 (facsimile)
christina.parascandola@usdoj.gov

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on November 20, 2019, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing via e-mail to the following counsel:

Tia T. Trout Perez
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 389-5000
ttrout-perez@kirkland.com

Amanda Jacobowski
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
amanda.jacobowski@kirkland.com

Katherine E.M. Goettel
NATIONAL IMMIGRANT JUSTICE CENTER
208 LaSalle St.
Ben Franklin Station, St. 1300
Chicago, IL 60604
(312) 660-1335
kgoettel@heartlandalliance.org

Stephen R. Patton KIRLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
stephen.patton@kirkland.com

Gianna Borroto
NATIONAL IMMIGRANT JUSTICE CENTER
208 LaSalle St.
Ben Franklin Station, St. 1300
Chicago, IL 60604
 (312) 660-1615
gborroto@heartlandalliance.org

Ruben Loyo
NATIONAL IMMIGRANT JUSTICE CENTER
208 LaSalle St.
Ben Franklin Station, St. 1300
Chicago, IL 60604
(312) 660-1312
rloyo@heartlandalliance.org

Jonathan G.C. Fombonne
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
(713) 836-3336
jonathan.fombonne@kirkland.com

Michael B. Slade
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-3348
mslade@kirkland.com

Erin Reynolds
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2618
erin.reynolds@kirkland.com

Patrick Haney
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 389-5124
patrick.haney@kirkland.com

2

Rebecca Wall Forrestal
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, DC 20004
 (202) 879-5000
rebecca.forrestal@kirkland.com

Orla P. O'Callaghan
KIRKLAND & ELLIS LLP
609 Main Street Houston, TX 77002
(713) 836-3588
Fax: (713) 836-3601 orla.ocallaghan@kirkland.com

Paul L. Quincy
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, DC 20004
(202) 389-5000
paul.quincy@kirkland.com

/s/ *Christina Parascandola*
CHRISTINA PARASCANDOLA