**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILMER GARCIA RAMIREZ, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) Case No. 1:18-cv-00508-RC |
| | ) |
| v. | ) Class Action |
| | ) |
| U.S. IMMIGRATION AND | ) |
| CUSTOMS ENFORCEMENT, *et al.*, | ) |
| | ) |
| *Defendants.* | ) |
| | ) |
| | ) |

## PLAINTIFFS' SUPPLEMENTAL PRETRIAL STATEMENT

Plaintiffs' respectfully supplement the Pretrial Statement they previously filed on November 20, 2019, as follows.

**I.     Revised Demonstrative Exhibits**

On November 20, 2019, Plaintiffs hand-delivered their demonstrative exhibits to the Court. Since then, Plaintiffs have made a number of slight, non-substantive corrections and modifications to the demonstratives.  The updated demonstratives are being filed with this supplemental statement.

**II.     Plaintiffs' Exhibits**

Since November 8, 2019, Plaintiffs have identified a small number of additional trial exhibits.  Plaintiffs have notified Defendants of these additional exhibits and are delivering copies of them to the Court.

Defendants' recent Supplemental Pretrial Statement (ECF 255) includes objections to a portion of Plaintiffs' Exhibit 333.  Plaintiffs will be prepared to respond to these objections at the November 25, 2019 Pretrial Conference.

### III.     Professor Joseph L. Gastwirth Deposition Designations

Defendants "Supplemental Pretrial Statement" also purported to designate "the entire transcript" of their own statistical expert, Dr. Joseph Gastwirth, on the premise that he "will not be available to testify at trial." ECF 255 (Defs.' Supp. Pretrial Statement) at 4.  Such designation is barred by Federal Rules of Civil Procedure 32(a)(4) and 32(a)(6).  Plaintiffs thus object to Defendants' improper designation and request that the Court limit Defendants' designations to only those portions of Dr. Gastwirth's deposition testimony that "in fairness should be considered" with the selected portions Plaintiffs have designated.  *See* Fed. R. Civ. P. 32(a)(6).

*First*, Defendants have made no showing that Dr. Gastwirth is "unavailable" to testify live at trial under Rule 32(a)(4).  As Dr. Gastwirth testified during his deposition, he lives in "Washington, D.C." and is employed as a "professor at George Washington University," where he has taught for approximately the past 47 years.  ECF 211-4 (8/30/19 J. Gastwirth Dep. Tr.) at 6:11–7:4.  Defendants Supplemental Pretrial Statement does not indicate why Dr. Gastwirth is now "unavailable" for a trial that will be taking place less than 2.5 miles from where he works and certainly not more than a dozen miles from his home.  It is Defendants' burden, as the party attempting to designate Dr. Gastwirth's testimony, to prove that the Professor is unavailable for trial.  *See Williams v. Johnson*, 278 F.R.D. 1, 5 (D.D.C. 2011) ("The proponent bears the burden of establishing that the requirements of Rule 32(a)(4)(D) are satisfied") (citing *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 963 (10th Cir. 1993)).  Defendants have made no such showing, and thus there is no basis for Defendants to designate ***any*** testimony from Dr. Gastwirth under Rule 32(a)(4) as an "unavailable" witness.  *See*, *e.g.*, *id*. (rejecting designation of deposition testimony where party failed to prove it had been unable through "reasonable diligence" to procure the witness's attendance by subpoena).

2

**Second**, and even assuming, counterfactually, that Defendants had met their burden to prove Dr. Gastwirth's unavailability, Defendants' designation of his **entire** deposition transcript would be improper under Rule 32(a)(6). That rule provides that "[i]f a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts **that in fairness should be considered with the part introduced**." Fed. R. Civ. P. 32(a)(6) (emphasis added); *see also Great Am. Ins. Co. v. Moye*, No. 8:10-CV-00330-EAK-TGW, 2010 WL 2889665, at *2 (M.D. Fla. July 19, 2010) ("The rules do not allow filing of the remainder of a [deposition transcript] solely because an opponent so demands; the 'in fairness' requirement limits opposing parties opportunity to do so.") Plaintiffs designated only limited testimony from Dr. Gastwirth comprising a total of 1,165 lines across 88 pages. Defendants do not provide any rationale for why the entirety of Dr. Gastwirth's testimony (approximately four and a half hours of questioning) is necessary to respond to Plaintiffs' limited designations. Thus, Defendants' blanket counter-designation is improper under Rule 32(a)(6).

Dated:  November 22, 2019

/s/ Stephen R. Patton
Stephen R. Patton
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
stephen.patton@kirkland.com

Tia T. Trout Perez (D.C. Bar No. 990447)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
tia.trout-perez@kirkland.com

Katherine Melloy Goettel
NATIONAL IMMIGRANT JUSTICE CENTER
208 South LaSalle Street, Suite 1300
Chicago, IL  60604
Telephone: (312) 660-1335
Facsimile: (312) 660-1505
kgoettel@heartlandalliance.org

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 22nd day of November, 2019, a true and correct copy of the foregoing was served via ECF upon counsel of record.

_/s/ Stephen R. Patton_
Stephen R. Patton