# John Sandweg Demonstratives

# Opinions

1. There are a number of remedial actions available to address ICE's past non-compliance and promote its future compliance with the statute which would be reasonable and practical to implement and would not create undue or unnecessary administrative burden on ICE.

2. Field officers' law enforcement mindset and JFRMU's hands-off approach to supervising compliance make clear policy guidance, robust training, and active supervision particularly important.

3. Detaining age-outs who could and should be released under 8 U.S.C. §1232(c)(2)(B) diverts scarce resources from ICE's core missions, imposes added administrative and financial burdens on ICE, and results in ICE's assumption of additional financial and reputational risks.

# Opinions

▶ There are a number of remedial actions available to effectively address ICE's past non-compliance and promote its future compliance with the statute, which would be reasonable and practical to implement and would not create undue or unnecessary administrative burden on ICE.

2. Field officers' law enforcement mindset and JFRMU's hands-off approach to supervising compliance make clear policy guidance, robust training, and active supervision particularly important.

3. Detaining age-outs who could and should be released under 8 U.S.C. §1232(c)(2)(B) diverts scarce resources from ICE's core missions, imposes added administrative and financial burdens on ICE, and results in ICE's assumption of additional financial and reputational risks.

3

# First Opinion: Remedial Options

Remedial options I proposed to Plaintiffs' counsel:

- The appointment of a court-appointed monitor to review and monitor ICE's implementation and compliance.

- Clear guidance and robust training about the statute and its requirements.

- Breaking down the statute's requirements into a series of clear, concrete, and practical steps.

4

# First Opinion: Remedial Options

Remedial actions proposed by Plaintiffs' counsel that I reviewed:

- Steps to ensure that field officers consider all available sponsors and other less restrictive alternatives to detention, including:
    - Request Post-18 plans two weeks in advance of a UAC's 18th birthday.
    - A direction that JFRMU and/or senior ICE/DHS officials request ORR/HHS to submit Post-18 Plans for every age-out.
    - A requirement that ICE promptly consider each potential individual and organizational sponsor.

5

# First Opinion: Remedial Options

- A requirement that ICE conduct an in-person interview of the UAC on the UAC's 18th birthday if no individual or organizational sponsor has been identified and approved by that date.

- Where an individual sponsor is not identified or approved, a requirement that ICE consider placement with an organizational sponsor, including shelters and group homes.

- A finding that ICE's obligation to consider less restrictive alternatives does not end on the day a UAC turns 18.

# First Opinion: Remedial Options

- Steps to ensure that ICE provides a continuum of alternatives to detention, including:

  - A requirement that ICE field offices identify, and develop relationships with, shelters, group homes, and other organizational sponsors, including those outside the field office's area of responsibility.

  - Specific training and guidance from JFRMU to make all field officers aware of and consider:
    - Age-outs' participation in ICE's ATD program
    - Releasing age-outs pursuant to ICE bonds

7

# First Opinion: Remedial Options

- The appointment of a monitor to, among other things:
  - Review and approve all policy guidance, procedures, and training proposed by ICE;
  - Review any information the Court requires ICE to provide on a monthly or other basis;
  - Make suggestions and/or recommendations as to further steps ICE should take to ensure compliance;
  - Raise with the Court any issues or concerns with respect to ICE's compliance.

8

# First Opinion: Remedial Options

- Reporting obligations to monitor compliance with the statute and any injunction or court order. This could include, on a monthly basis:

  - Copies of the age-out review worksheets and all SharePoint materials for each age-out from the preceding month;

  - A field office summary, by name and "A" number, of each age-out that month, detailing whether such age-out was detained or released, and, if detained, the detention facility and the reason for detention.

  - A national and field office summary of the total number and percentage of age-outs during that month;

  - Where a field office reports a detention rate that is greater than some fixed percentage, a written and documented explanation for detention.

9

## Second Opinion: Oversight and Guidance

1. There are a number of remedial actions available to effectively address ICE's past non-compliance and promote its future compliance with the statute, which would be reasonable and practical to implement and would not create undue or unnecessary administrative burden on ICE.

▶ Field officers' law enforcement mindset and JFRMU's hands-off approach to supervising compliance make clear policy guidance, robust training, and active supervision particularly important.

3. Detaining age-outs who could and should be released under 8 U.S.C. §1232(c)(2)(B) diverts scarce resources from ICE's core missions, imposes added administrative and financial burdens on ICE, and results in ICE's assumption of additional financial and reputational risks.

10

## Third Opinion: Detaining Age-Outs is Costly and Diverts Resources

1. There are a number of remedial actions available to effectively address ICE's past non-compliance and promote its future compliance with the statute, which would be reasonable and practical to implement and would not create undue or unnecessary administrative burden on ICE.

2. Field officers' law enforcement mindset and JFRMU's hands-off approach to supervising compliance make clear policy guidance, robust training, and active supervision particularly important.

▶ Detaining age-outs who could and should be released under 8 U.S.C. §1232(c)(2)(B) diverts scarce resources from ICE's core missions, imposes added administrative and financial burdens on ICE, and results in ICE's assumption of additional financial and reputational risks.

11

## Third Opinion: Detaining Age-Outs is Costly and Diverts Resources

- Detaining age-outs who could and should be released under 8 U.S.C. §1232(c)(2)(B):

  – Diverts scarce resources from ICE's core missions;

  – Imposes added administrative and financial burdens on ICE;

  – Results in ICE's assumption of additional financial and reputational risks.