IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILMER GARCIA RAMIREZ, et al., ) ) ) Plaintiffs, ) ) v. ) ) UNITED STATES IMMIGRATION AND ) CUSTOMS ENFORCEMENT, et al., ) ) Defendants. ) ) | Civil Action No. 1:18-cv-00508-RC |

**JOINT STATUS REPORT CONCERNING THE PARTIES' MEET AND CONFER EFFORTS AND REQUEST FOR RULINGS ON UNRESOLVED ISSUES**

At the December 16, 2020 telephonic hearing, the Court directed the parties to meet and confer on three issues: (1) a schedule for exchanging drafts and resolving any disputes concerning various remaining remedial steps (i.e., a revised FOJC Handbook and on-line training module; a proposed plan and schedule for training FOJCs on the revised training materials agreed to by the parties; and a nationwide list of shelters, group homes, and other organizational sponsors that accept Age-Outs); (2) whether there is a need for the Court to decide Defendants' September 4, 2020 Motion to Issue Interim Guidance (Dkt. No. 337); and (3) whether the parties can resolve their differences concerning, and agree upon, a revised Age Out Review Worksheet ("AORW"), or the Court must resolve those differences. The parties have met and conferred on these issues and report as follows:

**I.     FURTHER REMEDIAL ITEMS**

1. <u>Nationwide List of Shelters.</u>  On January 7, 2021, Defendants provided Plaintiffs with an updated, nationwide list of shelters and other organizational sponsors that accept Age-Outs.

Plaintiffs are reviewing that list and will provide any comments or additions by no later than January 22, 2021.

2. <u>FOJC Handbook.</u>  Defendants will provide Plaintiffs proposed revisions to those portions of the FOJC Handbook that concern Section 1232(c)(2)(B) and/or Age-Out placement determinations by January 22, 2021.  Plaintiffs will provide any comments and/or proposed revisions by January 29, 2021.  The parties will submit proposed revisions or other issues on which they are not able to agree, if any, to the Court for resolution by February 15, 2021.

3. <u>Online Training Module.</u>  Defendants advised Plaintiffs on January 6, 2021, that ICE has removed and no longer intends to use the online training module and, accordingly, it will not be updating or modifying it.  Plaintiffs do not oppose this decision, provided the training materials agreed upon by the parties are available online, so that they can be consulted by FOJCs, and particularly new FOJCs, if they have questions concerning the requirements of the statute and ICE's revised procedures and guidance for complying with the statute and making Age-Out placement determinations.

4. <u>Proposed Plan and Schedule for Training FOJCs.</u>  The parties were not able to reach agreement as to a proposed plan and schedule for training FOJCs.

<u>Plaintiffs' Statement.</u>  As Plaintiffs noted at the December 15, 2020 hearing, they believe that ICE should (a) promptly schedule virtual training sessions to train FOJCs on the new training materials agreed to by the parties and submitted to the Court for approval (*see* Nov. 19, 2020 Joint Status Report Concerning the Results of the Parties' Efforts to Agree Upon Revised Training Materials and an Age Out Review Worksheet (Dkt. No. 345); ATD and Bond Training Presentation (Dkt. No. 345-2); Age-Out PowerPoint Training Presentation (Dkt. No. 346-1)); and

(b) propose a plan for training new FOJCs on these materials promptly after they become FOJCs and before they begin making Age-Out placement determinations.

During the parties' meet and confer efforts, Defendants stated that they would conduct new training of FOJCs "within 60 days of this Court's final approval of all updated training materials." This general time frame is acceptable to Plaintiffs, as well as the condition that the Court first approve the training materials agreed to by the parties. Accordingly, Plaintiffs respectfully request that the Court approve the training materials previously agreed upon by the parties and attached to their November 19, 2020 joint submission. (Dkt. No. 345-2, 346-1.)

However, Defendants have taken the further position that they will not conduct such training until a revised AORW has been finally approved by the Court and that unless Plaintiffs agree to Defendants' proposed form, any new training must await the Court's final decision as to a revised AORW and any appeal from that decision. Moreover, citing the Court's comment at the December 16, 2020 telephonic conference noting (but not deciding) Defendants' argument that the APA bars an order requiring that ICE use a form it has not approved and that the Court would therefore prefer that the parties agree on a revised AORW, Defendants stated that (1) they oppose the use of any AORW other than the one they have proposed; (2) they do not believe further meet and confer efforts to address Plaintiffs' concerns with their proposed AORW would be fruitful; and (3) any order that they use an AORW other than the one they have proposed would constitute an injunction under F.R.C.P. 65(d)(1)(A), which they likely would seek to stay and immediately appeal.

Plaintiffs respectfully submit that these objections misunderstand the nature of the post-trial proceedings concerning remedies to address the statutory violations the Court found in its July 2, 2020 decision and Plaintiffs' position with respect to the parties' dispute concerning the AORW.

The purpose of these proceedings is to determine whether the parties can reach agreement on specific remedial steps (including those, like a revised AORW, that were proposed by <u>Defendants</u>), which would be incorporated into a final judgment and permanent injunction and, potentially, implement those agreed steps before entry of a final judgment and injunction. Plaintiffs have not requested, nor has the Court suggested, that such steps would be imposed by way of an interim "injunction" or other order prior to the entry of a final judgment and preliminary injunction, let alone done so over the objection of Defendants.

In view of the foregoing impasse, Plaintiffs respectfully propose—and Defendants apparently agree—that the Court continue the process it previously ordered, without objection, and decide the parties' disputes concerning the revised AORW, which have been fully briefed and are currently pending. Such a decision will resolve the parties' dispute concerning one element of the final judgment in this matter and may provide guidance that will thereafter enable the parties to reach agreement on a revised AORW.

<u>Defendants' Statement.</u>  During the parties' meet and confer efforts (and at an earlier telephonic hearing), Defendants advised that JFRMU would issue new training to FOJCs within 60 days of this Court's final approval of all updated training materials. Otherwise, ICE cannot and will not schedule and issue training unilaterally that has not been approved by this Court for dissemination to the field. Moreover, JFRMU will not issue piecemeal training to FOJCs in the interim as such incomplete training would likely create additional confusion among FOJCs and waste resources that could and should be applied to a comprehensive complete training schedule and program. Defendants advised that complete training would include a finalized and approved AORW and Defendants once again urged Plaintiffs to accept ICE's proposed updated AORW—which mirrors the agreed upon training slide presentation—and which would facilitate and

expedite ICE's ability to plan and schedule updated training to FOJCs.  Accordingly, Defendants are at this time unable to propose specific training dates until this Court approves the proposed and submitted updated training materials.  An order from the Court to use an AORW other than ICE's proposed form would be an appealable order, but Defendants have never represented to Plaintiffs that Defendants would seek a stay and immediately appeal such an order.  Indeed, without knowing the contents of an order—that has not been issued—Defendants' counsel would not presume to make a recommendation to the Solicitor General.  Moreover, even if Defendants were to appeal and seek a stay, this would require authorization from the Office of the Solicitor General.  *See* 28 C.F.R. § 0.20(b) (providing that the Solicitor General must decide "whether, and to what extent, appeals will be taken by the Government to all appellate courts.")

## II.     REVISED AGE OUT REVIEW WORKSHEET

Agreed Statement.  Plaintiffs proposed that the parties continue to meet and confer concerning their respective AORWs.  Defendants responded that, while they appreciated Plaintiffs' openness to further discussion, the parties had already conferred extensively on the AORW, and Defendants did not believe that further discussions would be helpful.

Plaintiffs' Statement.  Plaintiffs' position with respect to the revised AORW is set forth above.  In a nutshell, Plaintiffs agree that the Court should decide the parties' disputes concerning the AORW, including Defendants' argument that the APA bars the Court from approving or ordering an AORW other than one proposed or approved by Defendants.  As discussed in Plaintiffs' December 10, 2020 submission (Dkt. No. 351), they believe that the revised AORW proposed by Defendants in contrary to this Court's July 2, 2020 decision and could undermine FOJCs' compliance with the statute in a number of significant respects.  Plaintiffs believe that resolution of these disputes is important to fashioning a final judgment and permanent injunction that will remedy ICE's past violations of the statute and help ensure its compliance going forward.

5

Plaintiffs further believe that such guidance from the Court may enable the parties to thereafter agree upon a revised AORW that could be incorporated into a final decree. However, Plaintiffs have not moved for, and do not intend to move for, an interim injunction or other order with respect to the AORW.

<u>Defendants' Statement.</u>  Notwithstanding Plaintiffs' statement immediately above, and their "response" below, Plaintiffs previously asked this Court, essentially, for a nationwide universal injunction *prohibiting* ICE from using ICE's version of the revised AORW, and for an affirmative injunction *requiring* ICE to use Plaintiffs' proposed version of the revised AORW. *See* ECF No. 351 at 4 ("For these and other reasons set forth below, Plaintiffs respectfully *urge the Court to adopt, and require that ICE use, their proposed AORW,* together with any refinements this Court deems appropriate.")*;* (emphasis added) *see also* Fed. R. Civ. P. 65(d)(1). Plaintiffs' representations  now, that they have not moved for an "injunction or other order with respect to the AORW" (above) and "Plaintiffs have not sought, nor does the Court's September 30, 2020 order contemplate, 'an order prohibiting ICE from using its new form and instead directing ICE to use Plaintiffs' version of the revised AORW'" (below), are either an attempt to change position and walk back those previous statements , or are somehow nuanced beyond what common sense will allow.

Regardless, during the meet and confer, Defendants offered Plaintiffs the opportunity to accept ICE's proposed revised AORW—which mirrors the agreed upon training presentation and was the product of three prior meet and confers—to expedite JFRMU's ability to finalize all training materials and setup comprehensive FOJC training. Plaintiffs declined this invitation. At the hearing on December 16, 2020 with this Court, Plaintiffs' counsel stated, "We'd prefer the status quo over them shifting to their new form. But we agree that it would be great to get the new

form approved, whatever it is the judge decides." *See* Transcript of Status Conference (Dec. 16, 2020) at 12. Absent Plaintiffs' agreement to ICE's proposed AORW, Defendants are not willing to engage further on the AORW, which has already been fully briefed and submitted to this Court for resolution in accordance with Federal Rule of Civil Procedure 65(d)(1)(C).

Defendants respectfully request that the Court resolve the parties' disputes concerning the AORW, in accordance with Rule 65(d)(1)(a) as contemplated by its prior September 30, 2020 Minute Order, and based on the parties' respective statements of position submitted pursuant to that order. (*See* Dkt. No. 347 (Defendants' submission), Dkt. No. 351 (Plaintiffs' submission).) 28 U.S.C. § 1292(a)(1); *see, e.g., Abbott v. Perez*, 138 S. Ct. 2305, 2319-20 (2018) (". . . where an order has the 'practical effect' of granting or denying an injunction, it should be treated as such for purposes of appellate jurisdiction."); *see also Make The Rd. New York v. Wolf*, 962 F.3d 612, 623 (D.C. Cir. 2020) (asserting jurisdiction to review district court's grant of preliminary injunction against the government's expansion of expedited removal authority). Plaintiffs contend that they do not seek an *injunction*, but merely an order prohibiting ICE from using its new form and instead directing ICE to use Plaintiffs' version of the revised AORW on a nationwide basis. Defendants contend that an order of this nature on a nationwide basis, (to use a new form for class members and non class members alike) is beyond the remedial power contemplated by the APA, given that the form itself is not a final agency action (nor is it independently unlawful) and would, in fact, be an injunction.

Plaintiffs' Response:   Once again, Plaintiffs have not sought, nor does the Court's September 30, 2020 order contemplate, "an order prohibiting ICE from using its new form and instead directing ICE to use Plaintiffs' version of the revised AORW." That issue will arise, if at all, when the Court determines the terms of a final judgment and permanent injunction entered in

this matter. Whether that final order will include a requirement that ICE complete an AORW for every Age-Out (as Defendants have proposed), and if so the form of that AORW, is not before the Court at this time. Finally, if such a requirement were included in a final judgment and permanent injunction, its purpose would be to remedy ICE's past violations of the statute and prevent it from violating the statute with respect to future Age-Outs. Like the revised training, periodic reporting obligations, and other requirements included in such an injunction, any such AORW requirement would apply to all Age-Outs. Defendants' argument that such relief is barred by the APA because it applies to Age-Outs who are not class members, would prevent all injunctive relief, which by definition is prospective and intended to prevent ICE from violating the statute as to future Age-Outs (and future Age-Outs from thereby satisfying the class definition, if that concept were even relevant with respect to such remedial relief, which it is not).

## III. DEFENDANTS' MOTION FOR APPROVAL OF INTERIM GUIDANCE

The parties were unable to agree on the need for the Court to decide Defendants' Motion to Issue Interim Guidance, which Defendants filed in September 2020. (*See* Dkt. No. 337.)

Plaintiffs' Statement. Plaintiffs believe that the interim guidance proposed by Defendants is legally inaccurate and misguided, and, therefore, Defendants' motion should be denied. (*See* Mem. in Opp'n to Mot. to Issue Interim Guidance (Dkt. No. 339).) Plaintiffs further believe that Defendants' proposed interim guidance has been superseded by subsequent events, including the parties' agreement on proposed final guidance and training materials, and that if any "interim guidance" were to be provided at this point, it should be the final guidance and training materials subsequently agreed upon by the parties and submitted to the Court for approval.

Defendants' alternative request that the Court "enjoin" it from using the interim guidance is legally improper. There is no motion for an injunction pending with respect to Defendants' proposed guidance, only Defendants' request for approval. Nor could Defendants move to enjoin

8

themselves.  Moreover, Defendants were the ones that elected to seek this Court's approval before issuing their proposed interim guidance.  While that request was prudent, given that the proposed guidance was in response to, and sought to address, the repeated violations of the statute this Court detailed in its July 2, 2020 decision, there is absolutely no legal basis for turning the Court's denial of approval into an injunction.

Defendants' Statement.  Defendants believe that such guidance is still relevant and should be provided and, therefore, request that the Court decide the motion and either allow ICE to issue it or enjoin its issuance under Federal Rule of Civil Procedure 65(d)(1).

* * *

Wherefore, the parties respectfully request that the Court:

(1) Approve the proposed training materials and periodic reporting obligations agreed upon by the parties and included in their November 19, 2020 joint submission (Dkt.Nos. 345, 345-2, 346-1);

(2) Approve the schedule proposed in Part I.1 and 2 above with respect to finalizing ICE's nationwide list of shelters and other organizational sponsors and proposed revisions to the FOJC Handbook; and

(3) Resolve the parties' disputes concerning a revised AORW, as set forth in their respective statements of position.

In addition, Defendants respectfully request that the Court:

(1) Either permit ICE to issue its interim guidance, or enjoin it under Federal Rule of Civil Procedure 65(d); and

(2) Resolve the parties' disputes concerning a revised AORW pursuant to an Order entered pursuant to Federal Rule of Civil Procedure 65(d).

For the reasons set forth above, Plaintiffs oppose these requests.

Dated:  January 22, 2021                                    Respectfully submitted,

| | |
|---|---|
| */s/ Colin A. Kisor* | */s/ Stephen R. Patton* |
| Colin A. Kisor | Stephen R. Patton |
| Deputy Director | KIRKLAND & ELLIS LLP |
| U.S. Department of Justice, Civil Division | 300 North LaSalle |
| Office of Immigration Litigation – | Chicago, IL  60654 |
| District Court Section | Telephone:     (312) 862-2000 |
| P.O. Box 868, Washington, DC 20044 | Facsimile:     (312) 862-2200 |
| Telephone: 202-532-4331 | stephen.patton@kirkland.com |
| Colin.Kisor@usdoj.gov | |
| | Tia T. Trout Perez (D.C. Bar No. 990447) |
| ATTORNEYS FOR DEFENDANTS | KIRKLAND & ELLIS LLP |
| | 1301 Pennsylvania Avenue, N.W. |
| | Washington, DC 20004 |
| | Telephone:     (202) 389-5000 |
| | Facsimile:     (202) 389-5200 |
| | tia.trout-perez@kirkland.com |
| | |
| | Gianna Borroto |
| | NATIONAL IMMIGRANT JUSTICE CENTER |
| | 208 South LaSalle Street, Suite 1300 |
| | Chicago, IL  60604 |
| | Telephone:     (312) 660–1335 |
| | Facsimile:     (312) 660–1505 |
| | gborroto@heartlandalliance.org |
| | |
| | Katherine Melloy Goettel |
| | AMERICAN IMMIGRATION COUNCIL |
| | 1331 G Street, NW, Suite 200 |
| | Washington, DC 20005 |
| | Telephone: (202) 507-7552 |
| | kgoettel@immcouncil.org |
| | |
| | ATTORNEYS FOR PLAINTIFFS |

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 22nd day of January 2021, a true and correct copy of the foregoing was served via ECF upon counsel of record.

*/s/ Stephen R. Patton*
Stephen R. Patton