**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILMER GARCIA RAMIREZ, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Civil Action No. 1:18-cv-00508-RC |
| | ) |
| UNITED STATES IMMIGRATION AND | ) |
| CUSTOMS ENFORCEMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFFS' MOTION AND SUPPORTING MEMORANDUM FOR ENTRY OF**
**FINAL JUDGMENT AND PERMANENT INJUNCTION**

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, Plaintiffs respectfully move for entry of the proposed Final Judgment and Permanent Injunction attached as Exhibit A ("Judgment and Injunction"). Plaintiffs address below a handful of proposed provisions in their proposed Final Judgment and Permanent Injunction that Plaintiffs believe are particularly important to remedying Defendants' past violations and non-compliance with the statute.

**1.      Sunset of the Permanent Injunction.**

Plaintiffs propose that the injunction sunset five (5) years from the date it is entered, subject to one or more Court-ordered extensions not to exceed two (2) years upon motion and a showing by Plaintiffs that Defendants have materially violated or failed to comply with the Judgment and Injunction during its initial term or any extension. (*See* Ex. A at 8-9, § IX.) Plaintiffs seek a five-year term to ensure that Defendants comply with the Statute until and after the 2024 presidential election and the possible election of a new President. Undisputed evidence at trial demonstrated the increase in non-compliance and detention of Age-Outs that occurred after the election of the prior administration and how quickly and easily individual field offices can change from releasing

to detaining all (or almost all) Age-Outs.  (*See* ECF 333 (July 2, 2020 Decision) ¶¶ 225-240.) Relatedly, a five-year term of Court-supervised compliance will help ensure that the revised guidance and training required by the Judgment and Injunction are firmly and durably established and engrained within ICE, JFRMU, and the field office personnel responsible for making Age-Out placement determinations, and that Defendants do not revert to the policies and practices that the Court found violated the Statute in its July 2, 2020 Decision.  (*See, e.g.,* ECF 333, at 2, 151-163, 179-180.)

      **2.**      **Plaintiffs' Rights to Advanced Notice of, and to Review and Object to, New or Supplemental Policies, Practices, and Training Proposed by ICE.**

Plaintiffs' proposed Judgment and Injunction requires that Plaintiffs receive advance notice of, and have a right to review and object to, any proposed revisions to the revised policy guidance and training materials agreed upon by the parties, and that any disputes concerning such proposed revisions shall be resolved by the Court pursuant to the Judgment and Injunction's dispute resolution provisions.  (*See* Ex. A at 9-10, § XII.A.)  However, the new and revised policy guidance and training agreed upon by the parties could be undermined, in whole or in part, and compliance with the Statute thwarted, if ICE could subsequently adopt new or supplemental policy guidance or training concerning what the Statute means or requires and/or when or how Age-Out placement determinations should be made, without providing advance notice to Plaintiffs and ensuring Plaintiffs' right to raise concerns and object to, and the Court's authority to resolve any disputes concerning, such new or supplemental policy guidance or training.  Accordingly, Plaintiffs' proposed Judgment and Injunction provides that Plaintiffs shall receive advance notice of, and have a right to object to, and that the Court shall have authority to resolve any disputes concerning, not only revisions to the current policy guidance and training agreed to by the parties, but also new or supplemental policy guidance and training that Defendants may seek to adopt during the term

of the Injunction concerning what the Statute means or requires and/or when or how Age-Out placement determinations should be made.  (*See* Ex. A at 7, § VIII.A; *id*. at 9-10, § XII.A.)

     **3.**      **The Parties' Dispute Concerning Defendants' Proposed Revised AORW.**

Plaintiffs' proposed Judgment and Injunction would moot the pending dispute concerning Defendants' proposed revised AORW.  (*See* ECF 345, 347, 351.)  Section III.B provides that Defendants' proposed revised form will be used for a six (6) month trial period, after which the parties will meet and confer concerning any revisions either side believes should be made "to ensure (a) that the AORW provides the information that will allow the parties to monitor whether ICE is complying with the Statute, the Court's July 2, 2020 Decision, and this Order, and/or (b) that ICE is complying with the Statute, the Court's July 2, 2020 Decision, and Order," and that the Court shall have authority to resolve any unresolved disputes pursuant to the Judgment and Injunction's dispute resolution provisions.  (*See* Ex. A at 3-4, § III.B.)

     **4.**      **Plaintiffs' Request for a Monitor.**

Plaintiffs' proposed Judgment and Injunction also withdraws Plaintiffs' previous request for appointment of a Special Master to monitor Defendants' compliance, subject to Plaintiffs' right to renew that request in the future upon a showing that Defendants have materially violated and/or failed to comply with the Judgment and Injunction.

     **5.**      **Plaintiffs' Attorneys Fees for Monitoring and Enforcing Defendants' Compliance.**

In view of Plaintiffs counsel's exclusive role in monitoring and enforcing Defendants' compliance, Plaintiffs' proposed Judgment and Injunction provides that Plaintiffs' counsel shall be reimbursed for their reasonable fees and expenses incurred in monitoring and enforcing Defendants' compliance with the Judgment and Injunction.  This includes not only those fees and costs that might be recoverable under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412,

such as motion practice in which Plaintiffs' prevail, but all such reasonable fees and expenses, including those relating to routine review and monitoring of Defendants' periodic reporting and completed AORWs.  The proposed Judgment and Injunction requires that such fees and expenses shall be itemized and described in a quarterly statement and that fees shall be limited to the hourly rates authorized under the Laffey Index as revised from time to time, as opposed to Plaintiffs' counsels' much higher ordinary, market-based rates.  (*See* Ex. A at 8, § VIII.)

Plaintiffs also intend to seek an award of their fees and costs in prosecuting this action pursuant to the Equal Access to Justice Act.  Pursuant to Section 2412(d)(1)(B) of the EAJA, that motion will be due within 30 days of "final judgment," which is defined as "a judgment that is final and not appealable."  *Id.* at § 2412(d)(2)(G).  Thus, Plaintiffs' motion will be due 30 days after the 60-day period for Defendants to file an appeal pursuant to Fed. R. App. P. 4(a)(1)(B) expires, if Defendants do not appeal, and 30 days after all appellate proceedings are finally concluded, in the event Defendants appeal.  These provisions supersede the 14-day deadline in Fed. R. Civ. P. 54(d)(2)(B), because in this case "a statute"—EAJA—"provides otherwise."  Fed. R. Civ. P. 54(d)(2)(B); *see also Al Harbi v. Immigration & Naturalization Serv.*, 284 F.3d 1080, 1082 (9th Cir. 2002).

### 6.    New and/or Additional Organizational Sponsors.

In its July 2, 2020 Decision, the Court specifically recognized the critically important role shelters, group homes, and other organizational sponsors play in providing a less restrictive alternative to detention and complying with the Statute.  (*See* ECF 333, at 3, 160-62; *see id.* ¶¶ 38-42.)  And the parties have specifically acknowledged the critically important role of organizational sponsors in the training materials and policy guidance they previously agreed upon, which are incorporated in Plaintiffs' proposed Judgment and Injunction.  (*See* ECF 346-01 (agreed training materials); Ex. A, at Ex. 1, at 3-4 (FOJC Handbook).)  The parties have also agreed upon a

nationwide list of organizational sponsors that currently accept Age-Outs, which will be provided to and used by all field offices and personnel making Age-Out placement determinations.  That list includes sponsors identified by both Defendants and Plaintiffs and was arrived at through a meet and confer process in which any disputes as to proposed sponsors (if there had been any, which there were not) would be resolved by the Court.  Plaintiffs' proposed Judgment and Injunction proposes a similar process with respect to periodic updates to the list going forward, including, as to sponsors proposed by Plaintiffs and rejected by Defendants, a requirement that Defendants provide an explanation of the reason(s) for their objection, and if the parties are unable to agree, resolution by the Court pursuant to the Judgment and Injunction's dispute resolution provisions.  (*See* Ex. A at 2-3, § II.)  Once again, this process is supported by undisputed evidence at trial that, in the past, ICE has rejected potential organizational sponsors without any legitimate basis (for example, La Posada Providencia as to named Plaintiff Sulma Hernandez) and/or based on an inaccurate or pretextual reason (for example, that a shelter does not accept Age-Outs when it does, or has a record of failing to supervise or allowing Age-Outs to abscond when it does not). (*See* ECF 28 (P.I. Op.) at 8-9; ECF 333, ¶¶ 17-18.)

*          *          *

Plaintiffs' proposed Judgment and Injunction incorporates a number of significant concessions (including withdrawal of their request for a Special Master and use of Defendants' proposed revised AORW). The resolutions proposed by Plaintiffs are supported by undisputed evidence presented at trial and the Court's findings in its July 2, 2020 Decision, as well as reason and common sense.  For all of these reasons, Plaintiffs respectfully request that the Court enter the proposed Final Judgment and Permanent Injunction attached as Exhibit A.

Pursuant to Local Rule 7(m), Plaintiffs have conferred with Defendants, and Defendants indicated that while they "likely" will not oppose entry of a final judgment, they will oppose certain provisions in Plaintiffs' Proposed Final Judgment and Permanent Injunction.

Dated: June 11, 2021

Respectfully submitted,

/s/ Stephen R. Patton

Stephen R. Patton
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
stephen.patton@kirkland.com

Tia T. Trout Perez (D.C. Bar No. 990447)
KIRKLAND & ELLIS LLP
655 Fifteenth St., NW
Washington, DC 20005
Telephone:     (202) 879-5000
Facsimile:      (202) 879-5200
tia.trout-perez@kirkland.com

Mark Fleming
NATIONAL IMMIGRANT JUSTICE CENTER
208 South LaSalle Street, Suite 1300
Chicago, IL 60604
Telephone:     (312) 660–1335
Facsimile:      (312) 660–1505
mfleming@heartlandalliance.org

Katherine Melloy Goettel
Gianna Borroto
AMERICAN IMMIGRATION COUNCIL
1331 G Street, NW, Suite 200
Washington, DC 20005
Telephone: (202) 507-7552
kgoettel@immcouncil.org
gborroto@heartlandalliance.org

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 11th day of June 2021, a true and correct copy of the foregoing was served via ECF upon counsel of record.

*/s/ Stephen R. Patton*
Stephen R. Patton