# EXHIBIT A

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILMER GARCIA RAMIREZ, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES IMMIGRATION AND CUSTOMS ) <br> ENFORCEMENT, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:18-cv-00508-RC |

**[PROPOSED] FINAL JUDGMENT AND ~~PERMANENT INJUNCTION~~REMAND**

WHEREAS, Plaintiffs, Wilmer Garcia Ramirez and Sulma Hernandez Alfaro, on behalf of themselves and others similarly situated, filed an Amended Complaint on March 30, 2018 (ECF No. 21), asserting violations of a 2013 amendment to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 8 U.S.C. § 1232(c)(2)(B) (the "Statute"), and Sections 706(1) and (2) of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 706(1)-(2);

WHEREAS, on August 30, 2018, the Court certified a nationwide class ("Plaintiff Class") of "all former unaccompanied alien children who are detained or will be detained by ICE after being transferred by ORR because they have turned 18 years of age and as to whom ICE did not consider placement in the least restrictive setting available, including alternatives to detention programs, as required by 8 U.S.C. § 1232(c)(2)(B)." (ECF No. 50.);

WHEREAS, on July 2, 2020, after a four-week bench trial and in December 2019 and January 2020, and voluminous post-trial submissions by the parties, the Court issued a 180-page decision finding in favor of Plaintiffs and the Plaintiff Class ("July 2, 2020 Decision"), on both Counts I and II of the Amended Complaint, and specifically held that Defendants U.S. Immigration and Customs Enforcement ("ICE"), the Acting Secretary of ICE, the Department of Homeland

Security ("DHS"), and the Acting Secretary of DHS, (collectively, "Defendants") have violated and failed to comply with the Statute and the APA prior to January 2020 (ECF No. 333);

WHEREAS Defendants have continued to produce monthly data and Age-Out Review Worksheets ("AORWs") to Plaintiffs, and provided a summary to this Court (Ex. B, ECF No. 3622) that establishes that Defendants have made significant changes in their processes for Age-Out custody determinations such that they appear to be in compliance with 8 U.S.C. § 1232(c)(2)(B);

WHEREAS Plaintiffs and Defendants have agreed on a course of training for ICE Officers who make custody Determinations under 8 U.S.C. § 1232(c)(2)(B);

WHEREAS, Plaintiffs have now filed a Motion and Supporting Memorandum for Entry of Final Judgment and Permanent Injunction~~;~~, and Defendants have not opposed this Court entering Final Judgment and oppose the entry of a permanent injunction,

\* \* \*

NOW, THEREFORE, for good cause shown, and in consideration of Plaintiffs' Motion and Supporting Memorandum for Entry of Final Judgment and Permanent Injunction (ECF No. 359), as well as Defendants' Opposition to Plaintiffs' Proposed Permanent Injunction, and Supporting Memorandum (ECF No. 362), and for the reasons set forth in the Court's July 2, 2020 Decision (ECF No. 333):

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Final Judgment be entered for Plaintiffs and the Plaintiff Class on Counts I and II of the Amended Complaint;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that ~~Defendants are permanently restrained and enjoined from violating and failing to comply with, either directly or indirectly, the Statute, including, without limitation, by repeating the violations and failures to comply described in the Court's July 2, 2020 Decision.~~ the final agency action (detaining age-outs

without proper consideration of the least restrictive setting available) in this ~~This shall include complying with the terms and provisions set forth below, which are intended to prohibit and prevent Defendants' further violations of, and help ensure their compliance with, the Statute going forward:~~ ~~**I.   Age Out Placement Determinations**~~ matter is set aside and the matter is REMANDED to the Agency Defendants in this case for development of remedies to obtain compliance with 8 U.S.C. § 1232(c)(2)(B) and this Court's July 2, 2020 decision, with the following instruction:

~~ICE~~Defendants shall make all Age-Out placement determinations in accordance with the findings and conclusions set forth in the Court's July 2, 2020 Decision ~~and the training materials previously agreed upon by the parties (ECF 345-02 and 346-01), subject to any clarifications and/or modifications that are agreed to by the parties or approved by the Court as provided in Section XII below.~~(ECF No. 333).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon remand, the Agency Defendants agree to implement the following provisions:

~~**I.   Organizational Sponsor**~~

~~Where ICE is not able to identify and/or approve placement of an Age Out with an individual sponsor, it shall consider placement of the Age Out with shelters, group homes or other organizational sponsors, in accordance with the agreed training materials. Each ICE field office should identify and maintain a list of, and develop relationships with, shelters, group homes or other potential organizational sponsors that will accept Age Outs from that office's Area of Responsibility ("AOR"). In addition, ICE has compiled, and Plaintiffs have approved, a nationwide list of shelters, group homes, and other organizational sponsors that currently accept Age Outs. ICE shall update this list at least once every six (6) months and provide it to Plaintiffs for their review and comment prior to posting or circulation. In addition, Plaintiffs may propose, and ICE shall~~

~~promptly consider, organizational sponsors that they believe should be added to the list. If ICE rejects any organizational sponsor suggested by Plaintiffs, ICE shall explain why, and if the parties do not reach agreement on whether such organizational sponsor shall be added to the list, Plaintiffs may raise the issue with the Court pursuant to Section XII below. Plaintiffs' counsel may provide the names, addresses, and contact information of the shelters, group homes, and other organizational sponsors on the nationwide list, as updated from time to time, to other attorneys and legal aid organizations that represent Age Outs for their use in identifying and contacting potential organizational sponsors for the Age Outs they represent, provided Plaintiffs receive consent from the individual shelter, group home, or other organizational sponsor to disclose such information to such third parties.~~

## I~~II~~.   Documentation

~~A~~1.   ICE shall complete a revised Age-Out Review Worksheet ("AORW") with respect to each Age-Out and Age-Out placement determination. ICE may use the revised AORW proposed by ICE (ECF No. 345-03). The AORW should be completed by the FOJC making the placement determination as that determination is being made and, absent an emergency or other extenuating circumstances, AORWs should normally be completed and uploaded to ICE's SharePoint site not later than 24 hours after the custody determination is made.

~~B.   The parties have been unable to agree upon the form of such revised AORW. Accordingly, starting on the date this Order is approved by the Court as provided in Section XI below, and continuing for six (6) months thereafter, ICE shall complete the revised AORW proposed by ICE (ECF 345-03); provided, however, that based on their respective reviews of the completed AORWs during such six-month period, the parties shall meet and confer after six months as to any revisions one of the parties believes should be made in order to ensure (a) that the AORW provides the information that will allow the parties to monitor whether ICE is complying with the~~

~~Statute, the Court's July 2, 2020 Decision, and this Order, and/or (b) that ICE is complying with the Statute, the Court's July 2, 2020 Decision, and this Order. Any disputes as to such proposed revisions shall be resolved by the Court pursuant to Section XII below.~~

~~C~~**2**.     With respect to each Age-Out who is placed in ICE's Alternative to Detention ("ATD") program, issued an ICE bond, or detained by ICE, ICE shall upload and include in the SharePoint site for such Age-Out the following documents, to the extent they exist: (a) all Post-18 Plans received from ORR; (b) copies of all emails or other communications with ORR, the Age-Out's attorney or other representative, any potential individual or organizational sponsor, or any other third-party, or within ICE, concerning the placement of such Age-Out; (c) the Age-Out's Form I-213; (d) any comments relating to the Age-Out in ICE's Enforcement and Removal Module ("EARM") database; and (e) any other documents considered or relied on by ICE in making or relating to ICE's placement determination.

## I~~V~~**I**.   Training

~~A~~**1**.     Within sixty (60) days of the Court's approval of this Order, ICE shall conduct one or more virtual training sessions at which all **current Field Office Juvenile Coordinators ("FOJCs")** are trained on making placement determinations in compliance with the Court's July 2, 2020 Decision and ~~the Statute~~**8 U.S.C. § 1232(c)(2)(B)**, and completing the revised Age-Out Review Worksheet using the PowerPoint presentations agreed upon by the parties (ECF 345-02 and 346-01).

~~B~~**2**.     ICE shall also train **current** FOJCs on making Age-Out placement determinations and completing the revised ~~Age Out Review Worksheet~~**AORW**, using the agreed PowerPoint presentations (subject to any revisions that may be subsequently agreed to by the parties and/or approved by the Court), at one or more sessions at its annual in-person training meeting for FOJCs. Such in-person training shall occur at least once each year; provided, however, that if an

unforeseen and unusual event shall prevent ICE from conducting such training in person in that year, ICE shall promptly advise the Court and Plaintiffs in writing and explain why in-person training is not possible, and ICE shall conduct the in-person training virtually.

~~C~~**3**.   As part of their on-boarding, each new FOJC who will be making or approving Age-Out placement determinations shall be provided and required to review the PowerPoint presentations agreed upon by the parties (subject to any revisions that may be subsequently agreed to by the parties and/or approved by the Court), and their supervisor shall review those presentations with the FOJC and answer any questions the FOJC may have. Such individualized training shall be in addition to any on-the-job or other training the FOJC receives, and shall occur as soon as practical after they become FOJCs, and before they begin making Age-Out placement determinations. In addition, at least once each calendar quarter, ICE shall conduct one or more virtual training sessions for all new FOJCs, who shall be trained on making placement **decisions,** ~~determinations,~~ and completing the revised Age-Out Review Worksheet, using the PowerPoint presentations agreed upon by the parties.

~~D~~    **4**.   ICE shall also include the agreed training materials on its internal website, andmake them available to FOJCs online. ICE shall make all existing and new FOJCs aware of the availability of this online training and reference tool and encourage them to consult it in the event they have questions concerning Age-Out placement determinations.

## ~~V~~**III**. FOJC Handbook

ICE shall include in its FOJC Handbook the revised sections concerning ~~the Statute~~**8 U.S.C. §1232(c)(2)(B),** and Age-Out placement determinations attached as Exhibit 1. ICE shall publish the FOJC Handbook on its internal website.

~~V~~**I**V.    **Periodic Reporting**

~~A.~~    ICE shall provide the following information to Plaintiffs on a monthly basis, all of which shall be subject to the Protective Order previously entered in this matter (ECF No. 63). Except as provided below, such information shall be provided on or before the 15th day of the following month:

1.    Copies of the AORWs and all SharePoint materials for each Age-Out during the preceding month. Absent unforeseen or unusual circumstances beyond ICE's control, such worksheets and materials shall be provided on or before the 15th of the following month, with the exception of Age-Outs that are subsequently identified as a result of ICE's monthly reconciliation of its list of Age-Outs with ORR's <ins>to the extent ORR agrees to voluntarily share such data</ins>, for which worksheets and SharePoint materials shall be provided as soon as reasonably possible after they are identified.

2.    A spreadsheet summary that shows by ICE field office (or sub-office in the case of Harlingen, Texas): the name and "A" number of each Age-Out during that month; and whether such Age-Out was detained or released.

3.    A monthly spreadsheet summary that reports, by field office (or sub-office in the case of Harlingen, Texas) and for ICE overall, the total numbers and percentages of Age-Outs that were released and detained: (a) in every prior month during the current fiscal year; (b) in the current month; and (c) year-to-date during the current fiscal year.

V~~II~~.**Role and Authority of Plaintiffs'** <ins>Class</ins> **Counsel**

<ins>Plaintiffs' counsel shall have the authority:</ins>

A.    ~~Plaintiffs' counsel shall have the authority: (a)~~**1.** to receive and review the information provided by ICE pursuant to Section ~~V~~**IV.** above and such other information reasonably related to ICE's compliance with this Order as Plaintiffs' counsel may from time-to-

7

time request; ~~(b)~~

**2.** to make suggestions and/or recommendations to ICE as to further steps it should take to ensure its compliance with this Order and 8 U.S.C. § 1232(c)(2)(B); ~~(c) to review~~ and ~~comment upon any changes proposed by ICE to the agreed training materials, the nationwide list of organizational sponsors, the revised AORW, the sections of the FOJC Handbook attached as Exhibit 1, and any other proposed policies, practices or policy guidance concerning what the Statute means or requires and/or when or how Age Out placement determinations should be made; and (d)~~

**3.** to raise with the Court any issues or concerns with respect to ICE's compliance with <ins>implementation of</ins> this Order ~~and/or the Statute~~<ins>after remand</ins> that Plaintiffs' counsel is not able to resolve with ICE.

## <ins>VI.   The Court's Continuing Jurisdiction</ins>

<ins>The Court shall retain jurisdiction to enforce and resolve any disputes concerning the terms of, and Defendants' compliance with, this Order after remand.</ins> In the event the parties have a dispute concerning the <ins>requirements of this Order or the meaning of any terms therein</ins>, they shall promptly meet and confer in a good faith attempt to resolve the dispute. If those efforts do not succeed, the parties shall promptly present the dispute to the Court for <ins>resolution in accordance with the local rules governing motions practice.</ins>

~~B.     The parties shall cooperate in good faith in connection with Plaintiffs' exercise of the foregoing rights. As to ICE, this shall include timely responding to Plaintiffs' counsel's requests for information, and providing Plaintiffs' counsel, at least thirty (30) days in advance of their proposed effective date, notice and copies of any new or revised policies or practices, training, or documentation concerning what the Statute means or requires and/or when or how Age Out placement determinations should be made.~~

## VIII. ~~Attorneys' Fees~~

~~Plaintiffs' counsel shall be entitled to recover reasonable attorneys' fees for their time spent and reimbursement of expenses reasonably incurred in monitoring Defendants' compliance with, and enforcing, this Order and the Statute, including without limitation litigating any disputes relating to this Order and Defendants' compliance with this Order and the Statute. Within 15 days of the end of each calendar quarter, Plaintiffs' counsel shall provide Defendants a statement itemizing such fees and expenses during the prior quarter. Such statements shall include a description of each daily time entry with sufficient detail to identify the work performed, the number of hours spent (in quarter hour increments), the attorney or legal assistant performing that work, and his/her hourly rate using the Laffey Matrix as revised from time to time, and an itemization of the nature and amount of any expenses. In the event Defendants have any questions or concerns with respect to such fees and expenses, they shall raise them with Plaintiffs' counsel within 14 days of receipt of the statement, and the parties shall promptly meet and confer to address and resolve such questions and concerns, and any disputes the parties are not able to resolve shall be submitted to the Court for resolution. Defendants shall pay such statements to the extent they are not disputed within 30 days of receipt, and shall pay any disputed amounts the Court orders paid within 30 days of the Court's order.~~

## IX. ~~Term~~

~~Sections I-X of this Order shall expire five (5) years after the date of the Court's approval and entry of this Order; provided that upon motion by Plaintiffs, and a showing that ICE has materially violated or failed to comply with this Order, the Court may extend Sections I-XII for an additional period not to exceed two (2) years, and if such a further motion and showing are made during any such extension, for an additional period not to exceed two (2) years.~~

~~X.~~ ~~The Court's Continuing Jurisdiction~~

~~The Court shall retain jurisdiction to enforce and resolve any disputes concerning the terms of, and Defendants' compliance with, this Order.~~

## ~~X~~VI~~I~~. Court Approval

~~A.~~ This Order shall be entered and become effective upon approval by the Court, after a ~~fairness hearing, pursuant to F.R.C.P. 23(e).~~ fairness hearing, pursuant to Federal Rule of Civil Procedure 23(e).

~~B. Upon such approval, ICE shall post a copy of this Order to the "Legal Notices" page on its website, https://www.ice.gov/legalnotices.~~

**~~XII. Resolution of Disputes~~**

~~A. In the event ICE proposes to make any revisions or changes to the agreed training materials, the revised AORW, or the sections of the FOJC Handbook attached as Exhibit 1, or to implement any other policy guidance, procedures, or training concerning what the Statute means or requires and/or when or how Age Out placement determinations should be made, it shall first provide such revisions or policy guidance, procedures or training to Plaintiffs' counsel for their review and comment. Within fourteen (14) days thereafter, Plaintiffs' counsel shall provide ICE any proposed revisions and comments to such revisions or policy guidance, procedures, and training. The parties shall then meet and confer in a good faith attempt to resolve any disputes concerning, and agree upon, such revisions or policy guidance, procedures, and training. To the extent the parties are not able to agree, the parties shall promptly raise any disputes with the Court in a joint submission that identifies such disputes and sets forth the parties' respective positions on each such dispute. The Court shall then resolve the dispute or order such further briefing, hearing or other procedures, if any, that it deems necessary or appropriate to resolve such disputes.~~

~~B.      In the event Plaintiffs believe that ICE has breached or violated this Order, they shall first raise the matter with ICE and explain the basis for their claim. No later than fourteen (14) days thereafter, the parties shall meet and confer in a good faith attempt to address and resolve such claim. To the extent the parties are not able to resolve such claim, they shall promptly present the dispute to the Court for resolution in a joint submission that identifies the dispute and sets forth the parties' respective positions. The Court shall then resolve the dispute or order such further briefing, hearing or other procedures, if any, that it deems necessary or appropriate to resolve such dispute.~~

~~C.      In the event the parties have a dispute concerning the meaning or requirements of this Order, they shall promptly meet and confer in a good faith attempt to resolve the dispute. If those efforts do not succeed, the parties shall promptly present the dispute to the Court for resolution in a joint submission that sets forth their respective positions. The Court shall then resolve the dispute or order such further briefing hearing, or other procedure, if any, that it deems necessary or appropriate.~~

~~**XIII.**~~ **Entry of Final Judgment and Permanent Injunction**

~~There being no just reason for delay, pursuant to Rule 54(c) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment and Permanent Injunction forthwith without further notice.~~

This is a Final and Appealable ORDER.


Dated: _____

                                                              Rudolph Contreras
                                                              United States District Judge

11