APPEAL,CASREF,CLOSED,TYPE-D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:18-cv-00508-RC
### Internal Use Only

| | |
|---|---|
| GARCIA RAMIREZ et al v. U.S. IMMIGRATION AND CUSTOM ENFORCEMENT et al | Date Filed: 03/05/2018 |
| | Date Terminated: 09/24/2021 |
| Assigned to: Judge Rudolph Contreras | Jury Demand: None |
| Referred to: Magistrate Judge G. Michael Harvey (Settlement) | Nature of Suit: 890 Other Statutory Actions |
| Cause: 05:0706 Judicial Review of Agency Actions | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**WILMER GARCIA RAMIREZ**                    represented by    **Erin Reynolds**
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2618
Email: erin.reynolds@kirkland.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gianna Borroto**
AMERICAN IMMIGRATION COUNCIL
1331 G Street, NW
Suite 200
Washington, DC 20005
202-507-7540
Email: gborroto@immcouncil.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Fombonne**
HARRIS COUNTY ATTORNEY'S
OFFICE
1019 Congress
15th Floor
Houston, TX 77002
713-274-5102
Email: Jonathan.Fombonne@cao.hctx.net
*TERMINATED: 12/08/2020*
*LEAD ATTORNEY*

**Michael B. Slade**
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000
Fax: (202) 389-5200
Email: mslade@kirkland.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Orla P. O'Callaghan**
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
(713) 836-3588
Fax: (713) 836-3601
Email: orla.ocallaghan@kirkland.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruben Loyo**
NATIONAL IMMIGRANT JUSTICE
CENTER
224 S Michigan Avenue
Suite 600
Chicago, IL 60604
(312) 660-1312
Email: rloyo@heartlandalliance.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tia Trout Perez**
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
202-389-5955
Email: ttrout-perez@kirkland.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Jacobowski**
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
Fax: (312) 862-2200
Email: amanda.jacobowski@kirkland.com
*ATTORNEY TO BE NOTICED*

**Anne K. Reser**
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-3661
Email: anne.reser@kirkland.com
*TERMINATED: 03/26/2019*

**Barack Echols**
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100

Chicago, IL 60604
312-660-7600
Email: bechols@eimerstahl.com
*TERMINATED: 12/08/2020*

**Britney Ann Lewis**
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, DC 20004
(202) 389-5188
Email: britney.lewis@kirkland.com
*TERMINATED: 03/02/2021*

**Devin Allan DeBacker**
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, DC 20004
(202) 389-5205
Fax: (202) 389-5200
Email: devin.debacker@kirkland.com
*TERMINATED: 03/26/2019*

**Jamie R. Netznik**
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 826-2000
Fax: (312) 862-2200
Email: jamie.netznik@kirkland.com
*TERMINATED: 03/26/2019*

**Katherine E. Melloy Goettel**
AMERICAN IMMIGRATION COUNCIL
1331 G Street, N.W.
Suite 200
Washington, DC 20005
202-507-7552
Email: kgoettel@immcouncil.org
*ATTORNEY TO BE NOTICED*

**Kevin Ross Powell**
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, DC 20004
(202) 389-5239
Fax: (202) 389-5239
Email: ross.powell@kirkland.com
*TERMINATED: 03/26/2019*

**Mark Fleming**
NATIONAL IMMIGRANT JUSTICE
CENTER
224 S. Michigan Avenue
Suite 600

Chicago, IL 60604
312-660-1628
Fax: 312-660-1505
Email: mfleming@heartlandalliance.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patrick T. Haney**
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
202-389-5124
Email: patrick.haney@kirkland.com
*TERMINATED: 12/08/2020*

**Paul F. Brinkman**
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, DC 20004
(202) 389-5955
Fax: (202) 389-5200
Email: paul.brinkman@kirkland.com
*TERMINATED: 03/26/2019*

**Paul L. Quincy**
KIRKLAND & ELLIS
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
202-389-5962
Email: paul.quincy@kirkland.com
*TERMINATED: 11/11/2021*

**Rebecca Wall Forrestal**
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, DC 20004
(202) 879-5000
Email: rebecca.forrestal@kirkland.com
*ATTORNEY TO BE NOTICED*

**Stephen R. Patton**
KIRLAND & ELLIS
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
Fax: (312) 862-2200
Email: stephen.patton@kirkland.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SULMA HERNANDEZ ALFARO**           represented by   **Erin Reynolds**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gianna Borroto**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Fombonne**
(See above for address)
*TERMINATED: 12/08/2020*
*LEAD ATTORNEY*

**Michael B. Slade**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Orla P. O'Callaghan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruben Loyo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tia Trout Perez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Jacobowski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Anne K. Reser**
(See above for address)
*TERMINATED: 03/26/2019*

**Barack Echols**
(See above for address)
*TERMINATED: 12/08/2020*

**Britney Ann Lewis**
(See above for address)
*TERMINATED: 03/02/2021*

**Devin Allan DeBacker**
(See above for address)
*TERMINATED: 03/26/2019*

**Jamie R. Netznik**
(See above for address)

*TERMINATED: 03/26/2019*

**Katherine E. Melloy Goettel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Ross Powell**
(See above for address)
*TERMINATED: 03/26/2019*

**Mark Fleming**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patrick T. Haney**
(See above for address)
*TERMINATED: 12/08/2020*

**Paul F. Brinkman**
(See above for address)
*TERMINATED: 03/26/2019*

**Paul L. Quincy**
(See above for address)
*TERMINATED: 11/11/2021*

**Rebecca Wall Forrestal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen R. Patton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ANA P.**
*On behalf of themselves and others
similarly situated*

represented by **Gianna Borroto**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Fombonne**
(See above for address)
*TERMINATED: 12/08/2020*
*LEAD ATTORNEY*

**Katherine E. Melloy Goettel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael B. Slade**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ruben Loyo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Patton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tia Trout Perez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Jacobowski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Devin Allan DeBacker**
(See above for address)
*TERMINATED: 03/26/2019*

**Jamie R. Netznik**
(See above for address)
*TERMINATED: 03/26/2019*

**Kevin Ross Powell**
(See above for address)
*TERMINATED: 03/26/2019*

**Mark Fleming**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul F. Brinkman**
(See above for address)
*TERMINATED: 03/26/2019*

V.

**Defendant**

**U.S. IMMIGRATION AND CUSTOM
ENFORCEMENT**

represented by **Cara Elizabeth Alsterberg**
UNITED STATES DEPARTMENT OF
JUSTICE
P.O. Box 868
Ben Franklin Station
Washington, DC 20044
(202) 532-4667

Email: Cara.E.Alsterberg@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christina Parascandola**
UNITED STATES DEPARTMENT OF
JUSTICE
Civil Division, Office of Immigration
Litigation
P.O. Box 868
Washington, DC 20044
(202) 514-3097
Email: christina.parascandola@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Colin Abbott Kisor**
UNITED STATES DEPARTMENT OF
JUSTICE
Civil Division, Office of Immigration
Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 532-4331
Email: colin.kisor@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Evan Paul Schultz**
U.S. DEPARTMENT OF JUSTICE
Ben Franklin Station, Civil Division
P.O. Box 878
Washington, DC 20044
(202) 532-4075
Email: Evan.P.Schultz@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Jay Zeitlin**
U.S. DEPARTMENT OF JUSTICE
Civl Division, Office of Immigration
Litigation
450 5th St. NW
Suite 2030
Washington, DC 20044
(202) 305-2807
Email: benjamin.zeitlin@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Kevin Charles Hirst**
U.S. DEPARTMENT OF JUSTICE
Immigration Litigation
450 5th Street, NW
Washington, DC 20530

(202) 354-8536
Email: kevin.c.hirst@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Theo Nickerson**
UNITED STATES DEPARTMENT OF
JUSTICE
Civil Division, Office of Immigration
Litigation
450 5th Street, NW
#6050
Washington, DC 20530
(202) 616-8906
Email: Theo.Nickerson@usdoj.gov
*ATTORNEY TO BE NOTICED*

**William Herrick Weiland**
U.S. DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 868
Ben Franklin Station
Washington, DC 20044
(202) 305-0770
Email: william.h.weiland@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Yamileth G. Davila**
UNITED STATES DEPARTMENT OF
JUSTICE, CIVIL DIVISION
Office of Immigration Litigation District
Court Section
P.O. Box 878 Ben Franklin Station
Washington, DC 20044
(202) 305-0137
Email: yamileth.g.davila@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **THOMAS HOMAN**<br>*Acting Director of ICE* | represented by | **Cara Elizabeth Alsterberg**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Christina Parascandola**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Colin Abbott Kisor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Evan Paul Schultz**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Jay Zeitlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Charles Hirst**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theo Nickerson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Herrick Weiland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yamileth G. Davila**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DEPARTMENT OF HOMELAND SECURITY**            represented by   **Cara Elizabeth Alsterberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christina Parascandola**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Colin Abbott Kisor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Evan Paul Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Jay Zeitlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Charles Hirst**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theo Nickerson**

(See above for address)
*ATTORNEY TO BE NOTICED*

**William Herrick Weiland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yamileth G. Davila**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**KIRSTJEN M. NIELSEN**                    represented by   **Cara Elizabeth Alsterberg**
*Secretary of Homeland Security*                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Christina Parascandola**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Colin Abbott Kisor**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Evan Paul Schultz**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Benjamin Jay Zeitlin**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kevin Charles Hirst**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Theo Nickerson**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **William Herrick Weiland**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Yamileth G. Davila**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|

| 03/05/2018 | 1 | COMPLAINT against DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT ( Filing fee $ 400, receipt number 4616089822) filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Civil Cover Sheet)(jf) . (Entered: 03/06/2018) |
|---|---|---|
| 03/05/2018 | 2 | MOTION for Temporary Restraining Order, MOTION for Preliminary Injunction by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Certificate of Counsel, # 12 Text of Proposed Order)(jf) (Entered: 03/06/2018) |
| 03/05/2018 | 3 | LCVR 83.2(g) CERTIFICATE OF PRO BONO REPRESENTATION for WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO by Katherine Melloy Goettel (jf) (Entered: 03/06/2018) |
| 03/05/2018 | 4 | LCVR 83.2(g) CERTIFICATE OF PRO BONO REPRESENTATION for WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO by Stephen R. Patton, P.C. (jf) (Entered: 03/06/2018) |
| 03/05/2018 | 5 | LCVR 83.2(g) CERTIFICATE OF PRO BONO REPRESENTATION for WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO by Anne K. Reser (jf) (Entered: 03/06/2018) |
| 03/06/2018 | | MINUTE ORDER: It is hereby ORDERED that the parties shall appear for a hearing on 2 Plaintiff's motion for a temporary restraining order on March 8, 2018 at 3:00 PM in Courtroom 14 before Judge Rudolph Contreras. SO ORDERED. Signed by Judge Rudolph Contreras on March 6, 2018. (lcrc2) Modified on 3/6/2018 (lcrc2, ). (Entered: 03/06/2018) |
| 03/06/2018 | | Set/Reset Hearings: Motion Hearing set for 3/8/2018 at 03:00 PM in Courtroom 14 before Judge Rudolph Contreras. (tj) (Entered: 03/06/2018) |
| 03/06/2018 | 6 | MOTION to Certify Class by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order)(Trout Perez, Tia) (Entered: 03/06/2018) |
| 03/07/2018 | 7 | NOTICE of Appearance by Katherine E.M. Goettel on behalf of All Plaintiffs (Goettel, Katherine) (Entered: 03/07/2018) |
| 03/07/2018 | 8 | NOTICE of Appearance by Stephen R. Patton on behalf of WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 03/07/2018) |
| 03/07/2018 | 9 | NOTICE of Appearance by Colin Abbott Kisor on behalf of All Defendants (Kisor, Colin) (Entered: 03/07/2018) |
| 03/07/2018 | 10 | NOTICE of Appearance by Christina Parascandola on behalf of All Defendants (Parascandola, Christina) (Entered: 03/07/2018) |
| 03/07/2018 | 11 | NOTICE of Appearance by Cara Elizabeth Alsterberg on behalf of All Defendants (Alsterberg, Cara) (Entered: 03/07/2018) |
| 03/07/2018 | 12 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 3/6/2018. Answer due for ALL FEDERAL DEFENDANTS by 5/5/2018. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Affidavit, # 2 Affidavit, # 3 Affidavit, # 4 Affidavit, # 5 Affidavit)(Trout Perez, Tia) (Entered: 03/07/2018) |
| 03/07/2018 | 13 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 3/6/2018., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEPARTMENT OF HOMELAND SECURITY served on 3/6/2018; THOMAS HOMAN served on 3/6/2018; KIRSTJEN M. NIELSEN served on 3/6/2018; U.S. IMMIGRATION AND CUSTOM ENFORCEMENT served on 3/6/2018. (See Docket Entry 12 to view document). (znmw) (Entered: 03/08/2018) |
| 03/08/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Motion Hearing held on 3/8/2018 re 2 MOTION for Temporary Restraining filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. Oral argument heard, and Motion for Temporary Restraining Order is DENIED for reasons stated on the record. Parties are directed to meet and confer on a briefing schedule for Preliminary Injunction and Motion for Class certification by 3/9/18. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 03/08/2018) |
| 03/09/2018 | 14 | Joint STATUS REPORT *regarding Preliminary Injunction and Class Certification briefing schedule* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Goettel, Katherine) (Entered: 03/09/2018) |
| 03/13/2018 | 15 | SCHEDULING ORDER: See document for details. Signed by Judge Rudolph Contreras on March 13, 2018. (lcrc2) (Entered: 03/13/2018) |
| 03/13/2018 | | Set/Reset Deadlines/Hearings: Response to Preliminary Injunction due by 3/29/2018; Preliminary Injunction Hearing set for 4/3/2018 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. (tj) (Entered: 03/13/2018) |
| 03/13/2018 | 16 | NOTICE of Appearance by Anne K. Reser on behalf of All Plaintiffs (Reser, Anne) (Entered: 03/13/2018) |
| 03/16/2018 | 17 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on March 8, 2018; Page Numbers: 1-47. Date of Issuance:March 16, 2018. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 4/6/2018. Redacted Transcript Deadline set for 4/16/2018. Release of Transcript Restriction set for 6/14/2018.(pk) (Entered: 03/16/2018) |
| 03/19/2018 | 18 | NOTICE of Appearance by Theo Nickerson on behalf of All Defendants (Nickerson, Theo) (Entered: 03/19/2018) |
| 03/22/2018 | | (Court only) ***Staff notes. (tb) (Entered: 03/22/2018) |

| 03/29/2018 | 19 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on March 8, 2018; Page Numbers: 1-47. Date of Issuance:March 29, 2018. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 4/19/2018. Redacted Transcript Deadline set for 4/29/2018. Release of Transcript Restriction set for 6/27/2018.(pk) (Entered: 03/29/2018) |
| 03/29/2018 | 20 | Memorandum in opposition to re 2 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Alsterberg, Cara) (Entered: 03/29/2018) |
| 03/30/2018 | 21 | AMENDED COMPLAINT against DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Trout Perez, Tia) (Entered: 03/30/2018) |
| 03/30/2018 | 22 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Text of Proposed Order, # 3 Text of Proposed Order)(Trout Perez, Tia) (Entered: 03/30/2018) |
| 03/30/2018 | 23 | MOTION for Leave to File by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Text of Proposed Order)(Trout Perez, Tia) (Entered: 03/30/2018) |
| 04/02/2018 | 24 | REPLY to opposition to motion re 2 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Trout Perez, Tia) (Entered: 04/02/2018) |
| 04/03/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Preliminary Injunction hearing held on 4/3/2018. Oral argument heard, and motion taken under advisement. (Court Reporter: Sara Wick.) (tj) (Entered: 04/03/2018) |
| 04/12/2018 | 25 | TRANSCRIPT OF PRELIMINARY INJUNCTION HEARING before Judge Rudolph Contreras held on 04/03/2018. Page Numbers: 1-61. Date of Issuance: 04/12/2018. Court Reporter: Sara A. Wick, Telephone number 202-354-3284. Tape Number: N/A. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/3/2018. Redacted Transcript Deadline set for 5/13/2018. Release of Transcript Restriction set for 7/11/2018.(Wick, Sara) (Entered: 04/12/2018) |
| 04/13/2018 | 26 | RESPONSE re 22 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Alsterberg, Cara) (Entered: 04/13/2018) |
| 04/18/2018 | | MINUTE ORDER granting 23 Plaintiffs' Motion for Leave to File Additional Declarations. Plaintiffs' additional declarations are DEEMED FILED. SO ORDERED. Signed by Judge Rudolph Contreras on April 18, 2018. (lcrc2) (Entered: 04/18/2018) |
| 04/18/2018 | 27 | ORDER granting 2 Plaintiffs' Motion for Preliminary Injunction. See document for details. Signed by Judge Rudolph Contreras on April 18, 2018. (lcrc2) (Entered: 04/18/2018) |
| 04/18/2018 | 28 | MEMORANDUM OPINION granting 2 Plaintiffs' Motion for Preliminary Injunction. See document for details. Signed by Judge Rudolph Contreras on April 18, 2018. (lcrc2) (Entered: 04/18/2018) |
| 04/18/2018 | 29 | ADDITIONAL DECLARATIONS re 2 MOTION for Temporary Restraining Order, MOTION for Preliminary Injunction by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (jf) (Entered: 04/19/2018) |
| 05/02/2018 | 30 | RESPONSE TO ORDER OF THE COURT re 28 Memorandum & Opinion, 27 Order on Motion for TRO, Order on Motion for Preliminary Injunction filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit Declaration of Jose A. Cortez, Supervisory Deportation and Detention Officer, ICE, Enforcement and Removal Operations, Harlingen, # 2 Exhibit Declaration of Andrew Swierski, Supervisory Deportation and Detention Officer, ICE, Enforcement and Removal Operations, Eloy Detention Center) (Parascandola, Christina) (Entered: 05/02/2018) |
| 05/03/2018 | 31 | MEMORANDUM in Opposition re 6 MOTION to Certify Class filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Parascandola, Christina) Modified on 5/3/2018 to correct docket event/text (jf). (Entered: 05/03/2018) |

| | | |
|---|---|---|
| 05/03/2018 | | NOTICE OF ERROR re 31 Reply to opposition to Motion; emailed to christina.parascandola@usdoj.gov, cc'd 7 associated attorneys -- The PDF file you docketed contained errors: 1. Incorrect event used, 2. DO NOT REFILE (jf, ) (Entered: 05/03/2018) |
| 05/07/2018 | 32 | MOTION to Dismiss for Lack of Jurisdiction by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Nickerson, Theo) (Entered: 05/07/2018) |
| 05/08/2018 | 33 | NOTICE of Appearance by Paul F. Brinkman on behalf of All Plaintiffs (Brinkman, Paul) (Entered: 05/08/2018) |
| 05/08/2018 | 34 | NOTICE of Appearance by Devin Allan DeBacker on behalf of All Plaintiffs (DeBacker, Devin) (Entered: 05/08/2018) |
| 05/08/2018 | 35 | NOTICE of Pro Bono Representation Pursuant to LR83.2(g) by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Jacobowski, Amanda) (Entered: 05/08/2018) |
| 05/09/2018 | 36 | Amended MOTION to Dismiss for Lack of Jurisdiction corrected version by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Nickerson, Theo) (Entered: 05/09/2018) |
| 05/09/2018 | 🔒 | (Court only) ***Attorney Amanda Jacobowski for WILMER GARCIA RAMIREZ,Amanda Jacobowski for SULMA HERNANDEZ ALFARO,Amanda Jacobowski for ANA P. added. (jf) (Entered: 05/09/2018) |
| 05/14/2018 | 37 | REPLY to opposition to motion re 6 MOTION to Certify Class filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Declaration, # 2 Exhibit 1)(Patton, Stephen) (Entered: 05/14/2018) |
| 05/21/2018 | 38 | RESPONSE re 36 Amended MOTION to Dismiss for Lack of Jurisdiction corrected version filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Patton, Stephen) (Entered: 05/21/2018) |
| 05/29/2018 | 39 | REPLY to opposition to motion re 36 Amended MOTION to Dismiss for Lack of Jurisdiction corrected version filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Nickerson, Theo) (Entered: 05/29/2018) |
| 06/14/2018 | 40 | NOTICE OF SUPPLEMENTAL AUTHORITY by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Exhibit A)(Patton, Stephen) (Entered: 06/14/2018) |
| 06/27/2018 | 41 | NOTICE of Pro Bono Representation Pursuant to LR83.2(g) by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Netznik, Jamie) (Entered: 06/27/2018) |
| 06/27/2018 | 42 | NOTICE of Pro Bono Representation Pursuant to LR83.2(g) by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Powell, Kevin) (Entered: 06/27/2018) |
| 06/29/2018 | 🔒 | (Court only) ***Attorney Jamie R. Netznik,Kevin Ross Powell for WILMER GARCIA RAMIREZ,Jamie R. Netznik,Kevin Ross Powell for SULMA HERNANDEZ ALFARO,Jamie R. Netznik,Kevin Ross Powell for ANA P. added. (jf) (Entered: 06/29/2018) |

| 07/03/2018 | 43 | NOTICE OF SUPPLEMENTAL AUTHORITY by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Exhibit A)(DeBacker, Devin) (Entered: 07/03/2018) |
| 07/09/2018 | 44 | NOTICE OF SUPPLEMENTAL AUTHORITY by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Exhibit A)(DeBacker, Devin) (Entered: 07/09/2018) |
| 07/16/2018 | 45 | RESPONSE re 40 NOTICE OF SUPPLEMENTAL AUTHORITY filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Nickerson, Theo) (Entered: 07/16/2018) |
| 08/03/2018 | 46 | MOTION to Expedite *Discovery* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Text of Proposed Order)(DeBacker, Devin). Added MOTION for Briefing Schedule, MOTION for Hearing on 8/8/2018 (znmw). (Entered: 08/03/2018) |
| 08/17/2018 | 47 | RESPONSE re 46 MOTION to Expedite *Discovery* MOTION for Briefing Schedule MOTION for Hearing *in opposition* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Text of Proposed Order)(Nickerson, Theo) (Entered: 08/17/2018) |
| 08/24/2018 | | MINUTE ORDER: It is hereby ORDERED that, by September 10, 2018, the parties shall meet, confer, and jointly file a proposed schedule or schedules to govern further proceedings in this matter, assuming that the Court will deny Defendants' motion to dismiss and grant Plaintiffs' motion for class certification. It is FURTHER ORDERED that the parties shall appear for a status conference on September 14, 2018 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. SO ORDERED. Signed by Judge Rudolph Contreras on August 24, 2018. (lcrc2) (Entered: 08/24/2018) |
| 08/24/2018 | 48 | REPLY to opposition to motion re 46 MOTION to Expedite *Discovery* MOTION for Briefing Schedule MOTION for Hearing filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Patton, Stephen) (Entered: 08/24/2018) |
| 08/27/2018 | | Set/Reset Deadlines/Hearings: Status Conference set for 9/14/2018 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. (tj) (Entered: 08/27/2018) |
| 08/27/2018 | | Set/Reset Deadlines: Proposed Briefing Schedule due by 9/10/2018 (tj) (Entered: 08/27/2018) |
| 08/30/2018 | | MINUTE ORDER: Upon consideration of 22 Plaintiff's Motion for Leave to File Under Seal, [22-1] Plaintiff's Motion for Leave to Proceed Under a Pseudonym, and Defendants' lack of opposition to either motion, it is hereby ORDERED that Plaintiff's motions are GRANTED. Plaintiff may proceed in this matter under the pseudonym Ana P. SO ORDERED. Signed by Judge Rudolph Contreras on August 30, 2018. (lcrc2) (Entered: 08/30/2018) |
| 08/30/2018 | 49 | ORDER denying 36 Defendants' Motion to Dismiss Plaintiffs' Amended Complaint; and granting 6 Plaintiffs' Motion for Class Certification. See document for details. Signed by Judge Rudolph Contreras on August 30, 2018. (lcrc2) (Entered: 08/30/2018) |

| 08/30/2018 | 50 | MEMORANDUM OPINION denying 36 Defendants' Motion to Dismiss Plaintiffs' Amended Complaint; and granting 6 Plaintiffs' Motion for Class Certification. See document for details. Signed by Judge Rudolph Contreras on August 30, 2018. (lcrc2) (Entered: 08/30/2018) |
|---|---|---|
| 08/30/2018 | 🔒 | (Court only) Motions terminated: 32 MOTION to Dismiss for Lack of Jurisdiction filed by KIRSTJEN M. NIELSEN, DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT.(lcrc2) (Entered: 08/30/2018) |
| 09/10/2018 | 51 | MEET AND CONFER STATEMENT. (Goettel, Katherine) (Entered: 09/10/2018) |
| 09/13/2018 | 52 | ANSWER to 21 Amended Complaint, by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT.(Parascandola, Christina) (Entered: 09/13/2018) |
| 09/14/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Status Conference held on 9/14/2018. Parties advise the court of the status of this action. Order to follow by the court. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 09/14/2018) |
| 09/14/2018 | | MINUTE ORDER: As stated on the record at the September 14, 2018 status conference, discovery in this matter shall commence today, September 14, 2018, and shall be completed by January 15, 2019. By September 21, 2018, the parties shall meet, confer, and submit a Joint Status Report that: (1) proposes any interim discovery deadlines; (2) indicates whether the parties wish to be referred to a Magistrate Judge for mediation; and (3) addresses any other issues raised at today's status conference or otherwise. SO ORDERED. Signed by Judge Rudolph Contreras on September 14, 2018. (lcrc2) (Entered: 09/14/2018) |
| 09/14/2018 | | MINUTE ORDER denying 46 Plaintiffs' Motion to Expedite Discovery: On August 3, 2018, Plaintiffs filed a Motion for Expedited Discovery and a Briefing Schedule and Hearing with Respect to Plaintiffs' Motion for Class-Wide Preliminary Injunction. Since Plaintiffs filed that motion, this Court has denied Defendants' motion to dismiss, granted Plaintiffs' motion for class certification, and set a deadline for discovery in this matter. In light of these developments, and for the reasons stated on the record at the September 14, 2018 status conference, the Court DENIES 46 Plaintiffs' Motion to Expedite Discovery, in part as moot and in part on the merits. As explained at the September 14, 2018 status conference, Plaintiffs are not precluded from renewing their motion for preliminary injunction in response to developments during the discovery period. SO ORDERED. Signed by Judge Rudolph Contreras on September 14, 2018. (lcrc2) (Entered: 09/14/2018) |
| 09/14/2018 | | Set/Reset Deadlines: Discovery due by 1/15/2019. Status Report due by 9/21/2018 (tj) (Entered: 09/14/2018) |
| 09/21/2018 | 53 | Joint STATUS REPORT by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Patton, Stephen) (Entered: 09/21/2018) |
| 09/24/2018 | 54 | SCHEDULING ORDER. See document for details. Signed by Judge Rudolph Contreras on September 24, 2018. (lcrc3) (Entered: 09/24/2018) |
| 09/25/2018 | | Set/Reset Deadlines: Disclosures due by 9/21/2018; Responses due by 10/4/2018; Expert Disclosures due by 12/15/2018; Initial Telephone Conference set for 9/28/2018 at 2:30 PM in Chambers before Judge Rudolph Contreras. (tj) (Entered: 09/25/2018) |

| 09/25/2018 | 55 | NOTICE of Appearance by Benjamin Jay Zeitlin on behalf of All Defendants (Zeitlin, Benjamin) (Entered: 09/25/2018) |
|---|---|---|
| 10/03/2018 | | MINUTE ORDER: For the reasons stated on the record during the September 28, 2018 telephone hearing, it is hereby ORDERED that the parties shall submit the following materials: First, on or before October 5, 2018, the parties shall submit proposed protective orders governing the production of personal identifying information or other privacy protected information contained in the class members' "A files" or in other records responsive to discovery requests. Second, on or before October 12, 2018, the government shall collect "A files" for ten of the class members, review those files with the Plaintiffs, and determine what information in the files is responsive to the Plaintiffs' document requests. In the meantime, the government shall immediately begin the process of locating and collecting the A files for all class members. On or before October 17, 2018 the parties shall file a joint status report containing proposals for how the parties will address production of the "A files" going forward. Third, the parties shall submit proposals identifying which ICE facilities should be searched for emails and documents, which custodians' emails and documents should be collected and searched from those facilities (the juvenile coordinator, juvenile enforcement officers, their supervisors), and which search terms should be applied to the searches for those emails and documents. Fourth, the parties shall submit proposals identifying the custodians at ICE's headquarters from whom emails and documents should be collected and searched, and identifying the search terms to be applied to those documents. For the third and fourth items, the parties shall exchange initial proposals on or before October 3, 2018 and file with the Court a joint status report containing their final proposals on or before October 5, 2018. Sixth, by October 5, 2018, the parties shall agree on a set of dates on which counsel for both parties are available to depose the third-party witnesses discussed during the telephone hearing (both fact depositions and depositions to preserve testimony for trial). Seventh, by October 5, 2018, the government shall send to plaintiffs a list of the identities of all class members and the name of the ICE facility at which each class member is held. SO ORDERED. Signed by Judge Rudolph Contreras on 10/3/2018. (lcrc2) (Entered: 10/03/2018) |
| 10/04/2018 | 56 | MOTION for Protective Order by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order Proposed Protective Order)(Parascandola, Christina) (Entered: 10/04/2018) |
| 10/04/2018 | 57 | MOTION to Amend/Correct 56 MOTION for Protective Order by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Errata Amended Motion, # 2 Text of Proposed Order Proposed Protective Order, # 3 Exhibit Original motion, # 4 Text of Proposed Order Proposed Order Granting Leave to Amend)(Parascandola, Christina) (Entered: 10/04/2018) |
| 10/05/2018 | 58 | STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit Exhibit A Proposals pursuant to the Courts Order of October 3 2018)(Parascandola, Christina) (Entered: 10/05/2018) |
| 10/05/2018 | 59 | STATUS REPORT *regarding discovery* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Ex. A - Plaintiffs' Proposed Search Terms, # 2 Ex. B - Sept. 2018 FOIA Response from ICE, # 3 Ex. |

| | | | |
|---|---|---|---|
| | | | C - Blacklined Proposed Protective Order, # 4 Ex. D - Email regarding joint statement)(Goettel, Katherine) (Entered: 10/05/2018) |
| 10/09/2018 | | | Set/Reset Hearings: Telephone Conference set for 10/12/2018, 10/19/18 at 02:30 PM in Chambers before Judge Rudolph Contreras. (tj) (Entered: 10/09/2018) |
| 10/09/2018 | 🔓 | 60 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on September 14, 2018; Page Numbers: 1-21. Date of Issuance:October 9, 2018. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P>Redaction Request due 10/30/2018. Redacted Transcript Deadline set for 11/9/2018. Release of Transcript Restriction set for 1/7/2019.(pk) (Entered: 10/09/2018) |
| 10/09/2018 | 🔓 | 61 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on September 28, 2018; Page Numbers: 1-48. Date of Issuance:October 9, 2018. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P>Redaction Request due 10/30/2018. Redacted Transcript Deadline set for 11/9/2018. Release of Transcript Restriction set for 1/7/2019.(pk) (Entered: 10/09/2018) |
| 10/10/2018 | | 62 | NOTICE OF APPEARANCE for Defendants by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Schultz, Evan); Modified text on 10/12/2018 (tth). (Entered: 10/10/2018) |
| 10/11/2018 | | 63 | ORDER granting 57 Defendants' Amended Motion for Protective Order. At the October 12, 2018 telephone hearing, the parties should be prepared to discuss Paragraph 2.c, involving the names, telephone numbers, and electronic mail addresseses of federal government employees. Until the issues is ultimately resolved, Plaintiffs may show, but not provide copies of, this information to |

| | | |
|---|---|---|
| | | witnesses, consultants, and experts. In all other respects, see document for details. SO ORDERED. Signed by Judge Rudolph Contreras on 10/11/2018. (lcrc2) (Entered: 10/11/2018) |
| 10/12/2018 | 🔒 | (Court only) Motion terminated: 62 MOTION for Leave to Appear Counsel for Defendants filed by KIRSTJEN M. NIELSEN, DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT; incorrect event selected. (tth) (Entered: 10/12/2018) |
| 10/12/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 10/12/2018. Parties report the status of this action. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 10/12/2018) |
| 10/12/2018 | | MINUTE ORDER: For the reasons stated on the record at the October 12, 2018 telephone hearing, it is hereby ORDERED that Defendants shall begin searching for responsive documents in the possession of any individuals at the San Antonio, San Francisco, and Phoenix field offices holding the custodial positions identified in 59 Plaintiffs' October 5, 2018 Status Report. It is FURTHER ORDERED that Defendants shall begin searching for responsive documents in the possession of any individuals at ICE headquarters holding the custodial positions identified in Plaintiffs' October 5, 2018 Status Report. To perform these searches, Defendants shall use the search terms that Plaintiffs identified in their October 5, 2018 Status Report. Defendants should be prepared to discuss the results of these searches at the October 19, 2018 telephone hearing. SO ORDERED. Signed by Judge Rudolph Contreras on 10/12/2018. (lcrc2) (Entered: 10/12/2018) |
| 10/17/2018 | 64 | Joint STATUS REPORT *regarding the production of A-files* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Goettel, Katherine) (Entered: 10/17/2018) |
| 10/19/2018 | 65 | NOTICE *regarding E discovery* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re Order,,, (Attachments: # 1 Declaration)(Kisor, Colin) (Entered: 10/19/2018) |
| 10/19/2018 | | MINUTE ORDER: For the reasons stated on the record at the October 19, 2018 telephone hearing, it is hereby ORDERED that, by close of business on October 23, 2018, Defendants shall submit unredacted and redacted copies of one A-File for the Court's *in camera* review. The particular A-File that is submitted shall be one chosen by Plaintiffs, and it should include redactions based on claims of deliberative process privilege. SO ORDERED. Signed by Judge Rudolph Contreras on 10/19/2018. (lcrc2) (Entered: 10/19/2018) |
| 10/19/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 10/19/2018. Order to follow. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 10/19/2018) |
| 10/24/2018 | 66 | NOTICE *of Filing* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Zeitlin, Benjamin) (Entered: 10/24/2018) |
| 10/26/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 10/26/2018. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 10/26/2018) |
| 10/29/2018 | | MINUTE ORDER: For the reasons stated on the record during the October 26, 2018 telephone hearing, it is hereby ORDERED that the parties shall take the following actions. First, the parties shall file submissions addressing the |

| | | |
|---|---|---|
| | | applicability of the deliberative process privilege to documents produced in this action. As part of these submissions, the parties should specifically address the claim of deliberative process privilege over a Parole Determination Worksheet in the example A-File that the Court has reviewed *in camera*. If the parties wish, their submissions may also discuss the applicability of 8 U.S.C. § 1367 and 8 C.F.R. § 208.6 to the production of documents in this case. Defendants shall file their submission by the close of business on October 30, 2018, and Plaintiffs shall file their response by close of business on November 1, 2018. The submissions shall be limited to five pages in length. Second, Defendants shall produce 5 A-Files to Plaintiffs by November 2, 2018, and 7 additional A-Files by November 9, 2018. Third, Defendants shall collect all emails in the possession of all individuals holding the position of Juvenile Coordinator at the ten field offices identified in [59](#) Plaintiff's October 5, 2018 Status Report and export them to PST files. Defendants shall make a good faith effort to convert all ten custodians' emails to PST files by November 2, 2018. At the November 2 telephone hearing, defendants should be prepared to discuss how long this process is taking and share the size of the files they have successfully exported. SO ORDERED. Signed by Judge Rudolph Contreras on 10/29/2018. (lcrc2) (Entered: 10/29/2018) |
| 10/30/2018 | [67](#) | RESPONSE TO ORDER OF THE COURT re Order,,,,,, *regarding Deliberative Process Privilege* filed by THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # [1](#) Exhibit, # [2](#) Exhibit, # [3](#) Exhibit, # [4](#) Exhibit, # [5](#) Exhibit, # [6](#) Exhibit, # [7](#) Exhibit, # [8](#) Exhibit)(Parascandola, Christina) (Entered: 10/30/2018) |
| 11/01/2018 | [68](#) | RESPONSE TO ORDER OF THE COURT re Order,,,,,, *regarding Deliberative Process Privilege* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # [1](#) Exhibit A)(Patton, Stephen) (Entered: 11/01/2018) |
| 11/02/2018 | [69](#) | NOTICE *of compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re Order,,,,,, (Attachments: # [1](#) Exhibit, # [2](#) Exhibit, # [3](#) Declaration)(Kisor, Colin) (Entered: 11/02/2018) |
| 11/02/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 11/2/2018. (Court Reporter: Patricia Kanshiro Miller.) (tj) (Entered: 11/02/2018) |
| 11/02/2018 | | MINUTE ORDER: For the reasons stated on the record during the November 2, 2018 telephone hearing, the following is hereby ORDERED: First, by November 9, 2018, Defendants shall use their best efforts to transfer the 14 custodians' (Juvenile Coordinators) documents that are currently in PST format into a search-ready format in Relativity. Second, as soon as 2 custodians' documents are in search-ready format in Relativity, Defendants shall begin running Relativity searches on the documents, using the search terms provided in Exhibit A to [59](#) Plaintiffs October 5, 2018 status report. These searches shall continue on an ongoing basis as additional documents become search-ready, in consultation with Plaintiffs regarding how to narrow the search terms to more precisely capture responsive documents. Third, at least one lawyer representing each party who is knowledgeable on ESI (e.g., Ms. Davila, Ms. Trout-Perez) shall attend a meet-and-confer to take place no later than November 8, 2018, at which these representatives shall discuss whatever ESI-related issues the parties are facing, including the possibility of narrowing the Relativity search terms. Fourth, by November 9, 2018, Defendants shall collect the emails in the possession of Mellissa Harper and export them to PST files. Fifth, by November 6, 2018, |

| | | |
|---|---|---|
| | | Defendants shall file a declaration from someone knowledgeable with the ESI-collection process that addresses the resource and technical constraints that prevent Defendants from collecting ESI any faster than they are currently collecting. This declaration should specifically discuss any problems Defendants would face if they were ordered to export certain custodians' documents to PST files while simultaneously transferring other custodians' PST files to Relativity. SO ORDERED. Signed by Judge Rudolph Contreras on 11/2/2018. (lcrc2) (Entered: 11/02/2018) |
| 11/05/2018 | 70 | ORDER: See document for details. Signed by Judge Rudolph Contreras on 11/5/2018. (lcrc2) (Entered: 11/05/2018) |
| 11/06/2018 | 71 | RESPONSE TO ORDER OF THE COURT re Order,,,,,,, *of November 2, 2018* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Declaration)(Parascandola, Christina) (Entered: 11/06/2018) |
| 11/09/2018 | 72 | NOTICE of Appearance by Yamileth G. Davila on behalf of All Defendants (Davila, Yamileth) (Entered: 11/09/2018) |
| 11/09/2018 | 🔒 73 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Form)(Parascandola, Christina) (Entered: 11/09/2018) |
| 11/09/2018 | 74 | RESPONSE TO ORDER OF THE COURT re Order,,,,,,, Order,,,,,, *of Nov. 2, 2018* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Parascandola, Christina) (Entered: 11/09/2018) |
| 11/09/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 11/9/2018. (Court Reporter: Lisa Edwards.) (tj) (Entered: 11/09/2018) |
| 11/13/2018 | | MINUTE ORDER: For the reasons stated on the record during the November 9, 2018 telephone hearing, the following is hereby ORDERED: First, Defendants shall collect the emails from the following custodians: Juanita Hester, Matt Albence, and Natalie Asher and export them to PST files. Defendants shall also collect and export to PST files the emails in the possession of all individuals holding the position of Deportation Officer at the San Antonio, Phoenix, and Houston field offices who have worked on juvenile detention matters/cases, as well as those individuals' immediate supervisors. Defendants shall use their best efforts to have all of the above-described emails transferred into search-ready format in Relativity by November 16, 2018. If they are unable to complete all of these transfers by November 16, Defendants shall file a submission with the Court by the close of business on November 15, 2018, explaining the progress that has been made and the constraints that prevented them from making further progress. Second, Defendants shall produce 7 A-Files to Plaintiffs by November 16, 2018. Third, by the close of business on November 13, 2018, Defendants shall provide Plaintiffs with a new search term report based on the use of Defendants' proposed amendments to Plaintiffs' search terms. The parties shall then meet and confer about this search report by November 14, 2018 and work collaboratively to |

| | | | |
|---|---|---|---|
| | | | attempt to finalize the search terms to be used moving forward. SO ORDERED. Signed by Judge Rudolph Contreras on 11/13/2018. (lcrc2) (Entered: 11/13/2018) |
| 11/15/2018 | 🔒 | 75 | MOTION for Protective Order *Concerning Defendants' Depositions of Named Plaintiffs Wilmer Garcia Ramirez and Ana P.* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Certificate of Counsel, # 9 Text of Proposed Order)(Trout Perez, Tia) (Entered: 11/15/2018) |
| 11/15/2018 | | 76 | RESPONSE TO ORDER OF THE COURT re Order,,,,,, *of November 13, 2018* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Parascandola, Christina) (Entered: 11/15/2018) |
| 11/16/2018 | | 77 | REDACTED DOCUMENT- Exhibit to 75 MOTION for Protective Order *Concerning Defendants' Depositions of Named Plaintiffs Wilmer Garcia Ramirez and Ana P.* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Exhibit E)(Trout Perez, Tia) (Entered: 11/16/2018) |
| 11/16/2018 | | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 11/16/2018. (Court Reporter: Jeff Hook.) (tj) (Entered: 11/16/2018) |
| 11/23/2018 | | 78 | STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 11/23/2018) |
| 11/26/2018 | 🔓 | 79 | TRANSCRIPT OF TELEPHONIC CONFERENCE before Judge Rudolph Contreras held on November 9, 2018; Page Numbers: 1-43. Date of Issuance: November 26, 2018. Court Reporter/Transcriber Lisa Edwards, Telephone number (202) 354-3269. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/17/2018. Redacted Transcript Deadline set for 12/27/2018. Release of Transcript Restriction set for 2/24/2019.(Edwards, Lisa) (Entered: 11/26/2018) |
| 11/27/2018 | 🔓 | 80 | TRANSCRIPT OF TELEPHONIC CONFERENCE before Judge Rudolph Contreras held on November 16, 2018. Page Numbers: 1 - 32. Date of Issuance: November 27, 2018. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court repo rter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/18/2018. Redacted Transcript Deadline set for 12/28/2018. Release of Transcript Restriction set for 2/25/2019.(Hook, Jeff) (Entered: 11/27/2018) |
| 11/29/2018 | 81 | Memorandum in opposition to re 75 MOTION for Protective Order *Concerning Defendants' Depositions of Named Plaintiffs Wilmer Garcia Ramirez and Ana P.* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 11/29/2018) |
| 11/30/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 11/30/2018. (Court Reporter: Timothy Miller.) (tj) (Entered: 11/30/2018) |
| 11/30/2018 | | MINUTE ORDER: For the reasons stated on the record during the November 30, 2018 telephone hearing, the following is hereby ORDERED: First, Defendants shall produce 10 additional A-Files to Plaintiffs by December 7, 2018. Second, Defendants shall provide to Plaintiffs a new search term report and Defendants' continuous active learning protocol proposal by close of business on December 3, 2018. Third, by close of business on December 4, 2018, Defendants shall provide to Plaintiffs their proposed schedule regarding the rolling production of ESI. On December 5, 2018, the parties shall hold a telephone conference to discuss their respective proposals as to the rolling production of ESI. If the parties are unable to reach an agreement during this telephone conference, Defendants shall immediately begin producing ESI in accordance with their proposed schedule. The Court will then, if necessary, make a ruling as to the appropriate schedule for production moving forward at the telephone hearing to take place on December 7, 2018. Moreover, the telephone hearing previously scheduled for December 21 at 2:30 p.m. is rescheduled for December 20 at that same time. The Court may move the time of the telephone hearing currently set for December 7 for later that day. SO ORDERED. Signed by Judge Rudolph Contreras on November 30, 2018. (lcrc2) (Entered: 11/30/2018) |
| 12/05/2018 | 82 | REPLY to opposition to motion re 75 MOTION for Protective Order *Concerning Defendants' Depositions of Named Plaintiffs Wilmer Garcia Ramirez and Ana P.* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Trout Perez, Tia) (Entered: 12/05/2018) |
| 12/06/2018 | | NOTICE of Hearing: Telephone Conference currently scheduled for 12/7/18 at 2:30pm, is hereby RESCHEDULED for 12/7/2018 at 04:30 PM in Chambers before Judge Rudolph Contreras (tj) (Entered: 12/06/2018) |
| 12/07/2018 | 83 | Unopposed MOTION to Continue *today's telephonic hearing* by DEPARTMENT |

| | | |
|---|---|---|
| | | OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Kisor, Colin) (Entered: 12/07/2018) |
| 12/07/2018 | | MINUTE ORDER granting 83 Motion to Continue: It is hereby ORDERED that the unopposed motion is GRANTED. The telephone hearing scheduled for today at 4:30 pm is RESCHEDULED for Monday, December 10, 2018 at 4:00 pm in Chambers. SO ORDERED. Signed by Judge Rudolph Contreras on December 7, 2018. (lcrc2) (Entered: 12/07/2018) |
| 12/07/2018 | 84 | ORDER granting 75 Motion for Protective Order: See document for details. Signed by Judge Rudolph Contreras on December 7, 2018. (lcrc2) (Entered: 12/07/2018) |
| 12/10/2018 | | MINUTE ORDER: It is hereby ORDERED that the telephone hearing scheduled for today, December 10, 2018 at 4:00 pm is RESCHEDULED for December 12, 2018 at 4:00 pm in Chambers. The telephone hearing scheduled for December 14, 2018 at 2:30 pm is also CANCELLED. SO ORDERED. Signed by Judge Rudolph Contreras on December 10, 2018. (lcrc2) (Entered: 12/10/2018) |
| 12/12/2018 | | MINUTE ORDER: For the reasons stated on the record at the December 12, 2018 telephone hearing, the following is hereby ORDERED: First, Defendants will produce the next four A Files to Plaintiffs by the time of the next scheduled telephone hearing at 2:30 pm on December 20, 2018. Second, Defendants will produce the Chicago Field Office Juvenile Coordinator (Mr. Pebbles) for deposition upon notice by Plaintiffs. Defendants may, if they choose, file a motion for reimbursement of costs incurred as a result of the deposition being postponed from its originally scheduled date. Third, Plaintiffs will file their written ESI proposal by the end of the day, today, December 12. Defendants will then file their written proposal and response by 5 pm on December 17. Fourth, the deadline for the parties to serve their expert disclosure and reports is extended to January 15, 2019. SO ORDERED. Signed by Judge Rudolph Contreras on December 12, 2018. (lcrc2) (Entered: 12/12/2018) |
| 12/12/2018 | 85 | MEMORANDUM by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Exhibit Exhibit A (Defendants' Protocol), # 2 Exhibit Exhibit B (Defendants' ESI Review Plan))(Trout Perez, Tia) (Entered: 12/12/2018) |
| 12/12/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 12/12/2018. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 12/13/2018) |
| 12/17/2018 | 86 | RESPONSE *to Plaintiffs' Proposed Plan for Production of ESI and Memorandum* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Certificate of Service)(Davila, Yamileth) (Entered: 12/17/2018) |
| 12/17/2018 | 87 | NOTICE *of filing of declaration* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re 86 Response to Document, (Attachments: # 1 Declaration Declaration of Michael P. Davis) (Parascandola, Christina) (Entered: 12/17/2018) |
| 12/18/2018 | 88 | NOTICE of Appearance by Kevin Charles Hirst on behalf of All Defendants (Hirst, Kevin) (Entered: 12/18/2018) |

| | | |
|---|---|---|
| 12/18/2018 | 92 | NOTICE of Appearance by Ruben Loyo on behalf of WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (tth) (Entered: 01/07/2019) |
| 12/18/2018 | 97 | NOTICE of Appearance by Gianna Borroto on behalf of WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (tth) (Entered: 01/15/2019) |
| 12/20/2018 | | MINUTE ORDER: It is hereby ORDERED that additional weekly telephone status conferences are scheduled for January 11, 18, and 25, 2019. A telephone conference is also tentatively scheduled for February 1, 2019. Each telephone conference will begin at 2:30 pm. Once all the parties are on one line, they will jointly call chambers at (202) 354-3520. SO ORDERED. Signed by Judge Rudolph Contreras on December 20, 2018. (lcrc2) (Entered: 12/20/2018) |
| 12/20/2018 | | MINUTE ORDER: For the reasons stated on the record at the December 20, 2018 telephone hearing, the following is hereby ORDERED: First, Defendants will promptly disclose to Plaintiffs whatever metrics they are using to train and validate their Active Learning application and ensure the application's accuracy. To the extent these metrics change over time, Defendants will supplement their disclosures as the metrics change. Second, once the Active Learning application has been trained and validated, Defendants will perform their privilege review on the responsive documents, and begin rolling production, by prioritizing the documents that the application has deemed the most responsive (or most likely to be responsive), unless the parties reach a different agreement. Third, Defendants will use their best efforts to begin making weekly rolling productions of responsive ESI from the first eighteen custodians as soon as possible, and all responsive ESI from those first eighteen custodians, including documents that could not be submitted to Active Learning for responsiveness review, must be produced to Plaintiffs no later than February 1, 2019. SO ORDERED. Signed by Judge Rudolph Contreras on December 20, 2018. (lcrc2) (Entered: 12/20/2018) |
| 12/20/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 12/20/2018. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 12/26/2018) |
| 12/21/2018 | 89 | TRANSCRIPT OF TELEPHONE CONFERNCE before Judge Rudolph Contreras held on 11-30-18; Page Numbers: 1-37; Date of Issuance: 12-21-18; Court Reporter: Timothy R. Miller, Telephone number (202) 354-3111. Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 1/11/2019. Redacted Transcript Deadline set for 1/21/2019. Release of Transcript Restriction set for 3/21/2019.(Miller, Timothy) (Entered: |

| | | | |
|---|---|---|---|
| | | | 12/21/2018) |
| 12/26/2018 | | | Set/Reset Hearings: Telephone Conference set for 1/11/2018 at 02:30 PM in Chambers before Judge Rudolph Contreras. (tj) (Entered: 12/26/2018) |
| 12/26/2018 | | 90 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on December 20, 2018; Page Numbers: 1-25. Date of Issuance:December 26, 2018. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 1/16/2019. Redacted Transcript Deadline set for 1/26/2019. Release of Transcript Restriction set for 3/26/2019.(pk) (Entered: 12/26/2018) |
| 12/28/2018 | | 91 | Unopposed MOTION to Stay *DURING LAPSE OF APPROPRIATIONS* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order)(Kisor, Colin) (Entered: 12/28/2018) |
| 12/31/2018 | | | MINUTE ORDER denying 91 Defendants' Motion to Stay. The government asks this Court to stay this action because the current lapse in appropriations to federal agencies (i.e. the government shutdown) prohibits the government's attorneys and relevant other employees "from working, even on a voluntary basis, except in very limited circumstances...." Defs.' Mot. at 2, ECF No. 91. Although the Court is mindful of the government shutdown, where there is (1) "some reasonable and articulable connection between the [government] function to be performed and the safety of human life or the protection of property"; and (2) "the safety of human life or the protection of property would be compromised, in some degree, by delay," the government function at issue may continue during such a shutdown. 43 Op. Att'y Gen. 293, 302 (Jan. 16, 1981); *see also* 31 U.S.C. § 1342 (stating that government employees may continue to provide services during a shutdown, in response to "emergencies involving the safety of human life"). This is just such a case. In seeking several delays to date, the government has at times seemed to forget what this case is about: the allegedly unnecessary and illegal detention of young adults in restrictive detention facilities. While these allegations have not yet been fully litigated on their merits, Plaintiffs demonstrated on their successful preliminary injunction motion that they are likely to succeed. *See Ramirez v. ICE*, 310 F. Supp. 3d 7, 29-30 (D.D.C. 2018). Furthermore, according to government reports, 48% of employees from the Executive Office for Immigration Review will be retained during the shutdown "to process all immigration cases and appeals involving detained aliens," *see* DOJ, FY 2019 Contingency Plan, at 5, 12 (Sept. 11, 2018), and approximately 91% of Customs and Border Protection employees and 81% of ICE employees will similarly be retained, *see* DHS, Procedures Relating to a Lapse in Appropriations, at 35-37 (Dec. 17, 2018). If the government |

| | | |
|---|---|---|
| | | can allocate resources during the shutdown to staff the facilities in which Plaintiffs are detained (again, allegedly unnecessarily and illegally), it can allocate resources to staff the defense of Plaintiffs' action. Accordingly, and in line with decisions by other courts in this jurisdiction regarding substantially similar government motions, *see* Minute Order, *O.A. v. Trump*, No. 18-2718 (D.D.C. Dec. 27, 2018); Minute Order, *Grace v. Sessions*, No. 18-1853 (D.D.C. Dec. 27, 2018), it is hereby ORDERED that this action shall not be stayed. It is FURTHER ORDERED that the government shall comply with the ESI discovery schedule recently adopted by this Court, and that the weekly discovery conference calls shall continue as scheduled, regardless of the shutdown. SO ORDERED. Signed by Judge Rudolph Contreras on December 31, 2018. (lcrc3) (Entered: 12/31/2018) |
| 01/10/2019 | 93 | STIPULATION *pursuant to Federal Rule of Evidence 502(d)* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Certificate of Service)(Parascandola, Christina) (Entered: 01/10/2019) |
| 01/11/2019 | 94 | MOTION to Clarify re Order,,,, Order on Motion to Stay,,,,,,,,,,, by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit) (Parascandola, Christina). Added MOTION for Reconsideration on 1/14/2019 (znmw). (Entered: 01/11/2019) |
| 01/11/2019 | 95 | NOTICE of Proposed Order *Granting Defendants' Motion for Clarification of the Court's Order of December 20, 2018 and Reconsideration of Its Order of December 31, 2018* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re 94 MOTION to Clarify re Order,,,, Order on Motion to Stay. (Attachments: # 1 Certificate of Service)(Parascandola, Christina) (Entered: 01/11/2019) |
| 01/11/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 1/11/2019. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 01/11/2019) |
| 01/11/2019 | 96 | NOTICE of Proposed Order by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Trout Perez, Tia) (Entered: 01/11/2019) |
| 01/14/2019 | | MINUTE ORDER: It is hereby ORDERED that the deadline for the parties to serve their expert disclosures and reports is extended to March 1, 2019, and that the cutoff for completing fact discovery is extended to March 1, 2019. SO ORDERED. Signed by Judge Rudolph Contreras on January 14, 2019. (lcrc2) (Entered: 01/14/2019) |
| 01/16/2019 | 98 | Unopposed MOTION for Extension of Time to *produce first rolling production of ESI, by one day* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order)(Parascandola, Christina) (Entered: 01/16/2019) |
| 01/17/2019 | | MINUTE ORDER granting 98 Unopposed Motion for Extension of Time: It is hereby ORDERED that the motion is GRANTED. Defendants shall have until January 17, 2019 to complete the first rolling production of ESI. SO ORDERED. Signed by Judge Rudolph Contreras on January 17, 2019. (lcrc2) (Entered: 01/17/2019) |
| | | |

| 01/18/2019 | | 99 | NOTICE *DEFENDOF STATUS OF REVIEW AND PRODUCTION OF ESI* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Davila, Yamileth) (Entered: 01/18/2019) |
|---|---|---|---|
| 01/18/2019 | 🔓 | 100 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on January 11, 2019; Page Numbers: 1-20. Date of Issuance:January 18, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 2/8/2019. Redacted Transcript Deadline set for 2/18/2019. Release of Transcript Restriction set for 4/18/2019.(pk) (Entered: 01/18/2019) |
| 01/18/2019 | | 101 | STIPULATION *regarding number of depositions* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Goettel, Katherine) (Entered: 01/18/2019) |
| 01/18/2019 | | | MINUTE ORDER: For the reasons stated on the record at the January 18, 2019 telephone hearing, it is hereby ORDERED that the February 1, 2019 deadline for the production of ESI is tolled with respect to all documents that are not reviewable by the Active Learning application. The parties will meet and confer regarding how Defendants should prioritize review of non-excluded documents that cannot be reviewed using Active Learning, and the parties should be prepared to discuss the issue at the January 25 telephone hearing. It is FURTHER ORDERED that, by January 25, Defendants will produce all age-out forms requested by Plaintiffs. Defendants need not, however, produce the attachments at that time. SO ORDERED. Signed by Judge Rudolph Contreras on January 18, 2019. (lcrc2) (Entered: 01/18/2019) |
| 01/18/2019 | | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 1/18/2019. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 01/18/2019) |
| 01/23/2019 | 🔓 | 102 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on January 18, 2019; Page Numbers: 1-16. Date of Issuance:January 23, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any |

| | | | |
|---|---|---|---|
| | | | request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 2/13/2019. Redacted Transcript Deadline set for 2/23/2019. Release of Transcript Restriction set for 4/23/2019.(pk) (Entered: 01/23/2019) |
| 01/24/2019 | | 103 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on October 26, 2018; Page Numbers: 1-48. Date of Issuance:January 24, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P> </P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 2/14/2019. Redacted Transcript Deadline set for 2/24/2019. Release of Transcript Restriction set for 4/24/2019.(pk) (Entered: 01/24/2019) |
| 01/25/2019 | | | MINUTE ORDER: For the reasons stated on the record at the January 25, 2019 telephone hearing, it is hereby ORDERED that Defendants shall file a status report by close of business on January 28, 2019 explaining how they plan to meet the February 1 deadline for production of ESI. The status report should also address the following questions: Of the of the documents that were deemed responsive by Active Learning but that are now being withheld by Defendants, what percentage is being withheld due to privilege? What percentage is being withheld due to a subsequent layer of responsiveness review beyond Active Learning? And are documents deemed responsive being withheld for any additional reasons(s)? Finally, it is FURTHER ORDERED that, before the next telephone hearing on February 1, 2019, the parties will meet and confer regarding the next group of ESI custodians to be subject to Active Learning review. SO ORDERED. Signed by Judge Rudolph Contreras on January 25, 2019. (lcrc2) (Entered: 01/25/2019) |
| 01/25/2019 | | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 1/25/2019. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 01/25/2019) |
| 01/28/2019 | | 104 | STATUS REPORT *Regarding ESI Review and Production* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Davila, Yamileth) (Entered: 01/28/2019) |
| 01/30/2019 | | 105 | NOTICE of *Pro Bono Representation Pursuant to LR83.2(g)* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Fombonne, Jonathan) (Entered: 01/30/2019) |
| 01/30/2019 | | 106 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on |

| | | |
|---|---|---|
| | | January 25, 2019; Page Numbers: 1-15. Date of Issuance:January 30, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 2/20/2019. Redacted Transcript Deadline set for 3/2/2019. Release of Transcript Restriction set for 4/30/2019.(pk) (Entered: 01/30/2019) |
| 02/01/2019 | | MINUTE ORDER: For the reasons stated on the record at the February 1, 2019 telephone hearing, it is hereby ORDERED that the deadline for production of Active-Learning-reviewed ESI from the first eighteen document custodians is extended to February 15, 2019. It is FURTHER ORDERED that, by February 11, the parties will meet and confer and file a joint status report outlining their respective positions on the following: (1) the prioritization of ESI custodians to make up the next batch of documents to be subject to Active Learning review; (2) the scope and timeline for production of the supporting documents attached to the age-out worksheets already produced to Plaintiffs; and (3) the timeline for production of the documents from the first eighteen custodians that were excluded from Active Learning review. SO ORDERED. Signed by Judge Rudolph Contreras on February 1, 2019. (lcrc2) (Entered: 02/01/2019) |
| 02/01/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 2/1/2019. Next Telephone Conference set for 2/15/2019 at 02:30 PM in Chambers before Judge Rudolph Contreras (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 02/01/2019) |
| 02/01/2019 | 🔒 | *SEALED* MINUTE ORDER granting 73 Defendants' Motion to File Exhibit Under Seal, and Exhibit D to 74 Defendants' November 9, 2018 Notice shall be filed under seal. (So Ordered Judge Rudolph Contreras on 2/1/19). (tj) (Entered: 02/01/2019) |
| 02/11/2019 | 107 | Joint STATUS REPORT by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Trout Perez, Tia) (Entered: 02/11/2019) |
| 02/12/2019 | | MINUTE ORDER: Upon consideration of 107 the Parties' Joint Status Report, it is hereby ORDERED that, prior to the telephone conference scheduled for February 15, 2019, the parties will meet and confer regarding the comprehensive discovery proposal set forth by Plaintiffs in the Joint Status Report. The parties should then be prepared to discuss that proposal at the February 15 telephone conference. SO ORDERED. Signed by Judge Rudolph Contreras on February 12, 2019. (lcrc2) (Entered: 02/12/2019) |
| 02/15/2019 | 108 | MOTION for Protective Order *Concerning ESI Custodians* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 |

| | | | |
|---|---|---|---|
| | | | Exhibit EXH A Defendants' ESI Custodian Chart, # 2 Exhibit EXH B Goettel Email)(Davila, Yamileth) (Entered: 02/15/2019) |
| 02/15/2019 | 🔒 | 109 | Amended MOTION for Protective Order *Concerning ESI Custodians* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Exhibit EXH A Defendants' ESI Custodian Chart, # 2 Exhibit EXH B Goettel Email, # 3 Exhibit EXH C Trout Perez Email, # 4 Exhibit EXH D Bates 5085-5099, # 5 Text of Proposed Order)(Davila, Yamileth) (Entered: 02/15/2019) |
| 02/15/2019 | | 110 | NOTICE *of Filing of Custodian List* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Attachment A)(Trout Perez, Tia) (Entered: 02/15/2019) |
| 02/15/2019 | | 111 | ORDER concerning the immediate production of ESI: See document for details. Signed by Judge Rudolph Contreras on February 15, 2019. (lcrc2) (Entered: 02/15/2019) |
| 02/15/2019 | | 112 | STIPULATED ORDER pursuant to Federal Rule of Evidence 502(d): See document for details. Signed by Judge Rudolph Contreras on February 15, 2019. (lcrc2) (Entered: 02/15/2019) |
| 02/15/2019 | | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 2/15/2019. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 02/22/2019) |
| 02/19/2019 | | 113 | DISCOVERY SCHEDULING ORDER: See document for details. Signed by Judge Rudolph Contreras on February 19, 2019. (lcrc2) (Entered: 02/19/2019) |
| 02/22/2019 | 🔓 | 114 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on February 15, 2019; Page Numbers: 1-33. Date of Issuance:February 22, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019.(pk) (Entered: 02/22/2019) |
| 02/22/2019 | | 115 | STATUS REPORT *on discovery* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Appendix search term report)(Kisor, Colin) (Entered: 02/22/2019) |
| 02/22/2019 | | | MINUTE ORDER: It is hereby ORDERED that the March 1, 2019 telephone hearing will begin at 3:00 p.m. The parties should note the change from the normal |

| | | |
|---|---|---|
| | | time. SO ORDERED. Signed by Judge Rudolph Contreras on February 22, 2019. (lcrc2) (Entered: 02/22/2019) |
| 02/22/2019 | | MINUTE ORDER: For the reasons stated on the record at the February 22, 2019 telephone hearing, it is hereby ORDERED that the deadline for Defendants to begin ESI productions from the next group of document custodians is extended to March 8, 2019. By March 1, at least one lawyer representing each party who is knowledgeable on ESI (e.g., Ms. Davila, Ms. Trout-Perez) shall meet and confer to discuss why Active Learning will need to be trained and validated again with respect to this second batch of ESI (assuming that is the case), and how long such a process will take. The parties should then be prepared to discuss the matter at the March 1 telephone hearing. SO ORDERED. Signed by Judge Rudolph Contreras on February 22, 2019. (lcrc2) (Entered: 02/22/2019) |
| 02/22/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 2/22/2019. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 02/22/2019) |
| 02/25/2019 | 🔒 116 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 7, # 7 Exhibit 8, # 8 Exhibit 9, # 9 Exhibit 10, # 10 Exhibit 11, # 11 Exhibit 12, # 12 Exhibit 13, # 13 Exhibit 14)(Trout Perez, Tia) (Entered: 02/25/2019) |
| 02/25/2019 | 117 | RESPONSE re 109 Amended MOTION for Protective Order *Concerning ESI Custodians* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Exhibit 2)(Trout Perez, Tia) (Entered: 02/25/2019) |
| 02/27/2019 | | Set/Reset Hearings: Telephone Conference set for 3/1/2019 at 03:00 PM in Courtroom 14 before Judge Rudolph Contreras. (tj) (Entered: 02/27/2019) |
| 03/01/2019 | 118 | STATUS REPORT *on discovery compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 03/01/2019) |
| 03/01/2019 | 🔓 119 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on February 22, 2019; Page Numbers: 1-7. Date of Issuance:March 1, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 3/22/2019. Redacted Transcript Deadline set for 4/1/2019. Release of Transcript Restriction set for 5/30/2019.(pk) (Entered: 03/01/2019) |

| 03/04/2019 | 120 | REPLY to opposition to motion re 109 Amended MOTION for Protective Order *Concerning ESI Custodians* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit STR 2-22-19, # 2 Certificate of Service)(Davila, Yamileth) (Entered: 03/04/2019) |
|---|---|---|
| 03/06/2019 | | CORRECTED NOTICE of Hearing: Telephone Conference set for 3/8/2019 at 02:30 PM in Chambers before Judge Rudolph Contreras. (tj) (Entered: 03/06/2019) |
| 03/06/2019 | 121 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on March 1, 2019; Page Numbers: 1-12. Date of Issuance:March 6, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due by 3/27/2019. Redacted Transcript Deadline set for 4/6/2019. Release of Transcript Restriction set for 6/4/2019.(pk) (Entered: 03/06/2019) |
| 03/08/2019 | 122 | STATUS REPORT *on discovery compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 03/08/2019) |
| 03/08/2019 | | MINUTE ORDER: For the reasons stated on the record at the March 8, 2019 telephone hearing, it is hereby ORDERED that, absent the issuance of an applicable Protective Order, Defendants shall continue making weekly productions of ESI from the second group of 17 custodians at a rate of no less than 5,000 documents per week until all responsive documents have been produced. It is FURTHER ORDERED that discovery will close in this case on May 24, 2019. SO ORDERED. Signed by Judge Rudolph Contreras on March 8, 2019. (lcrc2) (Entered: 03/08/2019) |
| 03/08/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 3/8/2019. (Court Reporter: Bryan Wayne.) (tj) (Entered: 03/11/2019) |
| 03/11/2019 | | Set/Reset Deadlines: Discovery due by 5/24/2019. (tj) (Entered: 03/11/2019) |
| 03/11/2019 | 123 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on March 8, 2019; Page Numbers: 1-13. Date of Issuance:March 11, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be |

| | | |
|---|---|---|
| | | viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 4/1/2019. Redacted Transcript Deadline set for 4/11/2019. Release of Transcript Restriction set for 6/9/2019.(pk) (Entered: 03/11/2019) |
| 03/11/2019 | [124](#) | RESPONSE TO ORDER OF THE COURT re Order,, *submission regarding Plaintiffs' request to disclose documents designated For Attorneys Eyes Only to an unnamed consultant* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 03/11/2019) |
| 03/11/2019 | 🔒 [125](#) | SEALED MOTION filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # [1](#) Sealed Ex. A)(Goettel, Katherine) (Entered: 03/11/2019) |
| 03/11/2019 | [126](#) | RESPONSE TO ORDER OF THE COURT re Order,, *Concerning Sharing "Attorneys' Eyes Only" Documents With Plaintiffs' Expert* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # [1](#) Ex. A)(Goettel, Katherine) (Entered: 03/11/2019) |
| 03/12/2019 | 🔒 [127](#) | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # [1](#) Exhibit, # [2](#) Exhibit, # [3](#) Exhibit)(Parascandola, Christina) (Entered: 03/12/2019) |
| 03/12/2019 | [128](#) | NOTICE of Change of Address by Tia T. Trout Perez (Trout Perez, Tia) (Entered: 03/12/2019) |
| 03/12/2019 | [129](#) | NOTICE *of Pro Bono Representation Pursuant to LR83.2(g)* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Slade, Michael) (Entered: 03/12/2019) |
| 03/12/2019 | 🔒 | (Court only) ***Attorney Michael B. Slade for WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, and ANA P. added. tth) (Entered: 03/13/2019) |
| 03/14/2019 | 🔒 | (Court only) Motion(s) terminated: (tj) (Entered: 03/14/2019) |
| 03/14/2019 | [130](#) | ORDER permitting the sharing of "attorney's eyes only" documents with Plaintiffs' expert: See document for details. SO ORDERED. Signed by Judge Rudolph Contreras on March 14, 2019. (lcrc2) (Entered: 03/14/2019) |
| 03/14/2019 | | MINUTE ORDER: It is hereby ORDERED that no telephone hearing will be held on March 15, 2019. If the parties wish to hold a telephone hearing on March 22, they shall file a notice with the Court, along with a proposed agenda for the call, by March 20. SO ORDERED. Signed by Judge Rudolph Contreras on March 14, 2019. (lcrc2) (Entered: 03/14/2019) |
| 03/15/2019 | [131](#) | STATUS REPORT *on discovery compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. |

| | | |
|---|---|---|
| | | IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 03/15/2019) |
| 03/22/2019 | 132 | STATUS REPORT *on Discovery Compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Hirst, Kevin) (Entered: 03/22/2019) |
| 03/25/2019 | | MINUTE ORDER: It is hereby ORDERED that, beginning on March 29, 2019, and continuing thereafter during the course of discovery, the parties' shall file a joint status report by the close of business on every Friday, in which (1) Defendants will explain their compliance with each aspect of the applicable discovery requirements for that week (this filing will supersede Defendants' requirement to file their own status report outlining their discovery compliance), and (2) the parties together will identify and briefly describe any unresolved discovery disputes that require the scheduling of a telephone hearing for the following week. Before identifying any such dispute, however, the parties must meet and confer in good faith in an attempt to resolve the dispute informally. If a joint status report identifies no outstanding disputes, the Court will not schedule a hearing for the following week. Thus, absent such notification by the parties, the Friday afternoon status hearings will no longer routinely take place. SO ORDERED. Signed by Judge Rudolph Contreras on March 25, 2019. (lcrc2) (Entered: 03/25/2019) |
| 03/26/2019 | 133 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. Attorney Paul F. Brinkman terminated. (Brinkman, Paul) (Entered: 03/26/2019) |
| 03/26/2019 | 134 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. Attorney Devin Allan DeBacker terminated. (DeBacker, Devin) (Entered: 03/26/2019) |
| 03/26/2019 | 135 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. Attorney Jamie R. Netznik terminated. (Netznik, Jamie) (Entered: 03/26/2019) |
| 03/26/2019 | 136 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. Attorney Kevin Ross Powell terminated. (Powell, Kevin) (Entered: 03/26/2019) |
| 03/26/2019 | 137 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. Attorney Anne K. Reser terminated. (Reser, Anne) (Entered: 03/26/2019) |
| 03/29/2019 | 138 | Joint STATUS REPORT *on discovery compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 03/29/2019) |
| 04/01/2019 | 🔒 139 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 |

| | | |
|---|---|---|
| | | Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit)(Hirst, Kevin) (Entered: 04/01/2019) |
| 04/01/2019 | 140 | MOTION Class Decertification by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Text of Proposed Order)(Hirst, Kevin) (Entered: 04/01/2019) |
| 04/05/2019 | 141 | ENTERED IN ERROR. . . . MOTION to Withdraw *Class Representative as Named Plaintiff and Dismiss her Claims Without Prejudice* by ANA P. (Attachments: # 1 Text of Proposed Order)(Patton, Stephen) Modified on 4/5/2019 (ztd). (Entered: 04/05/2019) |
| 04/05/2019 | 🔒 | (Court only) Motion(s) terminated: 141 MOTION to Withdraw *Class Representative as Named Plaintiff and Dismiss her Claims Without Prejudice* filed by ANA P.. (ztd) (Entered: 04/05/2019) |
| 04/05/2019 | | NOTICE OF CORRECTED DOCKET ENTRY: re 141 MOTION to Withdraw *Class Representative as Named Plaintiff and Dismiss her Claims Without Prejudice* was entered in error per counsel. (ztd) (Entered: 04/05/2019) |
| 04/05/2019 | 142 | Joint STATUS REPORT *on discovery compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 04/05/2019) |
| 04/05/2019 | 143 | STIPULATION of Dismissal *of Plaintiff Ana P.* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Patton, Stephen) (Entered: 04/05/2019) |
| 04/10/2019 | 144 | NOTICE of Appearance by Patrick T. Haney on behalf of WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Haney, Patrick) (Entered: 04/10/2019) |
| 04/10/2019 | 145 | NOTICE *of Pro Bono Representation Pursuant to LR83.2(g)* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Reynolds, Erin) (Entered: 04/10/2019) |
| 04/10/2019 | 146 | NOTICE *OF PARTIAL COMPLIANCE DUE TO NETWORK ISSUES* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Hirst, Kevin) (Entered: 04/10/2019) |
| 04/12/2019 | 147 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Appendix Declaration)(Kisor, Colin) (Entered: 04/12/2019) |
| 04/12/2019 | 148 | MOTION re 140 MOTION Class Decertification by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen). Added MOTION for Extension of Time on 4/15/2019 (tth). (Entered: 04/12/2019) |
| 04/15/2019 | 149 | RESPONSE re 148 MOTION re 140 MOTION Class Decertification MOTION for Extension of Time to filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Text of Proposed Order)(Kisor, Colin) (Entered: 04/15/2019) |

| 04/15/2019 | 150 | MOTION to Compel by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Memorandum in Support, # 2 Exhibit B, # 3 Exhibit D, # 4 Exhibit Q, # 5 Text of Proposed Order)(Patton, Stephen) (Entered: 04/15/2019) |
|---|---|---|
| 04/15/2019 | 🔒 151 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit C, # 4 Exhibit E, # 5 Exhibit F, # 6 Exhibit G, # 7 Exhibit H, # 8 Exhibit I, # 9 Exhibit J, # 10 Exhibit K, # 11 Exhibit L, # 12 Exhibit M, # 13 Exhibit N, # 14 Exhibit O, # 15 Exhibit P, # 16 Exhibit R)(Patton, Stephen) (Entered: 04/15/2019) |
| 04/17/2019 | 🔒 152 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Alsterberg, Cara) (Entered: 04/17/2019) |
| 04/17/2019 | 153 | CERTIFICATE OF SERVICE by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO re 151 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) *Amended Certificate of Service*. (Patton, Stephen) (Entered: 04/17/2019) |
| 04/17/2019 | 🔒 | *SEALED* MINUTE ORDER granting 152 Sealed Motion for Leave to File Document Under Seal: It is hereby ORDERED that the motion is GRANTED. Exhibit A to the motion is deemed filed under seal, and the Clerk of the Court is directed to place ECF No. 109-4 under seal. SO ORDERED. Signed by Judge Rudolph Contreras on April 17, 2019. (lcrc2) (Entered: 04/17/2019) |
| 04/18/2019 | 154 | REPLY to opposition to motion re 148 MOTION re 140 MOTION Class Decertification MOTION for Extension of Time to filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 04/18/2019) |
| 04/18/2019 | | MINUTE ORDER denying 148 Motion for Summary Denial but granting 148 Motion for Extension of Time: It is hereby ORDERED that Plaintiffs' motion for summary denial of Defendants' motion to decertify is DENIED, but that Plaintiffs' motion for extension of time is GRANTED. Plaintiffs may have until May 15, 2019 to respond to the motion to decertify. SO ORDERED. Signed by Judge Rudolph Contreras on April 18, 2019. (lcrc2) (Entered: 04/18/2019) |
| 04/19/2019 | 155 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 04/19/2019) |
| 04/22/2019 | 156 | ORDER denying 109 Motion for Protective Order: See document for details. Signed by Judge Rudolph Contreras on April 22, 2019. (lcrc2) (Entered: 04/22/2019) |
| 04/22/2019 | 157 | MEMORANDUM OPINION denying 109 Motion for Protective Order: See document for details. Signed by Judge Rudolph Contreras on April 22, 2019. (lcrc2) (Entered: 04/22/2019) |
| 04/22/2019 | | MINUTE ORDER: Upon consideration of 155 the parties' Joint Status Report, it is |

| | | |
|---|---|---|
| | | hereby ORDERED that the parties shall include a proposal (or proposals) for completing expert discovery in the joint status report to be filed this Friday. SO ORDERED. Signed by Judge Rudolph Contreras on April 22, 2019. (lcrc2) (Entered: 04/22/2019) |
| 04/25/2019 | 158 | Unopposed MOTION for Protective Order *to cover HHS/ORR documents* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order)(Kisor, Colin) (Entered: 04/25/2019) |
| 04/25/2019 | 159 | ORDER granting 158 Unopposed Motion for Protective Order concerning HHS/ORR documents: See document for details. Signed by Judge Rudolph Contreras on April 25, 2019. (lcrc2) (Entered: 04/25/2019) |
| 04/26/2019 | 160 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 04/26/2019) |
| 04/26/2019 | | MINUTE ORDER: It is hereby ORDERED that a telephone hearing is scheduled for May 2, 2019 at 4:00 pm. Once all the parties are on one line, they will jointly call chambers at (202) 354-3520. SO ORDERED. Signed by Judge Rudolph Contreras on April 26, 2019. (lcrc2) (Entered: 04/26/2019) |
| 04/30/2019 | | Set/Reset Hearings: Telephone Conference set for 5/2/2019 at 04:00 PM in Chambers before Judge Rudolph Contreras. (tj) (Entered: 04/30/2019) |
| 04/30/2019 | 161 | NOTICE of Appearance by Rebecca Wall Forrestal on behalf of WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Forrestal, Rebecca) (Entered: 04/30/2019) |
| 04/30/2019 | 162 | NOTICE *of Pro Bono Representation Pursuant to LR83.2(g)* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (O'Callaghan, Orla) (Entered: 04/30/2019) |
| 05/01/2019 | 163 | Memorandum in opposition to re 152 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit 1) (Patton, Stephen) (Entered: 05/01/2019) |
| 05/01/2019 | 164 | Memorandum in opposition to re 150 MOTION to Compel filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit F, Electronic mail message between C. Kisor to K. Goettel (Apr. 25, 2019), # 2 Exhibit G, Electronic mail message between C. Alsterberg and K. Goettel (Apr. 29, 2019), # 3 Text of Proposed Order J, Proposed Order)(Alsterberg, Cara) (Entered: 05/01/2019) |
| 05/01/2019 | 🔒 165 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, Defendants Response to Plaintiffs Third Set of Requests for Production of Documents, # 2 Exhibit B, Defendants Response to Plaintiffs Second Set of Interrogatories, # 3 Exhibit C, Defendants' Response to Plaintiffs' First Set of Requests for the Production of Documents, # 4 Exhibit D, |

| | | |
|---|---|---|
| | | Transcript of Harper Deposition (Dec. 8, 2018), # 5 Exhibit E, ICE Bates Ranges, # 6 Exhibit H, Harper Declaration (May 1, 2019), # 7 Exhibit I, Barnes Transcript of Barnes Deposition (Feb. 28, 2019))(Alsterberg, Cara) (Entered: 05/01/2019) |
| 05/02/2019 | | MINUTE ORDER: For the reasons stated on the record at the May 2, 2019 telephone hearing, the following schedule will govern proceedings in this case: First, by May 10, 2019, Plaintiffs must serve expert pre-disclosure outlines that contain sufficient information of the substance and/or subject matter of each expert's testimony to allow Defendants to begin the process of securing their own experts if they deem them necessary. Second, Plaintiffs' expert reports must be served by May 31, 2019, Defendants' rebuttal expert reports must be served by July 31, 2019, and all discovery related to experts must conclude by August 30, 2019. Third, any dispositive motions must be filed by September 13, 2019, with responses due October 4, 2019 and replies due October 18, 2019. Finally, a bench trial is scheduled to commence on December 2, 2019 at 10am, and is estimated to take two to three weeks. (SO ORDERED by Judge Rudolph Contreras on May 2, 2019) (lcrc2) (Entered: 05/02/2019) |
| 05/02/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 5/2/2019. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 05/03/2019) |
| 05/02/2019 | | Set/Reset Deadlines and Hearings: Rebuttal expert reports due by 7/31/2019. Motions due by 9/13/2018; Responses due by 10/4/2019; Replies due by 10/18/2019; Bench trial scheduled for 12/21/19 (tj) (Entered: 05/03/2019) |
| 05/06/2019 | 166 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Hirst, Kevin) (Entered: 05/06/2019) |
| 05/08/2019 | 🔒 167 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit)(Patton, Stephen) (Entered: 05/08/2019) |
| 05/08/2019 | 168 | REPLY to opposition to motion re 150 MOTION to Compel filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 05/08/2019) |
| 05/08/2019 | 169 | REPLY to opposition to motion re 152 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Alsterberg, Cara) (Entered: 05/08/2019) |
| 05/10/2019 | 170 | NOTICE of Filing Plaintiffs' Expert Pre-Disclosure by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 05/10/2019) |
| 05/10/2019 | 171 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Hirst, Kevin) (Entered: 05/10/2019) |
| 05/10/2019 | 🔓 172 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on May 2, 2019; Page Numbers: 1-22. Date of Issuance:May 10, 2019. Court |

| | | |
|---|---|---|
| | | Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 5/31/2019. Redacted Transcript Deadline set for 6/10/2019. Release of Transcript Restriction set for 8/8/2019.(pk) (Entered: 05/10/2019) |
| 05/15/2019 | 173 | Memorandum in opposition to re 140 MOTION Class Decertification filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 05/15/2019) |
| 05/15/2019 | 🔒 174 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support of Plaintiffs' Opposition to Defendants' Motion to De-Certify the Class, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39)(Patton, Stephen) (Entered: 05/15/2019) |
| 05/16/2019 | 175 | Unopposed MOTION for Extension of Time to File Response/Reply as to 140 MOTION Class Decertification *REPLY BRIEF* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order)(Kisor, Colin) (Entered: 05/16/2019) |
| 05/16/2019 | 176 | NOTICE of Appearance- Pro Bono by Paul L. Quincy on behalf of WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Quincy, Paul) (Entered: 05/16/2019) |
| 05/16/2019 | | MINUTE ORDER granting 175 Unopposed Motion for Extension of Time to File Response/Reply: It is hereby ORDERED that the motion is GRANTED. Defendants' reply in support of their motion to decertify the class is now due on June 5, 2019. SO ORDERED. Signed by Judge Rudolph Contreras on May 16, 2019. (lcrc2) (Entered: 05/16/2019) |
| 05/17/2019 | 177 | Joint STATUS REPORT *on discovery* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 05/17/2019) |

| 05/17/2019 | | MINUTE ORDER: Upon consideration of 177 the parties' Joint Status Report, it is hereby ORDERED that the parties may have until May 31, 2019 to submit their proposal(s) regarding data cut off and supplementation under Rule 26. SO ORDERED. Signed by Judge Rudolph Contreras on May 17, 2019. (lcrc2, ) (Entered: 05/17/2019) |
| 05/21/2019 | | Set/Reset Deadlines: proposals due by 5/31/2019. (tj) (Entered: 05/21/2019) |
| 05/21/2019 | | Set/Reset Deadlines: Reply due by 6/5/2019. (tj) (Entered: 05/21/2019) |
| 05/24/2019 | 178 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 05/24/2019) |
| 05/31/2019 | 179 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 05/31/2019) |
| 05/31/2019 | | MINUTE ORDER: Upon consideration of 179 the parties' Joint Status Report, it is hereby ORDERED that the parties may have until June 7, 2019 to submit their proposal(s) regarding data cut off and supplementation under Rule 26. Signed by Judge Rudolph Contreras on May 31, 2019. (lcrc2) (Entered: 05/31/2019) |
| 06/03/2019 | | Set/Reset Deadlines: Supplemental Memoranda due by 6/7/2019. (hs) (Entered: 06/03/2019) |
| 06/04/2019 | 180 | ORDER granting in part 150 Motion to Compel, and granting 151 , 165 , and 167 Sealed Motions for Leave to File Documents Under Seal: See document for details. Signed by Judge Rudolph Contreras on June 4, 2019. (lcrc2) (Entered: 06/04/2019) |
| 06/05/2019 | 181 | REPLY to opposition to motion re 140 MOTION Class Decertification filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 06/05/2019) |
| 06/07/2019 | 182 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 06/07/2019) |
| 06/14/2019 | 183 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 06/14/2019) |
| 06/14/2019 | 184 | MOTION for Leave to File *Plaintiffs' Sur-Reply in Opposition to Defendants' Motion to De-Certify the Class* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Exhibit)(Patton, Stephen) (Entered: 06/14/2019) |
| 06/14/2019 | 🔒 185 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A)(Patton, Stephen) (Entered: 06/14/2019) |
| 06/17/2019 | | MINUTE ORDER: Upon consideration of 183 the parties' Joint Status Report, the following is hereby ORDERED: By June 21, 2019, Plaintiffs shall file a written motion regarding the discovery dispute identified in the Joint Status Report. Defendants shall respond to this motion by June 28, 2019. A telephone hearing on Plaintiffs' motion is then scheduled for July 9, 2019 at 3:00 pm. As always, once |

| | | |
|---|---|---|
| | | all the parties are on one line, they should jointly call chambers at (202) 354-3520. SO ORDERED. Signed by Judge Rudolph Contreras on June 17, 2019. (lcrc2) (Entered: 06/17/2019) |
| 06/17/2019 | | Set/Reset Hearings:(Telephone Conference set for 7/9/2019 at 03:00 PM in Chambers before Judge Rudolph Contreras.) ( Motions due by 6/21/2019; Responses due by 6/28/2019) (tj) (Entered: 06/17/2019) |
| 06/19/2019 | 186 | RESPONSE re 184 MOTION for Leave to File *Plaintiffs' Sur-Reply in Opposition to Defendants' Motion to De-Certify the Class* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Attachment A, Emails between Colin Kisor to Kate Goettel and Stephen Patton (June 17, 2019))(Alsterberg, Cara) (Entered: 06/19/2019) |
| 06/21/2019 | 187 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN. (Kisor, Colin) (Entered: 06/21/2019) |
| 06/21/2019 | | MINUTE ORDER: Upon consideration of 187 the parties' Joint Status Report, it is hereby ORDERED that the parties are excused from filing a joint status report on July 5, 2019. SO ORDERED. Signed by Judge Rudolph Contreras on June 21, 2019. (lcrc2) (Entered: 06/21/2019) |
| 06/21/2019 | 188 | MOTION to Compel by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 06/21/2019) |
| 06/28/2019 | | Set/Reset Deadlines: Status Report due by 7/5/2019 (tj) (Entered: 06/28/2019) |
| 06/28/2019 | 189 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 06/28/2019) |
| 06/28/2019 | 🔒 190 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Exhibit M, # 2 Exhibit Exhibit N, # 3 Exhibit Exhibit O, # 4 Exhibit Exhibit P)(Hirst, Kevin) (Entered: 06/28/2019) |
| 06/28/2019 | 191 | RESPONSE re 188 MOTION to Compel filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Text of Proposed Order)(Hirst, Kevin) (Entered: 06/28/2019) |
| 07/08/2019 | 192 | MOTION to Hold in Abeyance re 140 MOTION Class Decertification by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order)(Kisor, Colin) (Entered: 07/08/2019) |
| 07/09/2019 | | MINUTE ORDER granting 188 Plaintiffs' Motion to Compel and denying without prejudice 140 Defendants' Motion for Class Decertification: For the reasons stated on the record at the July 9, 2019 telephone hearing, it is hereby ORDERED that 188 Plaintiffs' Motion to Compel is GRANTED. If, however, Defendants uncover evidence of burdensomeness or duplication as they perform their supplemental |

| | | |
|---|---|---|
| | | productions, they may produce such evidence and request appropriate relief in a weekly status report. In the meantime, the parties shall meet, confer, and provide a proposed schedule (or competing proposals) for supplemental ESI production in their status report due this Friday, July 12, 2019. It is FURTHER ORDERED that 140 Defendants' Motion for Class Decertification is DENIED WITHOUT PREJUDICE. The motion may be refiled on the same schedule that governs dispositive motions, provided in the Court's May 2, 2019 Minute Order. SO ORDERED. Signed by Judge Rudolph Contreras on July 9, 2019. (lcrc2) (Entered: 07/09/2019) |
| 07/09/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 7/9/2019. Status Report due by 7/12/2019. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 07/09/2019) |
| 07/12/2019 | 193 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on July 9, 2019; Page Numbers: 1-15. Date of Issuance:July 12, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 8/2/2019. Redacted Transcript Deadline set for 8/12/2019. Release of Transcript Restriction set for 10/10/2019.(pk) (Entered: 07/12/2019) |
| 07/12/2019 | 194 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Appendix A)(Hirst, Kevin) (Entered: 07/12/2019) |
| 07/19/2019 | 195 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 07/19/2019) |
| 07/26/2019 | 196 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 07/26/2019) |
| 07/31/2019 | | MINUTE ORDER: Upon consideration of the parties' respective positions as stated in 194 their joint status report, the following is hereby ORDERED: With respect to field office custodians who have left their positions since October 28, 2018, ICE shall produce responsive ESI for their successors starting on the date they assumed their new position. This includes the successors for one Phoenix Field Office Juvenile Coordinator, who left her position on or about January 12, 2019, and two Chicago Field Office Juvenile Coordinators, who left their positions on or about March 1, 2019. Defendants' argument that these productions will be duplicative and disproportionate to the needs of the case is unpersuasive because Defendants' de-dupe technology should reduce any burden of the productions |

| | | |
|---|---|---|
| | | significantly. SO ORDERED. Signed by Judge Rudolph Contreras on July 31, 2019. (lcrc2) (Entered: 07/31/2019) |
| 08/01/2019 | 🔒 | (Court only) Motion(s) terminated (tj) (Entered: 08/01/2019) |
| 08/02/2019 | 197 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 08/02/2019) |
| 08/05/2019 | | MINUTE ORDER: In their 197 Joint Status Report filed on August 2, 2019, the parties stated that they believed that 152 Defendants' Motion to Strike and Re-File remained unresolved. But upon review of the docket, the Court granted that motion by sealed minute order on April 17, 2019, before Plaintiffs' filed their 163 Opposition on May 1, 2019. Having reviewed Plaintiffs' Opposition, the Court generally agrees that the blank Age-Out Review Worksheets "do not reveal an otherwise unknown law enforcement process or technique," ECF No. 163 at 5, and the Court itself has previously remarked that the blank Worksheets do not contain "highly sensitive information," ECF No. 130 at 3. The Court need not reconsider its disposition of 152 Defendants' Motion to Strike and Re-File, however, because the specific dispute is moot: the motion was related to 109 Defendants' Amended Motion for Protective Order, which the Court denied on April 22, 2019, see ECF No. 156 . And even if the Court had made a concrete determination that the blank Worksheets were protected by law enforcement sensitivity, such a determination would have limited relevance to whether deposition testimony that merely discussed the Worksheets would be protected. Accordingly, the parties are advised to treat disagreements over deposition testimony as they would any other discovery dispute: They are obligated to meet and confer in good faith to attempt to resolve or narrow the dispute informally. If the parties are unable to reach agreement on particular transcript sections, they should inform the Court in an appropriate weekly status report. SO ORDERED. Signed by Judge Rudolph Contreras on August 5, 2019. (lcrc2) (Entered: 08/05/2019) |
| 08/09/2019 | 198 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 08/09/2019) |
| 08/12/2019 | 199 | NOTICE of Appearance by William Herrick Weiland on behalf of All Defendants (Weiland, William) (Entered: 08/12/2019) |
| 08/12/2019 | | MINUTE ORDER: Upon consideration of 198 the parties' Joint Status Report, it is hereby ORDERED that a telephone hearing is scheduled for August 15, 2019 at 2:30 pm. As always, once all the parties are on one line, they should jointly call chambers at (202) 354-3520. SO ORDERED. Signed by Judge Rudolph Contreras on August 12, 2019. (lcrc2) (Entered: 08/12/2019) |
| 08/13/2019 | | Set/Reset Hearings: Telephone Conference set for 8/15/2019 at 02:30 PM in Chambers before Judge Rudolph Contreras. (tj) (Entered: 08/13/2019) |
| 08/14/2019 | 200 | NOTICE by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 08/14/2019) |
| 08/14/2019 | | MINUTE ORDER: In light of 200 Plaintiffs' Notice, it is hereby ORDERED that the telephone hearing scheduled for August 15, 2019 is VACATED. SO ORDERED. Signed by Judge Rudolph Contreras on August 14, 2019. (lcrc2) (Entered: 08/14/2019) |
| 08/16/2019 | 201 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND |

| | | |
|---|---|---|
| | | CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 08/16/2019) |
| 08/23/2019 | 202 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 08/23/2019) |
| 08/30/2019 | 203 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit, # 2 Exhibit)(Kisor, Colin) (Entered: 08/30/2019) |
| 09/03/2019 | 204 | NOTICE *regarding Data Discrepancy Resolution* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re 203 Status Report (Attachments: # 1 Declaration, # 2 Appendix, # 3 Declaration, # 4 Declaration, # 5 Declaration, # 6 Declaration, # 7 Declaration, # 8 Declaration, # 9 Declaration, # 10 Declaration, # 11 Declaration, # 12 Declaration, # 13 Declaration, # 14 Declaration, # 15 Declaration, # 16 Declaration, # 17 Declaration)(Kisor, Colin) (Entered: 09/03/2019) |
| 09/06/2019 | 🔒 205 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Text of Proposed Order)(Parascandola, Christina) (Entered: 09/06/2019) |
| 09/06/2019 | 206 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 09/06/2019) |
| 09/06/2019 | | MINUTE ORDER granting 205 Defendants' Motion for Leave to File Exhibits Under Seal. It is hereby ORDERED that Defendants' motion is GRANTED. SO ORDERED. Signed by Judge Rudolph Contreras on 09/06/2019. (lcrc2) (Entered: 09/06/2019) |
| 09/06/2019 | 🔒 207 | SEALED DOCUMENT (Exhibit 1) filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. re 204 Notice (Other), filed by KIRSTJEN M. NIELSEN, DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 7, # 7 Exhibit 8, # 8 Exhibit 9, # 9 Exhibit 10, # 10 Exhibit 11, # 11 Exhibit 12, # 12 Exhibit 13, # 13 Exhibit 14) (ztth) (Entered: 09/09/2019) |
| 09/09/2019 | 🔒 | (Court only) Motion(s) terminated: 205 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) filed by KIRSTJEN M. NIELSEN, DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (zgdf) (Entered: 09/09/2019) |

| 09/13/2019 | 🔒 208 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Memorandum in Support Defendants' Partial Motion for Summary Judgment, # 3 Statement of Facts, # 4 Exhibit 1, 2019 Field Office Juvenile Coordinator Training Agenda, ICE-0041329-332, # 5 Exhibit 2, Current Litigation Overview, ICE-0041386-407, # 6 Exhibit 3, Current Litigation: Garcia Ramirez v. ICE/Age-Outs, ICE-0041420-456, # 7 Exhibit 4, Documentation Activity: Breakout Session ICE-0041475-502, # 8 Exhibit 5, Excerpts from the Transcript of the Deposition of Officer Joe Love (October 22, 2018), # 9 Exhibit 6, Excerpts from the Transcript of the Deposition of Officer Rebecca Jones (November 20, 2018), # 10 Exhibit 7, Excerpts from the Transcript of the Deposition of Officer Lika Black, (November 28, 2018), # 11 Exhibit 8, Excerpts from the Transcript of the Deposition of Officer Geoffrey Pepple (December 19, 2018), # 12 Exhibit 9, Excerpts from the Transcript of the Deposition of Officer Linda Hyde (January 23, 2019), # 13 Exhibit 10, Excerpts from the Transcript of the Deposition of Officer Sean Reardon (January 31, 2019), # 14 Exhibit 11, Excerpts from the Transcript of the Deposition of Officer Victor Galvez (February 13, 2019), # 15 Exhibit 12, Excerpts from the Transcript of the Deposition of Officer Nancy Z. Sullivan (February 20, 2019), # 16 Exhibit 13, Excerpts from the Transcript of the Deposition of Officer Edwin Barnes (February 28, 2019), # 17 Exhibit 14, Excerpts from the Transcript of the Deposition of Officer Stephen Venegas (March 21, 2019), # 18 Exhibit 15, Excerpts from the Transcript of the Deposition of Officer Jose Munguia (March 28, 2019), # 19 Exhibit 16, Excerpts from the Transcript of the Rule 30(b)(6) Deposition of Erik Carbonneau (November 21, 2018), # 20 Exhibit 17, Excerpts from the Transcript of the Rule 30(b)(6) Deposition of Timothy Gibney (November 21, 2018), # 21 Exhibit 19, Excerpts from the Transcript of the Rule 30(b)(6) Deposition of Mellissa Harper (December 6, 2018), # 22 Exhibit 20, Excerpts from the Transcript of the Deposition of Ana B. Sanchez-Zimak (May 3, 2019), # 23 Exhibit 22, Excerpts from the Transcript of the Deposition of Eric Ravenell (May 10, 2019))(Alsterberg, Cara) (Entered: 09/13/2019) |
| 09/13/2019 | 209 | MOTION for Partial Summary Judgment by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order, # 2 Statement of Facts, # 3 Exhibit List, # 4 Exhibit 1, 2019 Field Office Juvenile Coordinator Training Agenda, ICE-0041329-332, # 5 Exhibit 2, Current Litigation Overview, ICE-0041386-407, # 6 Exhibit 3, Current Litigation: Garcia Ramirez v. ICE/Age-Outs, ICE-0041420-456, # 7 Exhibit 4, Documentation Activity: Breakout Session ICE-0041475-502, # 8 Exhibit 5, Excerpts from the Transcript of the Deposition of Officer Joe Love (October 22, 2018), # 9 Exhibit 6, Excerpts from the Transcript of the Deposition of Officer Rebecca Jones (November 20, 2018), # 10 Exhibit 7, Excerpts from the Transcript of the Deposition of Officer Lika Black, (November 28, 2018), # 11 Exhibit 8, Excerpts from the Transcript of the Deposition of Officer Geoffrey Pepple (December 19, 2018), # 12 Exhibit 9, Excerpts from the Transcript of the Deposition of Officer Linda Hyde (January 23, 2019), # 13 Exhibit 10, Excerpts from the Transcript of the Deposition of Officer Sean Reardon (January 31, 2019), # 14 Exhibit 11, Excerpts from the Transcript of the Deposition of Officer Victor Galvez (February 13, 2019), # 15 Exhibit 12, Excerpts from the Transcript of the Deposition of Officer Nancy Z. Sullivan (February 20, 2019), # 16 Exhibit 13, Excerpts from the Transcript of the Deposition of Officer Edwin Barnes (February |

| | | |
|---|---|---|
| | | 28, 2019), # 17 Exhibit 14, Excerpts from the Transcript of the Deposition of Officer Stephen Venegas (March 21, 2019), # 18 Exhibit 15, Excerpts from the Transcript of the Deposition of Officer Jose Munguia (March 28, 2019), # 19 Exhibit 16, Excerpts from the Transcript of the Rule 30(b)(6) Deposition of Erik Carbonneau (November 21, 2018), # 20 Exhibit 17, Excerpts from the Transcript of the Rule 30(b)(6) Deposition of Timothy Gibney (November 21, 2018), # 21 Exhibit 18, Excerpts from the Transcript of the Deposition of Mellissa Harper (May 2, 2019), # 22 Exhibit 19, Excerpts from the Transcript of the Rule 30(b)(6) Deposition of Mellissa Harper (December 6, 2018), # 23 Exhibit 20, Excerpts from the Transcript of the Deposition of Ana B. Sanchez-Zimak (May 3, 2019), # 24 Exhibit 21, Excerpts from the Transcript of the Deposition of Stephen Antkowiak (May 8, 2019), # 25 Exhibit 22, Excerpts from the Transcript of the Deposition of Eric Ravenell (May 10, 2019), # 26 Exhibit 23, Plaintiffs Responses to Defendants First Set of Requests for Admissions (February 26, 2019)) (Alsterberg, Cara) (Entered: 09/13/2019) |
| 09/13/2019 | 210 | Joint STATUS REPORT by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Goettel, Katherine) (Entered: 09/13/2019) |
| 09/16/2019 | | MINUTE ORDER: Upon consideration of 210 the parties' Joint Status Report, it is hereby ORDERED that no further weekly status reports are necessary. As always, if a dispute arises requiring intervention by the Court, the parties are to promptly and jointly call chambers to schedule a telephone conference. SO ORDERED. Signed by Judge Rudolph Contreras on 09/16/2019. (lcrc2) (Entered: 09/16/2019) |
| 09/24/2019 | 211 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Patton, Stephen) (Entered: 09/24/2019) |
| 09/24/2019 | 212 | MOTION in Limine *to Exclude Certain of the Opinions of Defendants' Experts Qing Pan and Joseph Gastwirth* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Patton, Stephen) (Entered: 09/24/2019) |
| 09/24/2019 | 213 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support, # 2 Exhibit 2, # 3 Exhibit 6, # 4 Exhibit 7)(Patton, Stephen) (Entered: 09/24/2019) |
| 09/24/2019 | 214 | MOTION in Limine *to Exclude the Testimony of Defendants' Expert Gary Mead* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8) (Patton, Stephen) (Entered: 09/24/2019) |
| 09/25/2019 | 215 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1)(Patton, Stephen) (Entered: 09/25/2019) |
| 09/27/2019 | 216 | Unopposed MOTION for Extension of Time *to Respond to Defendants' Motion to File Exhibits Under Seal* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 09/27/2019) |

| 09/27/2019 | | MINUTE ORDER granting 216 Plaintiffs' Unopposed Motion for Extension of Time: It is hereby ORDERED that Plaintiffs shall file their opposition to 208 Defendants' Sealed Motion for Leave to File Exhibits Under Seal on or before October 4, 2019. SO ORDERED. Signed by Judge Rudolph Contreras on 09/27/2019. (lcrc2) (Entered: 09/27/2019) |
|---|---|---|
| 10/04/2019 | 217 | Unopposed MOTION for Extension of Time to File Response/Reply as to 214 MOTION in Limine *to Exclude the Testimony of Defendants' Expert Gary Mead*, 212 MOTION in Limine *to Exclude Certain of the Opinions of Defendants' Experts Qing Pan and Joseph Gastwirth* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Proposed Order)(Weiland, William) (Entered: 10/04/2019) |
| 10/04/2019 | 218 | Unopposed MOTION for Extension of Time to File Response/Reply by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 10/04/2019) |
| 10/07/2019 | 🔒 219 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 45, # 45 Exhibit 46, # 46 Exhibit 49, # 47 Exhibit 51, # 48 Exhibit 52, # 49 Exhibit 53, # 50 Exhibit 54, # 51 Exhibit 55)(Patton, Stephen) (Entered: 10/07/2019) |
| 10/07/2019 | 220 | RESPONSE re 209 MOTION for Partial Summary Judgment filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit 43, # 2 Exhibit 44, # 3 Exhibit 47, # 4 Exhibit 48, # 5 Exhibit 50)(Patton, Stephen) (Entered: 10/07/2019) |
| 10/07/2019 | 221 | MOTION for Leave to File Excess Pages by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 10/07/2019) |
| 10/07/2019 | 🔒 222 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Exhibit A, # 3 Exhibit B)(Patton, Stephen) (Entered: 10/07/2019) |
| 10/07/2019 | | MINUTE ORDER granting 217 Defendants' Unopposed Motion for Extension of Time to Respond to Plaintiffs' Motions in Limine; 218 Plaintiffs' Unopposed Motion for Extension of Time to Respond to Defendants' Motion for Partial Summary Judgment; and 221 Plaintiffs' Motion to Enlarge Page Limits: It is hereby ordered that Defendants shall file oppositions to 212 and 214 Plaintiffs' Motions in Limine on or before October 22, 2019; and that Plaintiffs shall file their Statement of Material Facts and Opposition to Defendants' Statement of Material Facts on or before October 8, 2019. It is FURTHER ORDERED that, over Defendants' unarticulated opposition, Plaintiffs' forthcoming Opposition to Defendants' Motion for Partial Summary Judgment may be up to sixty pages in |

| | | | |
|---|---|---|---|
| | | | length. SO ORDERED. Signed by Judge Rudolph Contreras on 10/7/2019. (lcrc2) (Entered: 10/07/2019) |
| 10/08/2019 | | 223 | REDACTED DOCUMENT- Exhibits to 220 Response to motion, by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit 3, # 2 Exhibit 4, # 3 Exhibit 5, # 4 Exhibit 6, # 5 Exhibit 7, # 6 Exhibit 8, # 7 Exhibit 11, # 8 Exhibit 12, # 9 Exhibit 15, # 10 Exhibit 18, # 11 Exhibit 19, # 12 Exhibit 20, # 13 Exhibit 24, # 14 Exhibit 53, # 15 Exhibit 55)(Patton, Stephen) (Entered: 10/08/2019) |
| 10/08/2019 | 🔒 | 224 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Statement of Facts, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15)(Patton, Stephen) Modified on 10/9/2019 to correct filed date (zjf). (Entered: 10/09/2019) |
| 10/10/2019 | | 225 | REDACTED DOCUMENT- Statement of Facts & Responses to Defendants' Statement of Facts by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 6, # 4 Exhibit 7, # 5 Exhibit 9, # 6 Exhibit 11, # 7 Exhibit 12)(Patton, Stephen) (Entered: 10/10/2019) |
| 10/10/2019 | | 226 | Unopposed MOTION for Extension of Time to File *msj reply (conditionally unopposed)* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order)(Kisor, Colin) (Entered: 10/10/2019) |
| 10/10/2019 | | | MINUTE ORDER granting 226 Defendants' Motion for Extension of Time: It is hereby ORDERED that the Defendants shall have up to and including November 1, 2019 to file a reply brief in support of 209 Defendants' Motion for Partial Summary Judgment. SO ORDERED. Signed by Judge Rudolph Contreras on 10/10/2019. (lcrc2) (Entered: 10/10/2019) |
| 10/11/2019 | | 227 | Unopposed MOTION for Extension of Time to File Response/Reply as to 222 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order)(Parascandola, Christina) (Entered: 10/11/2019) |
| 10/16/2019 | | 228 | RESPONSE to 226 Defendants' Request for a Final Pretrial Conference by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Goettel, Katherine); Modified event and text on 10/17/2019 (ztth). (Entered: 10/16/2019) |
| 10/16/2019 | | | MINUTE ORDER granting 227 Defendants' Unopposed Motion for Extension of Time: It is hereby ORDERED that Defendants shall have up to and including October 16, 2019, to file a reply brief in support of their 208 Motion for Leave to File Exhibits Under Seal. SO ORDERED. Signed by Judge Rudolph Contreras on 10/16/2019. (lcrc2) (Entered: 10/16/2019) |
| 10/16/2019 | 🔒 | 229 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed |

| | | |
|---|---|---|
| | | by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Reply, # 2 Exhibit A, # 3 Text of Proposed Order)(Alsterberg, Cara) (Entered: 10/16/2019) |
| 10/17/2019 | 230 | PRETRIAL ORDER. See document for details. Signed by Judge Rudolph Contreras on 10/17/2019. (lcrc2) (Entered: 10/17/2019) |
| 10/18/2019 | 231 | MOTION in Limine by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Exhibit Plaintiffs' Response to Defendants' Requests for Admission, # 2 Exhibit Expert Report of Dr. Julie Linton, # 3 Text of Proposed Order)(Hirst, Kevin) (Entered: 10/18/2019) |
| 10/18/2019 | | Set/Reset Deadlines: Pretrial Statement by 11/8/2019; Motion in Limine due by 11/11/2019; Responses due by 11/18/2019; Demonstrative Exhibit due by 11/20/2019; Pretrial Conference set for 11/25/2019 at 2:00 PM in Courtroom 14 before Judge Rudolph Contreras. (tj) (Entered: 10/18/2019) |
| 10/22/2019 | 232 | RESPONSE re 214 MOTION in Limine *to Exclude the Testimony of Defendants' Expert Gary Mead* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Text of Proposed Order) (Alsterberg, Cara) (Entered: 10/22/2019) |
| 10/22/2019 | 🔒 233 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order) (Weiland, William) (Entered: 10/22/2019) |
| 10/22/2019 | 234 | RESPONSE re 212 MOTION in Limine *to Exclude Certain of the Opinions of Defendants' Experts Qing Pan and Joseph Gastwirth*, 211 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit A - filed under seal, # 2 Exhibit B - filed under seal, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order)(Weiland, William) (Entered: 10/22/2019) |
| 10/25/2019 | 235 | RESPONSE re 231 MOTION in Limine *to Exclude the Report and Testimony of Plaintiffs' Expert in Pediatrics* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit A)(Patton, Stephen) (Entered: 10/25/2019) |
| 10/28/2019 | 236 | REPLY to opposition to motion re 209 MOTION for Partial Summary Judgment filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 10/28/2019) |
| 10/29/2019 | 237 | REPLY to opposition to motion re 214 MOTION in Limine *to Exclude the Testimony of Defendants' Expert Gary Mead* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 10/29/2019) |

| 10/29/2019 | 238 | REPLY to opposition to motion re 212 MOTION in Limine *to Exclude Certain of the Opinions of Defendants' Experts Qing Pan and Joseph Gastwirth* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 10/29/2019) |
|---|---|---|
| 10/30/2019 | 239 | REPLY to opposition to motion re 231 MOTION in Limine filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Hirst, Kevin) (Entered: 10/30/2019) |
| 11/07/2019 | 240 | ORDER denying 209 Motion for Partial Summary Judgment. See document for details. Signed by Judge Rudolph Contreras on 11/7/2019. (lcrc2) (Entered: 11/07/2019) |
| 11/07/2019 | 241 | MOTION for Leave to File *Sur-Reply in Opposition to Defendants' Motion to Exclude The Report and Testimony of Plaintiffs' Expert in Pediatrics* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Exhibit A)(Patton, Stephen) (Entered: 11/07/2019) |
| 11/08/2019 | 242 | PRETRIAL STATEMENT by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Appendix A, # 2 Appendix B, # 3 Appendix C, # 4 Appendix D, # 5 Appendix E, # 6 Appendix F)(Patton, Stephen) (Entered: 11/08/2019) |
| 11/11/2019 | 243 | MOTION in Limine *to exclude depo testimony where the witnesses will testify in person* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order)(Kisor, Colin) (Entered: 11/11/2019) |
| 11/11/2019 | 244 | MOTION in Limine *Regarding Defendants' Failure to Disclose Trial Witnesses* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Patton, Stephen) (Entered: 11/11/2019) |
| 11/12/2019 | 245 | Amended MOTION for Leave to File *Sur-Reply in Opposition to Defendants' Motion to Exclude The Report and Testimony of Plaintiffs' Expert in Pediatrics* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Patton, Stephen) (Entered: 11/12/2019) |
| 11/12/2019 |  | MINUTE ORDER Granting 245 Plaintiffs' Amended Motion for Leave to File Surreply: It is hereby ORDERED that Plaintiffs' Motion for Leave to File a Surreply in Opposition to Defendants' Motion to Exclude the Report and Testimony of Plaintiffs' Expert in Pediatrics is GRANTED. It is FURTHER ORDERED that Plaintiffs' Surreply attached to Plaintiffs' Amended Motion is deemed filed as of November 12, 2016. SO ORDERED. Signed by Judge Rudolph Contreras on 11/12/2019. (lcrc2) (Entered: 11/12/2019) |
| 11/12/2019 | 246 | MOTION in Limine *to exclude the opinions of Plaintiffs' expert Justin Lenzo* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Text of Proposed Order)(Parascandola, Christina) (Entered: 11/12/2019) |
| 11/13/2019 | 247 | NOTICE *of Submission of Defendants' Exhibit 42 with the Court Clerk* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN |

| | | M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Hirst, Kevin) (Entered: 11/13/2019) |
|---|---|---|
| 11/13/2019 | 248 | RESPONSE re 243 MOTION in Limine *to exclude depo testimony where the witnesses will testify in person* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Patton, Stephen) (Entered: 11/13/2019) |
| 11/14/2019 | 249 | RESPONSE re 244 MOTION in Limine *Regarding Defendants' Failure to Disclose Trial Witnesses* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Appendix)(Kisor, Colin) (Entered: 11/14/2019) |
| 11/14/2019 | 250 | ORDER denying 212 Plaintiffs Motion to Exclude Certain of the Opinions of Defendants Experts Qing Pan and Joseph Gastwirth; granting 214 Plaintiffs Motion to Exclude the Testimony of Defendants Expert Gary Mead; and denying 231 Defendants Motion to Exclude the Report and Testimony of Plaintiffs Expert in Pediatrics. See document for details. Signed by Judge Rudolph Contreras on 11/14/2019. (lcrc2) (Entered: 11/14/2019) |
| 11/14/2019 | 251 | MEMORANDUM OPINION denying 212 Plaintiffs Motion to Exclude Certain of the Opinions of Defendants Experts Qing Pan and Joseph Gastwirth; granting 214 Plaintiffs Motion to Exclude the Testimony of Defendants Expert Gary Mead; and denying 231 Defendants Motion to Exclude the Report and Testimony of Plaintiffs Expert in Pediatrics. See document for details. Signed by Judge Rudolph Contreras on 11/14/2019. (lcrc2) (Entered: 11/14/2019) |
| 11/18/2019 | 252 | RESPONSE re 246 MOTION in Limine *to exclude the opinions of Plaintiffs' expert Justin Lenzo* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit 1)(Patton, Stephen) (Entered: 11/18/2019) |
| 11/20/2019 | 253 | ORDER denying 243 Motion *in limine* to Exclude Deposition Testimony. See document for details. Signed by Judge Rudolph Contreras on 11/20/2019. (lcrc2) (Entered: 11/20/2019) |
| 11/20/2019 | 🔒 254 | *SEALED* ORDER granting in part and denying in part 208 defendant's Motion for Leave to File exhibits Under Seal. (Signed by Judge Rudolph Contreras on 11/20/19). (tj) (Entered: 11/20/2019) |
| 11/20/2019 | 255 | Supplemental PRETRIAL STATEMENT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) Modified event title on 11/21/2019 (znmw). (Entered: 11/20/2019) |
| 11/21/2019 | 256 | NOTICE of Appearance by Britney Ann Lewis on behalf of WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Lewis, Britney) (Entered: 11/21/2019) |
| 11/21/2019 | 257 | ORDER denying 246 Motion *in limine* to Exclude the Opinions of Plaintiffs' Expert Justin Lenzo. See document for details. Signed by Judge Rudolph Contreras on 11/21/2019. (lcrc2) (Entered: 11/21/2019) |
| 11/22/2019 | 🔒 | (Court only) Motion(s) terminated (tj) (Entered: 11/22/2019) |

| 11/22/2019 | 🔒 | *SEALED* SEALED MINUTE ORDER granting 211 , 213 , 215 , 219 , 222 , 224 , 229 AND 233 Motions to File Under Seal. (This document is SEALED and only available to authorized persons) (Signed by Judge Rudolph Contreras on 11/22/19).(tj) (Entered: 11/22/2019) |
|---|---|---|
| 11/22/2019 | 🔒 | (Court only) Motion(s) terminated: (tj) (Entered: 11/22/2019) |
| 11/22/2019 | 258 | Supplemental PRETRIAL STATEMENT by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit Horton, # 2 Exhibit Lenzo, # 3 Exhibit Vinikoor, # 4 Exhibit Sandweg, # 5 Exhibit Linton)(Patton, Stephen) Modified event title on 11/26/2019 (znmw). (Entered: 11/22/2019) |
| 11/25/2019 | 259 | Supplemental PRETRIAL STATEMENT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit 5 - Demonstrative Exhibits for Dr. Qing Pan)(Weiland, William) Modified event title on 11/26/2019 (znmw). (Entered: 11/25/2019) |
| 11/25/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Final Pretrial Conference held on 11/25/2019. Bench trial remains scheduled to commence on December 2, 2019. Order to follow. (Court Reporter: Elizabeth Saint Loth.) (tj) (Entered: 11/25/2019) |
| 11/25/2019 | | MINUTE ORDER: For the reasons stated on the record during the November 25, 2019 Pretrial Conference, the following is hereby ORDERED: 244 Plaintiffs' Motion *in limine* Regarding Defendants' Failure to Disclose Trial Witnesses is DENIED AS MOOT IN PART AND DENIED IN PART. As the parties have agreed, out-of-town witnesses shall be called only once and each side shall provide notice two business days in advance of which witnesses they will call on a given day. The motion is denied with regard to the request to bar Mr. Hormiga and Ms. Lower from testifying at trial. Mr. Hormiga and Ms. Lower may testify, but Defendants shall make them available for deposition before they are called; availability shall be made at Plaintiffs convenience, at least 48 hours before their trial testimony, and on a Saturday if necessary. Defendants' objection to a portion of Plaintiffs' Exhibit 333, raised in 255 Defendants' Supplemental Pretrial Statement has been withdrawn with leave to renew. It is FURTHER ORDERED that if Defendants' expert Dr. Gastwirth does not testify at trial, Defendants shall provide cross-designations of portions of the transcript of his deposition testimony and may not inappropriately designate the entire transcript. SO ORDERED. Signed by Judge Rudolph Contreras on 11/25/2019. (lcrc2) (Entered: 11/25/2019) |
| 12/01/2019 | 260 | Supplemental PRETRIAL STATEMENT by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit Lenzo)(Patton, Stephen) Modified event title on 12/2/2019 (znmw). (Entered: 12/01/2019) |
| 12/02/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial held on 12/2/2019. Evidence entered, and Bench Trial continued to 12/3/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witness: Melissa Harper. (Court Reporter Jeff Hook (AM) / Cathryn Jones (PM).) (tj) (Entered: 12/03/2019) |
| 12/02/2019 | 261 | NOTICE of Appearance - Pro Bono by Barack Echols on behalf of WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (ztth) (Entered: 12/05/2019) |
| 12/03/2019 | | Set/Reset Hearings: Bench Trial set for 12/3/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. (tj) (Entered: 12/03/2019) |

| 12/03/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/3/2019. Evidence entered, and Bench Trial continued to 12/4/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witness: Melissa Harper; Deposition of Eric Ravenelle. (Court Reporter Jeff Hook (AM) / Cathryn Jones (PM).) (Entered: 12/03/2019) |
|---|---|---|
| 12/04/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/4/2019. Evidence entered, and Bench Trial continued to 12/5/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. (Court Reporter Jeff Hook (AM)/ Cathryn Jones (PM)) Witnesses: Anna Sanchez Simak; Sulma Hernandez Alfaro. (tj) (Entered: 12/04/2019) |
| 12/05/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/5/2019. Evidence entered, and Bench Trial continued to12/6/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Sulma Hernandez Alfaro (continued); Wilmer Garcia Ramirez; Deposition of Jose Munguia; Anthony Enriquez; Deposition of Linda M. Hyde. (Court Reporter: Jeff Hook (AM) / Cathryn Jones (PM).) (tj) (Entered: 12/05/2019) |
| 12/06/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/6/2019. Evidence entered, and Bench Trial continued to 12/9/2019 at 10:00 AM in Courtroom 5 - 2nd Floor before Judge Rudolph Contreras in the AM only. The court will return to courtroom 14 - 4th after completion of video testimony. Witnesses: Andrea Saenz; Deposition testimony: Linda Hyde; Edwin Barnes; Geoffrey Peeble; (Court Reporter Jeff Hook (AM)/ Cathryn Jones (PM).) (tj) (Entered: 12/06/2019) |
| 12/09/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumes and held on 12/9/2019. Evidence entered and Bench Trial continued to 12/10/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Lucy Castineda; Diana Tafur (Video Tape Deposition); Lisa Lehner; Sean Reardon (Deposition Transcript) (Court Reporter: Jeff Hook (AM) / Cathryn Jones (PM).) (tj) (Entered: 12/09/2019) |
| 12/10/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/10/2019. Evidence entered, and Bench Trial continued to 12/11/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Sean Reardon (Deposition Testimony continued); Danielle Escontrias; Victor Galvez (Deposition Testimony); Lisa Horton. (Court Reporter Jeff Hook (AM) / Cathryn Jones.) (tj) (Entered: 12/10/2019) |
| 12/11/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/11/2019. Evidence entered and Bench Trial continued to 12/12/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnessed: Stephen Vanegas (Deposition Transcript); Judge Robert Vinikoor; Dr. Justin Lenzo. (Court Reporter Cathryn Jones (am)/Jeff Hook (pm)) (tj) (Entered: 12/11/2019) |
| 12/12/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/12/2019. Evidence entered, and bench trial continued to 12/13/2019 at 09:30 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Dr. Justin Lenzo (continued from 12/11/19); Lisa Horton (recalled); John Sandweg. (Court Reporter Jeff Hook (AM) / Cathryn Jones (PM).) (tj) (Entered: 12/12/2019) |
| 12/13/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial |

| | | | |
|---|---|---|---|
| | | | resumed and held on 12/13/2019. Evidence entered, and Bench Trial continued to 12/16/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Richard Hormiga (deposition); Dr. Julie Linton; Joseph Gastwirth (Deposition) (Court Reporter Jeff Hook (AM)/ Cathryn Jones (PM).) (tj) (Entered: 12/13/2019) |
| 12/15/2019 | 🔒 | 262 | MEMORANDUM by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Patton, Stephen) (Entered: 12/15/2019) |
| 12/16/2019 | 🔒 | 263 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit (Redacted))(Patton, Stephen) (Entered: 12/16/2019) |
| 12/16/2019 | | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/16/2019. Evidence entered and Bench Trial continued to 12/17/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Lika Black; Andrew Kaskanlian. (Court Reporter: Jeff Hook (AM)/ Cathryn Jones (PM).) (tj) (Entered: 12/16/2019) |
| 12/17/2019 | | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/17/2019. Evidence entered, and bench trial continued to 12/18/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Andrew Kaskanlian (continued from 12/16); Jose Munguia; Stephen Venegas; Robert Mason. (Court Reporter Jeff Hook (AM) / Cathryn Jones (PM)) (tj) (Entered: 12/17/2019) |
| 12/18/2019 | | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/18/2019. Evidence entered and Bench Trial continued to 12/19/2019 at 9:30 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Robert Mason (continued); Linda Hyde. (Court Reporter Jeff Hook (AM)/ Cathryn Jones (PM)) (tj) (Entered: 12/18/2019) |
| 12/19/2019 | | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/19/2019. Evidence entered and Bench Trial continued to 12/20/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Linda Hyde (continued); Qing Pan (Expert) (Court Reporter: Jeff Hook.) (tj) (Entered: 12/19/2019) |
| 12/20/2019 | | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/20/2019. Evidence entered, and Bench Trial continued to 1/13/2020 at 09:30 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Dr. Qing Pan (continued from 12/19/19); Geoffrey Pepple; Oscar Irizarry. (Court Reporter Jeff Hook (AM)/ Cathryn Jones (PM)) (tj) (Entered: 12/20/2019) |
| 12/23/2019 | | 264 | CERTIFICATE OF SERVICE by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO re 263 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) . (Patton, Stephen) (Entered: 12/23/2019) |
| 01/02/2020 | | 265 | RESPONSE re 262 Memorandum *Plaintiffs' memorandum in support of admitting Plaintiffs' Demonstratives Nos. 21A, 22A, 23A, 24A, 25A, 26A, 27A, 28A, 28B, 28C, and 68 pursuant to Federal Rule of Evidence 1006* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, |

| | | |
|---|---|---|
| | | U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Parascandola, Christina) (Entered: 01/02/2020) |
| 01/06/2020 | 266 | REPLY re 265 Response to Document, filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 01/06/2020) |
| 01/09/2020 | | MINUTE ORDER admitting Plaintiffs demonstratives Nos. 21A, 22A, 25A, 26A, 27A, 28A, 28B, 28C, and 68 Pursuant to Fed. R. Evid. 1006. It is hereby ORDERED that these documents are admitted as summaries. The Government has not disputed in its briefing that the demonstratives in question qualify as accurate summaries or charts under Rule 1006, that they reflect the content of a voluminous spreadsheet produced by the Government, and that the spreadsheet is itself admissible. Neither does the government dispute that exhibits initially offered as demonstratives can be properly admitted as summaries. The Government appears to be correct in saying that these demonstratives were produced approximately two weeks after the deadline for evidentiary exhibits and that they were updated during the trial. However, to the extent that the exhibits were untimely submitted, the Court can extend that deadline for the purpose of admitting these exhibits. This is equitable because the Government also supplemented its own exhibits after the deadline, ECF No. 259 , and, more importantly, because the Government updated its production of some of the data underlying these demonstrative exhibits during the second week of trial. There is no evidence that the Government was prejudiced by any delay, as it had access to earlier, largely identical versions of the same exhibits. Although the Government argues that it may have somehow changed its cross-examination at trial depending on whether the exhibits were only demonstratives rather than substantive, nowhere does it explain how this would be so and the Court cannot surmise what such a change would entail. SO ORDERED. Signed by Judge Rudolph Contreras on 1/9/2020. (lcrc2) (Entered: 01/09/2020) |
| 01/13/2020 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 1/13/2020. Evidence entered, and Bench Trial continued to 1/14/2020 at 9:30 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Nancy Zinello; Sean Reardon. (Court Reporter Cathryn Jones (AM) / Jeff Hook (PM) (tj) (Entered: 01/13/2020) |
| 01/14/2020 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 1/14/2020. Evidence entered, and bench trial continued to 1/15/2020 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Dawnisha Helland; Rebecca Jones. (Court Reporter Bill Zaremba (A.M.)/ Jeff Hook (P.M.).) (tj) (Entered: 01/14/2020) |
| 01/15/2020 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed on 1/15/2020. Evidence entered, and bench trial concluded. Witness: Melissa Harper. (Court Reporter: Cathryn Jones) Order to follow. (tj) (Entered: 01/15/2020) |
| 01/16/2020 | | MINUTE ORDER clarifying deadlines. It is hereby ORDERED that the following schedule shall govern the parties' post-trial submissions: Plaintiffs and Defendants shall both file proposed findings of fact and conclusions of law, along with separate briefing on remedies, on or before February 18, 2020. The parties shall respond to one another's filings on or before March, 10, 2020. SO ORDERED. Signed by Judge Rudolph Contreras on 1/16/2020. (lcrc2) (Entered: 01/16/2020) |
| 01/17/2020 | | Set/Reset Deadlines: Proposed Findings of Fact due by 2/18/2020. Responses due by 3/10/2020 (tj) (Entered: 01/17/2020) |
| 02/18/2020 | 267 | MEMORANDUM by DEPARTMENT OF HOMELAND SECURITY, THOMAS |

| | | |
|---|---|---|
| | | HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Appendix A-statutes, # 2 Appendix B-regulations, # 3 Appendix C-executive orders, # 4 Affidavit Declaration)(Kisor, Colin) (Entered: 02/18/2020) |
| 02/18/2020 | 268 | Proposed Findings of Fact by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Alsterberg, Cara) (Main Document 268 replaced on 2/20/2020) (ztj). (Entered: 02/18/2020) |
| 02/18/2020 | 269 | MOTION for Leave to File Excess Pages by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 02/18/2020) |
| 02/18/2020 | 🔒 270 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A - Plaintiffs' Proposed Findings of Fact and Conclusions of Law Concerning Liability, # 2 Exhibit B - Plaintiffs' Proposed Findings of Fact and Conclusions of Law Concerning Remedies)(Patton, Stephen) (Entered: 02/18/2020) |
| 02/18/2020 | 271 | Proposed Findings of Fact by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 02/18/2020) |
| 02/18/2020 | 272 | Proposed Findings of Fact by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 02/18/2020) |
| 02/18/2020 | 273 | MEMORANDUM by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 02/18/2020) |
| 02/19/2020 | 274 | MOTION to Clarify re Order,,,,,, *re Minute Order dated January 9, 2020* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 02/19/2020) |
| 02/19/2020 | | MINUTE ORDER granting 274 Motion to Clarify. It is hereby ORDERED that Plaintiffs' demonstratives No. 23A and 24A are admitted as summaries pursuant to Rule 1006, for the same reasons given in the Court's Minute Order of January 9, 2020, which admitted Plaintiffs' other demonstratives as summaries. SO ORDERED. Signed by Judge Rudolph Contreras on 2/19/2020. (lcrc2) (Entered: 02/19/2020) |
| 02/19/2020 | | MINUTE SCHEDULING ORDER and ORDER granting 274 Motion for Leave to File Excess Pages. It is not entirely clear to the Court that the page limit requirements in LCvR 7(e) apply to proposed findings of fact and conclusions of law, because that rule only mentions a memorandum of points and authorities filed in connection with a motion. Nonetheless, the Motion for Leave to File Excess Pages is hereby GRANTED. It is FURTHER ORDERED that the parties' shall have forty-five days to respond to one another's proposed findings of fact and conclusions of law. The parties' responses shall be filed on or before April 3, 2020. SO ORDERED. Signed by Judge Rudolph Contreras on 2/19/2020. (lcrc2) (Entered: 02/19/2020) |
| 02/19/2020 | 275 | NOTICE *of Filing attaching demonstrative exhibits* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Lenzo Demonstrative Exhibits, # 2 Vinikoor Demonstrative Exhibits, # 3 Sandweg Demonstrative Exhibits, # 4 Linton Demonstrative Exhibits)(Goettel, Katherine) (Entered: 02/19/2020) |

| 02/20/2020 | 🔒 276 | SEALED DOCUMENT filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT(This document is SEALED and only available to authorized persons.)(Alsterberg, Cara) (Entered: 02/20/2020) |
|---|---|---|
| 02/20/2020 | 277 | Unopposed MOTION to Strike 268 Proposed Findings of Fact *and Leave to File Under Seal* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Redacted Findings of Fact and Conclusions of Law, # 2 Text of Proposed Order)(Alsterberg, Cara). Added MOTION for Leave to File on 2/20/2020 (ztth). (Entered: 02/20/2020) |
| 02/20/2020 | | MINUTE ORDER granting 277 Motion to Strike. It is further ORDERED that 268 Defendants Proposed Findings of Fact & Conclusions of Law shall be replaced with a redacted version found in [277-1]. (So Ordered Judge Rudolph Contreras on 2/20/2020). (tj) (Entered: 02/20/2020) |
| 02/24/2020 | 278 | NOTICE *Joint Notice of the Parties' Understanding of the Time in Which to Respond to One Another's Briefing Regarding Remedies* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re Order on Motion for Leave to File Excess Pages,, (Parascandola, Christina) (Entered: 02/24/2020) |
| 02/24/2020 | | MINUTE ORDER: The parties are correct in their understanding of the briefing schedule in this case, as reflected in 278 the Parties' Joint Notice. SO ORDERED. Signed by Judge Rudolph Contreras on 2/24/2020. (lcrc2) (Entered: 02/24/2020) |
| 03/03/2020 | | Set/Reset Deadlines: Responses due by 4/3/2020 (tj) (Entered: 03/03/2020) |
| 03/30/2020 | 279 | Unopposed MOTION for Extension of Time to File Response/Reply *findings of fact and remedies brief* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order)(Kisor, Colin) (Entered: 03/30/2020) |
| 03/30/2020 | | MINUTE ORDER granting 279 Defendants' Unopposed Motion for a 14-Day Extension of Time. It is hereby ORDERED that both parties shall have up to and including April 17, 2020 to respond to one another's proposed findings of fact and conclusions of law concerning both liability and remedies and to one another's memoranda concerning remedies. SO ORDERED. Signed by Judge Rudolph Contreras on 3/30/2020. (lcrc2) (Entered: 03/30/2020) |
| 03/30/2020 | | Set/Reset Deadlines: Responses due by 4/17/2020. (tj) (Entered: 03/30/2020) |
| 04/09/2020 | 🔒 280 | TRANSCRIPT OF BENCH TRIAL - DAY 1 - MORNING SESSION before Judge Rudolph Contreras held on December 2, 2019. Page Numbers: 1 - 126. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from th e court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be |

| | | | |
|---|---|---|---|
| | 🔒 | | made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | 281 | TRANSCRIPT OF BENCH TRIAL - DAY 1 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 2, 2019. Page Numbers: 127 - 246. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchase d from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | 282 | TRANSCRIPT OF BENCH TRIAL - DAY 2 - MORNING SESSION before Judge Rudolph Contreras held on December 3, 2019. Page Numbers: 247 - 364. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | 283 | TRANSCRIPT OF BENCH TRIAL - DAY 2 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 3, 2019. Page Numbers: 365 - 498. |

| | | | |
|---|---|---|---|
| | | | Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchase d from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 |  | 284 | TRANSCRIPT OF BENCH TRIAL - DAY 3 - MORNING SESSION before Judge Rudolph Contreras held on December 4, 2019. Page Numbers: 499 - 626. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | | 285 | TRANSCRIPT OF BENCH TRIAL - DAY 3 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 4, 2019. Page Numbers: 627 - 712. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchase d from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. |

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020)

| | | | |
|---|---|---|---|
| 04/09/2020 | 🔒 | 286 | TRANSCRIPT OF BENCH TRIAL - DAY 4 - MORNING SESSION before Judge Rudolph Contreras held on December 5, 2019. Page Numbers: 713 - 824. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the [Transcript Order Form](#)

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | 287 | TRANSCRIPT OF BENCH TRIAL - DAY 4 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 5, 2019. Page Numbers: 825 - 954. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the [Transcript Order Form](#)

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchase d from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) |

| 04/09/2020 | 🔒 288 | TRANSCRIPT OF BENCH TRIAL - DAY 5 - MORNING SESSION before Judge Rudolph Contreras held on December 6, 2019. Page Numbers: 955 - 1101. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased fro m the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |
| | | Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 289 | TRANSCRIPT OF BENCH TRIAL - DAY 5 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 6, 2019. Page Numbers: 1102 - 1231. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form |
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purcha sed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |
| | | Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 290 | TRANSCRIPT OF BENCH TRIAL - DAY 6 - MORNING SESSION before Judge Rudolph Contreras held on December 9, 2019. Page Numbers: 1232 - 1277. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form |
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased fr om the court reporter referenced |

| | | | |
|---|---|---|---|
| | | | above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | 291 | TRANSCRIPT OF BENCH TRIAL - DAY 6 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 9, 2019. Page Numbers: 1278 - 1400. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purcha sed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | 292 | TRANSCRIPT OF BENCH TRIAL - DAY 7 - MORNING SESSION before Judge Rudolph Contreras held on December 10, 2019. Page Numbers: 1401 - 1541. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased f rom the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The |

| | | | |
|---|---|---|---|
| | | | policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | 293 | TRANSCRIPT OF BENCH TRIAL - DAY 7 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 10, 2019. Page Numbers: 1542 - 1695. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purcha sed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | 294 | TRANSCRIPT OF BENCH TRIAL - DAY 8 - MORNING SESSION before Judge Rudolph Contreras held on December 11, 2019. Page Numbers: 1696 - 1834. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchas ed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | 295 | TRANSCRIPT OF BENCH TRIAL - DAY 8 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 11, 2019. Page Numbers: 1835 - 1992. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone |

| | | | |
|---|---|---|---|
| | | | number: 202-354-3373. Transcripts may be ordered by submitting the [Transcript Order Form](#)<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | [296](#) | TRANSCRIPT OF BENCH TRIAL - DAY 9 - MORNING SESSION before Judge Rudolph Contreras held on December 12, 2019. Page Numbers: 1993 - 2123. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the [Transcript Order Form](#)<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased f rom the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | [297](#) | TRANSCRIPT OF BENCH TRIAL - DAY 9 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 12, 2019. Page Numbers: 2124 - 2289. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the [Transcript Order Form](#)<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purcha sed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. |

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020)

| 04/09/2020 | 🔒 298 | TRANSCRIPT OF BENCH TRIAL - DAY 10 - MORNING SESSION before Judge Rudolph Contreras held on December 13, 2019. Page Numbers: 2290 - 2442. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form |
|---|---|---|

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020)

| 04/09/2020 | 🔒 299 | TRANSCRIPT OF BENCH TRIAL - DAY 10 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 13, 2019. Page Numbers: 2443 - 2473. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form |
|---|---|---|

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purc hased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff)

| | | | |
|---|---|---|---|
| | | | (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | [300](#) | TRANSCRIPT OF BENCH TRIAL - DAY 11 - MORNING SESSION before Judge Rudolph Contreras held on December 16, 2019. Page Numbers: 2474 - 2577. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the [Transcript Order Form](#)<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased f rom the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | [301](#) | TRANSCRIPT OF BENCH TRIAL - DAY 11 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 16, 2019. Page Numbers: 2578 - 2733. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the [Transcript Order Form](#)<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purc hased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | [302](#) | TRANSCRIPT OF BENCH TRIAL - DAY 12 - MORNING SESSION before Judge Rudolph Contreras held on December 17, 2019. Page Numbers: 2734 - 2854. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the [Transcript Order Form](#)<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased f rom the court reporter referenced |

| | | | |
|---|---|---|---|
| | | | above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | [303](#) | TRANSCRIPT OF BENCH TRIAL - DAY 12 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 17, 2019. Page Numbers: 2855 - 3006. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the [Transcript Order Form](#)<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purc hased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | [304](#) | TRANSCRIPT OF BENCH TRIAL - DAY 13 - MORNING SESSION before Judge Rudolph Contreras held on December 18, 2019. Page Numbers: 3007 - 3127. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the [Transcript Order Form](#)<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The |

| | | | |
|---|---|---|---|
| | | | policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | [305](#) | TRANSCRIPT OF BENCH TRIAL - DAY 13 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 18, 2019. Page Numbers: 3128 - 3278. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purc hased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | [306](#) | TRANSCRIPT OF BENCH TRIAL - DAY 14 - MORNING & AFTERNOON SESSIONS before Judge Rudolph Contreras held on December 19, 2019. Page Numbers: 3279 - 3554. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | [307](#) | TRANSCRIPT OF BENCH TRIAL - DAY 15 - MORNING SESSION before Judge Rudolph Contreras held on December 20, 2019. Page Numbers: 3555 - 3661. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone |

number: 202-354-3373. Transcripts may be ordered by submitting the **Transcript Order Form**

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020)

| 04/09/2020 | 🔒 308 | TRANSCRIPT OF BENCH TRIAL - DAY 15 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 20, 2019. Page Numbers: 3662 - 3766. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the **Transcript Order Form**<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purc hased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 309 | TRANSCRIPT OF BENCH TRIAL - DAY 16 - MORNING SESSION before Judge Rudolph Contreras held on January 13, 2020. Page Numbers: 3767 - 3890. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the **Transcript Order Form**<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchas ed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. |

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020)

| 04/09/2020 | 🔒 310 | TRANSCRIPT OF BENCH TRIAL - DAY 16 - AFTERNOON SESSION before Judge Rudolph Contreras held on January 13, 2020. Page Numbers: 3891 - 3994. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 311 | TRANSCRIPT OF BENCH TRIAL - DAY 17 - MORNING SESSION before Judge Rudolph Contreras held on January 14, 2020. Page Numbers: 3995 - 4158. Date of Issuance: April 9, 2020. Court Reporter: William Zaremba. Telephone number: 202-354-3249. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purch ased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) |

| | | | (Entered: 04/09/2020) |
|---|---|---|---|
| 04/09/2020 | 🔒 | 312 | TRANSCRIPT OF BENCH TRIAL - DAY 17 - AFTERNOON SESSION before Judge Rudolph Contreras held on January 14, 2020. Page Numbers: 4159 - 4301. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 🔒 | 313 | TRANSCRIPT OF BENCH TRIAL - DAY 18 - MORNING SESSION before Judge Rudolph Contreras held on January 15, 2020. Page Numbers: 4302 - 4404. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchas ed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/15/2020 | | 314 | MOTION for Extension of Time to File Response/Reply *to Plaintiffs' Proposed Findings of Fact and Conclusions of Law Concerning Liability, ECF No. 271, and Remedies, ECF No. 272, and to Plaintiffs' Memorandum Concerning Remedies, ECF No. 273* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order)(Parascandola, Christina) (Entered: 04/15/2020) |

| 04/17/2020 | | 315 | RESPONSE re 314 MOTION for Extension of Time to File Response/Reply *to Plaintiffs' Proposed Findings of Fact and Conclusions of Law Concerning Liability, ECF No. 271, and Remedies, ECF No. 272, and to Plaintiffs' Memorandum Concerning Remedies, ECF No. filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 04/17/2020)* |
|---|---|---|---|
| 04/17/2020 | 🔒 | 316 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Plaintiffs' Response to Defendants' Findings of Fact and Conclusions of Law)(Patton, Stephen) (Entered: 04/17/2020) |
| 04/17/2020 | | 317 | RESPONSE re 268 Proposed Findings of Fact *and Conclusions of Law* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Appendix A)(Patton, Stephen) (Entered: 04/17/2020) |
| 04/17/2020 | | 318 | RESPONSE re 267 Memorandum, *regarding Proposed Remedies* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 04/17/2020) |
| 04/17/2020 | | 319 | REPLY re 273 Memorandum *Regarding Proposed Remedies* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Alsterberg, Cara) (Entered: 04/17/2020) |
| 04/17/2020 | 🔒 | 320 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Statement of Facts regarding Defendants' Responses to Plaintiffs' Proposed Findings of Fact Concerning Liability, # 2 Statement of Facts regarding Defendants' Responses to Plaintiffs' Proposed Findings of Fact Concerning Remedies)(Alsterberg, Cara) (Entered: 04/17/2020) |
| 04/18/2020 | | 321 | RESPONSE re 271 Proposed Findings of Fact *Concerning Liability* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Alsterberg, Cara) (Entered: 04/18/2020) |
| 04/18/2020 | | 322 | RESPONSE re 272 Proposed Findings of Fact *Concerning Remedy* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Alsterberg, Cara) (Entered: 04/18/2020) |
| 04/18/2020 | | | VACATED AS PER MINUTE ORDER DATED 4/21/2020.........MINUTE ORDER denying as moot 314 Motion for Extension of Time to File Response/Reply. The Government's Response having been filed yesterday evening, the Motion is DENIED AS MOOT. SO ORDERED. Signed by Judge Rudolph Contreras on 4/18/2020. (lcrc2) (Entered: 04/18/2020) |
| 04/20/2020 | | 323 | SUPPLEMENT re 271 and 272 Proposed Findings of Fact by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) Modified event title and links on 4/21/2020 (znmw). (Entered: 04/20/2020) |
| 04/21/2020 | | | MINUTE ORDER: VACATING Minute Order issued on 4/18/2020, and granting in part and denying as moot in part 314 Motion for Extension of Time to File |

| | | |
|---|---|---|
| | | Response/Reply. The Court's Minute order denying the Motion for Extension of Time as moot in its entirety is hereby VACATED. The Motion for Extension of Time is GRANTED IN PART with respect to Defendants Responses to Sections II.C and II.D. of 271 Plaintiffs' Proposed Findings of Fact and Conclusions of Law Concerning Liability, and Defendants' 323 Addendum to Defendants' Responses is deemed timely filed on April 20, 2020 because Plaintiffs did not oppose a limited extension of time to that date. In all other respects the Motion for Extension of Time is denied as moot. SO ORDERED. Signed by Judge Rudolph Contreras on 4/21/2020. (lcrc2) (Entered: 04/21/2020) |
| 04/23/2020 | 324 | NOTICE *OF CORRECTION TO PLAINTIFFS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW CONCERNING LIABILITY* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO re 271 Proposed Findings of Fact (Patton, Stephen) (Entered: 04/23/2020) |
| 04/30/2020 | 325 | Consent MOTION for Extension of Time re transcript 291 , 281 , 307 , 305 , 313 , 292 , 287 , 308 , 290 , 285 , 299 , 312 , 310 , 283 , 304 , 300 , 302 , 311 , 298 , 303 , 301 , 296 , 289 , 282 , 295 , 297 , 309 , 284 , 286 , 280 , 288 , 294 , 293 , 306 by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 04/30/2020) |
| 04/30/2020 | | MINUTE ORDER granting 325 Motion for Extension of Time. It is hereby ORDERED that the parties shall have up to and including May 7, 2020 to file Trial Transcript Redaction Requests. SO ORDERED. Signed by Judge Rudolph Contreras on 4/30/2020. (lcrc2) (Entered: 04/30/2020) |
| 05/01/2020 | | Set/Reset Deadlines: Trial transcript requests due by 5/7/2020. (tj) (Entered: 05/01/2020) |
| 05/07/2020 | 🔒 326 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Trout Perez, Tia) (Entered: 05/07/2020) |
| 05/07/2020 | 327 | MOTION to Redact re: Transcript 291 , 308 , 290 , 285 , 310 , 302 , 301 , 289 , 295 , 286 , 294 , 306 by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Text of Proposed Order)(Trout Perez, Tia) (Entered: 05/07/2020) |
| 05/07/2020 | 🔒 328 | Transcript Redaction Request re Transcript 291 , 303 , 301 , 296 , 289 , 281 , 307 , 305 , 295 , 292 , 287 , 308 , 309 , 284 , 286 , 290 , 288 , 285 , 312 , 310 , 294 , 293 , 304 , 300 , 302 , 298 , 306 by attorney Tia T. Trout Perez. (Trout Perez, Tia) (Entered: 05/07/2020) |
| 05/08/2020 | | MINUTE ORDER granting 326 Sealed Motion for Leave to File Document Under Seal. Upon consideration of Plaintiffs' Motion it is hereby ORDERED that Plaintiffs may file their document under seal. SO ORDERED. Signed by Judge Rudolph Contreras on 5/8/2020. (lcrc2) (Entered: 05/08/2020) |
| 05/08/2020 | | MINUTE ORDER granting 327 Motion to Redact Transcripts. It is hereby ORDERED that the items identified in Plaintiffs' motion shall be redacted. The Court directs that the court reporters shall refile the unredacted transcripts associated with the motion to redact under seal and are further directed to make the necessary redactions pursuant to Plaintiffs' motions and to file the redacted transcripts on the docket. SO ORDERED. Signed by Judge Rudolph Contreras on 5/8/2020. (lcrc2) (Entered: 05/08/2020) |
| 05/08/2020 | 🔒 329 | SEALED MOTION filed by WILMER GARCIA RAMIREZ, SULMA |

| | | |
|---|---|---|
| | | HERNANDEZ ALFARO. (This document is SEALED and only available to authorized persons.) (ztth) (Entered: 06/18/2020) |
| 06/22/2020 | | MINUTE ORDER granting 329 Plaintiffs' Sealed Motion to Redact Trial Transcripts. It is hereby ORDERED that the items identified in Plaintiffs' motion shall be redacted. The Court directs that the court reporters shall make the necessary redactions pursuant to Plaintiffs' Motion and shall refile the redacted transcripts on the docket. SO ORDERED. Signed by Judge Rudolph Contreras on 6/22/2020. (lcrc2) (Entered: 06/22/2020) |
| 06/22/2020 | 330 | NOTICE OF SUPPLEMENTAL AUTHORITY by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Exhibit Exhibit A - Rodas Godinez v. ICE, No. 2:20-cv-466 KWR/SMV, 2020 WL 3402059 (D.N.M. June 19, 2020))(Parascandola, Christina) (Entered: 06/22/2020) |
| 06/22/2020 | | MINUTE ORDER. It is hereby ORDERED that the items identified in 328 Plaintiffs' Transcript Redaction Request shall be redacted. The Court directs that the court reporters shall make the necessary redactions pursuant to Plaintiffs' Motion and shall refile the redacted transcripts on the docket. SO ORDERED. Signed by Judge Rudolph Contreras on 6/22/2020. (lcrc2) (Entered: 06/22/2020) |
| 06/26/2020 | 331 | RESPONSE re 330 NOTICE OF SUPPLEMENTAL AUTHORITY, filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 06/26/2020) |
| 06/30/2020 | 332 | RESPONSE re 330 NOTICE OF SUPPLEMENTAL AUTHORITY, *to Plaintiffs' Response to Defendants' Notice of Supplemental Authority* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 06/30/2020) |
| 07/02/2020 | 333 | FINDINGS OF FACT AND CONCLUSIONS OF LAW concerning liability. See document for details. Signed by Judge Rudolph Contreras on 7/2/2020. (lcrc2) (Entered: 07/02/2020) |
| 07/02/2020 | 🔒 | (Court only) Motion(s) terminated: 270 316 320 (tj) (Entered: 07/02/2020) |
| 07/06/2020 | | MINUTE ORDER: It is hereby ORDERED that the parties shall appear before the Court by videoconference for a hearing concerning remedies on July 21, 2020 at 2:00 p.m. Instructions regarding the videoconference will follow via email. SO ORDERED. Signed by Judge Rudolph Contreras on 7/6/2020. (lcrc2) (Entered: 07/06/2020) |
| 07/08/2020 | | Set/Reset Hearings: Telephone Conference set for 7/21/2020 at 02:00 PM in Telephonic/VTC before Judge Rudolph Contreras. (tj) (Entered: 07/08/2020) |
| 07/17/2020 | | MINUTE ORDER granting 263 Sealed Motion for Leave to File Document Under Seal. It is hereby ORDERED that ECF No. 262-4 shall remain under seal. SO ORDERED. Signed by Judge Rudolph Contreras on 7/17/2020. (lcrc2) (Entered: 07/17/2020) |
| 07/21/2020 | | MINUTE ORDER: It is hereby ORDERED that on or before August 4, 2020 the parties shall meet and confer and jointly submit to the Court a proposed method by which the selection and appointment of a Monitor would proceed, should the Court order that one will be appointed. It is FURTHER ORDERED that on or before August 20, 2020, Defendants shall file with the Court and share with Plaintiffs a proposed broadcast message to be distributed from ICE Enforcement & |

| | | |
|---|---|---|
| | | Removal Operations to all ICE field offices instructing field officers that the Risk Classification Assessment tool never recommends release, that it should not be run as part of an age-out custody determination, and that its recommendations should only be considered in custody level determinations not decisions concerning whether to detain or release. It is FURTHER ORDERED that on or before September 21, 2020, Defendants shall file with the Court and share with Plaintiffs (a) proposed revisions to the Age-Out Review Worksheet; (b) proposed new and revised training materials for ICE field officers concerning age-out custody determinations; and (c) a list of materials and/or reports that Defendants would propose the Government would make available to Plaintiffs' counsel and to any Monitor that the Court might appoint. SO ORDERED. Signed by Judge Rudolph Contreras on 7/21/2020. (lcrc2) (Entered: 07/21/2020) |
| 07/21/2020 | | Minute Entr for proceedings held before Judge Rudolph Contreras: Video Conference held on 7/21/2020. Parties inform the court of the status of this action, and order to be issued by the court. (Court Reporter: Sara Wick.) (tj) (Entered: 07/21/2020) |
| 07/21/2020 | | Set/Reset Deadlines: Meet & Confer Statement due by 8/4/2020. proposed broadcast message due by 8/20/2020. (tj) (Entered: 07/21/2020) |
| 08/04/2020 | 334 | Joint STATUS REPORT *regarding selection of a monitor* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Goetzel, Katherine) (Entered: 08/04/2020) |
| 08/14/2020 | 335 | NOTICE *of Proposed Broadcast Message and Acknowledgement Form* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re Order,,,,, (Attachments: # 1 Attachment 1, Draft Broadcast Message, # 2 Attachment 2, Draft Acknowledgement Form)(Alsterberg, Cara) (Entered: 08/14/2020) |
| 08/17/2020 | | MINUTE ORDER: It is hereby ORDERED that the draft broadcast message attached to 335 Defendants Notice of Proposed Broadcast Message is hereby APPROVED. It is FURTHER ORDERED that Defendants shall distribute the broadcast message from ICE ERO to all ICE field offices on or before August 21, 2020. SO ORDERED. Signed by Judge Rudolph Contreras on 8/17/2020. (lcrc2) (Entered: 08/17/2020) |
| 08/18/2020 | | Set/Reset Deadlines: Distribution of Broadcast message due by 8/21/2020. (tj) (Entered: 08/18/2020) |
| 08/21/2020 | 336 | NOTICE *of Compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re Order, (Alsterberg, Cara) (Entered: 08/21/2020) |
| 09/04/2020 | 337 | MOTION to issue interim guidance by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Exhibit 1, Draft Interim Guidance, # 2 Text of Proposed Order)(Alsterberg, Cara) (Entered: 09/04/2020) |
| 09/15/2020 | 🔒 338 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit D, # 2 Exhibit E, # 3 Exhibit F, # 4 Exhibit G, # 5 Exhibit H, # 6 Exhibit |

| | | I, # [7](#) Exhibit J, # [8](#) Exhibit K, # [9](#) Text of Proposed Order)(Patton, Stephen) (Entered: 09/15/2020) |
|---|---|---|
| 09/15/2020 | [339](#) | Memorandum in opposition to re [337](#) MOTION to issue interim guidance *and in support of plaintiffs' proposed interim guidance* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Text of Proposed Order)(Patton, Stephen) (Entered: 09/15/2020) |
| 09/21/2020 | [340](#) | COMPLIANCE MEMORANDUM re Order, by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # [1](#) Exhibit 1, Updated Age-Out PowerPoint, # [2](#) Exhibit 2, Revised AORW, # [3](#) Exhibit 3, ATD and Bond Basics for FOJCs, # [4](#) Exhibit 4, Custody Determination Chart, # [5](#) Text of Proposed Order)(Alsterberg, Cara) (Entered: 09/21/2020) |
| 09/22/2020 | [341](#) | RESPONSE re [340](#) *and Correction to Defendants' "Compliance Memorandum"* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) Modified to add link on 9/24/2020 (znmw). (Entered: 09/22/2020) |
| 09/22/2020 | [342](#) | REPLY to opposition to motion re [337](#) MOTION to issue interim guidance filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # [1](#) Exhibit 1, August 19, 2020 E-mail Correspondence, # [2](#) Exhibit 2, September 11, 2020 E-mail Correspondence) (Alsterberg, Cara) (Entered: 09/22/2020) |
| 09/30/2020 | | MINUTE ORDER: Upon consideration of [340](#) Defendants' Compliance Memorandum and [341](#) Plaintiffs' response thereto, the parties shall abide by the following schedule: Plaintiffs shall have until October 21, 2020, to review and propose revisions to Defendants' draft, updated training materials, and Age-Out Review Worksheet; The parties shall meet and confer for a period of 15 business days concerning plaintiffs' proposed revisions in an attempt to, if possible, reach agreement (the parties may jointly request an extension of this three week period); If the parties are unable to reach agreement in whole or in part after the above-referenced consultation period (or extended consultation period), no later than two weeks after such expiration date, defendants shall submit their brief supporting their position on the disputed issues and plaintiffs shall submit their response one week thereafter. The Court will hold a videoconference hearing as soon thereafter as practical. SO ORDERED. Signed by Judge Rudolph Contreras on 9/30/2020. (lcrc2) (Entered: 09/30/2020) |
| 10/21/2020 | [343](#) | NOTICE *OF COMPLIANCE* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 10/21/2020) |
| 11/12/2020 | [344](#) | Joint MOTION for Extension of Time to *Meet and Confer* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 11/12/2020) |
| 11/12/2020 | | MINUTE ORDER: granting [344](#) Joint Motion for Extension of Time to Meet and Confer. It is hereby ORDERED that the parties shall have up to and including November 19, 2020 to meet and confer concerning Plaintiffs' proposed revisions to Defendants' drafting training materials and Age-Out Worksheet. It is FURTHER ORDERED Defendants shall submit their statement of position on any unresolved issues on or before December 3, 2020, and Plaintiffs shall submit their statement of position on any unresolved issues on or before December 10, 2020. SO |

| | | |
|---|---|---|
| | | ORDERED. Signed by Judge Rudolph Contreras on 11/12/2020. (lcrc2) (Entered: 11/12/2020) |
| 11/12/2020 | | Set/Reset Deadlines: Meet & Confer Statement due by 11/19/2020. Statement due by 12/3/2020. (tj) (Entered: 11/12/2020) |
| 11/19/2020 | 345 | Joint STATUS REPORT *CONCERNING THE RESULTS OF THE PARTIES EFFORTS TO AGREE UPON REVISED TRAINING MATERIALS AND AN AGE OUT REVIEW WORKSHEET* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Patton, Stephen) (Entered: 11/19/2020) |
| 11/23/2020 | 346 | NOTICE *of Correction to Exhibit A* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO re 345 Status Report, (Attachments: # 1 Exhibit A) (Patton, Stephen) (Entered: 11/23/2020) |
| 12/03/2020 | 347 | RESPONSE TO ORDER OF THE COURT re Order on Motion for Extension of Time to,, *Defendants' statement of position on any unresolved issues* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Alsterberg, Cara) (Entered: 12/03/2020) |
| 12/08/2020 | 348 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. Attorney Patrick T. Haney terminated. (Haney, Patrick) (Entered: 12/08/2020) |
| 12/08/2020 | 349 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. Attorney Barack Echols terminated. (Echols, Barack) (Entered: 12/08/2020) |
| 12/08/2020 | 350 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. Attorney Jonathan Fombonne terminated. (Fombonne, Jonathan) (Entered: 12/08/2020) |
| 12/10/2020 | 351 | RESPONSE re 347 Response to Order of the Court, *Plaintiffs' Submission Concerning Unresolved Issues with Respect to ICE's "Age-Out Review Worksheet"* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Patton, Stephen) (Entered: 12/10/2020) |
| 12/11/2020 | | MINUTE ORDER: It is hereby ORDERED that the parties shall appear before the Court by telephone for a status conference on December 16, 2020 at 11:00 am. SO ORDERED. Signed by Judge Rudolph Contreras on 12/11/2020. (lcrc2) (Entered: 12/11/2020) |
| 12/16/2020 | 352 | ORDER REFERRING CASE to Magistrate Judge Harvey for mediation. See document for details. Signed by Judge Rudolph Contreras on 12/16/2020. (lcrc2) (Entered: 12/16/2020) |
| 12/16/2020 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephonic Status Conference held on 12/16/2020. For the reasons stated on the record, the parties shall meet and confer. Case to be referred to Magistrate Judge G. Michael Harvey for mediation. (Court Reporter: Elizabeth Saint Loth.) (kt) (Entered: 12/16/2020) |
| 12/16/2020 | | CASE DIRECTLY REFERRED to Magistrate Judge G. Michael Harvey for mediation. (zsb) (Entered: 12/16/2020) |
| 12/16/2020 | 353 | MEDIATION STANDING ORDER. See Order for details. Settlement Conference |

| | | | |
|---|---|---|---|
| | | | set for 2/2/2021 at 10:00 AM in Telephonic/VTC before Magistrate Judge G. Michael Harvey. Signed by Magistrate Judge G. Michael Harvey on 12/16/20. (MFB) (Entered: 12/16/2020) |
| 12/22/2020 | | 354 | TRANSCRIPT OF PROCEEDINGS, before Judge Rudolph Contreras, held on 12-16-2020. Page Numbers: 1 - 14. Date of Issuance: 12-22-2020. Court Reporter: Elizabeth SaintLoth, Telephone number: 202-354-3242. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above . After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/12/2021. Redacted Transcript Deadline set for 1/22/2021. Release of Transcript Restriction set for 3/22/2021.(Saint-Loth, Elizabeth) (Entered: 12/22/2020) |
| 01/22/2021 | | 355 | Joint STATUS REPORT *AND REQUEST FOR RULINGS ON UNRESOLVED ISSUES* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 01/22/2021) |
| 01/22/2021 | | 357 | MOTION for Order by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (See Docket Entry 355 to view document) (ztth) (Entered: 01/28/2021) |
| 01/27/2021 | | 356 | NOTICE of Appearance- Pro Bono by Mark Fleming on behalf of All Plaintiffs (Fleming, Mark) (Entered: 01/27/2021) |
| 02/02/2021 | | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Settlement Conference held on 2/2/2021. (MFB) (Entered: 02/03/2021) |
| 02/10/2021 | | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephone Conference with Plaintiffs held on 2/10/2021. (MFB) (Entered: 02/10/2021) |
| 02/10/2021 | | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephone Conference with Defendants held on 2/10/2021. (MFB) (Entered: 02/10/2021) |
| 02/22/2021 | | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephone Conference with Defendants held on 2/22/2021. (MFB) (Entered: 02/22/2021) |
| 03/02/2021 | | 358 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. Attorney Britney Ann Lewis terminated. (Lewis, Britney) (Entered: 03/02/2021) |
| 03/11/2021 | | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephone Conference with Defendants held on 3/11/2021. (MFB) (Entered: 03/11/2021) |

| 03/19/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephone Conference held on 3/19/2021. (MFB) (Entered: 03/20/2021) |
|---|---|---|
| 03/31/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Settlement Conference held on 3/31/2021. (MFB) (Entered: 03/31/2021) |
| 04/14/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephone Conference held on 4/14/2021. (MFB) (Entered: 04/16/2021) |
| 04/28/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Settlement Conference held on 4/28/2021. (MFB) (Entered: 04/28/2021) |
| 04/29/2021 | | Set/Reset Hearings: Settlement Conference set for 5/6/2021 at 10:00 AM in Telephonic/VTC before Magistrate Judge G. Michael Harvey. (MFB) (Entered: 04/29/2021) |
| 05/27/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephone Conference held on 5/27/2021. (MFB) (Entered: 05/27/2021) |
| 06/01/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephone Conference held on 6/1/2021. (MFB) (Entered: 06/02/2021) |
| 06/11/2021 | 359 | MOTION for Entry of Final Judgment *and Permanent Injunction* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Text of Proposed Order)(Patton, Stephen). Added MOTION for Permanent Injunction on 6/14/2021 (znmw). (Entered: 06/11/2021) |
| 06/11/2021 | 🔒 360 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1)(Patton, Stephen) (Entered: 06/11/2021) |
| 06/11/2021 | 🔒 | *SEALED* MINUTE ORDER: granting 360 Plaintiffs' Sealed Motion to File Exhibits Under Seal. It is hereby ORDERED that Exhibit 1 (ECF No. 360-1) shall be deemed filed and placed under seal. SO ORDERED. Signed by Judge Rudolph Contreras on 6/11/2021. (lcrc2) (Entered: 06/11/2021) |
| 06/23/2021 | 361 | Unopposed MOTION for Extension of Time to File Response/Reply as to 359 MOTION for Entry of Final Judgment *and Permanent Injunction* MOTION for Permanent Injunction by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Text of Proposed Order) (Alsterberg, Cara) (Entered: 06/23/2021) |
| 06/23/2021 | | MINUTE ORDER: granting 361 Defendants' Unopposed Motion for Extension of Time to File Response to 359 Plaintiffs' Motion for Entry of Final Judgment and Permanent Injunction. It is hereby ORDERED that Defendants' Response is due on or before July 2, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 6/23/2021. (lcrc2) (Entered: 06/23/2021) |
| 06/23/2021 | | Set/Reset Deadlines: Responses due by 7/2/2021. (tj) (Entered: 06/23/2021) |
| 07/01/2021 | 362 | Memorandum in opposition to re 359 MOTION for Entry of Final Judgment *and Permanent Injunction* MOTION for Permanent Injunction filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit A, Defendants' Proposed Final Judgment and Remand, # 2 Exhibit B, Fiscal Year Age-Out Data)(Alsterberg, Cara) (Entered: 07/01/2021) |

| 07/08/2021 | 363 | Unopposed MOTION for Extension of Time to File Response/Reply as to 359 MOTION for Entry of Final Judgment *and Permanent Injunction* MOTION for Permanent Injunction by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 07/08/2021) |
|---|---|---|
| 07/08/2021 | | MINUTE ORDER: granting 363 Plaintiffs' Motion for Extension of Time to File Reply Brief. It is hereby ORDERED that Plaintiffs shall file their Reply in Support of Motion for Entry of Final Judgment and Permanent Injunction on or before July 15, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 7/8/2021. (lcrc2) (Entered: 07/08/2021) |
| 07/09/2021 | 364 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras, held on 07/21/2020. Page Numbers: 1-18. Date of Issuance: 07/09/2021. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 9 0 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 7/30/2021. Redacted Transcript Deadline set for 8/9/2021. Release of Transcript Restriction set for 10/7/2021.(Wick, Sara) (Entered: 07/09/2021) |
| 07/15/2021 | 365 | REPLY to opposition to motion re 359 MOTION for Entry of Final Judgment *and Permanent Injunction* MOTION for Permanent Injunction filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit A)(Patton, Stephen) (Entered: 07/15/2021) |
| 08/24/2021 | 366 | Unopposed MOTION for Leave to File *Supplement to Defendants' Response in Opposition to Plaintiffs' Motion for Entry of Final Judgment and Permanent Injunction*, Unopposed MOTION to Amend/Correct 362 Memorandum in Opposition, *as to the number of Age-Out custody determinations in May 2021, in Exhibit B [362-2]* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Parascandola, Christina) (Entered: 08/24/2021) |
| 08/24/2021 | | MINUTE ORDER: granting 366 Defendants' Unopposed Motion for Leave to File Supplement and Motion to Amend/Correct Opposition. It is hereby ORDERED that Defendants' Supplemental Response to their Opposition to Plaintiffs' Motion for Entry of Final Judgment and Permanent Injunction (ECF Nos. 366-1 & 366-2) shall be DEEMED FILED. SO ORDERED. Signed by Judge Rudolph Contreras on 8/24/2021. (lcrc2) (Entered: 08/24/2021) |
| 09/21/2021 | 367 | MEMORANDUM OPINION AND ORDER granting in part and denying in part 359 Plaintiffs' Motion for Entry of Final Judgment and Permanent Injunction, and Denying as Moot 337 Defendants' Motion to Issue Interim Guidance. See |

| | | document for details. Signed by Judge Rudolph Contreras on 09/21/2021. (lcrc2) (Entered: 09/21/2021) |
|---|---|---|
| 09/21/2021 | 368 | FINAL JUDGMENT AND PERMANENT INJUNCTION. See document for details. Signed by Judge Rudolph Contreras on 09/21/2021. (lcrc2) (Entered: 09/21/2021) |
| 09/24/2021 | 🔒 | (Court only) Motion(s) terminated: (tj) (Entered: 09/24/2021) |
| 09/24/2021 | 🔒 | (Court only) ***Civil Case Terminated. (tj) (Entered: 09/24/2021) |
| 10/06/2021 | 369 | MOTION for Extension of Time to *File a Bill of Costs* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 10/06/2021) |
| 10/06/2021 | | MINUTE ORDER granting 369 Plaintiffs' Agreed Motion for Extension of Time: It is hereby ORDERED that Plaintiffs' bill of costs is due on or before October 21, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 10/06/2021. (lcrc2) (Entered: 10/06/2021) |
| 10/07/2021 | | Set/Reset Deadlines: Plaintiff's bill of cost due on or before 10/21/2021. (zgdf) (Entered: 10/07/2021) |
| 10/18/2021 | 370 | MOTION to Alter Judgment as to 368 Permanent Injunction by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 10/18/2021) |
| 10/21/2021 | 🔒 371 | BILL OF COSTS by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. Objection to Bill of Costs due by 11/7/2021. (Attachments: # 1 Appendix, # 2 Declaration of S. Patton, # 3 Declaration of M. Fleming)(Patton, Stephen) (Entered: 10/21/2021) |
| 10/21/2021 | 372 | ERRATA by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO re 371 Bill of Costs filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Declaration of S. Patton, # 2 Declaration of M. Fleming)(Patton, Stephen) (Entered: 10/21/2021) |
| 10/27/2021 | 373 | RESPONSE re 370 MOTION to Alter Judgment as to 368 Permanent Injunction filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Patton, Stephen) (Entered: 10/27/2021) |
| 11/01/2021 | 374 | NOTICE by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Kisor, Colin) (Entered: 11/01/2021) |
| 11/03/2021 | 375 | REPLY to opposition to motion re 370 MOTION to Alter Judgment as to 368 Permanent Injunction filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 11/03/2021) |
| 11/04/2021 | 376 | RESPONSE re 371 Bill of Costs filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Text of Proposed Order)(Alsterberg, Cara) (Entered: 11/04/2021) |
| 11/10/2021 | 377 | NOTICE *OF PARTIES' AGREEMENT WITH RESPECT TO DEFENDANTS' PAYMENT OF COSTS* by WILMER GARCIA RAMIREZ, SULMA |

| | | HERNANDEZ ALFARO re 371 Bill of Costs, 376 Response to Document (Patton, Stephen) (Entered: 11/10/2021) |
|---|---|---|
| 11/10/2021 | 378 | ORDER Amending Final Judgment. See document for details. Signed by Judge Rudolph Contreras on 11/10/2021. (lcrc2) (Entered: 11/10/2021) |
| 11/11/2021 | 379 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. Attorney Paul L. Quincy terminated. (Quincy, Paul) (Entered: 11/11/2021) |
| 11/19/2021 | 380 | NOTICE *of Compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re 368 Permanent Injunction (Attachments: # 1 Declaration)(Parascandola, Christina) (Entered: 11/19/2021) |
| 11/22/2021 | | MINUTE ORDER: In light of the parties' 377 Notice of Agreement with Respect to Defendant's Payment of Costs, it is hereby ORDERED that Plaintiffs shall submit an amended Bill of Costs reflecting that agreement on or before December 3, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 11/22/2021. (lcrc2) (Entered: 11/22/2021) |
| 12/03/2021 | 381 | BILL OF COSTS by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Appendix, # 2 Declaration of Steve Patton, # 3 Declaration of Mark Fleming)(Patton, Stephen) (Entered: 12/03/2021) |
| 12/07/2021 | 382 | BILL OF COSTS AS TAXED by the Clerk in favor of Plaintiffs Wilmer Garcia Ramirez and Sulma Hernandez Alfaro in the amount of $60,166.79 against Defendants. (ztth) (Entered: 12/07/2021) |
| 12/16/2021 | 🔒 | (Court only) ***Bill of Cost Deadline terminated. (ztth) (Entered: 12/16/2021) |
| 01/07/2022 | 383 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 367 Order on Motion for Miscellaneous Relief,, Order on Motion for Entry of Final Judgment,, Order on Motion for Permanent Injunction, 368 Permanent Injunction, 378 Order on Motion to Alter Judgment by KIRSTJEN M. NIELSEN, THOMAS HOMAN, DEPARTMENT OF HOMELAND SECURITY, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. Fee Status: No Fee Paid. Parties have been notified. (Alsterberg, Cara) (Entered: 01/07/2022) |

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILMER GARCIA RAMIREZ, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 1:18-cv-00508-RC |
| v. | ) |
| | ) |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | ) Class Action |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF APPEAL

Defendants, the U.S. Immigration and Customs Enforcement ("ICE"), U.S. Department of Homeland Security ("DHS"), Tae D. Johnson[1], in his official capacity as Director of ICE, and Alejandro N. Mayorkas[2], in his official capacity as Secretary of DHS, hereby notify their appeal of the permanent injunction order and judgment entered by the Honorable Judge Rudolph Contreras on September 21, 2021, ECF Nos. 367, 368, and as amended on November 10, 2021, ECF No. 378, to the United States Court of Appeals for the District of Columbia Circuit. The permanent injunction order and judgment is an appealable final decision of the district court under 28 U.S.C. § 1291.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Tae D. Johnson is automatically substituted as a party for Thomas Homan.

[2] Likewise, Alejandro N. Mayorkas is automatically substituted as a party for Kirstjen M. Nielsen. Fed. R. Civ. P. 25(d).

DATED:  January 7, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

COLIN A. KISOR
Deputy Director

CHRISTINA PARASCANDOLA
Senior Litigation Counsel

KEVIN C. HIRST
Trial Attorney

*/s/ Cara E. Alsterberg*
CARA E. ALSTERBERG
Trial Attorney
CA Bar No. 319326
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4667
Cara.E.Alsterberg@usdoj.gov

WILMER GARCIA RAMIREZ, *et al.*,  :
                                    :
      Plaintiffs,              :    Civil Action No.:   18-508 (RC)
                                    :
      v.                       :    Re Document No.:   337, 359
                                    :
                                    :
U.S. IMMIGRATION AND CUSTOMS        :
ENFORCEMENT, *et al.*,              :
                                    :
      Defendants.              :

## MEMORANDUM OPINION AND ORDER

### GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION

This case concerns violations of the Administrative Procedure Act ("APA") by the U.S. Immigration and Customs Enforcement ("ICE" or "the agency") in connection with ICE's processing of eighteen-year-olds who came to the United States as unaccompanied alien children ("UACs"). Plaintiffs—immigrant teenagers who entered the United States as UACs—bring this class action against ICE, the Acting Director of ICE, the Department of Homeland Security ("DHS"), and the Secretary of Homeland Security (collectively "Defendants" or "the Government").

Following a three-week trial, the Court issued its Findings of Fact and Conclusions of Law Concerning Liability in this case. *See Ramirez v. U.S. Immigr. & Customs Enf't*, 471 F. Supp. 3d 88 (D.D.C. 2020) ("FF & CL"). The Court found that ICE was liable under the APA for failing to follow procedures made necessary by the Violence Against Women Act Reauthorization of 2013 ("VAWA"), 8 U.S.C. § 1232(c)(2)(B), and for refusing to take actions it was required to take under that statute. *Id.* at 182–91. Plaintiffs have now moved, pursuant to Rule 54 of the Federal Rules of Civil Procedure, for the entry of a Final Judgment and Permanent

Injunction. For the reasons explained below, the Court concludes that limited injunctive relief is appropriate here, in order to ensure that the previously found violations do not continue going forward.

## I. BACKGROUND

The Court assumes familiarity with its prior Findings of Fact and Conclusions of Law and incorporates those findings of fact by reference here. With that in mind, only a brief summary of the dispute at issue is warranted.

When minors lacking immigration status arrive in the United States without parents or other guardians, they are designated UACs and are placed in the custody of the Department of Health and Human Services, Office of Refugee Resettlement ("HHS" and "ORR"). If they are still in custody on their eighteenth birthday, the now-adult immigrants "age out" of HHS and ORR custody and are transferred to ICE custody. Immigrants who undergo this transfer from HHS to ORR are referred to by the parties as "age-outs," and a subset of these age-outs make up the plaintiff class in this case. Section 1232(c)(2)(B) requires that when ICE receives custody of an age-out it "consider placement in the least restrictive setting available after taking into account the alien's danger to self, danger to the community, and risk of flight." 8 U.S.C. § 1232(c)(2)(B). The Court has found Defendants liable for failing to follow the requirements of the statute and found in the Plaintiffs' favor with regard to both counts of their Amended Complaint. In particular, the Court found that Defendants act in a manner that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," in violation of 5 U.S.C. § 706(2), when they fail to make a custody determination that considers placement in the least restrictive setting after taking into account the factors identified in the statute (Count I). FF & CL at 175-91. The Court also found that by this same conduct Defendants "fail[] to take a

2

discrete agency action that [the agency] is required to take," in violation of 5 U.S.C. § 706(1) (Count II). *Id*.

Section 1232(c)(2)(B) reads as follows:

If [an unaccompanied alien child in the custody of the Secretary of HHS] reaches 18 years of age and is transferred to the custody of the Secretary of Homeland Security, the Secretary [of DHS] shall consider placement in the least restrictive setting available after taking into account the alien's danger to self, danger to the community, and risk of flight. Such aliens shall be eligible to participate in alternative to detention programs, utilizing a continuum of alternatives based on the alien's need for supervision, which may include placement of the alien with an individual or an organizational sponsor, or in a supervised group home.

8 U.S.C. § 1232(c)(2)(B). As the Court has explained, considering placement in the least restrictive setting available "necessarily requires making an inquiry aimed at determining what settings are available and which of these is the least restrictive," and the evidence and testimony in this case demonstrated that "ICE officers are consistently failing to take either of these steps." FF & CL at 191.

Their training does not emphasize the proper considerations or decisionmaking processes and, in fact, gives instructions that are contrary to the statute. Field officers are left with nearly unbridled discretion to make age-out custody determinations however they would like, and this discretion is exercised in ways that does not comply with the agency's statutory obligations.

*Id.*

Plaintiffs originally filed this lawsuit on March 5, 2018. Compl., ECF No. 1. They amended their complaint later that same month. Am. Compl., ECF No. 21. The Court went on to grant Plaintiffs' subsequent motion for class certification, allowing Plaintiffs to proceed on behalf of a class defined as:

All former unaccompanied alien children who are detained or will be detained by ICE after being transferred by ORR because they have turned 18 years of age and as to whom ICE did not consider placement in the least restrictive setting available, including alternatives to detention programs, as required by 8 U.S.C. § 1232(c)(2)(B).

3

Mem. Op. Den. Defs.' Mot. Dismiss and Granting Pls.' Mot. for Class Certification. at 56–57 ("MTD and Class Cert. Op."), ECF No. 50. The Court conducted a bench trial over the course of eighteen days between December 2, 2019 and January 15, 2020. Transcript of Bench Trial ("Trial Tr."), ECF Nos. 280–313.[1]

Following the close of trial, each party submitted proposed findings of fact and conclusions of law to the Court. One set of briefing, at the Court's instruction, addressed remedies. Defs.' Proposed Findings of Fact and Conclusions of Law Concerning Remedies[[2]] ("Defs.' Remedies Br."), ECF No. 267; Pls.' Proposed Findings of Fact and Conclusions of Law Concerning Remedies ("Pls.' Remedies Br."), ECF No. 272; Pls.' Mem. Concerning Remedies ("Pls.' Remedies Mem."), ECF No. 273. The parties then filed responses to each other's proposed findings of fact and conclusions of law. Pls.' Resp. to Defs.' Proposed Remedies Mem. ("Pls.' Remedies Resp."), ECF No. 318; Defs.' Reply to Pls.' Mem. Concerning Remedies ("Defs.' Mem. Resp."), ECF No. 319; Defs.' Resps. To Pls.' Proposed Findings of Fact and Conclusions of Law Concerning Remedies ("Defs.' Remedies Resp."), ECF No. 322.

On July 2, 2020, the Court issued its Findings of Fact and Conclusions of Law concerning liability in this case, finding Defendants liable in the ways described above. A number of developments, however, have transpired in the thirteen months since this opinion was issued, and in the eighteen months since the parties submitted their proposed remedies briefing. During this time, at the Court's direction, the Plaintiffs have reviewed and proposed revisions to Defendants' revised training materials and Age-Out Review Worksheet ("AORW"). *See* Nov.

---

[1] The Trial Transcript has been consecutively paginated. Accordingly, the Court will only reference page and line numbers when citing to the transcript, rather than identifying the particular date of the cited testimony or the Electronic Case Filing Number assigned to that portion of the testimony.

[2] The Court has supplied this title because Defendants did not title this document.

4

19, 2020 Joint Status Report, ECF No. 345; Jan. 22, 2021 Joint Status Report, ECF No. 355. The parties also engaged in mediation. *See* Dec. 16, 2020 Order Referring Case to Magistrate Judge for Mediation, ECF No. 352. Plaintiffs have now moved for the entry of a final judgment under Federal Rule of Procedure 54(b) and a permanent injunction, submitting to the Court a proposed Final Judgment and Injunction ("Pls.' Proposed Final J. and Inj."), ECF No. 359-1, which incorporates a number of concessions, including the withdrawal of Plaintiffs' previous request for a Special Master and the use of Defendants' AORW form. *See* Pls.' Mot. for Entry of Final J. and Permanent Inj. ("Pls.' Mot."), ECF No. 359. Defendants, while supporting the issuance of a Final Judgment, oppose Plaintiffs' request for an injunction on the grounds that it would "place[] unnecessary burdens on Defendants and improperly vitiate[] Defendants' discretion." Defs.' Opp'n to Pls.' Proposed Permanent Inj., ("Defs.' Opp'n") at 1, ECF No. 362. Defendants instead request "remand" back to the agency for implementation of the proper remedy, which they have submitted to the Court in the form of a proposed Final Order here. Defs.' Proposed Final J. and Remand, ECF No. 362-1.[3]

## II. LEGAL STANDARD

A party seeking a permanent injunction must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010). Because the government is a party, and "the government's interest is the public

---

[3] Defendants' Motion to Issue Interim Guidance, ECF No. 337, is also still pending. Given that interim guidance is no longer necessary in light of the final guidance issued here, the Court will deny this motion as MOOT.

interest," the last two factors merge.  *Pursuing Am. Greatness v. Fed. Election Comm'n*, 831 F.3d 500, 511 (D.C. Cir. 2016).

### III.  ANALYSIS

Plaintiffs ask the Court to enter a Final Judgment in its favor along with awarding specific injunctive relief.  Pls.' Mot. at 1.  As part of that injunctive relief, Plaintiffs request that they be given advanced notice of, and the right to object to, any new or supplemental ICE policies, practices, and training, that Defendants be required to explain any objections to updates to ICE's nationwide list of organizational sponsors, that the adoption of Defendants' Proposed AORW be limited to a six-month trial period, and that Plaintiffs' counsel be reimbursed for reasonable fees for monitoring Defendants' compliance with this Final Judgment and Injunction. *Id.* at 1-5.  Defendants argue in response that an injunction is both unnecessary, given the lack of any compliance issues to date, as well as legally inappropriate under the APA.  Defs.' Opp'n at 1.  Instead, they urge the Court to "remand" this matter back to ICE for implementation of the proper remedy.  *Id.*  This is a somewhat confusing turn of phrase given that Defendants have proposed their own final order here, in effect already completing the "remand" process.  And while Defendants' proposed order adopts much of the substance of Plaintiffs' proposed injunction, it has certain key differences.  These include limits on the Court's continuing jurisdiction to resolve disputes, and a rejection of both Plaintiffs' proposed six-month trial period for use of Defendants' revised AORW form and their proposed procedures for updating ICE's Nationwide Age-Out Shelter List.  *See* Defs.' Proposed Final J. and Remand; *see also* Defs.' Opp'n*.* at 7, 10-14.  Defendants also reserve the right to make any revisions ICE deems fit to the training materials agreed upon by the parties as well as the Field Office Juvenile Coordinators ("FOJCs") handbook, and limit the role of Plaintiffs' counsel as a monitor to only being able to

enforce compliance with the order, not the overall statute.  Defs.' Proposed Final J. and Remand at 4, 6.  The Court will first address the general availability of injunctive relief in this action, before resolving each of the specific provisions of the proposed relief in dispute.

### A.  Limited Injunctive Relief is Appropriate in This Case

As a starting point, "it goes without saying that federal courts must vigilantly enforce federal law and must not hesitate in awarding necessary relief."  *DL v. District of Columbia*, 860 F.3d 713, 726 (D.C. Cir. 2017) (quoting *Horne v. Flores*, 557 U.S. 433, 450 (2009)).  To this end, the APA explicitly contemplates that injunctive relief may be proper when an APA violation is identified.  5 U.S.C. § 703 (providing that the APA allows "actions for . . . writs of prohibitory or mandatory injunction"); *see also Bowen v. Massachusetts*, 487 U.S. 879, 912 (1988) (detailing how district courts have the power to "hold unlawful and set aside agency action" found to be "not in accordance with law").  And courts use this broad remedial power to issue permanent injunctive relief for APA violations.  *See, e.g., Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs,* 145 F.3d 1399, 1410 (D.C. Cir. 1998) (affirming district court's entry of permanent injunction against the enforcement of a rule promulgated by the Army Corps of Engineers); *Healthy Teen Network v. Azar*, 322 F. Supp. 3d 647, 657 (D. Md. 2018) (ordering specific agency action to bring agency into statutory compliance after agency ignored statutory restrictions on funding decisions); *Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Human Servs*., 328 F. Supp. 3d 1133, 1147–53 (E.D. Wash. 2018) (same, entering permanent injunction where "Plaintiffs establish[ed] actual success on the merits of their APA claims," requiring agency to continue grant agreements); *Doe v. Rumsfeld*, 341 F. Supp. 2d 1, 17–19 (D.D.C. 2004) (permanently enjoining Defense Department's inoculation program after finding APA violation).

97

However, Plaintiffs have requested a detailed injunction mandating certain steps to ensure Defendants' compliance with Section 1232(c)(2)(B).  *See* Pls.' Proposed Final J. and Inj. Structural injunctions of this nature "are typically used as public law remedies for serious and pervasive rights violations," *Lampkin v. District of Columbia*, 886 F. Supp. 56, 62 (D.D.C. 1995), and are considered a "doubly exceptional" form of relief.  *Salazar by Salazar v. District of Columbia,* 896 F.3d 489, 497 (D.C. Cir. 2018) (cleaned up).[4]  This is due to the potential separation of powers issues that arise with these types of injunctions, "when the judicial branch undertakes to restructure the operations of an executive branch of government and to superintend its operations on an ongoing basis*.*"  *Id*.; *see also Brown v. Plata,* 563 U.S. 493, 555 (2011) ("When a judge manages a structural injunction . . . [they] will inevitably be required to make very broad empirical predictions necessarily based in large part upon policy views—the sort of predictions regularly made by legislators and executive officials, but inappropriate for the Third Branch.") (Scalia, J., dissenting); *see also Bell v. Wolfish*, 441 U.S. 520, 562 (1979) (warning that courts should not "become . . . enmeshed in the minutiae" of agency administration).

On the other hand, the D.C. Circuit has also discussed the possibility that injunctive relief of this nature can, in some instances, help advance separation of powers principles.  In *Women's Equity Action League v. Cavazos*, the court asserted that "[i]f, as [plaintiffs] charge, administrative action is legally inadequate under the legislation they invoke, judicial review would serve to promote rather than undermine the separation of powers, for it helps to prevent the executive branch from ignoring congressional directives."  879 F.2d 880, 886 (D.C. Cir.

---

[4] The term "structural injunction" is defined as an "injunction seeking to effect the reform of a social institution."  Owen M. Fiss, *The Civil Rights Injunction* 9 (1978); *see also Lampkin*, 886 F. Supp. at 62 ("The purpose of a structural injunction is to remodel an existing social or political institution to bring it into conformity with constitutional [or statutory] demands; e.g., restructuring a school system to facilitate equal educational opportunities.").

98

1989) (cleaned up).  The court continued on, explaining that "[i]t would be ironic indeed if article III were interpreted to preclude federal courts from compelling regulatory agencies to adhere to the will of Congress by undertaking enforcement action to the degree or of the nature that statutes require."  *Id.* (quoting Cass Sunstein, *Standing and the Privatization of Public Law*, 88 Colum. L. Rev. 1432, 1480 (1988)); *see also Perez v. Boston Hous. Auth.*, 379 Mass. 703, 739 (1980) ("But if it is a function of the judicial branch to provide remedies for violations of law, including violations committed by the executive branch, then an injunction with that intent does not derogate from the [separation-of-powers] principle . . . .").

In light of these policy concerns, the D.C. Circuit has endorsed a "restrained approach" by district courts regarding the issuance of structural injunctions to correct statutory violations. *DL*, 860 F.3d at 730-32 (affirming issuance of injunction to address systemic flaws with District of Columbia's compliance with Individuals with Disabilities Education Act).  Generally, a "court is limited to considering specific claims that [defendants] breached particular statutory . . . duties . . . and to ordering specific relief for those breaches."  *Cobell v. Norton*, 392 F.3d 461, 477 (D.C. Cir. 2004) ("Cobell IV");[5] *see also Milliken v. Bradley*, 433 U.S. 267, 282 (1977) ("[F]ederal-court decrees exceed appropriate limits if they are aimed at eliminating a condition that does not violate [federal law] or does not flow from such a violation…..").  In other words, any injunction must "be grounded in specific findings that [an agency] breached its statutory . . . duties.  *Cobell v. Norton*, 428 F.3d 1070, 1076 (D.C. Cir. 2005) ("Cobell VI").

---

[5] For the sake of convenience, the Court adopts numerical abbreviations when referencing the various *Cobell* opinions.  These abbreviations, based only on the *Cobell* opinions cited in this opinion, differ in part from those previously adopted by the district court and Court of Appeals that authored the opinions at issue.  A fairly comprehensive recounting of these opinions and their corresponding abbreviations can be found at *Cobell v. Norton,* 226 F.R.D. 67, 74 n.4 (D.D.C. 2005), as well as *Cobell v. Kempthorne*, 455 F.3d 301, 302 (D.C. Cir. 2006).

With this background in mind, the Court will first explain why, contrary to Defendants' arguments, limited injunctive relief is appropriate. It will then detail how Plaintiffs have met the prerequisite conditions for injunctive relief and, following that, will address the substance of the injunction and final order to be issued.

### 1. Complete Remand is Not Required Under the APA

Defendants suggest that, rather than issue an injunction, the Court should "remand the proceedings" back to ICE to allow the agency to determine how best to resolve the statutory noncompliance previously identified by this Court. Defs.' Opp'n at 7; *see also* Defs.' Mem. Resp. at 17. Remand is sometimes appropriate relief in an APA case, but it is most useful when an agency retains some discretion with regard to the action it took in violation of the APA. *Am. Hosp. Assoc. v. Azar*, 385 F. Supp. 3d 1, 11 (D.D.C. 2019). When the agency only has one option, an injunction is the proper remedy. *Id.* As this Court has explained, "[i]njunctive relief is typically appropriate when 'there is only one rational course for the [a]gency to follow upon remand.'" *Id.* (quoting *Berge v. United States*, 949 F. Supp. 2d. 36, 43 (D.D.C. 2013) (internal quotation marks omitted)). Here, it is not a matter of "only one rational course" but of only one *lawful* course of action: ICE must make its determinations in accordance with Section 1232(c)(2)(B). Pursuant to the statute, ICE agents are required—not at their discretion— to "consider placement in the least restrictive setting available after taking into account the [age-out]'s danger to self, danger to the community, and risk of flight." 8 U.S.C. § 1232(c)(2)(B).

Defendants take issue with this proposition, arguing that "there are multiple ways Defendants may develop and implement policies, procedures, and tools" for complying with Section 1232(c)(2)(B), meaning "no injunction is necessary or required." Defs.' Opp'n at 7–8.

In essence, Defendants posit that they must be granted the discretion to create and largely self-enforce their own remedy for the widespread statutory violation identified by this Court.

The Court agrees with Defendants, in part. It is ICE, not the Court, who is charged with the "primary responsibility for 'work[ing] out compliance'" with Section 1232(c)(2)(B). *Cobell VI*, 428 F.3d at 1076 (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 67 (2004)); *see also Huff v. Vilsack*, 195 F. Supp. 3d 343, 362 (D.D.C. 2016) (explaining that remand "is generally warranted because courts prefer that agencies apply their expertise to pertinent issues of fact and law in the first instance"). However, this is not a standard APA case concerning a rulemaking or adjudication that occurred within the scope of ICE's expertise, but rather a suit challenging ICE's basic "failure to comply with a statutory obligation on a widespread basis." Nov. 14, 2019 Mem. Op. at 12, ECF No. 251. And as the Court illustrated in the Court's Findings of Fact and Conclusions of Law, the bench trial brought to light disturbing and pervasive lapses in ICE's statutory compliance. *See generally* FF & CL.

While a fairly unique issue, the D.C. Circuit has previously addressed this question on several occasions in the context of the long-running *Cobell* litigation, and the analysis provided is instructive. Originally brought as *Cobell v. Babbitt*, 91 F. Supp. 2d 1 (D.D.C. 1999) ("Cobell I"), *aff'd and remanded sub nom. Cobell v. Norton*, 240 F.3d 1081 (D.C. Cir. 2001) ("Cobell II"), this decade-long class action produced a flurry of opinions. The action was brought under the APA and alleged that the Secretaries of the Interior and Treasury mismanaged Individual Indian Money accounts in violation of both their fiduciary duties and statutory obligations imposed by Congress. *See generally id.* Following the initial bench trial, the district court found significant violations of these duties by the agencies and issued an order "to compel those actions which had been unlawfully withheld or unreasonably delayed." *Cobell II*, 240 F.3d at 1107. The

11

101

specifics of this relief took the form of both a directed remand to the agencies so they could discharge the duties specified by the court, while the court retained jurisdiction to ensure that compliance was actually achieved. *Id.* On appeal, the defendant agencies challenged this finding, arguing (in a similar vein to the arguments raised by Defendants here), "that the [agency], and not the court, would have the authority to determine the nature and scope of" how they must comply with their statutory obligations. *Cobell II*, 240 F.3d at 1102. The Circuit disagreed. It analyzed the underlying statutory language at issue and concluded that it was proper for the district court to order the agency to comply with the explicit dictates of the statute. *Id.* at 1102–04. The court went on to explain that, notwithstanding the fact this case was brought under the APA:

> [T]he district court acted well within its broad equitable powers in ordering specific relief . . . . As this court has concluded in other contexts, 'courts are presumed to possess the full range of remedial powers—legal as well as equitable—unless Congress has expressly restricted their exercise.' *Crocker v. Piedmont Aviation, Inc*., 49 F.3d 735, 749 (D.C. Cir. 1995). This means that the district court has substantial ability to order that relief which is necessary to cure [defendant's] legal transgressions:

*Cobell II*, 240 F.3d at 1108.[6]

The district court would go on to issue two far more comprehensive structural injunctions, in 2003 and again in 2005, seeking to overhaul the Department of Interior programs at issue. *See Cobell v. Norton*, 283 F. Supp. 2d 66, 287–95 (D.D.C. 2003) ("Cobell III"), *Cobell v. Norton*, 357 F. Supp. 2d 298, 302–07 (D.D.C. 2005) ("Cobell V"). While both injunctions would ultimately be vacated by the Circuit, critically, the Court of Appeals never held that such

---

[6] It bears noting that the D.C. Circuit went on, in its discussion of the contours of relief available to the district court, to cite to two Supreme Court decisions that specifically allowed for the issuance of structural injunctions— *Brown II* and *Swann*. *Cobell II*, 240 F.3d at 1108. Such citations would seem to imply that structural injunctive relief remain available in such a case.

relief was categorically beyond the authority of district courts when adjudicating an APA matter. *See Cobell IV*, 392 F.3d at 478 (vacating in part first entry of structural injunction based on limiting language in the 2004 Congressional Appropriations Act); *Cobell VI,* 428 F.3d at 1078–79 (reversing reissuance of injunction following expiration of Congressional Appropriations Act without further hearing). Rather, the D.C. Circuit used these opinions to lay out the rules that govern the award of injunctive relief in cases brought under the APA. The availability of this type of relief would be reaffirmed by later opinions. *Cobell v. Kempthorne*, 455 F.3d 301, 307 (D.C. Cir. 2006) ("Cobell VII") (describing court's "ability to grant relief once a specific breach of an established duty has been found").

This case and its various holdings thus refute Defendants' contention that *any* injunctive relief is beyond the Court's powers simply because this action was brought under the APA. Rather, an injunction can be issued under these circumstances when it is grounded in both (1) an agency's "statutory duties," as well as "specific findings that [the agency] breached those duties." *Cobell VI*, 428 F.3d at 1074. Both of these requirements have been met here, given the Court's previous Findings of Fact and Conclusions of Law, which identified both the procedures required under Section 1232(c)(2)(B) and the myriad ways ICE officers' conduct fell below the statutory minimum. *See, e.g.*, FF & CL at 191 ("Field officers are left with nearly unbridled discretion to make age-out custody determinations however they would like, and this discretion is exercised in ways that does not comply with the agency's statutory obligations.").

This is not to say that the Court can ignore altogether the deferential posture that accompanies this type of action. For when crafting injunctive relief within the APA context, courts "may not prescribe the specific steps the government must take to comply with these obligations unless it has found that government actions (or inactions) breached a legal duty and

that the steps ordered by the court constituted an essential remedy."  *Cobell IV*, 392 F.3d at 476.

But this is quite different than Defendants' assertion that the Court is unable to prescribe any

injunctive relief.  In sum, the Court concludes that tailored injunctive relief—that falls within the

tightly constrained boundaries described above— is both within its authority and necessary for

the Court to ensure effective and lasting compliance with Section 1232(c)(2)(B).

### 2.  ICE's Conduct Throughout the Litigation Further Emphasizes the Need for Injunctive Relief

An additional factor to be considered when determining if injunctive relief is warranted is

the conduct of the defendant.  The Supreme Court has said that a "comprehensive [injunctive]

order" is particularly justified when the government has had "repeated opportunities to remedy"

violations and where the history of litigation has been extensive.  *Hutto v. Finney*, 437 U.S. 678,

687 (1978).  The D.C. Circuit has held similarly.  *See DL*, 194 F. Supp. 3d 30, 105 (D.D.C.

2016), *aff'd*, 860 F.3d 713 (D.C. Cir. 2017) (imposing structural injunction where defendant

school system had "ample time and robust incentives to come into full compliance with the law"

and had failed to meet benchmarks); *Cobell II,* 240 F.3d at 1109 (finding injunctive relief

"particularly appropriate" given the "record of agency recalcitrance and resistance to the

fulfillment of its legal duties") (citing *In re Ctr. for Auto Safety*, 793 F.2d 1346, 1354 (D.C. Cir.

1986)); *Cobell IV*, 392 F.3d at 477–78 (explaining that, under Circuit precedent, where an

agency's "malfeasance is demonstrated to be prolonged and ongoing, more intrusive relief,"

including of the injunctive variety, "may be appropriate.").  The Court believes that Defendants'

actions throughout this litigation further reinforce the necessity of injunctive relief here.

Admittedly, there is some room between this case and the precedent invoked.  For

example, *Hutto v. Finney* lasted nine years as of the Supreme Court's decision, while the *DL* and

*Cobell* litigation stretched on for almost a decade.  However, the record here is extensive, and the

litigation history is not short. And while Defendants have not directly contravened any prior orders of this Court, their efforts to adopt and put into application this Court's prior orders about what Section 1232(c)(2)(B) requires have been minimal at best. For example, the Court noted when it granted a preliminary injunction that the ORR should and does have more onerous sponsorship requirements than ICE, but that ICE is not bound by these standards when making determinations under the statute. Mem. Op. Granting Pls.' Mot. For Prelim. Inj., ("P.I. Op.") at 31, ECF No. 28; FF & CL at 131, ¶ 154. In many instances, though, FOJCs continued to reject proposed sponsors for age-outs throughout 2018 and 2019 because the potential sponsors had not met ORR-specific sponsorship requirements. FF & CL at 132–33, ¶ 157. Likewise, the Court explained in August 2018 that "Section 1232(c)(2)(B) does not limit 'consider[ation]' or 'eligib[ity] to participate in alternative to detention programs' to those who DHS has determined pose no risk of flight," MTD and Class Cert. Op. at 40, but in December 2018 and again in April 2019 ICE headquarters showed FOJCs a flowchart suggesting that they should first make a custody determination and then, "[i]f appropriate," consider alternatives to detention, FF & CL at 113, ¶¶ 78–79; 126, ¶¶ 131–33 (describing this aspect of the April 2019 training); *id.* at 175–76 (explaining why this practice is contrary to Section 1232(c)(2)(B)).

Nor did the Court's finding in its issuance of a preliminary injunction that ICE was likely violating the APA by failing to follow the procedures dictated by Section 1232(c)(2)(B), *see* P.I. Op. at 27, spur the agency into action. ICE responded only by developing a new "AORW" documentation system, not by reexamining the substance of its actual decision-making processes. FF & CL at 105–06, ¶ 54. But as the Court explained in its findings of fact and conclusions of law, it is ICE's decision-making processes that are the problem, not just its officers' documentation of their decisions. *See id.* at 186 (explaining that "[t]he testimony of

ICE officials bolsters the Court's view of the AORWs and also stands on its own as further evidence that" ICE did not comply with the statute as required).

The Court also remains troubled by ICE's conduct during the pendency of this case. While this litigation was ongoing, ICE attempted to circumvent its newly instituted reporting requirement by completing many AORW forms *after* custody determinations had actually been made, often times even having officers who were entirely uninvolved in the original custody determination complete and sign off on the documentation. *Id*. at 185. ICE also eventually admitted that, contrary to its representations to the Court, it had failed to document a significant portion of age-outs on AORW forms and had misrepresented these statistics. *Id*. at 111, ¶ 69 ("Between April 1, 2016 and March 31, 2019, ICE had failed to make records for 1,473 age-outs, including 228 age-outs processed between October 17, 2018 and March 31, 2019 while the AORW/SharePoint system was in place. Additionally, 88 individuals had aged out between March 31, 2019 and May 24, 2019 without being recorded in the SharePoint site.") (internal citation omitted).

Taken together, the above conduct constitutes a pattern "of agency recalcitrance and resistance to the fulfillment of its legal duties[,]" *Cobell II,* 240 F3d 1109, a finding that strongly supports the imposition of injunctive relief. An agency that had shown a responsiveness to prior decisions more proactively and not attempted to shirk its legal obligations could perhaps be counted on to effectively implement remedial measures and police itself without the specter of a formal injunction. But, due to these facts, the Court continues to harbor doubts about ICE's ability to do so here. [7]

---

[7] Defendants argued in their original remedies briefing (though, perhaps wisely, did not raise this issue in the most recent round of briefing) that the Court should not impose a "nationwide injunction," Defs.' Remedies Br. at 23–24, citing several recent Supreme Court concurrences

### 3. Prerequisites for Injunctive Relief

Having determined that injunctive relief is available, the Court will now review the

required factors for injunctive relief. Success on the merits of a case "does not automatically

entitle [a plaintiff] to injunctive relief as of right." *Eco Tour Adventures, Inc. v. Zinke*, 249 F.

Supp. 3d 360, 385 (D.D.C. 2017) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 32 (2008)).

> Ordinarily, to obtain a running structural injunction, the plaintiff bears the burden
> of proving both the facts that warrant such intrusive relief and that (i) the
> plaintiff(s) suffered an irreparable injury, (ii) traditional legal remedies cannot
> redress the injury, (iii) the balance of hardships between the parties justifies
> extraordinary relief, and (iv) the injunction is not counter to the public interest.

*Salazar*, 896 F.3d at 497; *see also eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391

(2006)). Having already discussed why this type of relief is warranted here, the Court will now

turn to the classic four-factor analysis. "Failing to satisfy any factor is grounds for denying

relief." *Morgan Drexen, Inc. v. Consumer Fin. Prot. Bureau*, 785 F.3d 684, 694 (D.C. Cir.

2015).[8]

---

criticizing overbroad injunctions, *see e.g., Trump v. Hawaii*, 138 S. Ct. 2392, 2424–29 (2018)
(Thomas, J., concurring). But the debate over "nationwide" or "universal" injunctions has no
bearing on this case. The injunctions that have come under criticism are those "that prohibit the
Executive Branch from applying a law or policy against anyone" and "not just the plaintiffs." *Id.*
at 2424. These injunctions "direct how the defendant must act toward persons who are not
parties to the case." *Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch,
J., concurring in grant of stay). Injunctive relief at the conclusion of a class action is a different
matter entirely. No non-parties are impacted because the class is defined so as to encompass
future age-outs that ICE might process without following the statute. The Department of
Justice's 2018 Litigation Guidelines for Cases Presenting the Possibility of Nationwide
Injunctions contrasts these sorts of injunctions with class actions, which it calls "the specific
mechanism that the law provides for large numbers of similarly situated persons to pursue relief
efficiently." Dep't of Justice, Litigation Guidelines for Cases Presenting the Possibility of
Nationwide Injunctions at 5 (Sept. 13, 2018), https://www.justice.gov/opa/press-
release/file/1093881/download.
[8] The Court notes that Defendants failed to discuss these factors in the most recent round of
briefing. As a result, the Court will incorporate some of the arguments raised in the parties'
original briefing on remedies, which did reach these issues.

*a. Irreparable Injury*

The Court has previously addressed the injuries caused by violations of Section 1232(c)(2)(B) in its Memorandum Opinion granting a preliminary injunction in this case. *See generally* P.I. Op. As the Court noted then, "[c]ourts in this jurisdiction have recognized that '[t]he concept of irreparable harm does not readily lend itself to definition.'" *Id.* at 36 (quoting *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 514 F. Supp. 2d 7, 10 (D.D.C. 2007)). Nonetheless, the Court found that "deprivations of physical liberty are the sort of actual and imminent injuries that constitute irreparable harm," and that "the 'major hardship posed by needless prolonged detention' is a form of irreparable harm." *Id.* at 36–37 (citing *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 53 n.20 (D.D.C. 2002) and then citing *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 191 (D.D.C. 2015)). These preliminary conclusions, which the Court reached at an early stage of the litigation, have been borne out by the weight of evidence and testimony in this case.

At trial, Defendants presented expert testimony from Dr. Julie Linton, "a pediatrician, professor and assistant dean for admission at the University of South Carolina School of Medicine in Greenville, South Carolina, and medical director of PASOs, a program that 'connects Latino or Hispanic families to community-based resources.'" FF & CL at 101, ¶ 23 (citing Trial Tr. at 2390:10–19 (Linton)). Dr. Linton reached three conclusions, summarized briefly in the Courts findings of fact, which Defendants did not contest. *Id.* at 101–02, ¶¶ 24–27. Her first conclusion was that "youth from ages 15 to 24 are still undergoing critical brain development" and that "the experience of detention for 18-year-old immigrant youth would be particularly detrimental to this continuing development." *Id.* at 101–02, ¶ 24 (citing Trial Tr. at 2404:24–2405:3). Her second conclusion was that "detention, particularly in adult settings, is

physically and psychologically harmful to children and youth, and threatens both their short- and long-term health and well-being." *Id.* at 102, ¶ 25 (citing Trial Tr. at 2405:4–7). And her third conclusion was that "alternatives to detention, including placement in community settings . . . while awaiting court cases are markedly better for the health and well-being of youth." *Id.* at 102, ¶ 26 (citing Trial Tr. at 2405:8–11). All of this is entirely in line with the Court's earlier conclusions that deprivation of liberty and needless detention constitute irreparable harm. Dr. Linton's testimony established that this harm is heightened and particularly acute when the individual being deprived of liberty is a young adult. None of this was contested at trial. During Dr. Linton's direct testimony, the Court observed that "there's case law that says deprivation of liberty is irreparable [harm] in and of itself," and lead counsel for Defendants agreed, commenting that "this is not going to be a contested issue" and that Defendants were "not contesting that as a legal position." *Id.* at 192 (citing 2423:6–2424:9).

In their responses to Dr. Linton's testimony, Defendants do not dispute any particular points made by Dr. Linton but instead raise and repeat a generalized argument against the idea that Plaintiffs have demonstrated irreparable harm in this case. *See* Defs.' Remedies Resp. ¶¶ 8–19 (repeating the same paragraph multiple times). This argument states first that an eighteen-year-old unlawfully present in this country is "subject to detention, just like any other adult" and that Section 1232(c)(2)(B) both allows for detention of age-outs and "anticipates that many age-outs who are eighteen will be detained." *Id.* Because "Congress *anticipated* that many age-outs would indeed be detained," *id.*, Defendants seem to suggest—but never directly state—the Court should not agree with Dr. Linton's conclusions about the harm age-outs would suffer from being placed in adult detention, or should not find these harms legally relevant. Though Defendants' argument is somewhat vague, it is clear enough that they misunderstand the harm at issue.

The Court understands, as it has stated multiple times, that no age-out is entitled to any particular placement under the statute.  FF & CL at 172 (citing Mem. Op. Den. Defs.' Mot. Dismiss and Granting Pls.' Mot. for Class Cert. at 35 n.8 ("MTD and Class Cert. Op."), ECF No. 50 ("As Plaintiffs appear to recognize, they have no legally protected interest in any particular placement . . . .")).  Section 1232(c)(2)(B) only dictates a certain process, which requires proper consideration of certain factors and of certain alternatives.  The violation of the APA occurs when Defendants fail to follow the procedures Congress has set out, when they do not "consider placement in the least restrictive setting available after taking into account the [age-out]'s danger to self, danger to the community, and risk of flight."  8 U.S.C. § 1232(c)(2)(B).  Dr. Linton's testimony suggests that Defendants are correct that any and all age-outs who are placed in adult detention are injured in some way, and they are also correct that Congress likely anticipated this.  But this harm is not the legally relevant harm that the Court has been called on to remedy.  The harm that matters here is only the harm caused to class members—to those age-outs who, by definition, are detained by Defendants *without Section 1232(c)(2)(B) having been followed*.  This harm cannot be written off in the way Defendants suggest because Congress did not anticipate that any age-outs would be detained without DHS having considered the least restrictive setting available to them, or without taking into account the relevant statutory factors.

The fact that other age-outs could still be subject to the harm caused by detention if the agency followed the proper procedure required by Section 1232(c)(2)(B) does not cure the APA violation caused by the failure to follow the procedure for members of the class.  Administrative law requires that an agency follow the administrative procedure laid out by Congress when it acts, and the fact that an agency might have reached the same result by proper procedures does not cure the agency's failure to do so.  *Cf. Dep't of Homeland Sec. v. Regents of Univ. of Cal.*,

140 S. Ct. 1891, 1905 (2020) (noting that "all parties agree[d]" that DHS could rescind the Deferred Action for Childhood Arrivals program but that "[t]he dispute [was] instead primarily about the procedure the agency followed in doing so"). Defendants' suggested rule, that harm resulting from improper administrative procedures is not cognizable if the same harm could have potentially occurred if proper procedures were followed, would do away with countless binding precedents and much of the APA.

Class members are those age-outs for whom ICE does not follow proper procedures, and they are harmed when they are detained. If ICE followed the proper procedures, it is not necessarily the case that none of them would be detained, but as the Court has explained, there is good reason to think that very many of them would be released. "The evidence at trial was overwhelming that ICE officers making ordinary efforts to identify placements for age-outs tend to be able to find them, and tend to release more of their age-outs." FF & CL at 189 (citing *id.* ¶¶ 215–23, ¶¶ 231–32, ¶¶ 237–40) (discussing the San Antonio, Harlingen, and Chicago offices). Absent an injunction, there is no way for the Court to satisfy itself that Defendants will follow Section 1232(c)(2)(B) going forward, and if ICE does not follow the statute, more class members will be detained in violation of the APA.

Defendants also suggest that, even though such irreparable harm was suffered in the past, it is not occurring presently, thus, in essence mooting the need for injunctive relief. Defs.' Opp'n at 8–10 (arguing "ICE has demonstrated its path toward compliance with § 1232(c)(2)(B)" because the number of age-outs detained in the past year has been "de minimis"). Plaintiffs respond by stating that in light of ICE's behavior throughout this litigation, any of their professed efforts at remediation should be viewed skeptically, and that history has also demonstrated that any progress regarding ICE's detention rate of age-outs can swiftly be upended. Pls.' Reply at

16–17; *see also* Pls.' Remedies Mem. at 5–8 (describing agency's ongoing failure to adapt its procedures following the Court's 2018 decisions granting a preliminary injunction, granting class certification, and denying Defendants' motion to dismiss). For the reasons listed below, the Court explains why this argument does not change its mind regarding why a limited injunction is warranted.

First, it must be noted that while not explicitly framed as such, Defendants appear to invoke the doctrine of mootness by arguing that they have cured their previous statutory non-compliance, so no irreparable injury remains. A case becomes constitutionally moot when "the issues presented are no longer live," *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013), and "[c]orrective action by an agency is one type of subsequent development that can moot a previously justiciable issue." *Nat. Res. Def. Council v. U.S. Nuclear Regul. Comm'n,* 680 F.2d 810, 814 (D.C. Cir. 1982). However, "[i]t is a well-recognized principle that a case will not become moot merely because a defendant agrees voluntarily to cease engaging in the challenged conduct, as there remains a risk that the defendant will merely resume the challenged conduct after the case is dismissed." *Wash. Legal Found. v. Henney*, 202 F.3d 331, 336 (D.C. Cir. 2000); *see also Bundy v. Jackson*, 641 F.2d 934, 946 n.13 (D.C. Cir. 1981) ("Common sense tells us that [defendants] . . . may well have ceased their actions solely because of the pendency of [plaintiffs'] complaint and lawsuit[,]" and consequently, "the law tells us that a suit for injunctive relief does not become moot simply because the offending party has ceased the offending conduct, since the offending party might be free otherwise to renew that conduct once the court denied the relief."). Instead, a defendant's voluntary cessation of a challenged practice will moot a case only when "(i) 'there is no reasonable expectation . . . that the alleged violation will recur,' and (ii) 'interim relief or events have completely and irrevocably eradicated

22

the effects of the alleged violation.'" *Aref v. Lynch*, 833 F.3d 242, 251 (D.C. Cir. 2016) (omission in original) (quoting *Am. Bar Ass'n v. F.T.C.*, 636 F.3d 641, 648 (D.C. Cir. 2011)). The initial "'heavy burden' of establishing mootness lies with the party asserting a case is moot." *Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010) (citing *Motor & Equip. Mfrs. Ass'n v. Nichols*, 142 F.3d 449, 459 (D.C. Cir. 1998)).

Defendants are unable to meet their heavy burden here, as they have not shown "that it is *absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)) (emphasis added) (holding that an industrial polluter, against whom various civil penalties were sought, could only argue that the case was moot if it was "absolutely clear" that the closure of the polluting factory meant permit violations would not recur). This is particularly true in the context of a request for an injunction, where "[o]nce a violation is demonstrated, all that need be shown [to obtain an injunction]" is "'some reasonable likelihood of future violations,' and past unlawful conduct is 'highly suggestive of the likelihood of future violations.'" *U.S. Dep't of Justice v. Daniel Chapter One*, 89 F. Supp. 3d 132, 143 (D.D.C. 2015) (quoting *Commodity Futures Trading Comm'n v. Hunt*, 591 F.2d 1211, 1220 (7th Cir. 1979)), *aff'd*, 650 F. App'x 20 (D.C. Cir. 2018).

While Defendants' progress at demonstrating compliance with Section 1232(c)(2)(B) is a step in the right direction, the Court is not satisfied that it is "absolutely clear" that ICE's statutory violations will not recur—or that it has been completely cured in the first place. Defendants argue that an injunction is no longer required because ICE currently releases 99.5% of age-outs, which they contend is sufficient to show current compliance with Section

23

1232(c)(2)(B).  Defs.' Opp'n at 8.  But even assuming (without deciding) that the release rate alone is sufficient to show statutory compliance, the evidence at trial made clear that release statistics can be rapidly reversed.  *See* FF & CL at 150, ¶ 225 (describing "fairly dramatic swings in the detention rate" at the ICE sub-office in Harlingen, Texas, including a shift from an 88% detention rate between April through October 2016 to an 95% release rate between October 2016 through February 2017); *see also id*. at 152, ¶ 233 (describing shift at Chicago ICE office from 90% detention rate from April 2016 to August 2019, to an 82.5% release rate from Fall 2019 to Spring 2019).  These statistics show that a high current release rate does not mean that figure will remain stable in the future, once ICE is no longer under this Court's supervision.

Moreover, the officers charged with making age-out decisions have not received any additional training on the requirements of Section 1232(c)(2)(B), or even been informed by Defendants of the outcome of this case.  *See* Defs.' Mot. to Issue Interim Guidance, ECF No. 337 (proposing to disseminate an interim guidance notifying officers of this Court's findings of fact and conclusions of law); Pls.' Reply Mem. in Supp. of Mot. Final J. and Perm. Inj. at 17, ECF No. 365 (noting that Defendants have not done so).  That would seem to indicate that the current high rate of release (particularly when compared to pre-trial rates), does not reflect a reformed and newly-trained workforce, but rather adherence among ICE officers to some sort of informal agency policy tied to this case.  *See, e.g., Aref,* 833 F.3d at 251 n.6 (*"*[T]he cessation of an ongoing activity pending a lawsuit may [also] well imply an intent to renew the activity once the court has dropped out.") (quoting *Clarke v. United States*, 915 F.2d 699, 705–06 (D.C. Cir. 1990)).  As a result, the Court cannot be confident that this progress would not be eroded in the absence of continuing supervision.  ICE's ongoing efforts at compliance, although commendable, are therefore not a sufficient reason for the Court to decline to enter an injunction.

Further adding to the Court's skepticism is Defendants' general hesitancy to implement reforms and false assurances of statutory compliance that have occurred through the history of this litigation. As already described, Defendants failed to take corrective action in response to this Court's various holdings regarding their legal obligations. *See* FF & CL at 126, ¶¶ 131–33 (implementing guidance at an April 2019 training session that contravened this Court's MTD and Class Cert. Op.); *id.* at 175–76 (explaining why this training was contrary to Section 1232(c)(2)(B)); *see also* FF & CL at 105–06, ¶ 54 (describing how ICE's only response to this Court's issuance of a preliminary injunction was the institution of a new documentation system with notable flaws, not a reexamination of the substance of its actual decision-making processes).

Additionally, contrary to Defendants' claims, ICE's ongoing use of the AORW form— while a positive development—hardly shows that a permanent injunction is unnecessary. The Court previously found that ICE's utilization of the AORW system was plagued with reliability issues. *Id.* at 110–11, ¶¶ 62–69. As already described, while this litigation was pending ICE attempted to circumvent the reporting requirement by completing AORW forms after custody determinations had already been made, often times even having officers who were uninvolved in the original custody determination complete the form. *Id.* at 185. ICE also eventually admitted that it had failed to document a significant portion of age-outs on AORW forms and had misrepresented these statistics to the Court. *Id.* at 111–12, ¶¶ 67–69 ("Between April 1, 2016 and March 31, 2019, ICE had failed to make records for 1,473 age-outs, including 228 age-outs processed between October 17, 2018 and March 31, 2019 while the AORW/SharePoint system was in place. Additionally, 88 individuals had aged out between March 31, 2019 and May 24, 2019 without being recorded in the SharePoint site.") (internal citation omitted). In short, the

Court has seen firsthand that AORW usage does not necessarily demonstrate compliance with ICE's statutory obligations under Section 1232(c)(2)(B). And even setting aside concerns of the agency's ability to, in good faith, properly use the reporting system, the Court found that the AORW form in use at the time of trial did not even necessarily show that the officer "had actually considered the least restrictive setting available rather than simply engag[ing] in a superficial box-checking exercise." *Id.* at 185. In short, a current high rate of usage of the revised AORW forms, particularly in light of ICE's history, is not enough to convince the Court that an injunction is unnecessary. Taking all of these facts together, the Court concludes that this case is not moot, given there remains a possibility that ICE would resume its wrongful behavior without an injunction.

Going beyond the mootness inquiry, the Supreme Court has also indicated that "abandonment" of a challenged practice "is an important factor bearing on the question whether a court should exercise its power to enjoin the defendant from renewing the practice." *City of Mesquite v. Aladdin's Castle, Inc*., 455 U.S. 283, 289 (1982); *see also Cobell VI*, 428 F.3d at 1076 (noting that where, during interim period between findings and issuance of the injunction, defendants "continued to submit status reports" and "otherwise fulfilled" their legal duties, it was error to ignore this progress when crafting injunctive relief). This is, admittedly, a closer call. The Court ultimately concludes that injunctive relief remains appropriate. Particularly because ICE has yet to implement any new training on this issue (raising questions about the permanence of the current low detention rate), combined with ICE's past behavior, the Court is wary of simply assuming that the problem has been addressed in full. This is not to say it does not recognize the positive steps taken by Defendants over the past year. As indicated below, the Court takes account of this progress when crafting the scope of relief, but remains unconvinced,

26

particularly in light of ICE's conduct throughout this case, that an appropriate remedy can be reached in the absence of an injunction.

### b. Insufficiency of Monetary Damages

The Court's decision granting a preliminary injunction also addressed the insufficiency of monetary damages, though only in passing. The Court observed that "where a plaintiff requests injunctive relief mandating that an agency comply with a process that, if completed could secure plaintiff's freedom or could alleviate harsh conditions of confinement, the harm from detention surely cannot be remediated after the fact." P.I. Op. at 37 (citing *R.I.L-R*, 80 F. Supp. 3d at 191). The types of harm caused by violations like the Defendants' is different in this way from purely economic losses. *See Taylor v. Resol. Trust Corp.*, 56 F.3d 1497, 1507 (D.C. Cir. 1995) ("[I]n the absence of special circumstances . . . recoverable economic losses are not considered irreparable."). Defendants do not raise any argument concerning this factor in their briefing, aside from the argument that because there has been no irreparable injury, money damages cannot be insufficient. *See* Defs.' Mem. Resp. at 21 (making this argument); *see also* Defs.' Remedies Resp. ¶ 75 (raising no argument in response to Plaintiffs' discussion of this factor). Furthermore, money damages are not available under the APA. *See Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186 (D.C. Cir. 2006) (explaining that the text of the APA, in § 702, "waives the Government's immunity from actions seeking relief" but only for actions "other than [for] money damages.") (quoting *Dep't of Army v. Blue Fox, Inc*., 525 U.S. 255, 260–61 (1999)). The Court therefore finds that this factor has also been met.

### c. Balancing Equities

The remaining two factors, the balance of the equities and the public interest, merge and can be considered together when the government is the party opposing injunctive relief.

*Pursuing Am.'s Greatness*, 831 F.3d at 511 (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). The Court's conclusions of law concerning liability have more or less settled this question. The Court has identified a number of ways in which ICE has "acted in a manner that is 'arbitrary, capricious, an abuse of discretion' and—most clearly—'otherwise not in accordance with law'" and has "'unlawfully withheld or unreasonably delayed' required consideration of placement in the least restrictive setting available." FF & CL at 191. Because the government has no interest in acting unlawfully, and because the public has an interest in having its government follow the law, the balance here tilts strongly in favor of an injunction.

Defendants incorrectly describe the third and fourth factors in the analysis as "essentially looking at the burden on the government." Defs.' Mem. Resp. at 21. This is a mischaracterization of the relevant consideration, because the question is not how much work it would take to comply with the proposed injunction, but instead what level of interest the public and the public servants in the government have in maintaining the status quo versus obeying the proposed injunction. While certain individuals at ICE and DHS may find it difficult to remedy these violations, any hardship they might claim is not legally relevant because as a legal matter "[t]he Government 'cannot suffer harm from an injunction that merely ends an unlawful practice or reads a statute as required . . . .'" *R.I.L.-R*, 80 F. Supp. 3d at 191 (quoting *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013)). "[T]he government has no legitimate interest in acting unlawfully." *N.S. v. Hughes*, 335 F.R.D. 337, 355 (D.D.C. 2020); *see also id.* ("The public has a clear interest in seeing that government officials do not exceed their statutory authority.").[9]

_____

Plaintiffs devoted ten paragraphs in their proposed findings of fact to the testimony of their expert, John Sandweg, detailing the ways in which injunctive relief will benefit ICE. Pls.' Remedies Br. ¶¶ 20–30. Defendants dispute much of this as either incorrect or irrelevant. Defs.'

On the other side of the balance, it has been well established in this Circuit that "[t]he public interest is served when administrative agencies comply with their obligations under the APA." *R.I.L.-R*, 80 F. Supp. 3d at 191 (quoting *N. Mariana Islands v. United States,* 686 F. Supp. 2d 7, 21 (D.D.C. 2009)); *see also Grace v. Whitaker*, 344 F. Supp. 3d 96, 146 (2018) (same); *Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 156 (D.D.C. 2018) (same); *Damus v. Nielsen*, 313 F. Supp. 3d 317, 342 (D.D.C. 2018) (same); *see also Patriot, Inc. v. U.S. Dep't of Housing & Urban Dev.*, 963 F. Supp. 1, 6 (D.D.C. 1997) ("[T]he public interest is best served by having federal agencies comply with the requirements of federal law . . . ."). Now that the Court has identified a fairly extensive pattern of violations of Section 1232(c)(2)(B) and of the APA, the American public, as well as Plaintiffs, have an interest in those violations being remedied.

Defendants also argued—seemingly in an effort to evoke the public interest— that "[i]f Plaintiffs have their way, it is likely that DHS will no longer be able to fully protect age-outs from trafficking." Defs.' Mem. Resp. at 21. This line of thinking would appear to be a policy argument against the requirements of Section 1232(c)(2)(B). But Plaintiffs only ask, and the Court has only ordered, that Defendants comply with the statutory directives laid out by Congress. It is the legislature, not the Courts, that established the requirements of Section 1232(c)(2)(B) as an appropriate means of balancing the safety of age-outs, their well-being, state control over immigration, public safety, and any number of other policy factors. Defendants may disagree about which of these factors is most important, but there is no public interest in

---

Remedies Resp. ¶¶ 20–30. The Court declines to wade into this dispute because the balancing of the equities does not require that ICE be able to derive practical benefits from complying with the law. ICE has no proper interest in continuing to violate Section 1232(c)(2)(B) and the APA, so any difficulties it faces in achieving compliance are not legally relevant. That side of the scale is empty and is necessarily outweighed by the benefit to Plaintiffs and the public from the Government complying with the law.

rebalancing these priorities in a way other than that which Congress settled on. If Defendants think that following the statute will lead to more age-outs being trafficked, that is a critique of Congress's work, not the Court's.[10]

<p style="text-align:center">*　　*　　*</p>

In light of these findings as to the four relevant factors, the Court concludes that injunctive relief is within its authority and appropriate due to the pervasive violations of the statute found in this Court's July 2, 2020 opinion. Accordingly, the Court will enjoin Defendants from further violations of Section 1232(c)(2)(B) and require compliance with this Court's order going forward, which is detailed below.

## B. Substance of the Final Order

Plaintiffs have established the legal and equitable prerequisites for the grant of a limited injunction, so the Court will now turn to the substance of its relief. Recognizing that many of the "choices at issue" to ensure ICE's compliance with Section 1232(c)(2)(B) "require[] both subject-matter expertise and judgment about the allocation of scarce resources, classic reasons for deference to administrators," *Cobell VI*, 428 F.3d at 1076, the Court will adopt the majority of Defendants' proposed Final Order, in effect largely granting their request for remand for ICE to determine in the first instance the proper discharge of its statutory obligations. In doing so it adheres to the principle that "[agency] defendants should be afforded sufficient discretion in

---

[10] This argument by Defendants is additionally misleading insofar as it suggests that Plaintiffs' analysis did not consider the fact that age-outs should not be released to traffickers. Plaintiffs' statistical expert, Dr. Lenzo, did not treat sponsors as available if ICE had recorded any derogatory information about them. FF & CL at 162, ¶ 285. Certainly, information suggesting that a proposed sponsor might be a trafficker would have been considered derogatory. Further, Defendants presented no evidence at trial suggesting that processing age-outs as required by the statute—in the San Antonio office, for instance—has led to age-outs being trafficked.

determining the precise route they take, so long as this threshold [of statutory compliance] is met." *Cobell II*, 240 F.3d at 1106. Defendants will, however, be enjoined from further violations of Section 1232(c)(2)(B) and obligated to comply with the requirements of the Court's Final Order. The Court will retain jurisdiction to enforce and resolve any disputes concerning the terms of, and Defendants' compliance with, this Court's Order and its statutory obligations for a period of five years. *See id.* at 1109 (approving district court's retention of jurisdiction for five years, noting "federal courts regularly retain jurisdiction until a federal agency has complied with its legal obligations . . . .").[11]

Due in no small part to the parties' diligent work in mediation this past year, Defendants and Plaintiffs have already reached agreement as to the majority of the substance of the final relief in this case. They do, however, differ as to a few specific points, which the Court addresses in turn below.

### 1. AORW Form Dispute

One remaining area of contention between the parties is their competing versions of the AORW form. *See* Defs.' Proposed AORW ("Defs.' AORW"), ECF No. 345-3; Pls.' Proposed AORW ("Pls.' AORW"), ECF No. 345-4. The AORW form is a document "intended to guide the FOJC through the Age-Out custody determination process and to provide evidence of the FOJC's compliance with his or her obligations pursuant to 8 U.S.C. § 1232(c)(2)(B)." Parties' Training Slides at 48, ECF No. 346-1. Defendants' proposed Final Order would allow ICE to

---

[11] Plaintiffs moved for a five-year period during which the Court would retain jurisdiction. In contrast, Defendants, while not objecting to the Court's retention of jurisdiction, did not elaborate on how long this period should last. The Court believes the five-year period is appropriate in order to ensure ICE complies with its legal obligations. The Court wishes to make clear, however, that Defendants remain able to move for reconsideration "should they be able to demonstrate at some time in the future that adequate compliance has been achieved" prior to the termination of the Court's five-year jurisdiction period. *Cobell II*, 240 F.3d at 1109.

121

use their revised AORW form without any temporal limitation. Def.'s Opp'n at 11. In contrast, Plaintiffs' proposed injunction states that Defendants' revised AORW form would be used for a six-month trial period, after which time the parties would meet and confer as to any possible revisions, and the Court would resolve any disputes. Pls.' Proposed Final J. and Inj. at 3. It limits any proposed revisions to those that would "ensure (a) that the AORW provides the information that will allow the parties to monitor whether ICE is complying with the Statute . . . and/or (b) that ICE is complying with the Statute." *Id.* Defendants take issue with this provision, arguing that because the AORW is a discretionary tool and not statutorily required, this six-month trial period is "the type of procedural requirement that the Supreme Court has stated a district court may not graft onto the APA." Defs.' Opp'n at 10 (citing *Garland v. Ming Dai,* 141 S. Ct. 1669, 1677 (2021)). Defendants argue further that their form should be used because it is an improvement on the form currently in use and because it is more consistent with the training materials the parties have agreed to implement. *Id.* at 11.

Rather than engage in an analysis of whether the proposed six-month trial period is an acceptable measure, the Court believes it is more efficient to review Defendants' proposed AORW form for compliance with ICE's statutory obligations, an issue which the parties have previously briefed. *See* Defs.' Statement of Position on Unresolved Issues ("Defs.' Statement"), ECF No. 347; Pls.' Submission Concerning Unresolved Issues with Respect to ICE's Age-Out Review Worksheet ("Pls.' Submission"), ECF No. 351. It is useful at this juncture to review the standard under which the Court will evaluate Defendants' proposed AORW form. The D.C. Circuit has made clear that agencies are to "be afforded sufficient discretion in determining the precise route they take" in fulfilling their statutory obligations, "so long as th[e] threshold [of statutory compliance] is met." *Cobell II*, 240 F.3d at 1106. In this way, a district court's role is

32

"limited . . . to accepting or rejecting [an agency's] proposals, rather than dictating their substance . . . ." *Cobell VII*, 455 F.3d at 305 (internal quotations omitted).  Accordingly, the Court will limit its review of Defendants' proposed AORW form to the aspects that it finds contravene the statutory requirements of Section 1232(c)(2)(B), as detailed in its Findings of Fact and Conclusions of Law.

Consequently, Defendants' objection on the grounds of *Vermont Yankee* has little application to the matter at hand.  The Court does not dispute the long-accepted rule of administrative law that "a reviewing court is 'generally not free to impose' additional judge-made procedural requirements on agencies that Congress has not prescribed and the Constitution does not compel."  *Ming Dai*, 141 S. Ct. at 1677 (citing *Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc*., 435 U.S. 519, 524 (1978)).  But this rule is not implicated here.  "The freedom of administrative agencies to fashion their procedures recognized in *Vermont Yankee* . . . *does not encompass freedom to ignore statutory requirements*."  *U.S. Lines, Inc. v. Fed. Mar. Comm'n*, 584 F.2d 519, 542 n.63 (D.C. Cir. 1978) (emphasis added).  Indeed, in the original *Vermont Yankee* opinion, the Supreme Court was careful to point out that "[o]f course, the court must determine whether the agency complied with the procedures mandated by the relevant statutes." *Vermont Yankee*, 435 U.S. at 549 n.21 (citation omitted).  That is all the Court does here, as it reviews Defendants' proposed AORW form for inconsistencies with the requirements of Section 1232(c)(2)(B), a review Defendants concede is proper.  *See* Defs.' Opp'n at 10–11 (stating that any "'revisions' [to Defendants' proposed form] would only be necessary if . . . Defendants' revised AORW . . . fails to comply with the statute and this Court's July 2, 2020 Decision.").

### a. Defendants' Proposed AORW Form

The Court will now review the significant issues Plaintiffs have identified with Defendants' proposed AORW form. It finds that the majority of Plaintiffs' objections, while focused on improvements that could be made to the form, do not identify problems that directly contravene Section 1232(c)(2)(B) or the Court's findings as to what the statute requires.

#### i. Report of the Number of Days the Age-Out was in ORR Custody

Plaintiffs first criticism takes issue with a question on Defendants' proposed AORW that requires FOJCs to report the number of days the age-out was in ORR custody. *See* Defs.' AORW at 1. The Court determined in its Findings of Fact and Conclusions of Law that ICE's previous practice of instructing FOJCs to view a long period of time in ORR custody as evidence that the age-out in question is a flight risk was often "wrong." FF & CL at 120, ¶ 114 (explaining why, in many cases, "the opposite is true"). Defendants do not provide any justification or alternative rationale for retaining this requirement. Accordingly, in light of the Court's previous finding that ICE historically used this factor to reach improper conclusions under the statute, and the lack of any explanation from Defendants as to any proper purpose that could justify the need for this question going forward, the Court will order Defendants to remove this question from their AORW.

Plaintiffs raise a second objection on this same topic. Section 3(c) of Defendants' AORW, which is focused on determining the flight risk factor for the age-out in question, includes a disclaimer reminding FOJCs that a lack of community ties or a fixed address are not justifications to conclude that an age-out is a flight risk. Defs.' AORW at 3 ("Reminder: An Age-Out's lack of community ties or fixed address, either alone or in combination with the other, are not justifications to claim the Age-out poses a flight risk and cannot be released on OREC.").

34

Plaintiffs would like Defendants to add an additional reminder that the length of time an age-out has spent in ORR custody is also not an indication of flight risk. Pls.' Submission at 6. Defendants oppose this modification on the grounds that such an "instruction is already contained in the agreed-upon Training Slides," and unlike the lack of community ties or fixed address factors, time in ORR custody is not otherwise part of the analysis of flight risk, as it is not included in the available checkboxes under this question (while the community ties and fixed address variables are). Defs.' Statement at 7. Because this omission is not directly implicated by the question, nor does it contravene the dictates of the statute or the Court's findings as to what the statute requires, the Court will defer to ICE's judgment regarding the construction of this aspect of their AORW.

ii.     Construction of Risk Factor Questions

Plaintiffs argue next that "ICE's form asks the wrong question and addresses the risk factors in a way that is inconsistent with the statute and this Court's opinion." Pls.' Submission at 9. They contend that the discussion of the risk factors in Defendants' AORW, i.e, the questions regarding if the age-out poses a danger to self, danger to community, or flight risk, are wrongly focused on making the FOJC reach an ultimate determination as to each factor—such as whether, in absolute terms, the factor exists or does not. *Id*. at 9. They argue that this is the wrong inquiry under the statute, where the focus should instead be on "the least restrictive setting available," not whether the age-out meets the risk factors. *Id*. at 10. They also argue that the phrasing of Defendants' AORW for this question imposes an additional burden beyond the requirements of the statute: that FOJCs show that the risk factors are not present. *Id.* Plaintiffs claim both of these deficiencies are a result of Defendants' question that asks the FOJC to

35

"[e]xplain in detail why the Age-Out is or is not" a danger to self, danger to community, or flight risk. Defs.' AORW at 2–3.

The Court is not convinced that Defendants' phrasing of these questions violates the procedures required by Section 1232(c)(2)(B). As the Court has noted, "[t]he first thing the statute requires of the Secretary is that he or she 'take into account' the statutory factors." FF & CL at 176. Before one can "take into account" or weigh the relevant factors, there necessarily must be some sort of analysis as to whether they exist or to what degree. While, admittedly, Defendants' phrasing is somewhat absolute— "explain in detail why the age-out is or is not a danger to the community"—the Court does not conclude, as Plaintiffs do, that this somehow transforms the question into a requirement that the risk factors be shown to not exist before the FOJC can consider the least restrictive setting available.[12]  This is reinforced by the questions in Section 7 of Defendants' AORW, which ask, "taking into account the Age-Out's danger to self, danger to community, and flight risk, explain why [each placement setting] is or is not appropriate."  Defs.' AORW at 5.  This review of all available placement settings correctly puts the emphasis on the least restrictive setting available while at the same time allowing the FOJC to take into account the age-out's risk factors.  Accordingly, when viewing the different sections of Defendants' AORW together, the Court finds that the form is statutorily compliant as it provides "an individualized assessment of the proper placement for each former unaccompanied minor in light of DHS's assessment of his or her danger to self, danger to the community, and risk of flight."  FF & CL at 177 (citing MTD and Class Cert. Op. at 40).

---

[12] This kind of requirement would run afoul of Section 1232(c)(2)(B), which requires consideration of placement in the least restrictive setting available "no matter the outcome of the danger and flight evaluation . . . ."  FF & CL at 175 (concluding this is required because "the statute does not place any limits or conditions on [this 'consideration'] other than the sentence's first clause.").

Plaintiffs also take issue with the way in which Defendants' AORW addresses the flight risk analysis, arguing that it improperly includes factors that the Court has determined are not relevant to determining flight risk, while excluding mitigating factors that should be considered. Pls.' Submission at 11–12. The Court previously found that ICE had trained FOJCs "to consider an age-out's flight risk based on factors that are present for nearly all age-outs"—lack of "family or community ties," FF & CL at 119, ¶ 113, and lack of a "fixed address." *Id.* at 122, ¶ 121. Plaintiffs argue that the Court concluded these factors should not be relied on, and accordingly should be excluded altogether from Defendants' AORW question assessing an age-out's flight risk. Pls. Submission at 12. This overstates the Court's conclusion, which is more appropriately characterized as a finding that the absence of community ties or fixed address were of limited probative value to the age-out determination, not that they should not be considered at all. FF & CL at 119, ¶ 113. Indeed, it would follow that the presence of these factors (even if rare) could properly be considered as mitigating evidence against an age-out posing a flight risk. Furthermore, Defendants' AORW explicitly acknowledges the Court's finding that this information has limited probative value, by providing as a "reminder" above the question a warning that "[a]n Age-Out's lack of community ties or fixed address, either alone or in combination with the other, are not justifications to claim the Age-out poses a flight risk and cannot be released on OREC." Defs.' AORW at 3. For both of these reasons, the inclusion of these factors does not contravene the Court's previous findings as to the procedures required under Section 1232(c)(2)(B).

Plaintiffs also raise a second critique of Defendants' construction of the Flight Risk question. The Court has concluded that "[a]n age-out's risk of flight could also be mitigated by a

pending application or court case that could yield immigration benefits, like asylum, Special Immigrant Juvenile Status, or family-based immigration visas." FF & CL at 120, ¶ 116. Defendants' AORW recognizes this factor, offering as one of the relevant factors to consider a checkbox that reads "Petitions/Application(s) for Relief: Yes, No (includes asylum, SIJS, T/U visa, other)." Defs.' AORW at 3. But Plaintiffs would prefer that the question more closely model their proposed AORW, which asks the FOJC to provide more information on this issue, such as the types of relief requested and current status of such request. Pls.' AORW at 2–3. While this information may be helpful, it is not essential for ICE's statutory compliance.

Plaintiffs' last criticism of this question concerns Defendants' failure to account for other mitigating factors for the flight risk inquiry. Based on the undisputed evidence at trial, the Court concluded that release to a sponsor can mitigate flight risk, CL & FF at 120, ¶ 115, or alternatively so too can release pursuant to ICE's ATD program or an ICE bond. FF & CL at 121–22, ¶¶ 118–19; *id.* at 135, ¶ 164. However, these factors do not appear as items to consider for the question of whether the age-out poses a flight risk, though they do appear later in Defendants' proposed AORW as part of a series of questions asking whether these placement alternatives "[are] or [are] not appropriate." Defs.' AORW at 5. The Court finds that this structure ignores key factors needed to properly consider an age-outs flight risk determination, without which the FOJCs cannot properly complete the subsequent question that they "[e]xplain in detail why the Age-Out is or is not a Flight Risk." Defs. Proposed AORW at 3. While the Court will decline to instruct ICE how to specifically structure this question, it does need to

include a consideration of these mitigating factors previously recognized by the Court as part of the flight risk analysis.[13]

<div align="center">

iv.    Placement Options

</div>

Plaintiffs propose three substantive modifications to the section of Defendants' AORW form that discusses an age-out's placement options.  *See* Defs.' AORW at 4–5 ("Considering The Least Restrictive Setting Available).  This section begins with a short explanation, informing FOJCs that they "must consider the least restrictive setting available" and that they "must provide a response for each subsection below." *Id.* at 4.  Four questions follow.  Each asks the FOJC, "[t]aking into account the Age-Out's danger to self, danger to community, and flight risk" to explain why each placement option—release without a sponsor, release to a sponsor, release on ICE ATD, and release on ICE bond— "is or is not appropriate." *Id*. at 5.

Plaintiffs argue first that this construction is impermissible because it does not ask whether each available placement option was "considered."  Pls.' Submission at 17.  The implication is that this would contravene the dictates of the statute, which requires that Defendants "consider placement in the least restrictive setting available after taking into account the alien's danger to self, danger to the community, and risk of flight."  8 U.S.C.§ 1232(c)(2)(B).  But the Court disagrees with Plaintiffs' assertion that because Defendants do not explicitly use the phrase "considered" in each question, they are somehow ignoring this critical part of the analysis.  By requiring an explanation as to why each placement option, taking into account the risk factors, "is or is not appropriate," FOJCs are obviously considering every placement option

---

[13] It may be useful for Defendants to examine how Plaintiffs incorporated these mitigating factors within the structure of their proposed AORW.  *See* Pls.' AORW at 3.

<div align="center">

39

</div>

available to age-outs, and in doing so necessarily consider placement in the least restrictive setting available. This argument is thus without merit.

Plaintiffs' second critique similarly fails to hold water. They argue that Defendants' use of the term "appropriate" in its phrasing of these questions is an improper standard "that is not used in the statute, not defined, and . . . includes factors and considerations that go beyond those required by the statute." Pls.' Submission at 17. But as the Supreme Court has noted, "appropriate is the classic broad and all-encompassing term that naturally and traditionally *includes consideration of all the relevant factors*." *Michigan v. E.P.A*., 576 U.S. 743, 752 (2015) (internal quotations and citation omitted) (emphasis added). This definition thus neatly falls within the terminology of the statute that ICE must "consider placement in the least restrictive setting available . . . ." 8 U.S.C. § 1232(c)(2)(B). Furthermore, Defendants appear to draw this language from the Court's own findings, which also used this term. *See* FF & CL at 178 ("When processing age-outs, the secretary of DHS is left greater discretion with regard to what setting is deemed appropriate, but the least restrictive setting must be *considered*, and the specified risk factors must be taken into account.") (cleaned up) (emphasis in original). The Court concludes that this phrasing does not violate the statue or the Court's previous findings as to what the statute requires.

Plaintiffs' final criticism of this section is that Defendants' proposed AORW does not require the FOJCs to explain, if selecting a detention placement, why this placement was selected and why the FOJC concluded that it was "the least restrictive setting available." Pls.' Submission at 18. But as this Court has made clear on several occasions, "age-outs are not guaranteed placement in the least restrictive setting available, but only *consideration* of that setting," meaning that "FOJC's recommended setting need not be the least restrictive that was

considered." FF & CL at 185 n.50. Thus, while the Court agrees that requiring an explanation justifying detention may indeed help prevent detention from becoming the default, the explanation Plaintiffs request is not statutorily required.

v. Plaintiffs' Other Critiques

Plaintiffs raise a number of other criticisms of Defendants' AORW form. *See, e.g.*, Pls.' Submission at 8, 15 (noting concern with Defendants' phrasing of questions as "likely to elicit . . . conclusory and/or incomplete responses); *id.* at 8 (taking issue with Defendants' "convoluted instruction[s]" for statutory risk factors); *id.* at 14–15 (arguing that more specific sponsor information and removal of "available" qualifier would help ensure potential sponsors are identified); *id.* at 16 (finding fault with ICE's questions eliciting sponsor information for being both overinclusive and underinclusive). Taken together, these criticisms form an argument that Defendants' form could be structured differently to create more accurate or comprehensive answers, or provide less of a burden on FOJCs. But Plaintiffs make no specific arguments as to how these perceived deficiencies would violate Section 1232(c)(2)(B) and rely in part on assumptions of deficiencies that have not yet come to pass. *See Cobell IV*, 392 F.3d at 474 (requiring remedial court action to be "anchored either in these specific [findings of unlawful behavior] or in some future adjudicated findings"). Even if the Court generally agreed with the merits of Plaintiffs' proposed changes, dictating modifications not explicitly required for statutory compliance would veer into an infringement on ICE's discretion to determine how best to comply with the statute. And the Court must avoid "displac[ing] an agency as the actor with primary responsibility for carrying out a statutory mandate by prescribing 'particular tasks for [the agency] to perform based on policies developed by the district court.'" *Cobell VII*, 455 F.3d at 317. This is not to say Plaintiffs are without recourse if their concerns about Defendants'

41

AORW form comes to pass. Due to the various reporting requirements Defendants have agreed to, Plaintiffs will be able to monitor and bring to the Court's attention any such deficiency—such as if their fears of conclusory responses turn out to be well-founded.

The Court therefore will direct Defendants to make the revisions to their AORW delineated above, in light of the Court's conclusion that these issues run afoul of Section 1232(c)(2)(B) and the procedures the Court has found to be required under the statute. These two modifications include: (1) removing the question concerning the number of days the age-out was in ORR custody, and (2) adding the identified mitigating factors to the form's discussion of the flight risk inquiry.

### 2. Updates to ICE's National Age-Out Shelter List

Plaintiffs also request specific injunctive relief regarding ICE's maintenance of its nationwide list of organizational sponsors. Following this Court's decision last July—which emphasized the importance of organizational sponsors in providing a less restrictive alternative to detention and a corresponding obligation that ICE officers determine what settings are "available," *see* FF & CL at 178, ICE, with Plaintiffs' input, created a nationwide list of organizational sponsors that accept age-outs, and plans to circulate this list to all ICE offices for use when making placement determinations. The parties agree that going forward ICE will consider organizational sponsors proposed by Plaintiffs to add to the list and will update its list every six months. *See* Defs. Opp'n at 11, 14; Pls.' Mot. at 4–5. Plaintiffs, however, also propose that the Court impose two additional requirements on ICE, both of which are contested by Defendants. The first requirement is that ICE provide Plaintiffs an explanation for the rejection of any organizational sponsors Plaintiffs propose (which can then be challenged with the Court), while the second requirement is that each ICE field office maintain its own, office-specific list of

42

organizational sponsors that will accept age-outs from that office's area of responsibility. Defs.' Opp'n at 11–14. Defendants argue that the first obligation is barred by the APA, contending that the statute "does not permit Plaintiffs to dictate or challenge Defendants' exercise of agency discretion," *id.* at 11–12, while they oppose the ICE office-specific list requirement as "repetitive and unnecessary." *Id.* at 14.

The law supports Defendants' position on both issues (though for reasons that differ from the arguments they present). As already described, when crafting injunctive relief in the APA context, the Court must endeavor to avoid involving itself in the minutiae of agency decision making, particularly when it concerns "the allocation of scarce resources" at issue here. *Cobell VI*, 428 F.3d at 1073 (describing reasons for deference to agency decisionmakers); *see also* Defs.' Opp'n at 13 (arguing against the imposition of these requirements by contending that the required procedures would be resource intensive and unnecessary). Given these policy concerns, the Court can prescribe specific steps for statutory compliance only where there has been both (1) a breach of "a legal duty," and (2) "the steps ordered by the court constitute[] an essential remedy." *Cobell IV*, 392 F.3d at 476. The Court concludes that the two additional requirements proposed by Plaintiffs fail to meet this standard.

The Court has previously explained that "[t]o consider the least restrictive setting available, the Secretary—or the ICE officers actually making the decisions—are obligated to determine what settings are 'available.'" FF & CL at 178. Because the statute "expressly contemplate[s]" "[p]lacement with individual or organizational sponsors," an age-out determination that does not engage with these options "is unlikely to be able to identify the least restrictive setting available." *Id.* at 180. The creation and dissemination of ICE's National Age-Out Shelter List is one method of compliance with this obligation, but presumably ICE could

fulfill this legal obligation through an alternative process. In the same vein, Plaintiffs' requests for additional office-specific lists as well as a requirement that ICE provide a justification for any sponsors it rejects may well further ICE's statutory compliance.[14] But the Court cannot fairly say that the imposition of these obligations would be an "essential remedy" to cure ICE's past noncompliance with this aspect of the statute. *See Cobell IV*, 392 F.3d at 475–76 (striking down requirement in injunctive order that defendants compile a list of applicable laws relevant to the agency's duties, stating that while "[i]t may be helpful for defendants in fulfillment of their . . . duties to compile such a list" it was not an "essential" act required to bring them into legal compliance). Accordingly, the Court will not impose on ICE the two additional measures related to the upkeep of National Age-Out Shelter List requested by Plaintiffs.

However, the Court acknowledges that Plaintiffs' concerns about the maintenance of the nationwide list are not unreasonable in light of ICE's past behavior allegedly rejecting potential organizational sponsors without any legitimate basis or for inaccurate reasons. *See* FF & CL at 100, ¶¶ 5–8 (describing how despite agreement from organizational sponsor La Posada Providencia to shelter Plaintiff Sulma Hernandez, ICE sent her to a detention facility); *see also* P.I. Op. at 9 (describing how ICE officer rejected La Posada Providencia on allegedly false grounds that "many individuals released to the shelter abscond"). While the Court has not made specific findings of ICE's wrongdoing in this respect, meaning imposition of injunctive relief at

---

[14] Practically, with regard to Plaintiffs' second request for office-specific lists, the Court agrees with Defendants' critique that such a list would be largely duplicative of the National Age-Out Shelter List that will be comprehensive and available to all FOJCs on ICE's internal website. And while it is certainly true that the evidence at trial showed that field offices that maintained close working relationships with local shelters had increased shelter placements, FF & CL at 148–50, ¶¶ 215–224 (describing San Antonio's ICE field office placement success), the Court is somewhat skeptical that maintaining an office-specific list (which could be created from the already available, nationwide list) would result in this close relationship, which can be encouraged through other avenues such as training.

this time would be inappropriate, *see Cobell IV*, 392 F.3d at 474, it reminds both parties that the Court is retaining jurisdiction for a reason. If Plaintiffs believe that ICE is rejecting sponsors in bad faith, this is the type of behavior that should be brought to the Court's attention.[15]

### 3. Advance Notice of Revisions to Training Materials and Policy Guidance

The next area of dispute between the parties concerns Plaintiffs' contention that they should receive advance notice, and have the right to review and voice objections, to any revisions of ICE's policy guidance and training materials pertaining to Section 1232(c)(2)(B). Pls.' Proposed Final J. and Inj. at 9–10, § XII.A. Any disputes that subsequently arise would then be resolved by the Court pursuant to a stated dispute resolution process. *Id.* Plaintiffs argue that these measures are necessary to prevent Defendants from adopting or revising policy guidance or training to circumvent statutory compliance. Pls.' Mot. at 2. Defendants respond by asserting that this is another requirement that "go[es] beyond the relief permitted under the APA[,]" and that it is generally unnecessary given that Plaintiffs could "raise their concerns with ICE at any time" or file a motion to enforce from the Court. Defs.' Opp'n at 14.

The Court begins its consideration of this issue by recognizing that Plaintiffs' concerns about Defendants issuing non-compliant training materials or guidance is not an unreasonable worry. As the Court has already detailed, Defendants previously continued non-compliant practices—including failures with regard to the training of ICE officers making age-out determinations and to issue proper guidance— even as this litigation progressed. *See supra* Section III. A.1. Plaintiffs also contend that Defendants have already deviated from the agreed-

---

[15] The Court notes that, even without a legal requirement to do so, ICE has stated that it currently provides to Plaintiffs an explanation for the rejection of any proposed sponsors. Defs.' Opp'n at 12. While the Court has declined at this time to impose this condition on Defendants, the Court encourages ICE to continue to voluntarily share this information with Plaintiffs as a method of maintaining certain guardrails of best practices as the new final relief is implemented.

upon training materials by including in their briefing a description of this Court's findings and accompanying statutory requirements to be attached to the revised FOJC Handbook that "differs materially" from the description the parties had previously agreed to use. Pls.' Reply at 23–24.[16]

However, the Court will decline to enter such an intrusive obligation on Defendants at this time without a more extensive and current record of misconduct by ICE. Such a remedy—in essence requiring an outside group to have input and approval over an agency's policymaking— would constitute a severe imposition on ICE's discretion. The Court is heartened by the positive progress made by ICE in the past year regarding the age-out detention rate and corresponding documentation, *see* Defs.' Opp'n at 8–9; Defs.' Supp. Resp. at 3 (noting ICE released 99% of age-outs from May 1, 2020 to May 31, 2021), ECF No. 366, and is hopeful that ICE will use this opportunity to continue to make progress without the imposition of such extreme measures. *See Cobell I*, 91 F. Supp. 2d at 54–55 (allowing agency "one last opportunity" to carry through on its legal obligations before imposing court monitor, even after committing civil contempt of court in what was characterized as "the most egregious governmental misconduct that it has ever seen."); *DL*, 194 F. Supp. 3d at 106 ("[T]he Court believes that defendants should be given another chance to bring the District into compliance with the Court's more results-oriented approach before more intrusive Court involvement . . . is determined to be necessary.").

---

[16] There appears to be a lingering dispute—or perhaps simple misunderstanding— over the substance of Section 2.8 of the revised sections of the FOJC Handbook concerning the Statute and Age-Out placement determinations. Plaintiffs contend that the version submitted by Defendants (ECF No. 362-1) "contains a description of this Court's findings as to what the Statute requires that differs materially from the description in the agreed training materials, which Plaintiffs understood Defendants had previously agreed to include in the revised Handbook." Pls.' Reply at 23–24. Given that the parties have already agreed to specific language summarizing this Court's findings for use in the training materials, *see* ECF No. 346-1 at 10, it does not understand why this language cannot simply be reproduced in the FOJC Handbook, where it will be used for a similar purpose.

Also, Plaintiffs are not left without options if ICE does indeed attempt to adopt or revise policy guidance or training to circumvent statutory compliance, as Plaintiffs fear. This is because they retain the general authority to both "make suggestions and/or recommendations to ICE as to further steps it should take to ensure its compliance with this Order and 8 U.S.C. § 1232(c)(2)(B)" and "to raise with the Court any issues or concerns with respect to ICE's compliance with implementation of this Order after remand that Plaintiffs' counsel is not able to resolve with ICE." Defs.' Proposed Final J. and Remand at 6. And should Defendants fail to comply with their statutory obligations or this Court's order going forward, the Court reminds both parties that not only is ICE enjoined from committing such violations, but the Court has retained jurisdiction, and will ensure Defendants comply with their legal responsibilities.

### 4. Reimbursement of Plaintiffs' Counsel for Monitoring and Enforcement Responsibilities

The parties final dispute concerns the provision of attorney's fees for the monitoring of future compliance with this Court's order. Both parties agree that Plaintiffs will, in effect, serve in the place of an independent monitor to enforce compliance with the final order. To this end, Defendants have agreed to provide Plaintiffs with monthly reports from ICE documenting its compliance with the statute. Defs.' Proposed Final J. and Remand, at § IV. The parties disagree, however, as to how Plaintiffs' counsel should be compensated for this role. Plaintiffs request that their counsel be reimbursed for their routine review and monitoring of Defendants' periodic reporting and completed AORWs, with fees and expenses to be itemized and described in a quarterly statement and paid out according to the Laffey Index. Pls.' Mot. at 3–4; *see also* Pls.' Proposed Final J. and Inj. at 8, § VIII. Defendants respond, not by disputing the general premise that Plaintiffs deserve compensation for this responsibility, but by requesting that the specifics of Plaintiffs' fees for monitoring future compliance be "tabled" until Plaintiffs file a motion for

recovery of their *past* fees under the Equal Access to Justice Act ("EAJA"),[17] 28 U.S.C. § 2412(d)(1)(A) *et seq*., arguing, oddly, that this issue is "unrelated to any injunction or remand that this Court may order." Defs.' Opp'n at 14 n.7. But by the Court's estimation, this issue is a critical piece of final relief in this case, and consequently finds it must address this issue here even without the benefit of robust briefing from Defendants.

Part of the reason why the Court finds it must specify that Plaintiffs' counsel is entitled to this compensation scheme is to allay their concerns stemming from the current Circuit divide over when post-judgment fees for monitoring are recoverable. Some circuits have held that expenses and fees associated with monitoring are appropriate whenever plaintiffs' counsel protects "the fruits of the decree." *Johnson v. City of Tulsa*, 489 F.3d 1089, 1108 (10th Cir. 2007) (discussing post-judgment relief in the context of a prior consent decree). Others have held that "if [post-decree work] does not produce a judgment or order, then . . . it is not compensable." *All. to End Repression v. City of Chicago*, 356 F.3d 767, 771 (7th Cir. 2004). The D.C. Circuit has not yet confronted this issue. Thus, in order to avoid any future confusion, the Court believes it wise to explicitly address this issue now. *Johnson*, 489 F.3d at 1109 (noting that "the decree itself can spell out what efforts by plaintiffs' counsel are to be compensated . . . . [T]he amount of litigation on the subject suggests that explicit provisions in consent decrees would be a boon for all concerned (certainly the courts).").

The Final Judgment and Injunction, at the parties' agreement, vests monitoring responsibilities with Plaintiffs' counsel. Indeed, Defendants previously opposed the appointment

---

[17] "[T]he EAJA . . . allows 'prevailing parties' to obtain expenses in litigation against the federal government unless the Government's position is substantially justified." *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 941 (D.C. Cir. 2005). "Prevailing party" is a legal term of art designating "one who has been awarded some relief by the court." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Hum. Res*., 532 U.S. 598, 603 (2001).

of an independent monitor on the grounds that Plaintiffs' counsel could perform this role. Having received this request, it strikes the Court as unreasonable to ask Plaintiffs' counsel to perform this work without confirming that they will be adequately compensated, which appears to be the norm in this type of case. Indeed, at least one other court in our district has concluded that under the EAJA, "[s]ervices devoted to reasonable monitoring of the court's decrees, both to insure full compliance and to ensure that the plan is indeed working . . . are compensable services." *Cobell v. Norton*, 407 F. Supp. 2d 140, 157 (D.D.C. 2005) (awarding fees for "monitoring defendants' . . . reform efforts and reviewing quarterly reports, ensuring the decision was carried out, and uncovering, documenting and presenting the various manifold misrepresentations that defendants repeatedly had made") (internal citations and quotations omitted). The award of attorney's fees to plaintiffs' counsel for monitoring compliance with injunctions is also the norm under other statutory schemes. *See Salazar v. District of Columbia*, 560 F. Supp. 2d 13, 14 (D.D.C. 2008) (explaining that, in context of 1983 action, "[t]here is no question that . . . post-judgment monitoring is compensable."); *Inmates of D.C. Jail v. Jackson*, 158 F.3d 1357, 1359 (D.C. Cir. 1998) (awarding attorney's fees under the PLRA to plaintiffs' counsel for "hours spent monitoring the D.C. jail").

Thus, having concluded that Plaintiffs' counsel is entitled to reasonable compensation for the monitoring role that they will be undertaking, the only question that remains is that of the proper rate of compensation. Plaintiffs have requested compensation for their monitoring duties not under the standard EAJA rate, which is set forth in 28 U.S.C. § 2412(d)(2)(A) and capped at $125 per hour (plus any cost of living or special factor adjustments), but rather under the more generous Laffey Matrix. Pls.' Mot. at 4. The Laffey Matrix is used in the D.C. Circuit to calculate the "reasonable" market rate of comparable lawyers in complex federal litigation. *DL*

*v. District of Columbia*, 924 F.3d 585, 588–89 (D.C. Cir. 2019).  However, Plaintiffs have not

provided the Court any examples (nor could the Court find any) of its use in this manner to

govern compensation for post-judgment monitoring in a case in which the request for reasonable

fees would fall under EAJA, rather than any other fee-shifting statute.  A review of the

applicable law shows that the Laffey Matrix has only been applied to EAJA cases when

enhanced fees—such as for bad faith—applied.  *See, e.g.*, *Cobell*, 407 F. Supp. 2d at 170.

Accordingly, absent any support for Plaintiffs' counsel's request to be compensated at the Laffey

Matrix rate, the Court finds the EAJA rate to be the appropriate rate of reimbursement for

Plaintiffs' counsel's work completing their monitoring duties.[18]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Entry of Final Judgment and Permanent

Injunction (ECF No. 359) is **GRANTED IN PART** and **DENIED IN PART**, while Defendants'

Motion to Issue Interim Guidance (ECF No. 337) is **DENIED AS MOOT.**  An entry of final

judgment and a permanent injunction consistent with this Memorandum Opinion is separately

and contemporaneously issued.  **SO ORDERED.**


Dated: September 21, 2021                                      RUDOLPH CONTRERAS
                                                              United States District Judge

---

[18] The Court does note that in light of ICE's recent reports of low age-out detention rates, *see* Defs.' Supp. Resp. at 3 (noting ICE released 99% of age-outs from May 1, 2020 to May 31, 2021), extensive monitoring efforts are likely less of a necessity at present unless the factual circumstances change.  Moreover, some of these monitoring duties can be accomplished by the public interest lawyers that also represent Plaintiffs and who would not suffer the same economic opportunity costs suffered by the Kirkland & Ellis LLC firm attorneys.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILMER GARCIA RAMIREZ, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 18-508 (RC) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| U.S. IMMIGRATION AND CUSTOMS | : | |
| ENFORCEMENT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, Plaintiffs, Wilmer Garcia Ramirez and Sulma Hernandez Alfaro, on behalf of themselves and others similarly situated, filed an Amended Complaint on March 30, 2018 (ECF No. 21), asserting violations of a 2013 amendment to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 8 U.S.C. § 1232(c)(2)(B), and Sections 706(1) and (2) of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 706(1)-(2);

WHEREAS, on August 30, 2018, the Court certified a nationwide class ("Plaintiff Class") of "all former unaccompanied alien children who are detained or will be detained by [U.S. Immigration and Customs Enforcement ("ICE")] after being transferred by [Department of Health and Human Services, Office of Refugee Resettlement ("ORR")] because they have turned 18 years of age and as to whom ICE did not consider placement in the least restrictive setting available, including alternatives to detention programs, as required by 8 U.S.C. § 1232(c)(2)(B)." (ECF No. 50);

WHEREAS, on July 2, 2020, after a four-week bench trial and voluminous post-trial submissions by the parties, the Court issued a 180-page decision finding in favor of Plaintiffs and the Plaintiff Class ("July 2, 2020 Decision"), on both Counts I and II of the Amended Complaint, and specifically held that Defendants ICE, the Acting Secretary of ICE, the Department of Homeland Security ("DHS"), and the Acting Secretary of DHS (collectively, "Defendant") have

violated and failed to comply with Section 1232(c)(2)(B) and the APA prior to January 2020 (ECF No. 333);

WHEREAS, Defendants have continued to produce monthly data and Age-Out Review Worksheets ("AORWs") to Plaintiffs, and provided a summary to this Court (FY 21 Age-Outs Summary, ECF No. 362-2 & Ex. A & B to Defs.' Supp. Response, ECF No. 366) that establishes that Defendants have made significant changes in their processes for Age-Out custody determinations, which generally indicates improved compliance with 8 U.S.C. § 1232(c)(2)(B);

WHEREAS, Plaintiffs and Defendants have agreed on a course of training for ICE Officers who make custody determinations under 8 U.S.C. § 1232(c)(2)(B);

WHEREAS, Plaintiffs have now filed a Motion for Entry of Final Judgment and Permanent Injunction (ECF No. 359), and Defendants, while opposing entry of an injunction, do not oppose the Court entering Final Judgment (ECF No. 362).

* * *

NOW, THEREFORE, for good cause shown, and for the reasons set forth in the Court's July 2, 2020 Decision (ECF No. 333) and Memorandum Opinion separately and contemporaneously issued:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Final Judgment be entered for Plaintiffs and the Plaintiff Class on Counts I and II of the Amended Complaint;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently enjoined from violating 8 U.S.C. § 1232(c)(2)(B) by repeating the violations and failures to comply described in the Court's July 2, 2020 Decision.

This shall include complying with the actions set forth below, which, having been

2

largely selected in the first instance by Defendants, are intended to prevent Defendants' further violations of, and help ensure their compliance with, Section 1232(c)(2)(B) going forward:

## I.    <u>Age-Out Placement Determinations</u>

ICE shall make all Age-Out placement determinations in accordance with the findings and conclusions set forth in the Court's July 2, 2020 Decision and the training materials previously agreed upon by the parties (ECF Nos. 345-02 and 346-01).

## II.    <u>Organizational Sponsors</u>

Where ICE is not able to identify and/or approve placement of an Age-Out with an individual sponsor, it shall consider placement of the Age-Out with shelters, group homes or other organizational sponsors, in accordance with the agreed training materials. ICE has compiled, with Plaintiffs' assistance, a nationwide list of shelters, group homes, and other organizational sponsors that currently accept Age-Outs. ICE shall make this list available to all Field Office Juvenile Coordinators ("FOJCs") and update this list at least once every six (6) months. In addition, Plaintiffs may propose organizational sponsors that they believe should be added to the list.

## III.    <u>Documentation</u>

A.    ICE shall complete a revised AORW with respect to each Age-Out and Age-Out placement determination. ICE may use the revised AORW proposed by ICE (ECF No. 345-03), subject to the two modifications detailed in this Court's Memorandum Opinion issued on today's date, namely, (1) the removal of the question on page 1 under the Background section concerning the amount of time the Age-Out was in ORR custody, and (2) the addition to Question 3(c) concerning the flight risk inquiry of the mitigating factors

previously identified by the Court (i.e., available sponsor, release pursuant to the Alternative to Detention ("ATD") program, or an ICE bond).  The AORW must be updated with these two modifications prior to the commencement of ICE's virtual training sessions with FOJCs, detailed in Section IV below.

B.     The AORW should be completed by the FOJCs making the placement determination as that determination is being made and, absent an emergency or other extenuating circumstances, AORWs should be completed and uploaded to ICE's SharePoint site not later than 24 hours after the custody determination is made.

C.     With respect to each Age-Out who is placed in ICE's ATD program, issued an ICE bond, or detained by ICE, ICE shall upload and include in the SharePoint site for such Age-Out the following documents, to the extent they exist: (a) all Post-18  Plans received from ORR; (b) copies of all emails or other communications with ORR, the Age-Out's attorney or other representative, any potential individual or organizational sponsor, or any other third-party, or within ICE, concerning the placement of such Age-Out; (c) the Age-Out's Form I-213; (d) any comments relating to the Age-Out in ICE's Enforcement and Removal Module ("EARM") database; and (e) any other documents considered or relied on by ICE in making or relating to ICE's placement determination.

## IV.     <u>Training</u>

A.     Within sixty (60) days of this Order, ICE shall conduct one or more virtual training sessions at which all FOJCs are trained on making placement determinations in compliance with the Court's July 2, 2020 Decision and Section 1232(c)(2)(B), and completing the revised AORW using the PowerPoint presentations agreed upon by the parties (ECF Nos. 345-02 and 346-01).

B.     ICE shall also train FOJCs on making Age-Out placement determinations and completing the revised AORW, using the agreed PowerPoint presentations (subject to any revisions that may be subsequently agreed to by the parties and/or approved by the Court), at one or more sessions at its annual in-person training meeting for FOJCs.  Such in-person training shall occur at least once each year; provided, however, that if an unforeseen and unusual event shall prevent ICE from conducting such training in person in that year, ICE shall promptly advise the Court and Plaintiffs in writing and explain why in-person training is not possible, and ICE shall conduct the in-person training virtually.

C.     As part of their on-boarding, each new FOJC who will be making or approving Age-Out placement determinations shall be provided and required to review the PowerPoint presentations agreed upon by the parties (subject to any revisions that may be subsequently agreed to by the parties and/or approved by the Court), and their supervisor shall review those presentations with the FOJC and answer any questions the FOJC may have.  Such individualized training shall be in addition to any on-the-job or other training the FOJC receives, and shall occur as soon as practical after they become FOJCs and before they begin making Age-Out placement determinations.  In addition, at least once each calendar quarter, ICE shall conduct one or more virtual training sessions for all new FOJCs, who shall be trained on making placement determinations and completing the revised AORW, using the PowerPoint presentations agreed upon by the parties.

D.     ICE shall also include the agreed training materials on its internal website and make them available to FOJCs online.  ICE shall make all existing and new FOJCs aware of the availability of this online training and reference tool and encourage them to consult it in the event they have questions concerning Age-Out placement determinations.

5

## V.     FOJC Handbook

ICE shall adopt the language summarizing the *Garcia-Ramirez* Decision used in the PowerPoint training presentation agreed upon by the parties (ECF No. 346-01 at 10) and incorporate this language into Section 2.8 of the FOJC Handbook concerning 8 U.S.C. § 1232(c)(2)(B) and Age-Out placement determinations.  This must be completed prior to the commencement of the virtual trainings for FOJCs discussed above at Section IV.  Once the revised section is finalized, ICE shall add this updated section to its FOJC Handbook.  ICE also shall publish the FOJC Handbook on its internal website.

## VI.     Periodic Reporting

ICE shall provide the following information to Plaintiffs on a monthly basis, all of which shall be subject to the Protective Order previously entered in this matter (ECF No. 63). Except as provided below, such information shall be provided on or before the 15th day of the following month:

A.     Copies of the AORWs and all SharePoint materials for each Age-Out during the preceding month.  Absent unforeseen or unusual circumstances beyond ICE's control, such worksheets and materials shall be provided on or before the 15th of the following month, with the exception of Age-Outs that are subsequently identified as a result of ICE's monthly reconciliation of its list of Age-Outs with ORR's, to the extent ORR agrees to voluntarily share such data, for which worksheets and SharePoint materials shall be provided as soon as reasonably possible after they are identified.

B.     A spreadsheet summary that shows by ICE field office (or sub-office in the case of Harlingen, Texas): the name and "A" number of each Age-Out during that month; and whether such Age-Out was detained or released.

C.     A monthly spreadsheet summary that reports, by field office (or sub-office in the case of Harlingen, Texas) and for ICE overall, the total numbers and percentages of Age-Outs that were released and detained: (a) in every prior month during the current fiscal year; (b) in the current month; and (c) year-to-date during the current fiscal year.

## VII.     Role and Authority of Plaintiffs' Counsel

Plaintiffs' counsel shall have the authority:

A.     to receive and review the information provided by ICE pursuant to Section VI above and such other information reasonably related to ICE's compliance with this Order as Plaintiffs' counsel may from time-to-time request;

B.     to make suggestions and/or recommendations to ICE as to further steps it should take to ensure its compliance with this Order and 8 U.S.C. § 1232(c)(2)(B);

C.      to raise with the Court any issues or concerns with respect to ICE's compliance with this Order or with 8 U.S.C. § 1232(c)(2)(B) that Plaintiffs' counsel is not able to resolve with ICE.

## VIII.     Attorneys' Fees

Plaintiffs' counsel shall be entitled to recover reasonable attorneys' fees as provided under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) *et seq*, for their time spent and reimbursement of expenses reasonably incurred in monitoring Defendants' compliance with this Order or with 8 U.S.C. § 1232(c)(2)(B), including without limitation litigating any disputes relating to this Order and Defendants' compliance with this Order or with 8 U.S.C. § 1232(c)(2)(B).

## IX.     The Court's Continuing Jurisdiction

The Court shall retain jurisdiction for a period of five (5) years after the date of the

entry of this Order to enforce and resolve any disputes concerning the terms of, and Defendants' compliance with, this Order or with 8 U.S.C. § 1232(c)(2)(B). In the event the parties have a dispute concerning the requirements of this Order or the meaning of any terms therein, they shall promptly meet and confer in a good faith attempt to resolve the dispute. If those efforts do not succeed, the parties shall promptly present the dispute to the Court for resolution in accordance with the local rules governing motions practice.

\* \* \*

There being no just reason for delay, pursuant to Rule 54(c) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment and Permanent Injunction forthwith without further notice. This is a final and appealable order.

Dated: September 21, 2021                    RUDOLPH CONTRERAS
                                             United States District Judge

WILMER GARCIA RAMIREZ, *et al.*,  :
                                   :
    Plaintiffs,  :    Civil Action No.:   18-508 (RC)
                                   :
    v.  :    Re Document No.:   370
                                   :
                                   :
U.S. IMMIGRATION AND CUSTOMS  :
ENFORCEMENT, *et al.*,  :
                                   :
    Defendants.  :

### ADDENDUM TO FINAL ORDER AND PERMANENT INJUNCTION

On September 21, 2021, this Court entered its Final Order and Permanent Injunction resolving this case. *See* Final Order & Perm. Inj., ECF No. 368. That Order adjudged and decreed that final judgment be entered for Plaintiffs on Counts I and II of the Amended Complaint and permanently enjoined Defendants from violating 8 U.S.C. § 1232(c)(2)(B) by repeating the violations and failures to comply described in the Court's July 2, 2020 Decision. *Id.* at 2. It then specified a list of actions, *see id.* at 3–7 (Sections I–VIII), required to prevent Defendants' further violations of, and help ensure their compliance with, Section 1232(c)(2)(B), and retained jurisdiction "for a period of five (5) years . . . to enforce and resolve any disputes concerning the terms of, and Defendants' compliance with, this Order or with 8 U.S.C. § 1232(c)(2)(B)," *see id.* at 7–8 (Section IX).

Defendants have since moved to amend or alter the Order, seeking clarification of the duration of the injunction and this Court's jurisdiction. *See* Def.'s Mot. to Alter or Amend Judgment, ECF No. 370. It is unclear if clarification is necessary, but in an abundance of caution the Court nevertheless adopts the following addendum to eliminate any potential ambiguity:

## X. Expiration of the Specific Obligations

Sections I through VIII of this Order shall expire five years after the date on which the Final Judgment and Permanent Injunction was entered.

\*　　\*　　\*

It is hereby **ORDERED** that the Final Order and Permanent Injunction, ECF No. 368, is amended to include the language of Section X above.  **SO ORDERED.**

Dated: November 10, 2021

RUDOLPH CONTRERAS
United States District Judge