IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILMER GARCIA RAMIREZ, *et al.*, | ) |
| *Plaintiffs,* | ) Case No. 1:18-cv-00508-RC |
| | ) |
| | ) Class Action |
| v. | ) |
| | ) |
| U.S. IMMIGRATION AND | ) |
| CUSTOMS ENFORCEMENT, *et al.*, | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

**THE PARTIES' JOINT MOTION AND SUPPORTING MEMORANDUM
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(e)**

Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, Plaintiffs, Wilmer Garcia Ramirez and Sulma Hernandez Alfaro, on behalf of themselves and the Plaintiff Class certified by the Court on August 30, 2018 (ECF No. 50), and Defendants, the United States Immigration and Customs Enforcement Agency ("ICE"), Tae D. Johnson, in his official capacity as Acting Director of ICE, the Department of Homeland Security, and Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security, jointly move for final approval of the proposed Settlement set forth in the Settlement Agreement attached as Exhibit A. A proposed order agreed to by the Parties approving the Settlement is attached.

In support of this motion, the Parties state as follows:

1. The terms of the proposed Settlement, which are set forth in the Settlement Agreement attached as Exhibit A, are straightforward:

    (a) Defendants will withdraw their pending appeal to the D.C. Circuit Court of Appeals, whereupon the Court's July 2, 2020 "Findings of Fact and Conclusions of Law Concerning Liability" (ECF No. 333) and September

21, 2021 "Final Judgment and Permanent Injunction" (ECF No. 368) shall become final and non-appealable.

(b) Defendants will reserve the right to subsequently file a motion with this Court to dissolve, vacate, or narrow the Permanent (5 year) Injunction (ECF No. 368) and Plaintiffs will reserve the right to oppose any such motion.

(c) Within 90 days, Defendants shall make a payment of $4.8 million, as directed by Plaintiffs' counsel, to settle and resolve all claims by Plaintiffs for attorney's fees and costs, including the $60,166.79 of costs previously awarded by the Court (ECF No. 382) and all future fees and costs incurred in monitoring Defendants' compliance with the Court's July 2, 2020 Findings of Fact and Conclusions of Law Concerning Liability and the Court's September 21, 2021 Final Judgment and Permanent Injunction; provided, however, that Plaintiffs reserve the right to petition the Court for additional fees with respect to future motion practice or other litigation, including motions to enforce the Final Judgment and Permanent Injunction. Defendants reserve the right to oppose any such requests for additional fees.

2. Rule 23(e)(2) sets forth the "primary procedural considerations and substantive qualities" that govern the decision whether to approve the proposed settlement. Fed. R. Civ. P. 23(e)(2), 2018 Advisory Committee Note. These include whether "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate . . .; and (D) the proposal treats class members equitably relative to each other." *Id.* at 23(e)(2). Each of these criteria is clearly satisfied here.

3.      First, the Class representatives and Class counsel "have adequately represented the class." This is demonstrated by the Findings of Fact and Conclusions of Law previously entered by the Court (ECF No. 333), which ruled in Plaintiffs' favor on virtually every disputed issue of fact and law, and the subsequent Final Judgment and Permanent Injunction, which ordered much of the declaratory and permanent injunctive relief sought by Plaintiffs. The adequacy of Class representatives' and Class counsel's representation is further confirmed by the terms of the proposed Settlement, which dismisses Defendants' appeal and renders both the July 2, 2020 Findings and Conclusions Concerning Liability and the September 21, 2021 Final Judgment and Permanent Injunction final and non-appealable.

4.      The adequacy of the Plaintiff representatives' and Class counsel's representation of the Class is further demonstrated by the time and effort they expended in achieving these rulings. Class counsel prosecuted this action for four and one-half years. This included taking and defending over 30 depositions (including preparing for and defending the depositions of numerous expert witnesses), obtaining and reviewing tens of thousands of emails and other documents, and briefing and arguing Plaintiffs' motion for preliminary injunction, Defendants' motion to dismiss, Plaintiffs' motion for class certification, Defendants' motion to decertify the class, numerous discovery motions, Defendants' motion for summary judgment, and numerous motions *in limine*. The efforts of the Plaintiffs' representatives and Class counsel also included a four-week (18 day) trial at which Plaintiffs presented 25 witnesses (14 of whom, including the Plaintiffs' representatives, were presented live, and 11 by deposition), and introduced 378 exhibits that were admitted into evidence, and Defendants presented 14 witnesses and introduced 107 exhibits into evidence. It also included submitting hundreds of pages of post-trial proposed findings of fact and conclusions of law, numerous briefs and arguments with respect to proposed remedial relief and

actions, and participating in two separate mediations, each lasting several months. In view of these facts, there can be no dispute that the interests of the Class have been adequately represented.

5. Second, the proposed Settlement is the result of arm's-length negotiations. This is clear from the five-month mediation that preceded and led to the Settlement. There is "no better evidence" of "a truly adversarial bargaining process" than the presence of a "neutral third party mediator." 4 Newberg and Rubenstein on Class Actions § 13:50 (6th ed., June 2022 Update). Here, the parties engaged in five months of settlement negotiations with the assistance of Laurel Malson, Esq., a neutral and experienced mediator appointed by the D.C. Circuit Court of Appeals. This mediation included several virtual and telephonic sessions, vigorous negotiations, and the exchange of numerous drafts of proposed settlement term sheets. In short, the proposed Settlement is the result of months of vigorous arm's-length negotiations after several years of hard-fought litigation, including a four-week bench trial and 14 months of post-trial proceedings with respect to remedial relief.

6. Third, "the relief provided for the Class" by the proposed Settlement is clearly "adequate." Once again, this is established by the fact that it includes <u>all</u> of the relief ordered by the Court after a four-week trial and months of post-trial litigation over the terms of the Court's final judgment and remedial order.

7. Finally, the proposed Settlement ensures that the relief ordered by the Court applies fully and equally to all Class members. Accordingly, it is clear that "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2).

8. For all of the foregoing reasons, the proposed Settlement is "fair, reasonable, and adequate" within the meaning of Rule 23 and should be approved. *See id*.

9. The parties respectfully submit that notice to the class of the proposed settlement and a "fairness" hearing are not required in this case. This is clear from the plain language of Rule 23(e)(1) and (2), which provides that both notice to the class of the settlement and a hearing to determine its fairness are required only where class members would be "bound" by the settlement. *See* Fed. R. Civ. P. 23(e)(1) ("court must direct notice . . . to all class members who would be bound by the proposal"); 23(e)(2) ("If the proposal would bind class members, the court may approve it only after a hearing"). Here, the proposed settlement does not provide for any release of claims or waiver of rights by class members and does not otherwise "bind" them. In any event, class members' claims and rights have already been tried and decided by the Court and are the subject of a Final Judgment entered by the Court. The proposed settlement simply renders that Final Judgment final and non-appealable and thereby ensures that the rights the Court declared and the relief it ordered are not subject to the risk of being reversed or modified by Defendants' appeal to the D.C. Circuit, which is being dismissed.

10. That class notice and a fairness hearing are not required under the circumstances here is further made clear by the cases. In cases like this one — "injunctive relief only class actions certified under Rule 23(b)(2)" — "federal courts across the country have uniformly held that notice is not required." *See Stathakos v. Columbia Sportswear Co.*, No. 4:15-cv-04543-YGR, 2018 WL 582564, at *3-4 (N.D. Cal. Jan. 25, 2018) (collecting cases); *see also, e.g.*, *Moreno v. San Fran. Bay Area Rapid Transit Dist.*, No. 17-cv-02911-JSC, 2019 WL 343472, at *3 (N.D. Cal. Jan. 28, 2019) (finding that no notice is required because "the terms of the Settlement Agreement provide for injunctive relief only and class members do not release any claims regarding monetary relief"); *Baumgarten v. CleanWell LLC*, No. 16-CV-1780 (SMG), 2017 WL 11648985, at *2 (E.D.N.Y. Aug. 21, 2017) (finding notice not necessary because, *inter alia*, "insofar as the proposed

settlement agreement provides for injunctive relief alone, there is no potential for the named plaintiff to derive any benefit at the expense and to the exclusion of the absent class members"); *Lambeth v. Advantage Fin. Servs., LLC*, No. 1:15-cv-33-BLW, 2015 WL 3755843, at *3 (D. Idaho June 16, 2015) (finding no notice required because plaintiffs sought injunctive relief and not monetary relief and concluding "there is no danger that absent class members will be prejudiced by this settlement if it is finally approved without notice to them—they have not released any of their individual claims pursuant to the settlement and retain the right to sue"); *Lilly v. Jamba Juice Co.*, No. 13-cv-02998-JST, 2015 WL 1248027, at *8-9 (N.D. Cal. Mar. 18, 2015) (finding no notice required because "even if notified of the settlement, the settlement class would not have the right to opt out from the injunctive settlement and the settlement does not release the monetary claims of class members"); *Grant v. Capital Mgmt. Servs., L.P.*, No. 10-cv-2471-WHO (BGS), 2013 WL 6499698, at *6 (S.D. Cal. Dec. 11, 2013) (no notice required in a case for injunctive relief only that "does not bind the unnamed class members"); *Jermyn v. Best Buy Stores, L.P.*, No. 08 Civ. 214 CM, 2012 WL 2505644, at *12-13 (S.D.N.Y. June 27, 2012) ("Courts have held that no notice is required under several circumstances, including, relevant to this case, 'when the settlement provides for only injunctive relief, and therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class[.]'") (citation omitted); *J.S. v. Attica Central Schools*, No. 00-CV-513S, 2012 WL 3062804, at *2-5 (W.D.N.Y. July 26, 2012) (no notice required in a case seeking only injunctive relief and where "the settlement provides near complete relief to Plaintiffs"); *Kim v. Space Pencil, Inc.*, No. C 11-0376 LB, 2012 WL 5948951, at *6 (N.D. Cal. Nov. 28, 2012) ("the reaction of class members is not relevant here because notice [is] not required under Federal Rule of Civil Procedure 23(e) and there is no binding effect on the class nor is there a release being provided."); *Green v. Am. Exp. Co.*, 200 F.R.D. 211, 213

(S.D.N.Y. 2001) (no notice required where "the settlement agreement provides only for injunctive relief and there is no possibility for the named plaintiff to benefit from this settlement at the expense of the other class members").

11. In these cases, courts typically relied on one or more of the following factors in holding that notice of a proposed settlement under Rule 23(e) is not required:

> (1) when the terms of the settlement provide near complete relief to the plaintiffs, (2) when the settlement provides for only injunctive relief, and, therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class, (3) when there is no evidence of any collusion between the parties, and (4) when the cost of notice would risk eviscerating the settlement agreement.

2 McLaughlin on Class Actions § 6.20 (18th ed., Oct. 2021 Update) (citing *Green*, 200 F.R.D. at 212). At least three of these factors are present here. **First**, the proposed settlement does more than provide "nearly complete relief to the plaintiffs"; it provides the class <u>all</u> of the relief to which members are entitled. Plaintiffs' claims have already been tried and decided by the Court and the proposed settlement ensures that Plaintiffs will receive all of that relief. **Second**, Plaintiffs sought only injunctive and declarative relief; no monetary damages were sought on behalf of the class. Accordingly, there is "no potential for any named plaintiffs to benefit at the expense of the rest of the class." *Town of Greece, N.Y. v. Eastman Kodak Co.*, No. 06-CV-6570 L(F), 2007 WL 2126277, at *1 (W.D.N.Y. July 24, 2007). **Third**, "there is no evidence of any collusion between the parties." To the contrary, the settlement resulted from arm's-length negotiations under the guidance and supervision of an experienced, independent mediator appointed by the D.C. Circuit Court of Appeals.

WHEREFORE, the Parties respectfully request that the Court:

(1) Approve the proposed Settlement and attached Settlement Agreement, pursuant to Rule 23(e): and

(2)     Retain continuing and exclusive jurisdiction over the Parties and the Settlement and Settlement Agreement to interpret, implement, administer, and enforce the Settlement Agreement in accordance with its terms.

A proposed order approving the Settlement is attached.

| | |
|---|---|
| September 1, 2022 | Respectfully submitted, |
| */s/ Cara E. Alsterberg* | */s/ Stephen R. Patton* |
| Cara E. Alsterberg | Stephen R. Patton |
| Kevin C. Hirst | Michael B. Slade |
| U.S. Department of Justice, Civil Division | KIRKLAND & ELLIS LLP |
| Office of Immigration Litigation – | 300 North LaSalle |
| District Court Section | Chicago, IL  60654 |
| P.O. Box 868 | Telephone:     (312) 862-2000 |
| Washington, DC 20044 | Facsimile:      (312) 862-2200 |
| Telephone: 202-532-4667 | stephen.patton@kirkland.com |
| cara.e.alsterberg@usdoj.gov | michael.slade@kirkland.com |
| Kevin.C.Hirst@usdoj.gov | |
| | Tia T. Trout Perez (D.C. Bar No. 990447) |
| **ATTORNEYS FOR DEFENDANTS** | KIRKLAND & ELLIS LLP |
| | 1301 Pennsylvania Avenue, N.W. |
| | Washington, DC 20004 |
| | Telephone:     (202) 389-5000 |
| | Facsimile:      (202) 389-5200 |
| | tia.trout-perez@kirkland.com |
| | |
| | Mark Fleming |
| | NATIONAL IMMIGRANT JUSTICE CENTER |
| | 224 South Michigan Ave., Suite 600 |
| | Chicago, IL  60604 |
| | Telephone:     (312) 660–1628 |
| | Facsimile:      (312) 660–1505 |
| | mfleming@heartlandalliance.org |
| | |
| | Katherine Melloy Goettel |
| | Gianna Borroto |
| | AMERICAN IMMIGRATION COUNCIL |
| | 1331 G Street, NW, Suite 200 |
| | Washington, DC 20005 |
| | Telephone: (202) 507-7552 |
| | kgoettel@immcouncil.org |
| | gborroto@immcouncil.org |
| | **ATTORNEYS FOR PLAINTIFFS** |