# EXHIBIT A

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("**Settlement Agreement**") is entered into as of this 31st day of August, 2022, by and between the Class Representatives, on behalf of themselves and as Representatives of the Class in this action, by and through Class Counsel, and the Defendants.

**I.   RECITALS**

**WHEREAS**, Plaintiffs, Wilmer Garcia Ramirez and Sulma Hernandez Alfaro, on behalf of themselves and others similarly situated, filed a Complaint on March 5, 2018 (ECF No. 1), asserting violations of a 2013 amendment to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 8 U.S.C. § 1232(c)(2)(B), and Sections 706(1) and (2) of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 706(1)-(2); and

**WHEREAS**, on August 30, 2018, the Court certified a nationwide class ("Class") of "all former unaccompanied alien children who are detained or will be detained by [U.S. Immigration and Customs Enforcement ("ICE")] after being transferred by [Department of Health and Human Services, Office of Refugee Resettlement ("ORR")] because they have turned 18 years of age and as to whom ICE did not consider placement in the least restrictive setting available, including alternatives to detention programs, as required by 8 U.S.C. § 1232(c)(2)(B)" (ECF No. 50); and

**WHEREAS**, on July 2, 2020, after a four-week bench trial and voluminous post-trial submissions by the parties, the Court issued a 180-page decision finding in favor of Plaintiffs and the Plaintiff Class ("July 2, 2020 Decision") on both Counts I and II of the Amended Complaint, and held that Defendants ICE, the Acting Director of ICE, the Department of Homeland Security ("DHS"), and the Acting Secretary of DHS (collectively, "Defendants") violated and failed to comply with Section 1232(c)(2)(B) and the APA (ECF No. 333); and

**WHEREAS**, on September 21, 2021, the Court entered a Final Judgment and Permanent Injunction for Plaintiffs and the Class on Counts I and II of the Amended Complaint (ECF Nos. 367-368); and

**WHEREAS**, the September 21, 2021 Final Judgment and Permanent Injunction (ECF No. 368), provides that the Court shall retain jurisdiction for a period of five (5) years to enforce and resolve any disputes concerning the terms of, and Defendants' compliance with, its Order or with 8 U.S.C. § 1232(c)(2)(B); and

**WHEREAS**, on January 11, 2022, Defendants filed a notice of appeal in the United States Court of Appeals for the D.C. Circuit, and such appeal remains pending; and

**WHEREAS**, the Parties, through their respective counsel, have conducted arm's-length settlement negotiations under the auspices and guidance of mediator Laurel Malson, Esq., an experienced mediator appointed by the D.C. Circuit Court of Appeals, regarding a compromise and settlement of the Action; and

**WHEREAS,** the Parties have agreed to the settlement and dismissal of the Action in order to (i) avoid the substantial expense, inconvenience, and distraction of Defendants' Appeal from the Final Judgment; and (ii) put to rest and conclude the Action; and

**WHEREAS,** considering the benefits that the Plaintiffs and Class Members will receive from settlement of the Action and the risks of further litigation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and in the best interests of the Plaintiffs and Class Members.

**NOW, THEREFORE**, subject to the Court's approval as required herein and pursuant to Federal Rule of Civil Procedure 23, and in consideration of the mutual promises set forth below, the Parties agree as follows:

II.     **DEFINITIONS**

As used in this Settlement Agreement and the documents related to it and its implementation and enforcement, the following capitalized terms shall have the meanings set forth below.

1.    "**Class**" means, refers to, and includes all former unaccompanied alien children who are detained or will be detained by ICE after being transferred by ORR because they have turned 18 years of age and as to whom ICE did not consider placement in the least restrictive setting available, including alternatives to detention programs, as required by 8 U.S.C. § 1232(c)(2)(B).

2.    "**Class Representatives**" or "**Plaintiffs**" means Wilmer Garcia Ramirez and Sulma Hernandez Alfaro.

3.    "**Court**" means the United States District Court for the District of Columbia, Hon. Rudolph Contreras presiding.

4.    "**Defendants**" means the United States Immigration and Customs Enforcement, Tae D. Johnson, in his official capacity as Acting Director of ICE; the Department of Homeland Security; and Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security, their predecessors and successors, their departments and agencies, and their past or present agents, employees, and contractors.

5.    "**Plaintiffs' Counsel**" or "**Class Counsel**" means Stephen R. Patton, Michael B. Slade, and Tia Trout-Perez of Kirkland & Ellis LLP; Mark Fleming of the National Immigrant Justice Center; and Katherine Melloy Goettel and Gianna Borroto of the American Immigration Council.  Should these entities change their names or merge with other entities, or new counsel

3

from these entities replace the current named attorneys, those new entities and attorneys shall also qualify as Class Counsel.

**III.     Terms of Settlement**

1. **Appeal.**  Defendants will withdraw their pending appeal before the D.C. Circuit Court of Appeals. *Garcia- Ramirez v. Immigr. & Customs Enforcement*, No. 22-5002.

2. **Attorneys' Fees.**  The Parties have resolved the matter of fees arising from this litigation as follows: Defendants shall make a payment of $4,800,000, as directed by Class Counsel, to settle all attorneys' fees and costs, including all future monitoring, except as provided below.  Plaintiffs and Class members do not waive any claims to attorney's fees and costs should future litigation be necessary.

3. **Bill of Costs.**  Defendants will not separately pay the $60,166.79 bill of costs, which is included as part of the payment of $4,800,000. *See* ECF No. 382.

4. **Fees for Monitoring.**  Fees for monitoring for the duration of the permanent injunction are also included in the $4.8 million figure described in Paragraph III.2 above. Defendants agree that Plaintiffs reserve the right to petition the Court for additional fees with respect to future motion practice or other litigation, if any, including motions to enforce the judgment and/or the permanent injunction.  Defendants reserve the right to oppose any such motions and associated requests for additional fees.

5. **Parties' Reservation of Rights.**  Defendants reserve the right to file a motion with the district court at any point to dissolve, vacate, or narrow the permanent injunction and Plaintiffs reserve their right to oppose any such motion.  If the permanent injunction is later dissolved, vacated, or narrowed, Defendants agree that they will not seek to recoup the $4.8 million paid pursuant to this agreement.

6. **No Effect on Motions to Enforce and Oppositions Thereto.** This settlement shall have no effect on Plaintiffs' right to move for enforcement of the permanent injunction and Defendants' right to oppose any such motion.

7. **Approval by the Court.** Promptly after execution of this Agreement, the parties shall file with the Court a joint motion for approval of this Agreement, requesting that the Court approve the Settlement Agreement and enter an Approval Order in the form attached hereto. The motion for approval will request that the Court:

(a) Approve the class action settlement pursuant to Federal Rule of Civil Procedure 23(e) as fair, reasonable, and adequate; and

(b) Provide that the Court retain continuing and exclusive jurisdiction over the Parties and this Settlement Agreement, to interpret, implement, administer and enforce the Settlement Agreement in accordance with its terms.

**IN WITNESS WHEREOF** the parties hereof have caused this Agreement to be executed by their duly authorized representatives as of August 31, 2022.

*/s/ Cara E. Alsterberg*
Cara E. Alsterberg
Kevin C. Hirst
U.S. Department of Justice, Civil Division
Office of Immigration Litigation –
District Court Section
P.O. Box 868
Washington, DC 20044
Telephone: 202-532-4667
cara.e.alsterberg@usdoj.gov
Kevin.C.Hirst@usdoj.gov

**ATTORNEYS FOR DEFENDANTS**

*/s/ Stephen R. Patton*
Stephen R. Patton
Michael B. Slade
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
stephen.patton@kirkland.com
michael.slade@kirkland.com

Tia T. Trout Perez (D.C. Bar No. 990447)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004

    Telephone: (202) 389-5000
    Facsimile: (202) 389-5200
    tia.trout-perez@kirkland.com

    Mark Fleming
    NATIONAL IMMIGRANT JUSTICE CENTER
    224 South Michigan Ave., Suite 600
    Chicago, IL  60604
    Telephone: (312) 660–1628
    Facsimile: (312) 660–1505
    mfleming@heartlandalliance.org

    Katherine Melloy Goettel
    Gianna Borroto
    AMERICAN IMMIGRATION COUNCIL
    1331 G Street, NW, Suite 200
    Washington, DC 20005
    Telephone: (202) 507-7552
    kgoettel@immcouncil.org
    gborroto@immcouncil.org

    **ATTORNEYS FOR PLAINTIFFS**