IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILMER GARCIA RAMIREZ, et al., | ) |
| | ) Case No. 1:18-cv-00508-RC |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. IMMIGRATION AND | ) |
| CUSTOMS ENFORCEMENT (ICE), et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Declaration of Marcy Hilty**

I, Marcy Hilty, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am over 18 years old and competent to make this declaration.

2. This declaration is based on my personal knowledge and my review of our organization's records regarding the clients detailed below.

3. I am an Immigration Attorney at Jewish Family and Community Services (JFCS) in Pittsburgh, Pennsylvania. JFCS is an organization that is contracted by the Acacia Center for Justice to provide pro bono representation to unaccompanied minors who are or formerly were within the custody of the Office of Refugee Resettlement (ORR) and who reside within western Pennsylvania.

4. JCFS has several clients who are unaccompanied children and will turn 18 in the coming days (which we refer to as "aging out"). Over the past several weeks, we had established post-18 release plans with Immigration and Customs Enforcement's (ICE) Field Office Juvenile Coordinator (FOJC) for these children, none of which involved release into ICE custody.

5. However, on October 3, 2025, at around 4:00 p.m, JFCS received a phone call from the lead case manager at one of our shelters, Holy Family Institute. This individual told the

undersigned attorney that the FOJC had explained that post-18 release plans would no longer be honored. Specifically, M.E.R.V., who will turn 18 tomorrow on October 4, 2025, and whose plan was to be released on his own recognizance, would be taken and placed into adult detention, along with any other minors who reached their 18th birthday while still in an ORR shelter.

6. Our clients are now at imminent risk of being transferred to ICE custody for detention after age-out. This is despite having specific plans for release and no indication that they pose a flight risk or a danger to themselves or others. This represents a distinct departure from recent past practice, in which children in this situation, who present no flight risk or danger, were routinely released to their sponsors, the Unaccompanied Refugee Minors (URM) program (which is also run by ORR), or to local child welfare agencies (in Pennsylvania, often named Office of Children, Youth, and Families, or CYF) upon age-out.

7. I am using initials rather than my clients' full names to protect their privacy, particularly given their age. I have copies of all documents referenced in this declaration on file and can provide them to the Court and Defendants if necessary.

**Client 1 : M.E.R.V**

8. JFCS' client M.E.R.V. is an unaccompanied minor from Guatemala who is currently in ORR custody at a shelter called Holy Family Institute. His 18th birthday is tomorrow, October 4, 2025.

9. M.E.R.V. has been identified by the U.S. Office of Trafficking in Persons (OTIP), which is part of the Administration for Children & Families within the U.S. Department of Health & Human Services, as a victim of a severe form of human trafficking, and has received an interim assistance letter. However, his full OTIP eligibility has not been approved yet. As such, the undersigned is not yet in possession of a copy of that letter. He is also likely eligible for Special

Immigrant Juvenile Status, as a child who has been abused, abandoned, or neglected by a parent.

10. A post-18 plan was submitted to the ICE Field Office Juvenile Coordinator (FOJC) on October 2, 2025 for placement at Covenant House, a shelter in Philadelphia, Pennsylvania.

11. The Plan states: "Reason this placement services the child's best interests: Safe placement for the minor after 18."

12. The post-18 plan further states: "An assessment whether the youth is a danger to self, the community, or risk of flight: **An assessment was completed and no risk concerns identified.**" (emphasis added).

13. The FOJC approved this plan via email on Friday October 3, 2025 at 9:57 a.m. As per the email, "… DHS approves the Post-18. We will plan on a 9:00 AM release tomorrow morning on recognizance."

14. During the phone call on the afternoon of Oct. 3, 2025, the FOJC stated that post-18 plans would no longer be honored and that all unaccompanied minors with approved post-18 plans would be instead placed into adult detention.

15. Based on the foregoing, it is my understanding that M.E.R.V. will be taken into ICE custody tomorrow, October 4.

**Client 2 : R.I.Y.C.**

16. JFCS' client R.I.Y.C is an unaccompanied minor from Guatemala who is currently in ORR custody at a shelter called Holy Family Institute. His 18th birthday is October 7, 2025.

17. R.I.Y.C. received an eligibility letter from the U.S. Office of Trafficking in Persons. This letter states that "[The Office of Trafficking in Persons] have determined that you were subjected to a severe form of trafficking in persons."

18. A post-18 plan was submitted to the FOJC for release to a relative in Florida. "Post

18 Summary".

19. The Plan states: "Reason this placement services the child's best interest: Minor would like to be reunified with his unverified distant relative. No concern identified with the potential post 18 plan."

20. The post-18 plan further states: "An assessment whether the youth is a danger to self, the community, or risk of flight: **Child has no identified risk of danger to self, community or risk of flight**." (emphasis added).

21. The post-18 plan was approved via email from the FOJC on October 3, 2025 at 2:26 p.m. The email states "DHS Approves of the Post-18 Plan for this UAC. Release on Recognizance will be approved. We will plan for release on October 7, 2025, at 9:00 A.M."

22. During the phone call on the afternoon of Oct. 3, 2025, the FOJC stated that post-18 plans would no longer be honored and that all unaccompanied minors with approved post-18 plans would be instead placed into adult detention.

23. Based on the foregoing, it is my understanding that R.I.Y.C. will be taken into ICE custody on October 7.

**Client 3: G.T.X.**

24. JFCS' client G.T.X. is an unaccompanied minor from Mexico who is currently in ORR custody at a shelter called Holy Family Institute. His 18th birthday is October 9, 2025.

25. G.T.X. is a victim of labor trafficking and was picked up in an ICE raid of his abusive employer. G.T.X. will apply for a T visa. A referral was made to the Office of Trafficking in Persons for an OTIP eligibility letter. An interim assistance letter was received on August 25, 2025; however, his full OTIP eligibility has not been approved yet. As such, the undersigned is not yet in possession of his OTIP file or a copy of that letter.

26. A post-18 plan was submitted on September 24, 2025 for release to the custody of Allegheny County Children, Youth, and Families. G.T.X would be placed in either a foster home or in a CYF-run facility for older teens.

27. The Plan states: "Reason this placement services the child's best interest: Family Court judge has granted the minor dependency and ordered CYS to take custody of the minor upon aging out."

28. The post 18 plan further states: "An assessment whether the youth is a danger to self, the community, or risk of flight: **Child has no identified risk to danger to self, community or flight.**" (emphasis added).

29. The FOJC approved this plan via email on October 3, 2025 at 2:19 p.m., stating "DHS Approves of the Post-18 Plan for this UAC. Release on Recognize will be approved."

30. During the phone call the afternoon of Oct. 3, 2025, the FOJC stated that post-18 plans would no longer be honored and that all unaccompanied minors with approved post-18 plans would be instead placed into adult detention.

31. Based on the foregoing, it is my understanding that G.T.X will be taken into ICE custody on October 9.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on October 3, 2025 in Pittsburgh, Pennsylvania.

_____
Marcy Hilty, Esq.