**From:** ███████████████@ice.dhs.gov>
**Sent:** Wednesday, October 1, 2025 11:38 AM
**To:** ███████████████@ice.dhs.gov>; JFRMU████████████████
**Subject:** Updated Procedure for Custody Determinations of Age-Out Cases

FOJCs/FOJC SDDOs,

The following outlines the updated process for handling custody determinations for unaccompanied alien children (UACs) who reach their 18th birthday while in the custody of the Office of Refugee Resettlement (ORR), commonly referred to as "age-outs."

1. **Age-Out Review Worksheet (AORW) Completion**
   Field Office Juvenile Coordinators (FOJCs) will continue to review and complete the Age-Out Review Worksheet (AORW), ICE Form 70-070, as required. This review must be conducted based on the statutory factors outlined in 8 U.S.C. § 1232, the Violence Against Women Act (VAWA), and the requirements established in the *Garcia-Ramirez* Permanent Injunction. The current AORW procedure remains unchanged. FOJCs are still required to update all relevant documents and the AORW in the Age-Out SharePoint system.

2. **Parole Review for Non-Detention Recommendations**
   If the AORW recommends a custody option other than detention (e.g., OREC, ATD, or Bond), FOJCs must conduct a parole review in accordance with the *Interim Guidance Regarding Detention Authority for Applicants for Admission*. Under this guidance, DHS policy states that such individuals are subject to detention under INA Section 235(b) and may only be released from ICE custody through parole under INA Section 212(d)(5).

Parole may be granted on a case-by-case basis for "urgent humanitarian reasons" or "significant public benefit." FOJCs must carefully evaluate whether the specific circumstances of the case meet the statutory criteria for parole. If parole criteria are not met, FOJCs must then consider placement in the next available least restrictive setting. <u>The Field Office's decision regarding parole must be documented in the EARM Case Comment system and does not require concurrence from the Juvenile and Family Management Division (JFMD).</u>

3. **Custody Transfer**
   On their 18th birthday, custody of age-outs transfers from ORR to ICE. This updated procedure ensures compliance with statutory requirements while maintaining ICE's detention authority and discretion under the Immigration and Nationality Act (INA).

This updated procedure is **effective immediately**. FOJCs must familiarize themselves with the attached guidance to ensure proper implementation.

If you have any questions regarding this procedure, please reach out to ▮▮▮▮@ice.dhs.gov.

Thank you,

▮▮▮▮▮▮▮▮▮
Unit Chief
Juvenile & Family Management - Interior
Non-Detained Management Division
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
Cell: ▮▮▮▮▮▮▮▮

| | |
|---|---|
| **From:** | ICE Office of the Director ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| **Sent:** | Tuesday, July 8, 2025 12:44 PM |
| **To:** | ▓▓▓▓▓▓▓▓▓ |
| **Subject:** | Interim Guidance Regarding Detention Authority for Applicants for Admission |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |



**To All ICE Employees**
**July 8, 2025**

**Interim Guidance Regarding Detention Authority for Applicants for Admission**

As you are all well aware, the U.S. Department of Homeland Security's (Department or DHS) detention authority under the immigration laws is extraordinarily broad and equally complex. The Department's authority to detain, and its authority or lack of authority to release, an alien from immigration detention varies based upon the circumstances of the case. This message serves as notice that DHS, in coordination with the Department of Justice (DOJ), has revisited its legal position on detention and release authorities. DHS has determined that section 235 of the Immigration and Nationality Act (INA), rather than section 236, is the applicable immigration detention authority for all applicants for admission. The following interim guidance is intended to ensure immediate and consistent application of the Department's legal interpretation while additional operational guidance is developed.

**Custody Determinations**

An "applicant for admission" is an alien present in the United States who has not been admitted or who arrives in the United States, whether or not at a designated port of arrival. INA § 235(a)(1). **Effective immediately, it is the position of DHS that such aliens are subject to detention under INA § 235(b) and may not be released from ICE custody except by INA § 212(d)(5) parole.** These aliens are also ineligible for a custody redetermination hearing ("bond hearing") before an

1

immigration judge and may not be released for the duration of their removal proceedings absent a parole by DHS. For custody purposes, these aliens are now treated in the same manner that "arriving aliens" have historically been treated. **The only aliens eligible for a custody determination and release on recognizance, bond, or other conditions under INA § 236(a) during removal proceedings are aliens admitted to the United States and chargeable with deportability under INA § 237, with the exception of those subject to mandatory detention under INA § 236(c).**

Moving forward, ICE will not issue Form I-286, *Notice of Custody Determination*, to applicants for admission because Form I-286 applies by its terms only to custody determinations under INA § 236 and part 236 of Title 8 of the Code of Federal Regulations. With a limited exception for certain habeas petitioners, on which the Office of the Principal Legal Advisor (OPLA) will individually advise, if Enforcement and Removal Operations (ERO) previously conducted a custody determination for an applicant for admission still detained in ICE custody, ERO will affirmatively cancel the Form I-286.

Because the position that detention is pursuant to INA § 235(b) is likely to be litigated, however, OPLA will need to make alternative arguments in support of continued detention before the Executive Office for Immigration Review. Accordingly, ERO and Homeland Security Investigations (HSI) should continue to develop and obtain evidence, including conviction records, to support OPLA's arguments of dangerousness and flight risk in those bond proceedings.

### Re-detention

This interpretation does not impose an affirmative requirement on ICE to immediately identify and arrest all aliens who may be subject to INA § 235 detention. Rather, the custody provisions at INA § 235(b)(1)(B)(ii), (iii)(IV), and (b)(2)(A) are best understood as prohibitions on release once an alien enters ICE custody upon initial arrest or re-detention.

This change in legal interpretation may, however, warrant re-detention of a previously released alien in a given case. Until additional guidance is issued, ERO and HSI should consult with OPLA prior to rearresting an alien on this basis.

### Parole Requests by Previously Released Aliens

It is expected that ICE will see an increase in applicants for admission previously released under INA § 236(a) requesting documentation of parole pursuant to INA § 212(d)(5) in order to establish eligibility for certain immigration benefits, including employment authorization and adjustment of status. DHS does not take the position that prior releases of applicants for admission pursuant to INA § 236(a) were releases on parole under INA § 212(d)(5) based on this change in legal position. Accordingly, ERO and HSI are not required to "correct" the release paperwork by issuing INA § 212(d)(5) parole paperwork.

Additional guidance is forthcoming. In the interim, please direct any questions about this guidance to your Office of the Principal Legal Advisor (OPLA) field location. ICE

Headquarters personnel should direct any questions to the OPLA Headquarters Immigration Law and Practice Division at ███.

Thank you for all you continue to do for the agency.

Todd M. Lyons
Acting Director
U.S. Immigration and Customs Enforcement



This email was sent to ███ by: U.S. Immigration and Customs Enforcement (ICE) · U.S. Department of Homeland Security · Washington, DC 20528 · 202-732-4242

