# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| WILMER GARCIA RAMIREZ, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 18-508 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 417, 431, 434 |
| | : | | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## ORDER

### GRANTING PLAINTIFFS' MOTION TO ENFORCE THE FINAL JUDGMENT AND PERMANENT INJUNCTION; GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

For the reasons stated in the Court's Memorandum Opinion separately and contemporaneously issued, Plaintiffs' Motion to Enforce the Final judgment and Permanent Injunction (ECF No. 417) is **GRANTED**, and Plaintiffs' Motions for Leave to File Documents Under Seal (ECF Nos. 431, 434) are **GRANTED**.  It is hereby:

**ORDERED** that Defendants and all persons acting under their direction or in concert with them, are hereby **ENJOINED** from implementing the October 1, 2025 Policy regarding the detention of age-outs; and it is

**FURTHER ORDERED** that Defendants and all persons acting under their direction or in concert with them, are hereby **ENJOINED** from detaining any age-outs in any manner that contravenes the Permanent Injunction or 8 U.S.C. § 1232(c)(2)(B); and it is

**FURTHER ORDERED** that Defendants immediately rescind any determinations to detain based on the October 1, 2025 Policy; and it is

**DECLARED** that Defendants' failure to continue to implement determinations under 8 U.S.C. § 1232(c)(2)(B) that the least restrictive placement for an age-out is release, and instead re-arrest and detain such age-outs absent materially changed circumstances regarding the statutory risk factors under § 1232(c)(2)(B), violates this Court's Final Judgment and Permanent Injunction; and it is

**FURTHER ORDERED** that Defendants shall release any individual class member who has been re-arrested and detained, absent materially changed circumstances regarding the class member's statutory risk factors under § 1232(c)(2)(B), including A.T.L., F.L.P., A.D., C.M.S.D., D.S.M., J.E.O., K.D.M., and D.M.G., subject to any alternatives to detention required by their initial custody determination upon release from ORR custody; and it is

**FURTHER ORDERED** that Defendants produce information on an ongoing basis concerning any age-outs who have been re-arrested and detained since July 2025 because of Defendants' change in policy; and it is

**FURTHER ORDERED** that Defendants shall pay Plaintiffs' counsel reasonable attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) *et seq*, as provided in Part VIII of the Court's Final Judgment and Permanent Injunction, to compensate for the necessity of litigating the Motion for Temporary Restraining Order and the Motion to Enforce the Final Judgment and Permanent Injunction.

**SO ORDERED**.

Dated: December 12, 2025                                                      RUDOLPH CONTRERAS
                                                                              United States District Judge