**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| WILMER GARCIA RAMIREZ, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 18-508 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 442, 443, 448 |
| | : | | 450, 451, 453, 454 |
| | : | | |
| U.S. IMMIGRATION AND | : | | |
| CUSTOMS ENFORCEMENT, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## ORDER

**GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS TO CLARIFY AND ENFORCE**

For the reasons stated in the Court's Memorandum Opinion separately and contemporaneously issued, Plaintiffs' Motions to Clarify and Enforce (ECF Nos. 442, 450, 453) are **GRANTED IN PART** and **DENIED IN PART**; and Plaintiffs' Motions for Leave to File Documents Under Seal (ECF Nos. 443, 448, 451, 454) are **GRANTED**.  It is hereby:

**CLARIFIED** that "materially changed circumstances regarding the statutory risk factors under § 1232(c)(2)(B)" as referenced in the Court's December 12, 2025 Order (ECF No. 435) turns on whether an age-out's circumstances have materially changed such that the age-out now presents a danger to themselves, a danger to the community, or a risk of flight; and it is

**ORDERED** that Defendants release all class members for whom Defendants have not established materially changed circumstances, including N.C.P., J.O.O., H.M.C., X.C.P., M.G.R.A., J.J.D., M.M.J., D.A.H.M., G.A.R., E.J.C.M., A.O.A.M., J.D.C.H., Y.G.G.L., O.J.R.C., and L.I.T., subject only to alternatives to detention required by their initial custody determination upon release from ORR custody; and it is

**FURTHER CLARIFIED** that the "information" that Defendants must "produce . . . on an ongoing basis concerning any age-outs who have been rearrested and detained since July 2025" referenced in the Court's December 12, 2025 Order, includes, for all rearrested age-outs: (a) all records Defendants relied upon to justify the age-out's rearrest and detention, which may include, as relevant, the specific documents[1] Plaintiffs identify in their motion and any other records Defendants relied upon to justify an age-out's rearrest and detention; and (b) the name and contact information of any attorney of record for a rearrested age-out; and it is

**FURTHER ORDERED** that Defendants shall **promptly** produce to Plaintiffs such "information" for all age-outs in Defendants' spreadsheets since January 2026; and it is

**FURTHER CLARIFIED** that the Court's December 12, 2025 Order requires Defendants to "release any individual class member who has been re-arrested and detained, absent materially changed circumstances," as follows: absent exceptional circumstances—which do not include the normal press of business or the volume of detainees—Defendants must, upon an age-out's rearrest: (a) **promptly** confirm the individual's class membership and determine the individual's placement; and (b) release the individual **within five days** of determining that the individual is to be released; and it is

---

[1] These documents include: (a) the Form I-213 generated at the time of rearrest; (b) the age-out's EARM record; (c) any criminal records relied upon to justify detention, including police reports, criminal complaints, and certificates of disposition; (d) any records concerning civil infractions or traffic violations relied upon to justify detention; and (e) any release orders or supervision documents, together with records of alleged noncompliance where such noncompliance forms the basis for detention.

**FURTHER ORDERED** that Defendants shall pay Plaintiffs' counsel reasonable attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) et seq, as provided in Part VIII of the Court's Final Judgment and Permanent Injunction.

**SO ORDERED**.

Dated:  June 2, 2026                                  RUDOLPH CONTRERAS
                                                     United States District Judge